James C. Bastian, Jr. – Bar No. 175415
Melissa Davis Lowe – Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: jbastian@shbllp.com; mlowe@shbllp.com

Attorneys for the Debtors and Debtors in Possession,
ASR Constructors, Inc., a California corporation,
Another Meridian Company, LLC, a California limited liability company,
and Inland Machinery, Inc., a California corporation

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>**ASR CONSTRUCTORS, INC., a California corporation,**<br><br>Debtor. | Case No. 6:13-bk-25794-MH<br>Chapter 11<br><br>Jointly Administered with:<br>Case No. 6:13-bk-27529-MH<br>Case No. 6:13-bk-27532-MH |
| In re<br><br>**ANOTHER MERIDIAN COMPANY, LLC, a California limited liability company,**<br><br>Debtor. | **SECOND AMENDED DISCLOSURE STATEMENT FOR SECOND AMENDED CHAPTER 11 LIQUIDATING PLAN JOINTLY PROPOSED BY THE DEBTORS** |
| In re<br><br>**INLAND MACHINERY, INC., a California corporation,**<br><br>Debtor. | **Hearing on Approval of the Disclosure Statement:**<br>Date: May 19, 2015<br>Time: 2:00 p.m.<br>Place: Courtroom 303<br>3420 Twelfth Street<br>Riverside, CA 92501 |
| **Affects:**<br>☒ All Debtors.<br>☐ ASR Constructors, Inc.<br>☐ Another Meridian Company, LLC<br>☐ Inland Machinery, Inc. | **Hearing on Confirmation of the Liquidating Plan:**<br>Date: To Be Set<br>Time: To Be Set<br>Place: Courtroom 303<br>3420 Twelfth Street<br>Riverside, CA 92501 |

1

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 6

A. Background Information ..... 6

B. Summary of the Plan ..... 7

C. Confirmation of the Plan Is in the Best Interests of the Debtors and Their Creditors ..... 11

D. Purpose of this Document ..... 13

E. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing ..... 13

1. Time and Place of the Confirmation Hearing ..... 14

2. Deadline for Voting for or Against the Plan ..... 14

3. Deadline for Objecting to the Confirmation of the Plan ..... 14

4. Identity of Person to Contact for More Information Regarding the Plan ..... 15

F. Disclaimer ..... 15

II. DEFINITIONS, INTERPRETATIONS, AND RULES OF CONSTRUCTION ..... 18

A. Definitions ..... 18

B. Interpretations, Computation of Time and Governing Law ..... 30

1. Undefined Terms ..... 30

2. Rules of Interpretation ..... 31

3. Computing Time Periods ..... 31

4. Notices and Delivery of Documents ..... 32

III. BACKGROUND ..... 32

A. Description of the Debtors and Their Businesses ..... 32

1. Commonalities Between the Debtors ..... 32

2. ASR – Background and Business Operations ..... 33

3. ASR - Major Assets ..... 34

4. ASR's – Secured Obligations as of ASR's Petition Date ..... 35

5. ASR – Other Obligations ..... 36

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6. Meridian – Background, Business Operations and Major Assets .......... 36

7. Meridian – Secured Obligations as of its Petition Date .......... 38

8. Meridian – Other Obligations .......... 40

9. Inland – Background, Business Operations and Major Assets .......... 40

10. Inland – Secured Obligations as of its Petition Date .......... 41

11. Inland – Other Obligations .......... 42

B. Events Leading to Bankruptcy Filings .......... 42

C. Significant Events During the Case .......... 43

1. Bankruptcy Proceedings .......... 43

2. Other Legal Proceedings .......... 54

D. Actual and Projected Recovery of Preferential Transfers .......... 56

E. Procedures Implemented to Resolve Financial Problems .......... 58

F. Historical and Current Financial Condition of the Debtor .......... 59

IV. SUMMARY OF THE PLAN .......... 60

A. Overview .......... 60

B. Unclassified Claims .......... 61

1. Administrative Expenses .......... 61

2. Priority Tax Claims .......... 64

C. Classified Claims .......... 66

1. Classes of Secured Claims .......... 66

2. Classes of Priority Non-Tax Claims .......... 74

3. Class of General Unsecured Claims .......... 75

4. Class of Equity Interests .......... 77

5. Class of Intercompany Claims .......... 78

D. Means of Effectuating the Plan .......... 79

1. Funding of the Plan – Establishment of the Creditors' Trust .......... 79

2. Treatment of Claims Against the Debtors .......... 80

3. Reservation of Rights Regarding Causes of Action .......... 81

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4. Creditors' Trust Distributions ........ 84

E. Post-Confirmation Management – Disbursing Agent ........ 84

F. Employment and Compensation of Professionals ........ 86

G. Risk Factors ........ 86

H. Post-Confirmation Estate Claims ........ 88

I. Objections to Claims ........ 89

J. Pending Disputed General Unsecured Claims as of the Date of Distribution ........ 91

K. Unclaimed Distributions ........ 91

L. Other Provisions of the Plan ........ 92

1. Executory Contracts and Unexpired Leases ........ 92

2. Rejections ........ 93

3. Changes In Rates Subject To Regulatory Commission Approval ........ 94

4. Retention of Jurisdiction ........ 95

M. Tax Consequences of the Plan ........ 97

V. CONFIRMATION REQUIREMENTS AND PROCEDURES ........ 98

A. Who May Vote Or Object ........ 99

1. Who May Object To Confirmation Of The Plan ........ 99

2. Who May Vote To Accept The Plan ........ 99

3. What Is An Allowed Claim ........ 99

4. What Is An Impaired Claim ........ 99

5. Who Is Not Entitled To Vote ........ 100

6. Who Can Vote In More Than One Class ........ 100

7. Votes Necessary To Confirm The Plan ........ 100

8. Votes Necessary For A Class To Accept The Plan ........ 101

9. Treatment Of Non-Accepting Classes ........ 101

10. Request For Confirmation Despite Nonacceptance By Impaired Class(es) ........ 101

B. Liquidation Analysis ........ 102

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

C. Feasibility ... 110

VI. EFFECT OF CONFIRMATION OF THE PLAN ... 111

A. Discharge ... 111

B. Exculpation ... 111

C. Vesting of Property in the Creditors' Trust ... 112

D. Modification of the Plan ... 113

E. Post-Confirmation Status Reports ... 113

F. Post-Confirmation Conversion/Dismissal ... 113

G. Substantial Consummation ... 114

DECLARATION OF ALAN REGOTTI ... 115

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

# I. INTRODUCTION

## A. Background Information

ASR[1] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 20, 2013, Case No. 6:13-bk-25794-MH.

Meridian and Inland each filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 23, 2013. Meridian is Case No. 6:13-bk-27529-MH and Inland is Case No. 6:13-bk-27532-MH.

The Debtors are each continuing in possession of their property, and operating and managing their respective business, as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

Pursuant to Court order entered on November 1, 2013 (docket 72), the Debtors' Chapter 11 cases are being jointly administered.

The Bankruptcy Code requires that, at the time when the Plan is delivered to Creditors, the Plan be accompanied by a Disclosure Statement. The purpose of a Disclosure Statement is to provide information of a kind, and in sufficient detail, so far as is reasonably practicable in light of the nature and history of the Debtors and the condition of the Debtors' books and records, to enable a typical Creditor to make an informed judgment about the Plan and to enable such Creditor to determine whether it is in his best interest to vote for (accept) or against (reject) the Plan.

**THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE PLAN**

Chapter 11 of the Bankruptcy Code allows debtors, and under some circumstances, creditors and other parties in interest, to propose a Chapter 11 plan. The plan may provide for debtors to reorganize by continuing to operate, to liquidate by selling assets of the Estate, or a combination of both. The Debtors are jointly proposing the Plan sent forth herein.

---

[1] The definitions of the capitalized terms used in this document are contained in Section II.

6

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

This Disclosure Statement contains a description of the Plan and other information relevant to the decision whether to vote to accept the Plan. The Debtors encourage you to read this Disclosure Statement because it contains important information concerning the history of the Debtors' business operations, their financial affairs, their assets and liabilities, and it sets forth a summary of Plan terms.

This Disclosure Statement, including the schedules and exhibits attached hereto, is the only document authorized by the Court to solicit votes for or against the Plan. Most statements and financial information herein about the Debtors have been obtained from documents and information prepared by or on behalf of the Debtors.

The statements contained herein are made as of the date this Disclosure Statement is signed below unless another time is specified. The delivery or filing of this Disclosure Statement does not constitute a representation that there has been no change in the information set forth in this Disclosure Statement and the materials relied upon in preparation of this Disclosure Statement after the date signed below.

Nothing contained herein shall constitute an admission of any fact or liability by any party. THE DEBTORS RESERVE THE RIGHT TO AMEND OR UPDATE ANY PORTION OF THIS DISCLOSURE STATEMENT PRIOR TO THE CONFIRMATION HEARING.

**B. Summary of the Plan**

The Plan is a liquidating plan. The purpose of the Plan is to orderly liquidate, collect and maximize the Cash value of the remaining assets of the Debtors and make distributions in respect of any Allowed Claims against the Debtors' Estates. Because there are competing liens and claims against the Debtors' assets some of which are the subject of the Gotte Avoidance Action, Plan Distributions to General Unsecured Claims cannot be made until the Gotte Avoidance Action is resolved either through a settlement or Court order. As such, the Plan provides that upon the Effective Date, the property of the Debtors' Estates shall vest in each of the Debtors and, in accordance with the Plan, be transferred to a Creditors' Trust for each of the Debtors' Estates which will be managed separately by the Disbursing Agent. The Disbursing Agent will (i) wind down and complete the remaining ASR projects, (ii) liquidate the remaining real

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

property owned by Meridian and (iii) liquidate the remaining equipment owned by Inland using the same auction procedures that have been previously approved by the Court. The funds generated will be held in a Creditors' Trust for each Estate subject to the disputed liens in the Estates pending resolution of any and all Avoidance Actions, including the Gotte Avoidance Action, either through agreement by the parties to the litigation or further Court order.

By operation of law including Bankruptcy Code Section 541, the Causes of Action which are the subject of the Gotte Avoidance Action became property of the Debtors' Estates when their bankruptcy cases were filed. As such, in their capacity as debtors in possession for their respective Estates, the Debtors would be now the real parties in interest to prosecute those claims. However, the Debtors do not have unencumbered funds to prosecute the claims that are the subject of the Gotte Avoidance Action and also have concerns regarding the viability of the Causes of Action. Further, the Debtors believe that ultimately the issues raised in the Gotte Avoidance Action present a dispute between Gotte and Federal. Gotte desires to continue prosecution of the Gotte Avoidance Action as any benefit achieved in favor of the Debtors' Estate will benefit Gotte, one of the largest creditors of the ASR Estate. As such, under the Plan, prosecution and defense of the Gotte Avoidance Action will be transferred to and undertaken by Gotte. However, the Gotte Avoidance Action may be impacted in some way pending the outcome of the arbitration of ASR claims related to the Barstow Project. The outcome of the Barstow Project arbitration will directly impact the amount of Federal's Claim in the Estates and will dictate whether the more difficult question presented - if the Gotte Avoidance Action should be litigated. For example, if Federal's Claim amount is lower than expected, there may be unencumbered funds available and Gotte may not feel compelled to pursue the Causes of Action to avoid the Federal Pre-Petition Liens. On the other hand, Federal's Claim amount may be greater than the cash on hand in the Estates from all sources and thus there would be no Distribution to General Unsecured Claims absent success in the Gotte Avoidance Action. As such, Gotte has asserted that fixing Federal's Claim amount following the arbitration of the Barstow Project appears to be the first step which should take place – warranting abatement of the Gotte Avoidance Action for a short time. Federal disagrees with this. The parties are

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

continuing to discuss this and ultimately if no agreement is reached, the Court will decide as to whether and when the Gotte Avoidance Action will be prosecuted.

Under the Plan, the Disbursing Agent will use the Net Liquidation Proceeds to pay Allowed Claims in each of the Debtors' Estates separately as follows:

(i) Distribution on the Effective Date, or as soon as reasonably practicable thereafter, and dependent on the outcome of any litigation related to the Secured Claim of Federal, Cash to the holders of Allowed Administrative Expenses, in an amount equal to the Allowed amount of such Claims.

(ii) Distribution on the Effective Date, or as soon as reasonably practicable thereafter, and dependent on the outcome of any litigation related to the Secured Claim of Federal, Cash to the holders of Allowed Priority Tax Claims in an amount equal to the Allowed amount of such Claims, or alternatively, paid in full within five years of the Petition Date.

(iii) Distribution on the Effective Date, or as soon as reasonably practicable thereafter, and dependent on the outcome of any litigation related to the Secured Claim of Federal, Cash to the holders of Allowed Priority Non-Tax Claims, if any, in an amount equal to the Allowed amount of such Claims.

(iv) Distribution on the Effective Date, or as soon as reasonably practicable thereafter, and dependent on the outcome of any litigation related to the Secured Claim of Federal, to the holders of Allowed Secured Claims, at the option of the Disbursing Agent, as the case may be, of either:

a. Cash in an amount equal to one hundred percent (100%) of the unpaid amount of such Allowed Secured Claim,

b. The proceeds of the sale or disposition of the Collateral securing such Allowed Secured Claim, net of the costs of disposition of such Collateral,

c. The collateral securing such Allowed Secured Claim,

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

d. Such treatment that leaves unaltered the legal, equitable, and contractual rights to which the holder of such Allowed Secured Claim is entitled, or

e. Such other distribution as necessary to satisfy the requirements of section 1129 of the Bankruptcy Code,

(v) As soon as reasonably practicable after the Gotte Avoidance Action is resolved either through settlement or further Court order and funds are available, Distribution to the holders of Allowed General Unsecured Claims of their Pro Rata Share of the Net Liquidation Proceeds, subject to the following:

a. In the event that the Federal Pre-Petition Liens are avoided and set aside, the allowed amount, if any, of the Intercompany Claims owed to ASR by Meridian and Inland will be paid to ASR[2] and the funds received will be used to make Distributions to Allowed Claims of the ASR Estate. The Intercompany Claims will be subject to the same Claims objections procedures as other Claims against the Estates as set forth in Section III.H. of the Plan.

b. In the event that the Federal Pre-Petition Liens are upheld, and are in an amount greater than the amount of cash on hand from the sale of assets and/or the value of assets subject to the Federal Pre-Petition Lien, the Intercompany Claims shall not receive any Distributions under the Plan.

c. It is also possible that the outcome of the Gotte Avoidance Action will result in other remedies being imposed, including substantive consolidation of the Estates, equitable subordination of Federal's Claims, a finding of alter-ego, and other remedies each of which may result in the Claims of all Creditors of

[2] After taking into account the amounts owed between the companies the balance owed to ASR by Meridian is $702,247.96, and the balance owed to ASR by Inland is $181,530.24.

the Estates being paid from the Net Liquidation Proceeds on a pro rata basis without regard to the separate nature of each of the Estates.

(vi) The holders of Equity Interests shall not receive any Distributions under the Plan.

As the Federal Pre-Petition Liens are asserted against all three Debtors in an amount that is greater than the value of assets or cash generated from the sale of assets in each of the Debtors' Estates, the amount of Distribution to Creditors is dependent on the resolution of (1) any and all Avoidance Actions, (2) the sale of assets, (3) the completion of ASR's projects, and (4) the actual amount of the Federal Pre-Petition Liens. Any obligation of any Debtor and all guaranties thereof executed by one or more of the other Debtors shall be treated as a separate obligation of each Estate, and such guaranties shall be deemed a separate Claim against each of the Debtors for purposes of making Distributions. All joint obligations of two or more Debtors and all multiple Claims against such entities on account of such joint obligations shall be treated and allowed only as a separate Claim against each of the Debtors for the purposes of confirming and consummating the Plan, including but not limited to voting, confirmation, Distributions, and calculating post-confirmation quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930. Based on the foregoing, , the proceeds of the sale of assets of the Debtors will be held separately and Distributions to Allowed Claims will be made separately for each Estate, provided however, no Allowed Claim will receive total Distributions that exceeds the Allowed Claim amount or that would result in a duplicate recovery.

**C. Confirmation of the Plan Is in the Best Interests of the Debtors and Their Creditors**

The Plan reflects discussions held between the Debtors and its Creditors. The Debtors have determined that the Plan is the most practical means of providing maximum recoveries to Creditors. Alternatives to the Plan which have been considered and evaluated by the Debtors during the course of the Chapter 11 Cases include (i) liquidation of the Debtors' assets under

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

chapter 7 of the Bankruptcy Code[3] and (ii) an alternative chapter 11 plan[4]. The Debtors' thorough consideration of these alternatives to the Plan has led them to conclude that the Plan, in comparison, provides a greater recovery to creditors on a more expeditious timetable and in a manner which minimizes inherent risks than any other course of action available to the Debtors.

IT IS THE OPINION OF THE DEBTORS THAT CONFIRMATION AND IMPLEMENTATION OF THE PLAN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS. THEREFORE, THE DEBTORS RECOMMEND THAT CREDITORS VOTE TO ACCEPT THE PLAN.

**A MORE COMPLETE DESCRIPTION OF THE PROVISIONS OF THE PLAN AND THE MEANS OF EFFECTUATING THE PLAN ARE LOCATED AT SECTION IV., BELOW.**

---

3 If the Plan or any other chapter 11 plan for the Debtors cannot be confirmed under section 1129(a) of the Bankruptcy Code, the Chapter 11 Cases may be converted to cases under Chapter 7 of the Bankruptcy Code, in which event a trustee would be elected or appointed to liquidate any remaining assets of the Debtors for distribution to creditors pursuant to chapter 7 of the Bankruptcy Code. A Chapter 7 trustee, who would lack the Debtors' knowledge of their affairs, would be required to invest substantial time and resources to investigate the facts underlying the multitude of Claims filed against the Debtors' estates. If a trustee is appointed and the remaining assets of the Debtors are liquidated under chapter 7 of the Bankruptcy Code, all creditors holding Allowed Administrative Claims, Allowed Priority Tax Claims, and may receive Distributions of a lesser value on account of their Allowed Claims and likely would have to wait a longer period of time to receive such distributions than they would under the Plan. A liquidation under chapter 7 likely would result in smaller distributions made to creditors than that provided for in the Plan because of (i) additional administrative expenses involved in the appointment of a chapter 7 trustee and (ii) additional expenses and Claims, some of which would be entitled to priority, which would be generated during the chapter 7 liquidation.

4 If the Plan is not confirmed, the Debtors or any other party in interest (if the Debtors' exclusive period in which to file a chapter 11 plan has expired) could attempt to formulate an alternative chapter 11 plan which might provide for the liquidation of the Debtors' assets and the treatment of Claims other than as provided in the Plan. Because the Debtors do not have any ongoing operations, the Debtors believe that any alternative chapter 11 plan will necessarily be substantially similar to the Plan. Accordingly, the Debtors do not believe that a realistic alternative chapter 11 plan is likely or in the best interests of creditors.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**D. Purpose of this Document**

This Disclosure Statement does not purport to be a complete description of the financial data pertaining to the Debtors' business and financial affairs, the applicable provisions of the Bankruptcy Code, or any other matter which may be deemed significant by Creditors. Out of practical necessity, this Disclosure Statement represents an attempt to summarize extensive overall data, legal documents and legal principles, including provisions of the Bankruptcy Code, and to set them forth in understandable, readable form.

**READ THIS DISCLOSURE STATEMENT CAREFULLY TO LEARN ABOUT:**

1. **WHO CAN VOTE OR OBJECT;**

2. **THE TREATMENT OF YOUR CLAIM (i.e., what your claim will receive if the Plan is confirmed) AND HOW THIS TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN A LIQUIDATION;**

3. **THE HISTORY OF THE DEBTORS AND SIGNIFICANT EVENTS DURING THE CASES;**

4. **WHAT THE COURT WILL LOOK AT TO DECIDE WHETHER TO CONFIRM THE PLAN;**

5. **THE EFFECT OF CONFIRMATION; AND**

6. **WHETHER THE PLAN IS FEASIBLE.**

This Disclosure Statement cannot tell you everything about your rights. You should consider consulting your own attorney and accountant to obtain advice on how the Plan will affect you and what is the best course of action for you.

Any party can now solicit votes for or against the Plan. However, the statements and conclusions set forth in this document are, unless otherwise noted, those of the Debtors. The accuracy has not yet been determined by the Court and the Court may determine such accuracy at the hearing regarding whether to confirm the Plan.

**E. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

**THE COURT HAS NOT YET CONFIRMED THE PLAN. IN OTHER WORDS, THE TERMS OF THE PLAN ARE NOT YET BINDING ON ANYONE. HOWEVER, IF**

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**THE COURT LATER CONFIRMS THE PLAN, THEN THE PLAN WILL BE BINDING ON ALL CREDITORS WITH ACTUAL OR CONSTRUCTIVE NOTICE IN THE CASE.**

1. **Time and Place of the Confirmation Hearing**

*******, 2015, at ******* *******.m.
United States Bankruptcy Court
3420 Twelfth Street, Courtroom 303
Riverside, CA 92501

2. **Deadline for Voting for or Against the Plan**

If you are entitled to vote, it is in your best interest to vote timely on the enclosed Ballot and return the Ballot in the enclosed envelope to:

**Attorneys for the Debtors:**
James C. Bastian, Esq.
Melissa Davis Lowe, Esq.
SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: 949-340-3400; Facsimile: 949-340-3000
Email: jbastian@shbllp.com; mlowe@shbllp.com

Service of the Ballot may be made via email, facsimile, personal delivery or United States Mail, First Class, such that is received by the Voting Deadline Your Ballot must be received by the Voting Deadline or it will not be counted. Since mail delays may occur, and because time is of the essence, it is important that Ballots be mailed well in advance of the Voting Deadline. Failure to deliver a properly completed ballot by the Voting Deadline will result in the Ballot not being counted as an acceptance or a rejection. Any improperly completed or late Ballot will not be counted.

3. **Deadline for Objecting to the Confirmation of the Plan**

Objections to the confirmation of the Plan must be filed with the Court and served upon the following by *******, 2015, at 5:00 P.M. California time :

**Attorneys for the Debtors:**
James C. Bastian, Esq.
Melissa Davis Lowe, Esq.
SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: 949-340-3400; Facsimile: 949-340-3000
Email: jbastian@shbllp.com; mlowe@shbllp.com

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

14

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

Service may be made via email, facsimile, personal delivery or United States Mail, First Class, such that is received by *******, 2015, at 5:00 P.M. California time.

At the Confirmation Hearing, the Bankruptcy Court will determine, pursuant to Section 1129 of the Bankruptcy Code, whether the Plan has been accepted by the necessary Classes of Claims created under the Plan, and if not, whether the Bankruptcy Court should nevertheless confirm the Plan. If at the Confirmation Hearing the Bankruptcy Court determines that the Plan meets all of the requirements for confirmation prescribed by the Bankruptcy Code, the Bankruptcy Court will enter a Confirmation Order. Pursuant to Section 1141 of the Bankruptcy Code, the effect of the Confirmation Order will be to make the provisions of the Plan binding upon the Debtors and each of their Creditors, regardless of whether each Creditor voted to accept the Plan.

**4. Identity of Person to Contact for More Information Regarding the Plan**

Any interested party desiring further information about the Plan may contact Debtors' counsel, James C. Bastian, Jr. or Melissa Davis Lowe at Shulman Hodges & Bastian LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618, Telephone: (949) 340-3400, or email to jbastian@shbllp.com or mlowe@shbllp.com.

**F. Disclaimer**

The Court has not yet determined whether the Plan can be confirmed and makes no recommendation as to whether Creditors should support the Plan.

The financial data relied upon in formulating the Plan is based on the Debtors' records during the prepetition period, including their balance sheets and financial statements, the Debtors' Bankruptcy Schedules, the projected recovery from Avoidance Actions and Post-Confirmation Estate Claims and the financial information contained in pleadings filed with the Bankruptcy Court. This information was not audited or reviewed by an independent accountant and the Debtors are unable to warrant or represent that such financial information is without any inaccuracies. The Debtors have made reasonable efforts under the circumstances to present financial information fairly and accurately. The Debtors represent that everything stated in this Disclosure Statement is true to the best of their knowledge.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

15

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

The financial transactions contained in the Disclosure Statement represent the Debtors' best estimates and projections of future events based on certain assumptions. With the passage of time, some or all of these estimates and projections may not occur. None of the financial analyses contained herein, upon which this Disclosure Statement is based, is considered to be a "forecast" or "projection" as technically defined by the American Institute of Certified Public Accountants. The use of the words "forecast," "project," or "projection" herein relate to broad expectations of future events or market conditions and qualifications of the potential results of operations under those conditions.

The discussion herein regarding the Debtors and the Post-Confirmation Estate may contain "forward looking statements" within the meaning of the Private Securities Litigation Reform Act of 1995. Such statements consist of any statement other than a recitation of historical fact and can be identified by the use of forward-looking terminology such as "may," "expect," "anticipate," "estimate," or "continue," or the negative thereof or other variations thereon or comparable terminology. The reader is cautioned that all forward looking statements are necessarily speculative and there are certain risks and uncertainties that could cause actual events or results to differ materially from those referred to in such forward looking statements. The liquidation analysis, financial projections, and other information are estimates only, and the timing and amount of actual distributions to Creditors may be affected by many factors that cannot be predicted. Therefore, any analysis, estimates, or projections may or may not turn out to be accurate.

The Debtors have made a diligent effort to identify in this Disclosure Statement all litigation claims, including claims for relief, counterclaims, and objections to claims. However, no reliance should be placed on the fact that a particular litigation claim is or is not identified herein. The Disbursing Agent, or other parties-in-interest with Court approval, may seek to investigate, file and prosecute litigation claims after the confirmation or Effective Date of the Plan whether or not the litigation claims are identified herein. A list of potential Avoidance Action defendants is attached hereto as **Exhibits 1-A and 1-B**.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

In addition to the parties listed on **Exhibits 1-A and 1-B**, the Debtors believe that they have Avoidance Action claims under the Bankruptcy Code, including Sections 547 and 548, against the following parties:

- Federal to avoid the Federal Pre-Petition Liens which Causes of Action are already the subject of the Gotte Avoidance Action.
- Berkley to avoid the Berkley Pre-Petition Liens that were recorded within ninety days of the Debtors' Petition Dates.
- Gotte and ICW as they each recorded their liens against ASR's assets within ninety days prior to ASR's Petition Date.

**THIS IS A SOLICITATION BY THE DEBTORS. THE REPRESENTATIONS HEREIN ARE THOSE OF THE DEBTORS AND NOT OF THEIR RESPECTIVE ATTORNEYS OR CONSULTANTS. NO REPRESENTATIONS CONCERNING THE DEBTORS OR POST-CONFIRMATION DEBTORS OR ESTATES, INCLUDING, BUT NOT LIMITED TO, REPRESENTATIONS AS TO THE POST-CONFIRMATION FUTURE ACTIVITIES OF THE DEBTORS OR THE ESTATE, THE VALUE OF PROPERTY OF THE ESTATES, THE AMOUNT OF CLAIMS AGAINST THE ESTATES OR ANY TAX EFFECT OF THE TRANSACTIONS PROPOSED UNDER THE PLAN, ARE AUTHORIZED BY THE DEBTORS, OTHER THAN AS SET FORTH HEREIN. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE ACCEPTANCE OF THE PLAN THAT ARE IN ADDITION TO OR DIFFERENT FROM THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT SHOULD NOT BE RELIED UPON BY ANY PARTY IN INTEREST. ANY SUCH ADDITIONAL REPRESENTATIONS OR INDUCEMENTS SHOULD BE REPORTED TO THE DEBTORS' ATTORNEYS WHO, IN TURN, WILL DELIVER THE INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS THE BANKRUPTCY COURT MAY DEEM TO BE APPROPRIATE.**

**UNLESS SPECIFICALLY SET FORTH HEREIN TO THE CONTRARY, THE INFORMATION CONTAINED OR REFERRED TO IN THIS DISCLOSURE**

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**STATEMENT REGARDING THE DEBTORS OR THEIR ESTATES HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. COUNSEL FOR THE DEBTORS HAS NOT INDEPENDENTLY VERIFIED THE INFORMATION CONTAINED HEREIN AND MAKES NO REPRESENTATIONS OR WARRANTIES WITH RESPECT TO THE ACCURACY THEREOF.**

**ALL PARTIES ENTITLED TO VOTE ON THE PLAN ARE URGED TO REVIEW CAREFULLY THIS DISCLOSURE STATEMENT PRIOR TO VOTING ON THE PLAN. THE CONTENTS HEREIN SHOULD NOT BE CONSTRUED IN ANY MANNER TO BE LEGAL, BUSINESS, OR TAX ADVICE. EACH CREDITOR AND OTHER PARTY IN INTEREST SHOULD CONSULT WITH HIS OWN LEGAL COUNSEL, BUSINESS ADVISOR, CONSULTANT, AND/OR ACCOUNTANT PRIOR TO VOTING TO ENSURE A COMPLETE UNDERSTANDING OF THE TERMS OF THE PLAN. THIS DISCLOSURE STATEMENT IS INTENDED FOR THE SOLE USE OF THE CREDITORS TO ENABLE THEM TO MAKE AN INFORMED DECISION REGARDING THE PLAN.**

**THE BANKRUPTCY COURT'S APPROVAL OF THIS DISCLOSURE STATEMENT INDICATES ONLY THAT THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION FOR THE PURPOSE OF SOLICITATION OF ACCEPTANCES TO THE PLAN BY THE DEBTORS, ASSUMING IT IS ACCURATE. HOWEVER, THE BANKRUPTCY COURT HAS NOT YET DETERMINED THE ACCURACY OF SUCH INFORMATION. IT MAY DO SO AT THE CONFIRMATION HEARING.**

## II. DEFINITIONS, INTERPRETATIONS, AND RULES OF CONSTRUCTION

### A. Definitions

1. "Adelanto Project" means the project known as the Site 25 Middle School, Adelanto School District, Berkley Performance Bonds and Payment Bonds Nos. 0152594 and 0152595.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2. "Adelanto Surplus" means the funds paid by the Adelanto School District for pay applications, contract balances, retention, changes orders and the like, that is in excess of all expenses applicable to the completion of the Adelanto Project, including amounts that Berkley has or will advance to complete the Adelanto Project. The amount of the Adelanto Surplus cannot be determined until the Adelanto Project is completed.

3. "Administrative Claim or Administrative Expenses" means a Claim for payment of an administrative expense of a kind specified in Bankruptcy Code section 503(b) and entitled to priority in payment under Bankruptcy Code sections 507(a)(1), 507(b) or 1114(e)(2), including: (a) the actual and necessary costs and expenses incurred after the Petition Dates of preserving the Estates and operating the businesses of the Debtors (such as wages, salaries or commissions for services and payments for goods and other services and leased premises); (b) any indebtedness or obligations incurred or assumed by the Debtors in the ordinary course of business in connection with the conduct of their business; (c) any Professional Fees incurred before the Effective Date; (d) all fees and charges assessed against the Estates under Chapter 123 of title 28 of the United States Code, sections 1911-30; (e) obligations designated as Allowed Administrative Claims pursuant to an order of the Bankruptcy Court and (f) Claims under Section 503(b)(9) of the Bankruptcy Code.

4. "Allowed" means with reference to any Claim, except as otherwise provided herein:

a. a Claim that has been Scheduled by the Debtors in their Schedules as other than disputed, contingent or unliquidated and as to which the Debtors, the Disbursing Agent or any other party in interest has not filed an objection;

b. a Claim that either is not a Disputed Claim or has been allowed by a Final Order;

c. a Claim that is allowed (i) in any stipulation with a Debtor concerning the amount and nature of such Claim executed prior to the Confirmation Date and approved by the Bankruptcy Court upon proper notice to the Debtors and other parties in interest; (ii) in any stipulation with a Debtor concerning the amount and nature of such Claim executed on or after the Confirmation Date and, to the extent necessary, approved by the Bankruptcy Court or (iii) in any contract, instrument, indenture or other agreement entered into or assumed pursuant to the Plan;

d. a Claim relating to a rejected executory contract or unexpired lease that (i) is not a Disputed Claim or (ii) has been allowed by a Final Order, in either of the Cases only if a Proof of Claim has been timely Filed in accordance

19

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

with the Plan or has otherwise been deemed timely Filed under applicable law; or

e. a Claim that is allowed pursuant to the terms of the Plan; provided, however, unless otherwise specified herein or by order of the Bankruptcy Court, the term "Allowed Claim" shall not, for any purpose under the Plan, include interest, penalties, premiums or late charges on such Claim from and after the Petition Date.

5. "ASR" means ASR Constructors, Inc., a California corporation, one of the affiliated Debtors in these jointly administered Cases.

6. "Avoidance Action" means any action which is filed or which may be filed pursuant to the provisions of Sections 510, 542, 543, 544, 545, 547, 548, 549, or 550 of the Bankruptcy Code, any actions based on applicable nonbankruptcy law that may be incorporated or brought under the foregoing sections of the Bankruptcy Code, or any other similar action or proceeding filed to recover property for or on behalf of the Estate or to avoid a lien or transfer.

7. "Ballot" means the form distributed to each holder of a Claim that is entitled to vote on the Plan and on which is to be indicated an acceptance or rejection of the Plan.

8. "Bankruptcy Code" or "Code" means Title 11 of the United States Code, as now in effect or hereafter amended. All citations in the Plan to section numbers are to the Bankruptcy Code unless otherwise expressly indicated.

9. "Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the Central District of California, Riverside Division, which has jurisdiction over this Case and the Estate of the Debtor, or such successor court or tribunal as may hereafter be confirmed or created by lawful authority with power to confirm reorganization plans under Chapter 11 of the Bankruptcy Code and all applicable statutes, rules, and regulations pertaining thereto.

10. "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for use in the Bankruptcy Court, as now in effect or hereafter amended.

11. "Bar Date" means the last date for filing Proofs of Claim other than Administrative Claims or Claims based upon the rejection of any executory contracts or unexpired leases. Pursuant to Court order entered on December 17, 2013 (docket 161), February 7, 2014 has been set as the deadline for filing Proofs of Claim or interest in these Cases.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12. "Barstow Project" means the ASR project for Barstow Community College District known as the Barstow Performing Arts Center project.

13. "Barstow Wellness Project" means the ASR project for the Barstow Community College District known as the Wellness Center project.

14. "Berkley" means Berkley Regional Insurance Company.

15. "Berkley Pre-Petition Lien(s)" means the lien(s) created by UCC-1 filings and/or recording of deeds of trust prior to the Debtors' Petition Dates against the assets of the Debtors as noted in public records. The Berkley Pre-Petition Lien(s) were provided as part of agreements with Berkley to provide funding for completion of ASR projects, to secure obligations owed to Berkley under indemnity agreements signed by ASR, Inland and Meridian and otherwise and to forebear from enforcement of remedies available for default.

16. "First Berkley Stipulation" means that certain Stipulation with Berkley Regional Insurance Company to Modify the Automatic Stay, to Authorize the Use of Cash Collateral, and to Authorize Post-Petition Financing as amended (docket 123), which was approved pursuant to Court order entered on November 26, 2013 (docket 125).

17. "Business Day" means any day other than a Saturday, Sunday, or "legal holiday" as defined in Bankruptcy Rule 9006(a).

18. "Case(s)" means the Debtors bankruptcy cases pending in the Central District of California, Riverside Division, jointly administered under Case No. 6:13-bk-25794-MH.

19. "Cash" means cash and cash equivalents, including, but not limited to, checks or similar forms of payment or exchange.

20. "Cash Collateral Motion" means that certain Motion for Order Authorizing Use of Cash Collateral filed by the Debtors on August 19, 2014 (docket 306).

21. "Cash Collateral Stipulation" means that Stipulation Between the Debtors, Federal Insurance Company and Berkley Regional Insurance Resolving Debtors' Motion for Use of Cash Collateral which was filed with the Court on October 28, 2014 (docket 375) The Cash Collateral Stipulation was approved by Court order entered on October 31, 2014 (docket 376).

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

22. "CDC Small Business" means Small Business Finance Corp. and its agent Wells Fargo Corporate Trust Services.

23. "Claim" means: (a) a right to payment from the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtors, whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

24. "Claimant" means the holder of a Claim.

25. "Causes of Action" mean all of the Debtors' actions, causes of action, choses in action, liabilities, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, third-party claims, counterclaims, and cross-claims, whether known or unknown, reduced to judgment or not reduced to judgment, liquidated or unliquidated, contingent or non-contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Petition Dates or during the course of the Cases, through and including the Effective Date, including, but not limited to, any Avoidance Actions and/or Post-Confirmation Estate Claims.

26. "Class" means a grouping into which Claims or Equity Interests which are substantially similar to other Claims or Equity Interests have been classified pursuant to Plan.

27. "Confirmation" means the entry of the Confirmation Order by the Bankruptcy Court.

28. "Confirmation Date" means the date on which the Confirmation Order is entered by the Bankruptcy Court.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

29. "Confirmation Hearing" means the hearing, including any continued or postponed session thereof, at which time the Bankruptcy Court will consider and determine whether to confirm the Plan.

30. "Confirmation Order" means the order, as entered, of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

31. "Creditor" means the holder of an Allowed Claim.

32. "Debtor(s)" means collectively or individually as the case may be, ASR, Meridian and Inland, the three affiliated debtors and debtors in possession in these jointly administered Cases, and the Plan Proponents.

33. "Disallowed Claim" means a Claim against the Debtors, which Claim is disallowed pursuant to an order of the Bankruptcy Court as to which fourteen calendar days have passed following entry of such order and no stay pending an appeal of such order is obtained during such period.

34. "Disbursing Agent" means the person charged managing the Creditors' Trust and making Distributions pursuant to the terms of the Plan. Alan Regotii will serve as the Disbursing Agent under the Plan until such time as he is unable or unwilling to serve at which point the Debtors shall appoint a successor Disbursing Agent.

35. "Disclosure Statement" means the Debtors' Disclosure Statement for Chapter 11 Liquidating Plan Jointly Proposed by the Debtors (and all exhibits or schedules annexed thereto or referenced therein) as it may be amended, modified, or supplemented from time to time in accordance with the Bankruptcy Code and Bankruptcy Rules.

36. "Disputed Claim" means any Claim: (a) listed on the Debtors' Schedules as unliquidated, disputed, or contingent; or (b) as to which the Debtors, or any other party in interest, has interposed a timely objection or request for estimation or subordination in accordance with the Bankruptcy Code and the Bankruptcy Rules, which objection or request for estimation or subordination has not been withdrawn or determined by a Final Order. A Claim will be considered a Disputed Claim in its entirety if an objection is timely filed to any portion of such Claim.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

37. "Disputed Claims Reserve Fund" means the fund created upon the Effective Date consisting of funds available for Distribution on account of Disputed Claims.

38. "Distribution(s)" means the Cash which is required to be distributed under the Plan to the holders of Allowed Claims.

39. "Effective Date" means the means the date not later than thirty days following the date upon which the Confirmation Order becomes a Final Order; provided, however, that, if an appeal of the Confirmation Order is timely filed, the Debtors may elect to cause the Plan to become effective, notwithstanding the pendency of such appeal, so long as no stay of the Confirmation Order is in effect, by filing with the Bankruptcy Court a notice of such election, in which event the Plan will become effective as provided herein.

40. "Estate(s)" means the estates of the Debtors created under Section 541 of the Bankruptcy Code in these Cases.

41. "Equity Interests" means, with respect to a Debtor, as of the applicable Petition Date, any capital stock or other ownership interest in such Debtor, whether or not transferable, and any option, call, warrant or right to purchase, sell or subscribe for an ownership interest or other equity security in such Debtor, and any redemption, conversion, exchange, voting, participation, dividend rights, and liquidation preferences relating to such capital stock or ownership interest.

42. "Exculpated Parties" means, collectively, each of the following parties in their respective capacities as such: (a) the Debtors, (b) each director, officer, financial advisor, other advisor of the Debtors or the Professionals employed by or serving the Debtors as of the applicable Petition Dates, and each of their respective affiliates.

43. "Federal" means Federal Insurance Company.

44. "Federal Pre-Petition Lien(s)" means the lien(s) created by UCC-1 filings and/or recording of deeds of trust prior to the Debtors' Petition Dates against the assets of the Debtors as noted in public records. The Federal Pre-Petition Lien(s) were provided as part of agreements with Federal to provide funding for completion of ASR projects, to secure obligations owed to

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Federal under indemnity agreements signed by Inland and Meridian and otherwise and to forebear from enforcement of remedies available for default

45. "File," "Filed," or "Filing" means filed with the Bankruptcy Court having jurisdiction over this Cases.

46. "Final Distribution" means, for each Class, the last Distribution to be made to holders of Allowed Claims in that Class.

47. "Final Order" means an order or judgment of the Bankruptcy Court, or of any court of competent jurisdiction where there is pending an action in which a Debtor are a party, which has not been reversed, stayed, modified, or amended, and as to which: (a) the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceeding for reargument or rehearing shall then be pending; or (b) any right to appeal, petition for certiorari, reargument, or rehearing shall have been waived in writing in form and substance satisfactory to the applicable Debtor; or (c) any appeal, petition for certiorari, reargument or rehearing has been resolved by the highest court to which the order or judgment was appealed timely or from which certiorari, reargument, or rehearing was sought.

48. "General Unsecured Claim" means an unsecured Claim against the Debtors that is not entitled to priority under Section 507(a) of the Bankruptcy Code, including, without limitation, a Claim based on the rejection of an executory contract or unexpired lease.

49. "Gotte" means Gotte Electric, Inc.

50. "Gotte Avoidance Action" means the lawsuit commenced in the Riverside Superior Court styled Gotte Electric, Inc. v. ASR Constructors, Inc., Federal Insurance Company, Another Merdian, LLC and Inland Machinery, Inc., Case No. RIC 1310089, which has been removed to the Bankruptcy Court and which is now pending as Adversary Case No. 6:13-ap-01402-MH.

51. "Gotte Judgment" means that certain "Judgment, in Favor of Gotte Electric, Based Upon Jury Verdict; Judgment on ICW's Motion for Non-Suit; Judgment on Federal and Vigilant's Motion for Directed Verdict as to the 17th and 18th Causes of Action; Judgment on

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Federal and Vigilant's Motion for Directed Verdict as to the 20th, 21st, and 22nd Causes of Action; Judgment on ASR's Motion for Directed Verdict as to the 23rd and 24th Causes of Action" entered in the Gotte State Court Action on March 22, 2013 in favor of Gotte and against ASR in the sum of $5,985,00 with interest from the date of the verdict until paid at the statutory rate together with attorneys' fees and court costs. Under the Gotte Judgment, Gotte asserts a total of Claim of at least $6,655,486.47.

52. "Gotte State Court Action" means the lawsuit commenced in the Riverside Superior Court styled Gotte Electric, Inc. v. ASR Constructors, Inc., Federal Insurance Company, Vigilant Insurance Company, Rubidoux Surety and related cross actions, Case No. RIC 529002 consolidated with RIC 530002.

53. "ICW" means Insurance Company of the West.

54. "Inland" means Inland Machinery, Inc., a California corporation, one of the affiliated Debtors in these jointly administered Cases.

55. "Intercompany Claims" means any Claim, Cause of Action, remedy or Administrative Claim asserted by a Debtor against another Debtor, as applicable, including but not limited to the following:

a. Intercompany Claim arising from a promissory note owed by ASR to Meridian of approximately $165,260.35.

b. Intercompany Claim arising from a promissory note owed by Meridian to ASR of approximately $1,020,981.96.

c. Intercompany Claim arising from a promissory note owed by Inland to ASR of approximately $181,530.24.

d. Intercompany Claim consisting of a rent receivable owed by ASR to Meridian in the amount of approximately $153,473.65.

After taking into account the foregoing, the balance owed to ASR by Meridian is $702,247.96[5], and the balance owed to ASR by Inland is $181,530.24. The Intercompany Claims will be

---

5

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

subject to the same Claims objections procedures as other Claims against the Estates as set forth in Section III.H. of the Plan.

56. "Meridian" means Another Meridian Company, LLC, a California limited liability, one of the affiliated Debtors in these jointly administered Cases.

57. "Meridian Properties" means collectively the Wilson Property, the Perris Property, the San Bernardino Property and the Phelan Property.

58. "Net Liquidation Proceeds" means all of the Cash or other proceeds recovered from the Debtors' Estates, including amounts recovered from (i) accounts receivable, (ii) the sale of personal property and real property, and (iii) Causes of Action, minus all costs and administrative expenses of the Estates including, but not limited to, the fees and expenses of the Debtors, the Professionals and/or the Disbursing Agent and his Professionals, income taxes and payments pursuant to the Plan to Creditors holding Allowed Administrative Claims, Allowed Priority Claims and/or Allowed Secured Claims.

59. "Phelan Property" means the real property owned by Meridian consisting of a single family residence located at 3758 Kreuer Rd, Phelan, CA 92371: Parcel No.: 3098-051-14 (5 acres).

60. "Perris Property" means the real property owned by Meridian consisting of two parcels of vacant land located in the city of Perris, County of Riverside, California: Parcel Nos.: 317-270-001 (10.09 acres) and 317-270-012 (9.66 acres) with a value of approximately $470,000.

---

| | |
|---|---|
| Intercompany Claim arising from a promissory note owed by Meridian to ASR of approximately $1,020,981.96 | $1,020,981.96 |
| Less: Intercompany Claim arising from a promissory note owed by ASR to Meridian of approximately $165,260.35 | ($165,260.35) |
| Less: Intercompany Claim consisting of a rent receivable owed by ASR to Meridian in the amount of approximately $153,473.65 | ($153,473.65) |
| Balance Due ASR by Meridian | $702,247.96 |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

61. "Petition Date" means the date on which each of the Debtors filed their respective voluntary petitions under Chapter 11 of the Bankruptcy Code as follows:

a. ASR Petition Date: September 20, 2013, Case No. 6:13-bk-25794-MH.

b. Meridian Petition Date: October 23, 2013, Case No. 6:13-bk-27529-MH.

c. Inland Petition Date: October 23, 2013, Case No. 6:13-bk-27532-MH.

62. "Plan" means the Chapter 11 Liquidating Plan jointly proposed by the Debtors, as such Plan may be amended, modified, or supplemented from time to time in accordance with the Bankruptcy Code and Bankruptcy Rules,

63. "Plan Proponent" means jointly the Debtors.

64. "Post-Confirmation Debtors" means the Debtors herein, on or after the Effective Date.

65. "Post-Confirmation Estate Claims" means any and all claims and Causes of Action which constitute property of the Estates including, but not limited to, any Avoidance Actions, whether or not such claims or Causes of Action are the subject of litigation pending as of the Effective Date.

66. "Priority Claim" means an Administrative Claim, Priority Tax Claim, or Priority Unsecured Claim.

67. "Priority Tax Claim" means a Claim of a "governmental unit" (as such term is defined in section 101(27) of the Bankruptcy Code) of the kind specified in, and entitled to priority under, sections 502(i) and 507(a)(8) of the Bankruptcy Code.

68. "Priority Non-Tax Claim" means any Claim accorded priority in right of payment under section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

69. "Pro Rata Share" means, with reference to any Distribution on account of any Allowed Claim or Allowed Interest, as applicable, in any Class, the ratio (expressed as a percentage) that the amount of such Allowed Claim or Allowed Interest bears to the aggregate amount of Allowed Claims or Allowed Interests of the same Class (and to the extent required for an interim Distribution and any reserve for Disputed Claims).

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

70. "Professionals" means professionals such as attorneys, consultants or accountants employed by the Debtors and/or the Disbursing Agent in these Cases, including Shulman Hodges & Bastian LLP, Rogers Anderson Malody & Scott LLP CPA and Lester & Cantrell LLP and the Disbursing Agent.

71. "Professional Fees" means the fees for services of Professional rendered and expenses incurred in connection with such services by Professionals on and after the Petition Dates and prior to and including the Effective Date and after the Effective Date.

72. "Proof of Claim" means a statement under oath filed in this Case by a Claimant in which the Claimant sets forth the amount claimed to be owed to it and sufficient detail to identify the basis for the Claim, in accordance with Federal Rule of Bankruptcy Procedure 3001.

73. "San Bernardino Property" means the real property owned by Meridian consisting of two parcels of vacant land located in the city of San Bernardino, County of San Bernardino, California: Parcel Nos.: 0142-042-01 (1.889 acres) and 0269-271-17 (1.3 acres).

74. "Schedules" means the applicable Schedules of Assets and Liabilities and Statement of Financial Affairs filed by the Debtors, as amended, modified, or supplemented from time to time.

75. "Secured" means when referring to a Claim: (a) secured by a lien on property in which the applicable Estate has an interest, which lien is valid, perfected and enforceable under applicable law or by reason of a Final Order, or that is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of the lienholder's interest in the applicable Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or (b) otherwise Allowed pursuant to the Plan as a Secured Claim.

76. "Secured Claim" means a Claim secured by a lien, security interest or other charge against property in which the applicable Estate has an interest, or which is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with Section 506(a) of the Bankruptcy Code, of the interest of the holder of such

Secured Claim in the applicable Estate's interest in such property, or to the extent of the amount subject to any setoff, as the case may be.

77. "Surcharge Stipulation" means that certain Stipulation Between the Debtors and Federal Insurance Company Resolving Debtors' Motion for Order Authorizing Surcharge of Collateral Pursuant to 11 U.S.C. 506(c) which was filed with the Court on November 6, 2014 (docket 379) and approved by Court order entered on November 10, 2014 (docket 382). The Plan does not alter or impact the rights of Federal and the Debtors under the Surcharge Stipulation or any of the provisions of the Surcharge Stipulation.

78. "Unclaimed Distribution" means any Distribution which is unclaimed as a result of any of the following: (a) checks which have been returned as undeliverable without a proper forwarding address; (b) checks which were not mailed or delivered because of the absence of a proper address to which to mail or deliver the same; (c) checks which remain unnegotiated for a period of ninety days after the date of issuance.

79. "UST" means the Office of the United States Trustee.

80. "Voting Deadline" means 4:00 p.m. (California time) on **********, 2014, which is the deadline for holders of impaired Claims to submit a Ballot.

81. "Wilson Property" means the real property owned by Meridian consisting of a light industrial building located at 5230 Wilson Street, Riverside, California.

82. "Zions" means Zions First National Bank.

**B. Interpretations, Computation of Time and Governing Law**

**1. Undefined Terms**

Any term used herein that is not defined herein, either in Section II.A (Definitions) or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules. Without limiting the foregoing, the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply hereto. The definitions and rules of construction contained herein do not apply to the exhibits attached hereto except to the extent expressly so stated herein or in each exhibit.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**2. Rules of Interpretation**

For the purposes of this Disclosure Statement:

a. Whenever, from the context, it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural.

b. Any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions.

c. Any reference in the Plan to an existing document or Exhibit Filed or to be Filed means such document or Exhibit, as it may have been or may be amended, modified, or supplemented as of the Confirmation Date.

d. Unless otherwise specified in a particular reference in the Plan, all references in the Plan to Sections, Articles or Exhibits are references to Sections, Articles and Exhibits of or to the Plan.

e. Unless otherwise specified in a particular reference in the Plan, the words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan in its entirety rather than only to a particular paragraph, subparagraph, or clause contained in the Plan.

f. Captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan.

g. Except to the extent that federal law, including the Bankruptcy Code or the Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced for all purposes in accordance with, the laws of the State of California, without giving effect to any principles of conflict of laws thereof.

h. All exhibits to the Plan are incorporated into the Plan and will be deemed to be included in the Plan, regardless of when they are filed.

**3. Computing Time Periods**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**4. Notices and Delivery of Documents**

All notices, correspondence, and other deliveries under the Disclosure Statement and Plan must be directed as follows:

| | |
|---|---|
| To the Debtors: | ASR Constructors, Inc.<br>Another Meridian Company, LLC<br>Inland Machinery, Inc.<br>Attention: Alan Regotti, Authorized Officer<br>33891 Mission Trails<br>Wildomar, CA 92595 |
| To the Disbursing Agent | Alan Regotti, Disbursing Agent<br>c/o ASR Constructors, Inc.<br>33891 Mission Trails<br>Wildomar, CA 92595 |
| With a Copy to: | James C. Bastian, Esq.<br>Melissa Davis Lowe, Esq.<br>SHULMAN HODGES & BASTIAN LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: 949-340-3400<br>Facsimile: 949-340-3000<br>Email: jbastian@shbllp.com; mlowe@shbllp.com<br>mailto: |

## III. BACKGROUND

The following is a description of the nature and the history of the Debtors' businesses, financial affairs, and of their financial difficulties.

**A. Description of the Debtors and Their Businesses**

**1. Commonalities Between the Debtors**

The Debtors' assets are encumbered by related liens in favor of Federal and Berkley.

The Debtors share common owners as follows: ASR stockholders are the Regotti Family Trust Dated January 12, 2005, Alan Regotti and Stacey Regotti trustees (50% of the stock) and Marc Berry and Patti Berry (each owning 25% of the stock). Meridian's members are Alan Regotti and Marc Berry (each owning 50%). Inland's stockholders are Alan Regotti and Marc Berry (each owning 50%).

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

32

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

The Debtors share common principal officers and managers as follows: Alan Regotti is the President of ASR, Managing Member of Meridian and Secretary of Inland. Marc Berry is the Vice President of Equipment Utilization of ASR and President of Inland.

Many of the creditors listed in the Schedules of Meridian and Inland are substantially the same as some obligations listed in ASR's Schedules.

**2. ASR – Background and Business Operations**

ASR was incorporated in May 1999 and is a general contractor serving the Inland Empire on mainly public works projects. Since its incorporation, ASR has completed over 850 public works projects, with clients such as cities, school districts, and state and federal governments. Just as a few examples, ASR was the general contractor on projects including the Riverside Community College Athletic Complex, the Repplier Aquatic Park in Banning, the Larry D. Smith Correctional Facility, and the Multi-purpose Buildings at Cabrillo, Citrus, Foothill Knolls, Magnolia, Sycamore and Valencia Elementary Schools. At its peak, ASR had over 565 employees and annual revenues of over $150 million.

Due to the dramatic slowdown in the economy throughout the United States that started in December of 2007 and that continues to this day, ASR suffered significant cash flow problems beginning around 2011. As a result, ASR was unable to meet all of its obligations and was suffering financing problems.

In March 2013, ASR advised its bonding companies, Federal and Berkley, that it was unable to meet its obligations on bonded projects and its obligations to the sureties under their respective indemnity agreements and surety bonds. Because ASR was unable to complete the work and perform obligations with respect to both payment and performance on the bonded projects, ASR requested the sureties take such steps as necessary or appropriate to perform their obligations as sureties with respect to the bonded projects in order to mitigate losses and expenses. Following this voluntary notice of default, Federal took over management of the projects it bonded and ASR executed assignments of its receivables to Federal. ASR is providing administrative assistance to Federal with respect to its projects. Berkley has taken over management of one of ASR's projects (Barstow Community College) but engaged ASR to

33

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

be its completion contractor. ASR is completing one additional contract where Berkley is the surety (Adelanto) under a funds control arrangement put in place pre-petition. Federal and Berkley were also provided with blanket liens on ASR's accounts receivables as described below.

**3. ASR - Major Assets**

ASR's principal assets are its accounts receivable and construction projects which are subject to liens in favor of its sureties, Federal and Berkley.[6]

Following is a summary of ASR's accounts receivable and related cash accounts:

- Debtor in Possession General, Payroll and Tax Accounts held at JP Morgan Chase Bank – total of approximately $387.51 as of November 30, 2014.
- Escrow accounts held at Citibank, PO Box 769018, San Antonio, TX 78245, related to retention funds on outstanding construction projects which were established by owners of the projects. These escrow accounts hold retention funds which are payable at the conclusion of the construction projects. Funds are subject to offset by (1) the project owners, and (2) indemnity/ subrogation rights and/or liens of bonding companies that have issued performance bonds on the projects (Federal and Berkley). The total in the escrow accounts as of November 30, 2014was approximately $3,020,357.68.[7]
- Fund control accounts held at Bremer Bank, 8800 Hwy T, St. Louis Park, MN 55426, related to outstanding construction projects which are established in compliance with ASR's obligations to bonding companies that have issued performance bonds on the projects. Funds are subject to offset by indemnity/ subrogation rights and/or liens of bonding companies that have issued performance bonds on the projects (Berkley). The total in the fund control accounts as of November 30, 2014 was approximately $10,040.28.
- Accounts receivable as of November 30, 2014 as reported on ASR's Monthly Operating Report filed with the Court: pre-petition amount of $6,161,486 which includes amounts over 90 days old of $3,217,403.72 and retentions of $2,944,082.26; post-petition amount of $741,352.68.
- An Intercompany Claim consisting of a note receivable from Inland Machinery Equipment of approximately $181,530.24. Under the Plan, this Intercompany Claim will be eliminated.
- An Intercompany Claim consisting of note receivable from Meridian of approximately $1,020,981.96. Under the Plan, this Intercompany Claim will be eliminated.

---

[6] ASR also owns a small amount of office and construction equipment.

[7] Excludes funds held in account XXX7242 of $78,115.63 which are the project owner's funds, Corona-Norco Unified School District.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**4. ASR's – Secured Obligations as of ASR's Petition Date**

The following chart summarizes ASR's Secured obligations as of ASR's Petition Date:

| Creditor | Claim Description | Claim Amount |
|---|---|---|
| Federal | UCC-1 Filing No. 12-7339143518 filed 11/28/12; Amendment No. 13-73536425 filed 3/22/13; Amendment No. 13-73522998 filed 3/15/13; Amendment No. 13-73517704 filed 3/11/13 and Amendment No. 13-73513989 filed 3/6/13<br><br>Collateral: blanket lien on accounts receivable and construction projects. Claim is also secured by liens against property owned by Meridian, Inland, Agua Mansa Investment Partners, LLC and Smokey Mountain Insurance Company.[8] This lien is subject to disputes in the Gotte Avoidance Action as to ASR, Meridian and Inland. | $6,775,680.13 |
| Berkley | UCC-1 Filing No. 13-7366919227 filed 6/26/2013<br><br>Collateral: blanket lien on accounts receivable and construction projects.<br><br>This lien was obtained within 90 days of the ASR Petition Date and may be avoidable pursuant to 11 U.S.C. §547. | $15,571,500.00 |
| Gotte | UCC Judgment Lien No. 13-7367902371 filed 7/1/2013.<br>Collateral: All property subject to enforcement of a money judgment against ASR to which a judgment lien on personal property may attach under Section 697.530 of the Code of Civil Procedure.<br><br>This lien was obtained within 90 days of the ASR Petition Date and may be avoidable pursuant to 11 U.S.C. §547. | $6,655,486.47 |

[8] Agua Mansa Investment Partners LLC owns all of the stock in Smokey Mountain Insurance Company. Agua Mansa Investment Partners LLC and the Debtors share common owners (Alan Regotti and Marc Berry).

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Creditor | Claim Description | Claim Amount |
|---|---|---|
| ICW | UCC Judgment Lien No. 13-7367942092 filed 7/1/2013.<br>Collateral: All property subject to enforcement of a money judgment against ASR to which a judgment lien on personal property may attach under Section 697.530 of the Code of Civil Procedure.<br><br>Notice of Lien/Attachment - Enforcement of Judgment filed June 27, 2013 against ASR in pending lawsuit: Riverside County Superior Court, ASR Constructors, Inc. v. MG Lighting & Electric, Case No. RIC1115599<br><br>In addition, on its Proof of Claim (Claim #10 on ASRs' Claims Register), ICW indicated the additional liens:<br><br>Abstract of Judgment recorded 6/27/2013 in the County of Riverside, Recording No. 2013-0309745.<br><br>Abstract of Judgment recorded 6/27/2013 in the County of San Bernardino, Recording No. 2013-0286459.<br><br>Notice of Judgment Lien with the California Secretary of<br>State on 6/4/2013, Filing No. 13-7364216801 and corrected on 7/1/2013, Filing No. 1373759587<br><br>This lien was obtained within 90 days of the ASR Petition Date and may be avoidable pursuant to 11 U.S.C. §547. | $505,231.00 |
| Employment Development Department | Notice of State Tax Lien filed 7/10/2013, Filing No. 13-7369135684 | $6,155.71 |

5. **ASR – Other Obligations**

In its Schedules, ASR listed Priority Tax Claims of approximately $145,000, and General Unsecured Claims of approximately $9,600,000, which includes an Intercompany Claim owed to Meridian of $165,260.35 arising from a promissory note.

6. **Meridian – Background, Business Operations and Major Assets**

Meridian is in the business of real estate and as of its Petition Date owned the Meridian Properties as follows:

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

- Wilson Property consisting of a light industrial building located at: 5230 Wilson Street, Riverside, California with a value of approximately $3,150,000. The Wilson Property was encumbered by liens totaling of approximately $2,869,134.96 consisting of the following: Zions: $518,213.07; CDC Small Business: $451,104.23; Federal (cross-collateralized by the other Meridian Properties as well as the assets of ASR and Inland) and Berkley (cross-collateralized by the assets of ASR and Inland). As of Meridian's Petition Date, the Wilson Property was rented by ASR on a month to month tenancy. On October 30, 2013, Meridian filed a motion with the Court (docket 8 on Meridian's case docket) for approval of the sale of the Wilson Property. On December 17, 2013, the Court entered its order (docket 39) authorizing the sale of the Wilson Property for a purchase price of $3,150,000. Escrow on this sale has closed. Through this sale, the Claims of Zions and CDC Small Business were paid. The Disputed Claims of Federal, Berkley, ICW and Gotte have attached to the proceeds of the sale pending further agreement with the Creditors or further Court Order.

- The Perris Property consisting of two parcels of vacant land located in the city of Perris, County of Riverside, CA: Parcel Nos.: 317-270-001 (10.09 acres) and 317-270-012 (9.66 acres) with a value of approximately $470,000. The Perris Property is subject to the cross-collateralized lien in favor of Federal. Meridian has employed Delmar Commercial Real Estate Services, Inc. to market the Perris Property for sale at listing price of $999,000.

- The San Bernardino Property consisting of two parcels of vacant land located in the city of San Bernardino, County of San Bernardino, CA: Parcel Nos.: 0142-042-01 (1.889 acres) and 0269-271-17 (1.3 acres) with a value of $240,000. The San Bernardino Property is subject to the cross-collateralized lien in favor of Federal. Meridian has employed Delmar Commercial Real Estate Services, Inc. to market the San Bernardino Property for sale at listing price of $417,000.

- The Phelan Property consisting of a single family residence located at 3758 Kreuer Rd, Phelan, CA 92371: Parcel No.: 3098-051-14 (5 acres) with a value of $80,363. The Phelan Property was subject to the cross-collateralized lien in favor of Federal. On June 30, 2014, Meridian filed a motion with the Court (docket 289) for approval of the sale of the Phelan

37

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

Property. On August 8, 2014, the Court entered its order (docket 304) authorizing the sale of the Phelan Property for a purchase price of $59,000. Escrow on this sale has closed. The Disputed Claims of Federal and Berkley have attached to the proceeds of the sale pending further agreement with the Creditor or further Court Order.

The Federal and Berkley liens (consisting of deeds of trust and UCC-1 filings) impacting Meridian's assets were provided as part of agreements with Federal and Berkley to provide funding for completion of ASR projects, to secure obligations owed to Federal and Berkley under indemnity agreements signed by Meridian and otherwise and to forbear from enforcement of remedies available for default.

In addition to the Meridian Properties describe above, an asset of the Meridian Estate is a rent receivable owed Meridian by ASR in the amount of $153,473.65.

**7. Meridian – Secured Obligations as of its Petition Date**

The following chart summarizes Meridian's Secured obligations as of its Petition Date:

| Creditor | Claim Description | Claim Amount |
|---|---|---|
| Zions | Loan No. XXXX 9001<br>Claim is secured by a first priority lien against the Wilson Property<br>Deed of Trust recorded 10/31/2012<br>Recording #2002-624528<br>This Claim was paid through the sale of the Wilson Property. | $518,213.07 |
| CDC Small Business | SBA Loan XXXX 4001<br>Claim is secured by a second priority lien against the Wilson Property<br>Deed of Trust recorded 11/27/2002<br>Recording #2002-706931<br>This Claim was paid through the sale of the Wilson Property. | $451,104.23 |

38

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

| Creditor | Claim Description | Claim Amount |
| --- | --- | --- |
| Federal | Wilson Property - Deed of Trust recorded 3/18/2013, Recording #2013-0128763. The lien attaches to the proceeds of the sale of the Wilson Property pending resolution of the lien in the Gotte Avoidance Action.<br><br>Perris Property - Deed of Trust recorded 3/18/2013, Recording #s 2013-0128764 and 2013-0128765<br><br>San Bernardino Property - Deed of Trust recorded 3/20/2013, Recording #s 2013-0116066 and 2013-0116067<br><br>Phelan Property - Deed of Trust recorded 3/20/2013, Recording # 2013-0116068<br><br>UCC-1 Filing No. 12-7339143518 filed 11/28/12; Amendment No. 13-73536425 filed 3/22/13; Amendment No. 13-73522998 filed 3/15/13; Amendment No. 13-73517704 filed 3/11/13 and Amendment No. 13-73513989 filed 3/6/13. Collateral: blanket lien on assets. Claim is also secured by liens against property owned by ASR, Inland, Agua Mansa Investment Partners, LLC and Smokey Mountain Insurance Company. | $6,775,680.13 |
| Berkley | Wilson Property - Deed of Trust recorded 9/26/2013<br>Recording #2013-0465397. The lien attaches to the proceeds of the sale of the Wilson Property pending resolution of the lien in the Gotte Avoidance Action.<br><br>UCC-1 Filing No. 13-7366919227 filed 6/26/2013. Collateral: blanket lien on assets. Claim is also secured by liens against non-estate property owned by ASR and Inland. | $15,571,500.00 |
| Riverside County Treasurer and Tax Collector | Secured real property taxes related to Meridian's real property located in Riverside County for 2013-2014:<br><br>Wilson Property: $19,739.72 (was paid through the sale of the Wilson Property)<br><br>Perris Property:<br>APN #317-270-001: $2,932.04<br>APN #317-270-012: $2,809.70 | $25,481.46 |

39

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

| Creditor | Claim Description | Claim Amount |
|---|---|---|
| San Bernardino County Treasurer and Tax Collector | Secured real property taxes related to Meridian's real property located in San Bernardino County for 2013-2014:<br><br>Phelan Property: $1,048.49<br><br>San Bernardino Property:<br>APN #: 0142-042-01: $4,397.68<br>APN #: 0269-271-17-00: $3,027.98 | $8,474.15 |

**8. Meridian – Other Obligations**

In its Schedules, Meridian listed no Priority Claims. Meridian listed in its Schedules one General Unsecured Claim consisting of an Intercompany Claim of approximately $1,020,981.96 arising from a promissory note owed to ASR.

**9. Inland – Background, Business Operations and Major Assets**

Inland is in the business of machinery and equipment rental. ASR rents machinery and equipment from Inland as necessary for its various construction projects. Prior to the commencement of its bankruptcy case, on October 16, 2013, with Federal's consent, Inland engaged Ritchie Bros. Auctioneers to conduct an auction sale of Inland's machinery and equipment. The gross sale proceeds were approximately $368,155. After payment of the auctioneer commission of 9% and the auctioneer's expenses, the net auction proceeds are estimated to be approximately $326,000. Inland's net auction proceeds and remaining machinery equipment are subject to the liens of Federal and Berkley. The Federal and Berkley liens (consisting of UCC-1 filings) impacting Inland's assets were provided as part of agreements with Federal and Berkley to provide funding for completion of ASR projects, to secure obligations owed to Federal and Berkley under indemnity agreements signed by Inland and to forbear from enforcement of remedies available for default.

During the Case, Inland has moved forward to conduct orderly sales of its machinery and equipment. Pursuant to Court orders entered on March 19, 2014 (docket 251), September 29, 2014 (docket 34) and December 9, 2014 (docket 397) ("Third Auction Order"), Inland was authorized to conduct three auction sales of rental machinery and equipment that was no longer

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

needed in the operation of its business. The funds from Inland's auction sales[9] are being held in a segregated account subject to the liens of Federal. The items sold did not include all of Inland's machinery and equipment as some of it is still being utilized by ASR in the completion of pending projects. Once pending ASR projects are completed, pursuant to the Third Auction Order, Inland has been authorized and intends to sell its remaining machinery and equipment. Inland's remaining machinery and equipment has a possible value of approximately $200,000 but the value will depend on the ultimate sale prices achieved through the final auction sale.

In addition to its auction proceeds and remaining machinery and equipment as described above, assets of the Inland Estate are its general trade receivables of approximately $.00 (amount listed in its November 30, 2014 Monthly Operating Report), and an Intercompany Claim owed to Inland by ASR of approximately $553,967.99.

**10. Inland – Secured Obligations as of its Petition Date**

The following chart summarizes Inland's Secured obligations as of its Petition Date:

| Creditor | Claim Description | Claim Amount |
|---|---|---|
| Federal | UCC-1 Filing No. 12-7339143518 filed 11/28/12; Amendment No. 13-73536425 filed 3/22/13; Amendment No. 13-73522998 filed 3/15/13; Amendment No. 13-73517704 filed 3/11/13 and Amendment No. 13-73513989 filed 3/6/13<br><br>Collateral: blanket lien on assets. Claim is also secured by liens against non-estate property owned by ASR, Meridian, Agua Mansa Investment Partners, LLC and Smokey Mountain Insurance Company. | $6,775,680.13 |
| Berkley | Collateral: blanket lien on assets. Claim is also secured by liens against property owned by ASR and Meridian. | $15,571,500.00 |

[9] The first Inland auction sale generated net proceeds of approximately $320,000 , the second sale generated gross sale proceeds of approximately $360,000 and the third auction sale generated gross proceeds of approximately $118,129.40. Prior to the Petition Date, Inland conduct another auction sale of machinery and equipment and generated net sale proceeds of approximately $326,000.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**11. Inland – Other Obligations**

In its Schedules, Inland listed one Priority Tax Claim of approximately $57,039.18 owed to the Riverside County Treasurer and Tax Collector related to unsecured property taxes for the July 1, 2013 through June 30, 2014. The State Board of Equalization has filed a proof of claim asserting a priority unsecured claim in the amount of $103,656.77. In its Schedules, Inland listed General Unsecured Claims of $367,473.13 consisting of (i) an Intercompany Claim arising from a promissory note owed to ASR of $181,530.24, and (ii) a Claim owed to insider Marc Berry arising from a promissory note in the amount of $185,942.89.

**B. Events Leading to Bankruptcy Filings**

With the downturn in the economy, ASR suffered crippling cash flow problems. ASR also incurred significant legal fees and expenses related to the defense of multiple collection lawsuits that have been filed against ASR, a few of which Meridian and Inland had been named as co-defendants. However, one of the principal factors for the filing of the Cases was the Gotte Judgment (total of approximately $6,655,486.47) being asserted against ASR's contractors' license by Gotte. Specifically, ASR received a notice from the State Contractors' License Board ("Board") advising that the ASR was required to submit to the Board by September 22, 2013 either (i) proof that Gotte Judgment had been paid, or (ii) proof of ASR's bankruptcy filing. In addition, following entry of the Gotte Judgment, Gotte filed the Gotte Avoidance Action (originally filed in the Riverside Superior Court but removed to the Bankruptcy Court after ASR's Petition Date) seeking recovery of alleged fraudulent transfers (including the Federal Pre-Petition Liens).

As ASR did not have the funds to pay the disputed Gotte Judgment and the Gotte Avoidance Action was impacting each of the Debtors, it was determined that the best way to maximize everyone's recovery was for the Debtors to file their respective Cases so that (i) ASR could move forward with the completion of pending jobs, (ii) Meridian and Inland could move

42

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

forward to conduct orderly sales of their respective assets, and (iii) each of the Debtors could wind down their affairs in an orderly fashion.

**C. Significant Events During the Case**

The following is a list of significant events which have occurred during the Cases:

**1. Bankruptcy Proceedings**

**Filing of Schedules**

ASR filed its Schedules on October 1, 2013. Meridian and Inland filed their Schedules on October 23, 2013.

**Employment Of Professionals**

The Debtors have employed the following Professionals in their Cases:

- Shulman Hodges & Bastian LLP as general counsel.
- Rogers Anderson Malody & Scott LLP CPA as their accountants.
- Lester & Cantrell LLP as special litigation counsel for ASR.
- John D. Mannerino as general business counsel for ASR for one month of service only.
- Delmar Commercial Real Estate Services, Inc. as real estate broker for Meridian.

**Bar Date To File Proofs of Claim or Interests**

Pursuant to Court order entered on December 17, 2013 (docket 161), **February 7, 2014** has been set as the deadline for filing Proofs of Claim or interest in these Cases.

**Meeting of Creditors**

ASR's Section 341(a) Meeting of Creditors was held before the UST and concluded on October 30, 2013.

Meridian's Section 341(a) Meeting of Creditors was held before the UST and concluded on December 4, 2013

Inland's Section 341(a) Meeting of Creditors was held before the UST and concluded on December 5, 2013.

////

////

43

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

**ASR Wage Motion**

On September 25, 2013, ASR filed its Emergency Motion for Order Authorizing Payment of Prepetition Employee Wages, Benefits and Associated Expenses and Granting Related Relief ("Wage Motion") (docket 8) seeking authority to honor all prepetition employee wages and benefits, including paid time off and health benefits, that accrued prior to ASR's Petition Date in the ordinary course of business. The Wage Motion was granted pursuant to Court orders entered on October 2, 2013 (docket 27) and December 17, 2013 (docket 160).

**ASR Insurance Premium Financing Motion**

On October 16, 2013, ASR filed its Motion for Order Authorizing Debtor to Enter Into Insurance Premium Finance Agreement and Granting of Security Interests ("Insurance Premium Motion") (docket 47) seeking approval of premium financing arrangements with First Insurance Funding Corp to pay premiums for its (i) employment practices liability policy which includes directors and officers liability and (ii) general liability and excess liability policies. The Insurance Premium Motion was granted pursuant to Court order entered on November 27, 2013 (docket 129).

**First Berkley Stipulation**

On November 15, 2013, ASR filed its Motion to Approve Stipulation with Berkley Regional Insurance Company to Modify the Automatic Stay, to Authorize the Use of Cash Collateral, and to Authorize Post-Petition Financing ("Berkley Motion") (docket 99). By the Berkley Motion, ASR sought approval of that certain Stipulation with Berkley Regional Insurance Company to Modify the Automatic Stay, to Authorize the Use of Cash Collateral, and to Authorize Post-Petition Financing ("Berkley Stipulation"). The terms of the Berkley Stipulation allow Berkley to collect on certain fund control accounts held jointly by Berkley and ASR as such accounts have been assigned to Berkley and for Berkley to proceed with any rights it has under its General Agreement of Indemnity and Payment and Performance Bonds to complete all of ASR's remaining projects and collect all accounts receivable on such projects. The Berkley Stipulation further (i) allows ASR to use any alleged cash collateral of Berkley pursuant to a proposed budget, and (ii) authorizes Berkley to provide post-petition financing if

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

there is a shortfall beyond the estimates contained in the budget. The Berkley Motion and Berkley Stipulation, as amended (docket 123), were approved pursuant to Court order entered on November 26, 2013 (docket 125).

**Meridian's Sale of the Wilson Property**

On October 29, 2013, Meridian filed its Motion for Order: Approving the Sale of Real Property Free and Clear of All Liens, Claims and Encumbrance Pursuant to 11 U.S.C. Section 363(b)(1) and (f); Approving Payment of Real Estate Commission ("Wilson Property Sale Motion") (docket 8 on Meridian's Court docket). Pursuant to Court order entered on December 17, 2014 ("Wilson Sale Order") (docket 39), Meridian was given authority to conduct a sale of the Wilson Property to Ted Honcharik and/or his assignee for a purchase price of $3,150,000. Escrow on this sale has closed. Through this sale, the Claims of Zions and CDC Small Business were paid. The Disputed Claims of Federal, Berkley, ICW and Gotte have attached to the proceeds of the sale pending further agreement with the Creditors or further Court Order.

**Meridian's Sale of the Phelan Property**

On June 30, 2014, Meridian filed its Motion for Order: Approving the Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. Section 363(b)(1) and (f); Approving Payment of Real Estate Commission ("Phelan Property Sale Motion") (docket 289). Pursuant to Court order entered on August 8, 2014, ("Phelan Sale Order") (docket 304), Meridian was given authority to conduct a sale of the Phelan Property to Dean S. Thompson and David J. Thompson for a purchase price of $59,000. Escrow on this sale has closed. Through this sale, the Disputed Claim of Federal has attached to the proceeds of the sale pending further agreement with the Creditor or further Court Order.

**ASR Litigation Settlement – ABC Unified School District**

On December 30, 2013, ASR filed is Motion for Order Approving Settlement and Compromise of Disputes Between the Debtor in Possession and ABC Unified School District ("ABC Settlement Motion") (docket 180). Prior to ASR's Petition Date, ASR commenced an action against the ABC Unified School District ("ABC District") for breach of contract and violation of the Public Contract Code relating to a construction project known as FeddeMiddle

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

School Sports Complex. During the Cases, ASR and the ABC District reached the terms of a Release and Settlement Agreement whereby the ABC District will pay ASR $6,500 in full resolution of all claims. The ABC Settlement Motion was approved pursuant to an order entered on January 30, 2014 (docket 221).

**ASR Litigation Settlement – Helendale School District**

On December 30, 2013, ASR filed its ASR filed is Motion for Order Approving Settlement and Compromise of Disputes Between the Debtor in Possession and Helendale School District ("Helendale Settlement Motion") (docket 182). Prior to ASR's Petition Date, ASR commenced an action against the Helendale School District ("Helendale District") for breach of contract and violation of the Public Contract Code relating to a construction project known as Rivers Edge Middle School Helendale School District ("Helendale Project"). During the Cases, ASR and the Helendale District reached the terms of a Settlement Agreement and Release whereby the Helendale District will use any money not paid to ASR to complete the Helendale Project and the parties will otherwise release one another from all claims. The Helendale Settlement Motion was approved pursuant to an order entered on January 30, 2014 (docket 220).

**ASR Stipulation for Relief From Stay – Eric L. Oesterblad**

On November 5, 2013, ASR filed its Motion to Approve Stipulation With Eric L. Oesterblad for Relief From the Automatic Stay as to Action in Non-Bankruptcy Forum ("Oesterblad Motion") (docket 83). Prior to ASR's Petition Date, Eric L. Oesterblad commenced an action against ASR and others (Case No. RIC 1202102 in the County of Riverside Superior Court) for various wrongful termination causes of action, including failing to pay overtime wages and discrimination. During the Cases, ASR and Mr. Oesterblad entered into a Stipulation for Relief from the Automatic Stay as to Action in Non-Bankruptcy Forum ("Oesterblad Stipulation") the terms of which allow the litigation to continue and if Mr. Oesterblad is successful in obtaining a judgment against ASR, he will seek recovery only from the ASR's insurance policies. Mr. Oesterblad further agreed to waive any Claims he may have

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

46

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

ASR. The Oesterblad Motion and underlying Oesterblad Stipulation were approved pursuant to Court order entered on December 20, 2013 (docket 172).

**ASR Stipulation for Relief From Stay and Settlement – MG Lighting & Electric, Inc.**

On December 19, 2013, ASR filed its Motion to Approve Stipulation With MG Lighting & Electric, Inc., for Relief From the Automatic Stay as to Action in Non-Bankruptcy Forum and to Approve Settlement ("MG Lighting Motion") (docket 166). Prior to ASR's Petition Date, MG Lighting & Electric, Inc. ("MG Lighting") commenced an action against ASR and others (Case No. Case No. RIC 1115599 in the County of Riverside Superior Court) for various breaches of contract on a project on which ASR is the general contractor. During the Cases, ASR and MG Lighting reached a settlement whereby the parties entered into a Stipulation for Relief from the Automatic Stay as to Action in Non-Bankruptcy Forum ("MG Lighting Stay Stipulation") which would allow the litigation to continue and all the parties to enter into a certain Settlement Agreement and Release and related amendments ("MG Lighting Settlement Stipulation") to fully resolve the pending litigation. Under the settlement ASR is released from all Claims and one of ASR's insurers/sureties (Federal or American Contractors Indemnity Company) would pay to MG Lighting the settlement amount of $21,000. The MG Lighting Motion and underlying MG Lighting Stay Stipulation and MG Lighting Settlement Stipulation were approved pursuant to Court order entered on January 21, 2014 (docket 211).

**ASR Stipulation for Relief From Stay– Waterworks Industries, Inc.**

On November 15, 2013, ASR filed its Motion to Approve the Stipulation Re: Waterworks Industries, Inc. for Relief From the Automatic Stay as to Action in Non-Bankruptcy Forum ("Waterworks Motion") (docket 97). Prior to ASR's Petition Date, Waterworks Industries, Inc. ("Waterworks") filed a state court action (Case No. INC 1300420 in the County of Riverside Superior Court) alleging various breach of contract and other related causes of action against ASR, Federal, and the owner of the subject ASR project, the City of Palm Desert. Pursuant to a stop notice filed in November of 2011, the City of Palm Desert withheld contract balances. ASR voluntarily defaulted and assigned the project contract balances to Federal

47

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

pursuant to Federal's rights under a general indemnity agreement and its performance and payment bonds. On or about February, 19, 2013, the City of Palm Desert filed a cross-complaint in interpleader, seeking to interplead the funds held as a result of Waterworks' stop payment notice and naming Waterworks and the ASR as cross-defendants. During the Cases, ASR and Federal entered into a Stipulation for Relief from the Automatic Stay as to Action in Non-Bankruptcy Forum ("Waterworks Stipulation") the terms of which allow the litigation to continue as to Federal and Waterworks in order to determine to whom the interplead funds will be paid and any additional recoveries. While ASR and Federal understand that relief from stay is not technically necessary because they are not seeking the stay to be lifted as to ASR, the Riverside Superior Court required an order of the Bankruptcy Court confirming that the litigation may go forward as to Federal and Waterworks. ASR believed it was in the best interest of its Estate to enter into the Waterworks Stipulation so the litigation could be resolved, thus reducing Federal's litigation costs and Claim in the Case. The Waterworks Motion and Waterworks Stipulation were approved pursuant to Court order entered on December 20, 2013 (docket 171).

**ASR Notice of Abandonment - Kennedy & Sharp Litigation**

On December 30, 2013, ASR filed its Notice of Abandonment of Certain Personal Property (Litigation Pending Against Kennedy & Sharp Insurance and Ramie Balan) ("Kennedy & Sharp Litigation") (docket 184). ASR intends to abandon the Estate's right, title and interest in the Kennedy & Sharp Litigation pending in the San Bernardino County Superior Court and styled ASR Constructors, Inc. v. Kennedy & Sharp Insurance, Inc. and Ramie Balan, Case No. CIVDS1211951, as it has no beneficial equity for the Estates after taking into account the overly burdensome costs required to litigate and liquidate the matter. ASR believes that the cost to prosecute the Kennedy & Sharp will outweigh any potential benefit to the Estates and ASR does not have the resources to fully and properly litigate the matter. In addition, ASR is unable to prosecute the Kennedy & Sharp Litigation because ASR's motion to approve the employment of special counsel on an hourly basis for matter was denied based upon the objection of the UST. ASR's pre-petition counsel was not willing to prosecute the Kennedy & Sharp Litigation on a contingency basis and ASR does not have funds available to hire new counsel to take over and

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

prosecute Kennedy & Sharp Litigation. As such, ASR believes the cost of prosecution outweighs the value and believes that the proposed abandonment of the Kennedy & Sharp Litigation is in the best interest of the Estates and Creditors.

**ASR Notice of Abandonment - Zarb Electronics Litigation**

On December 30, 2013, ASR filed its Notice of Abandonment of Certain Personal Property (Litigation Pending Against Zarb Electronics, Inc. and Douglas M. Zarb) ("Zarb Electronics Litigation") (docket 179). ASR intends to abandon the Estate's right, title and interest in the Zarb Electronics Litigation pending in the Riverside County Superior Court and styled Essco Wholesale Electric v. Zarb Electronics, Inc. County of Riverside, ASR Constructors, Inc. and Federal Insurance Company and related cross-action Case No. RIC1201896, as it has no beneficial equity for the Estates after taking into account the overly burdensome costs required to litigate and liquidate the matter. ASR believes that the cost to prosecute the Zarb Electronics Litigation will outweigh any potential benefit to the Estates and ASR does not have the resources to fully and properly litigate the matter. In addition, ASR is unable to prosecute the Zarb Electronics Litigation because ASR's motion to approve the employment of special counsel on an hourly basis for matter was denied based upon the objection of the UST. ASR's pre-petition counsel was not willing to prosecute the Zarb Electronics Litigation on a contingency basis and ASR does not have funds available to hire new counsel to take over and prosecute Zarb Electronics Litigation. As such, ASR believes the cost of prosecution outweighs the value and believes that the proposed abandonment of the Zarb Electronics Litigation is in the best interest of the Estates and Creditors.

**ASR Rejection of Lease with De Lage Landen Financial Services**

On January 7, 2013, ASR filed is Motion For Order: (1) Authorizing ASR Constructors, Inc. to Terminate and Reject Certain Equipment Lease; and (2) Setting Deadline for Filing Proofs of Claim Arising From the Termination and Rejection of the Rejected Lease ("De Lage Rejection Motion") (docket 193) seeking to reject as of ASR's Petition Date a Savin copier leased from De Lage Landen Financial Services, Inc., described as follows: Savin copier and related equipment: Copier Model No. 9080; Serial No. V7105100266 SR 4050 3000 Sheet

49

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

Finisher; Serial No. V6800100071; 2/3 Hole Punch Kit Type 1075; Serial No. 0003700749; Lease No. XXX 1981. The De Lage Rejection Motion was approved pursuant to Court order entered on February 21, 2014 (docket 229).

**Motion to Extend the Exclusivity Periods**

On January 21, 2014, the Debtors filed their Motion for an Order Granting an Extension of the Plan Exclusivity Periods Pursuant to Bankruptcy Code Section 1121(d) ("Exclusivity Motion") (docket 213). Specifically, the Debtors sought a Court order which (1) extended the exclusive period within which the Debtors may file a plan of reorganization under Bankruptcy Code Sections 1121(b) and 1121(c)(2) through and including April 21, 2014, and (2) extended the exclusive period within which the Debtors may solicit acceptances to a plan pursuant under Bankruptcy Code Section 1121(c)(3) through and including June 20, 2014. The Exclusivity Motion was granted pursuant to Court order entered on February 24, 2014 (docket 231).

**Application to Employ Broker for Meridian's Remaining Properties**

On March 25, 2014, Meridian filed its Application to Employ Delmar Commercial Real Estate Services, Inc., as Real Estate Broker ("Broker Employment Application") (docket 255) to assist with the marking of sale of the Perris Property, the San Bernardino Property and the Phelan Property (the Phelan Property has since been sold as set forth above). The Broker Employment Application was approved pursuant to Court order entered on April 25, 2014 (docket 273).

**Cash Collateral Motion and Cash Collateral Stipulation**

On August 19, 2014, the Debtors filed their Motion for Order Authorizing Use of Cash Collateral ("Cash Collateral Motion") (docket 306). Through the Cash Collateral Motion, the Debtors sought authority to use some of Federal's cash collateral in the form of the proceeds from the sale of the Meridian's real properties and Inland's assets to pay overhead expenses of ASR to allow ASR to complete its remaining projects and preserve the remaining assets of all the Debtors pursuant to a Proposed Budget. An opposition to the Cash Collateral Motion was filed by Federal. The Debtors, Federal and Berkley resolved disputes related to the use of cash collateral and the Cash Collateral Motion and entered into that certain Stipulation Between the

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Debtors, Federal Insurance Company and Berkley Regional Insurance Resolving Debtors' Motion for Use of Cash Collateral which was filed with the Court on October 28, 2014 (docket 375) ("Cash Collateral Stipulation"). The Cash Collateral Stipulation was approved by Court order entered on October 31, 2014 (docket 376). The Cash Collateral Stipulation provides for the following:

1. ASR may use the Adelanto Surplus only to pay the overhead expenses of ASR in the specific categories and line items as set forth in the Budget in the lesser amount of (1) the budgeted amount with an allowed variance of no more than 10% per line item and (2) the percent of ASR's actual monthly expenditure by line item applicable to Federal under the Budget. ASR may only use the Sale Proceeds Cash Collateral as may be ordered by the Bankruptcy Court in connection with the Cash Collateral Motion. Berkley agrees to advance to ASR such additional funds necessary in Berkley's absolute and sole discretion to complete the Projects, including as necessary to fund overhead expenses of ASR as set forth in the Budget pertaining to the Adelanto Project and the Adelanto Surplus. Nothing in this Stipulation shall affect the terms of the Previous Stipulation which remain fully enforceable and any and all rights Berkley has as to the Adelanto Project and the Barstow Wellness Project will not be affected by the terms of the Cash Stipulation. Federal does not consent to any other use of cash collateral.

2. In addition to the rights Berkley currently enjoys as surety with respect to the Adelanto Project, and notwithstanding any dispute or claim which may exist with respect to the Berkley Pre-Petition Lien, Berkley was further granted a first priority security interest in the Adelanto Surplus to the limited extent Berkley provides financing to ASR that is actually used by ASR to pay overhead expenses of ASR (1) in the specific categories, line items and amounts as set forth in the Budget with an allowed variance of no more than 10% per line item and (2) for which overhead expenses ASR would otherwise have authority under the Cash Collateral Stipulation to use the Adelanto Surplus. Federal subordinated the Federal Pre-Petition Lien against any proceeds received on account of the Adelanto Project, including the Adelanto Surplus, to the Berkley Adelanto Lien. Federal did not consent to any other subordination of its rights.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**Surcharge Motion**

On August 19, 2014, the Debtors filed a Motion for Order Authorizing Surcharge of Collateral Pursuant to 11 U.S.C. §506(c) ("Surcharge Motion") (docket 308) seeking a $420,000 surcharge of Federal's first priority lien against Federal's collateral to cover the costs and expenses incurred by the Debtors' professionals and for expenses incurred by the Debtors to preserve and realize value in Federal's collateral. An opposition to the Surcharge Motion was filed by Federal. The Debtors and Federal resolved disputes related to Surcharge Motion and entered into that certain Stipulation Between the Debtors and Federal Insurance Company Resolving Debtors' Motion for Order Authorizing Surcharge of Collateral Pursuant to 11 U.S.C. 506(c) which was filed with the Court on November 6, 2014 (docket 379) ("Surcharge Stipulation"). The Surcharge Stipulation was approved by Court order entered on November 10, 2014 (docket 382). The Plan does not alter or impact the rights of Federal and the Debtors under the Surcharge Stipulation or any of the provisions of the Surcharge Stipulation.

**Fee Applications**

Pursuant to Court order entered on November 10, 2014 (docket 383), compensation for professional services rendered and reimbursement of expenses were approved and authorized to be paid:

| Professional | | Fees Allowed | Expenses Allowed | Total Allowed | Less Payments Received | Balance Due on Prior Award |
|---|---|---|---|---|---|---|
| Shulman Hodges & Bastian LLP Attorneys for the Debtors | ASR:<br>Meridian:<br>Inland:<br>**Total:** | $177,619<br>$38,624<br>$39,191.50<br>**$255,434.50** | $19,923.36<br>$6,922.91<br>$10,706.75<br>**$37,553.02** | $197,542.36<br>$45,546.91<br>$49,898.25<br>**$292,987.52** | $197,542.36<br>$45,546.91<br>$49,898.25<br>**$292,987.52** | $.00<br>$.00<br>$.00<br>**$.00** |
| Rogers, Anderson, Malody & Scott LLP, CPAS, Accountants for the Debtors | ASR:<br>Meridian:<br>Inland:<br>**Total:** | $62,462.63<br>$3,288.50<br>$11,622.55<br>**$77,373.68** | $.00 | $62,462.63<br>$3,288.50<br>$11,622.55<br>**$77,373.68** | ($62,462.63)<br>($3,288.50)<br>($11,622.55)<br>**($77,373.68)** | $.00<br>$.00<br>$.00<br>**$.00** |

52

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

| Lester & Cantrell LLP Special Litigation Counsel for the ASR Constructors, Inc. | ASR: | **$3,840** | **$214.96** | **$4,054.96** | **($4,054.96)** | **$.00** |
|---|---|---|---|---|---|---|

**Mediation With the Barstow Community College District**

On December 17, 2014, mediation was held with Federal and Barstow Community College District ("District") related to claims associated with the ASR's project known as the "Barstow Performing Arts Center" ("Barstow Project") including claims for amounts that are owed to ASR for the Barstow Project. A settlement was not reached at the mediation and Federal has made a demand for arbitration of the disputes related to the Barstow Project under the terms of the underlying agreement with the District. The District is expected to aggressively defend against the claims for the amounts owed for ASR's work at the Barstow Project and is asserting that it has liquidated damages in a substantial sum. The arbitration may take up to six months to complete, which may delay resolution of matters impacting Federal's claim in Debtors' bankruptcy cases.

**Agreement for Prosecution and Defense of the Gotte Avoidance Action**

By operation of law including Bankruptcy Code Section 541, the Causes of Action which are the subject of the Gotte Avoidance Action became property of the Debtors' Estates when their bankruptcy cases were filed. As such, in their capacity as Debtors in Possession for their respective Estates, the Debtors are now the real plaintiff parties in interest to prosecute the matter. However, the Debtors do not have unencumbered funds to prosecute the claims that the subject of the Gotte Avoidance Action and also have concerns regarding the viability of these Causes of Action. Further, the Debtors believe that ultimately the issues raised in the Gotte Avoidance Action present a dispute between Gotte and Federal. Gotte desires to continue prosecution of the Gotte Avoidance Action as any benefit achieved in favor of the Debtors' Estate will benefit Gotte, one of the largest creditors of the ASR Estate. As such, under the Plan, prosecution and defense of the Gotte Avoidance Action will be assigned to and undertaken by Gotte.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**2. Other Legal Proceedings**

As of the Petition Date, the Debtors were involved in the following nonbankruptcy legal proceedings. However, the filing of the Chapter 11 Cases invoked an automatic stay pursuant to Section 362 of the Bankruptcy Code which effectively stayed any litigation pending against the Debtors on their Petition Dates, and any litigation that could have been filed against the Debtors prior to the Petition Dates. All Creditors have been stayed from enforcing any pre-petition Claims they may have against the Debtor.

**a. Gotte State Court Action and Gotte Avoidance Action**

Prior to the Debtors' Petition Dates, the Debtors and Gotte were parties to the following lawsuits: (i) the Gotte State Court Action commenced in the Riverside Superior Court styled Gotte Electric, Inc. v. ASR Constructors, Inc., Federal Insurance Company, Vigilant Insurance Company, Rubidoux Surety and related cross actions, Case No. RIC 529002 consolidated with RIC 530002, and (ii) the Gotte Avoidance Action commenced in the Riverside Superior Court styled Gotte Electric, Inc. v. ASR Constructors, Inc., Federal Insurance Company, Another Merdian, LLC and Inland Machinery, Inc., Case No. RIC 1310089, which has been removed to the Bankruptcy Court and which is now pending as Adversary Case No. 6:13-ap-01402-MH.

One of the principal factors for the filing of the bankruptcy Cases was the Gotte Judgment being asserted against ASR's contractors' license. Following entry of the Gotte Judgment against ASR, Gotte filed a second lawsuit that was commenced in the Riverside Superior Court, styled Gotte Electric, Inc. v. ASR Constructors, Inc., Federal Insurance Company, Another Merdian, LLC and Inland Machinery, Inc., Case No. RIC 1310089 seeking recovery of alleged fraudulent transfers. ASR has removed this second lawsuit to the Bankruptcy Court, which is now pending as Adversary Case No. 6:13-ap-01402-MH ("Gotte Avoidance Action"). On December 26, 2013, the Debtors filed their answer to the complaint in the Gotte Avoidance Action. Concurrent with the defense of the claims asserted, the Debtors intend to explore settlement of the Gotte Avoidance Action. In fact, the parties to the Gotte Avoidance Action have met and conferred to discuss engaging in informal discovery and settlement discussions. ASR and Federal believe they have meritorious defenses to the Gotte Avoidance

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Action and believe that any further litigation will only serve to increase the amount of Federal's claim and thus reduce the recovery to Gotte and other Creditors. As such, Federal has provided Gotte documents supporting its claim and defenses. It is hard to know at this point how much time the parties need for discovery or how long trial will take as the parties are hoping to settle this matter or limit the issues for trial.

**b. Other Non-Bankruptcy Litigation**

The following is a summary of the unresolved litigation pending as of the commencement of the Debtors' Cases and their current status:

- San Bernardino County Superior Court, Victorville; Wesco Distribution, Inc. v. Nekota Powers, Inc., ASR Constructors, Inc., Barstow Community College District and Berkley Regional Insurance Company and related cross actions, Case No. CIVDS 1213464 (Breach of Contract/Warranty action). This matter was resolved by settlement through whichBerkley made payment on account of the settled claims.

- United States District Court, Central District of California, Western Division (Los Angeles); Carpenters Southwest Administrative Corporation and the Board of Trustess for the Capenters Southwest Trusts v. ASR Constructors, Inc., Alan Lee Regotti, Stacey Deanne Regottie, David Charles Thompson, Patricia Ann Berry and Contractors State License Board, Case No. 5:13-cv-00226-JGB-SP (Damages for failure to pay fringe benefit contributions et al.). ASR has employed Lester & Cantrell LLP as its special counsel to assist in the defense of this litigation.

- Riverside County Superior Court, Indio, Waterworks Industries, Inc. v. ASR Constructors, Inc., the City of Palm Desert and Federal Insurance Company and related cross complaint by the City of Palm Desert, Case No. INC 1300420 (Breach of Contract). Pursuant to the Court Waterworks Stipulation discussed above, the parties have agreed to relief from stay. Federal as the surety may assert the ASR's defensens in the action.

- Riverside County Superior Court, Eric L. Oesterblad v ASR Constructors, Inc., Mark Berry and Alan Regotti, Case No. RIC 1202102 (Wrongful Termination). Pursuant to the Court approved Oesterblad Stipulation discussed above, relief from stay has been granted wherein the plaintiff will seek recovery only against ASR's applicable insurance. The plaintiff has agreed to waive all claims against the Estate.

- Riverside County Superior Court, Kennedy Hills Enterprises, LLC v. ASR Constructors, Inc., Case No. RIC 1215828 (Contract action). Action has been stayed.

- Riverside County Superior Court, Safeco Insurance Company of America v. ASR Constructors, Inc., Case No. RIC 1119695 (Breach of Contract action). Action has been stayed.

- Riverside County Superior Court, Essco Wholesale Electric v. Zarb Electronics, Inc. County of Riverside, ASR Constructors, Inc. and Federal Insurance Company and related cross-action Case No. RIC1201896. As discussed above, ASR has filed an Notice of Abandonment of the cross-claims in this action.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

- Los Angeles Superior Court, ASR Consructors v. ABC Unified School District, Case No. VC061920 (Breach of Contract /Warranty action). As discussed above, during the Cases, ASR and the ABC District reached the terms of a Release and Settlement Agreement whereby the ABC District will pay ASR $6,500 in full resolution of all claims. The ABC Settlement Motion was approved pursuant to an order entered on January 30, 2014 (docket 221).

- San Bernardino County Superior Court, ASR Constructors, Inc. v. Kennedy & Sharp Insurance, Inc. and Ramie Balan, Case No. CIVDS1211951 (Insurance Coverage, Subrogation). As discussed above, ASR has filed a Notice of Abandoment of the claims in this action.

- Riverside County Superior Court, ASR Constructors, Inc. v. MG Lighting & Electric, Case No. RIC1115599 (Breach of Contract). Subject to Court approval of a stipulation between the parties, the plaintiff will be paid $21,000 by one of the ASR's insurers/suretites. The plaintiff will release all claims and dismiss the action. Such settlement has been approved pursuant to an order entered on January 21, 2014 (docket no. 211).

- Utah small claims court, ADP Lemco v. ASC Constructors, Inc., Case No. 138300050. Action has been stayed.

- San Bernardino County Superior Court, ASR Constructors, Inc. v. Helendale School District, Case No. CIVVS1301148 (Breach of Contract/Warranty). As discussed above, During the Cases, ASR and the Helendale District reached the terms of a Settlement Agreement and Release whereby the Helendale District will use any money not paid to ASR to complete the Helendale Project and the parties will otherwise release one another from all claims. The Helendale Settlement Motion was approved pursuant to an order entered on January 30, 2014 (docket 220).

- State of California Worker's Compensation Appeals Board, Dan Sawyer v. ASR Constructors, Inc., Travelers Indemnity Company of CT., and its Property Casualty Affiliates and Subsidiaries, WCAB Case No. ADJ 7630792. Action has been stayed.

- San Bernardino County Superior Court, Caston, Inc. v. ASR Constructors, Inc., Berkley Regional Insurance Company, Barstow Community College District, Case No. CIVDS1313453 (Breach of Contract). This action was filed after the Petition Dates and has been stayed.

**D. Actual and Projected Recovery of Preferential Transfers**

Other than the Gotte Avoidance Action related to avoidance of the Federal Pre-Petition Liens there have been no fraudulent conveyance or preference actions filed in this Cases. However, the Debtors believe there are Causes of Action to avoid liens granted in favor of (1) Berkley, (2) Gotte, and (3) ICW within ninety days of the Debtors' Petition Dates.

The Debtors' Schedules filed with the Court indicated the payments made by the Debtors within the ninety days of the Petition Dates which totaled over $6,225. Transfers that were made within ninety days prior to the Petition Dates are subject to possible recovery as a preference

56

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

under Bankruptcy Code Section 547. A complete list of parties that received payments from the Debtors within the ninety days prior to the Petition Dates is attached hereto **as Exhibit 1-A**. The parties appearing on **Exhibit 1-A** may be subject to a fraudulent conveyance and/or preference actions in the event it is determined that the payment received was a fraudulent and/or preferential transfer recoverable by the Debtors, the Disbursing Agent or a subsequent bankruptcy trustee under Bankruptcy Code Sections 510, 542, 543, 544, 545, 547, 548, 549, or 550 or under applicable nonbankruptcy law that may be incorporated into or apply to the foregoing sections of the Bankruptcy Code.

In addition, the Debtors made payments to insiders within one year of the Petition Dates as indicated in the Debtors' Schedules filed with the Court. These parties may also be subject to a fraudulent conveyance and/or preference action or other claims for relief stemming from the actions that resulted in the losses suffered by Debtors' customers and creditors described above. A complete list of insiders that received payments from the Debtors within one year of the Petition Dates is attached hereto **as Exhibit 1-B**.

THE DEBTORS HAVE NOT FULLY REVIEWED WHETHER POST-CONFIRMATION ESTATE CLAIMS EXIST, INCLUDING, WITHOUT LIMITATION, WHETHER OR NOT THERE ARE ANY AVOIDANCE ACTIONS WHICH MAY BE BROUGHT BY THE DISBURSING AGENT AFTER THE EFFECTIVE DATE. THIS INVESTIGATION IS ON-GOING AND WILL OCCUR IN LARGE PART AFTER THE EFFECTIVE DATE. AS A RESULT, CREDITORS AND OTHER PARTIES-IN-INTEREST SHOULD BE, AND ARE PURSUANT TO THE TERMS OF THE PLAN, SPECIFICALLY ADVISED THAT, NOTWITHSTANDING THAT THE EXISTENCE OF ANY PARTICULAR POST-CONFIRMATION ESTATE CLAIM MAY NOT BE LISTED, DISCLOSED, OR SET FORTH HEREIN A POST-CONFIRMATION ESTATE CLAIM MAY BE BROUGHT AGAINST ANY CLAIMANT AT ANY TIME, SUBJECT TO THE BAR DATE LIMITATIONS SET FORTH IN THE PLAN.

The Debtors do not anticipate at this time that there will be any recovery of fraudulent and/or preferential transfers. However, the Debtors believe that the pursuit of Causes of Action

57

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

to avoid the Federal Pre-Petition Liens, the Berkley Pre-Petition Liens, and the liens recorded by Gotte and ICW prior the Debtors' Petition Dates, if successful, may result in an increased availability of unencumbered funds for payment of Distributions to General Unsecured Claims under the Plan.

**E. Procedures Implemented to Resolve Financial Problems**

ASR is continuing to move forward with the completion of pending jobs. It is estimated that pending projects will be completed by mid-April 2015. Only after those jobs are complete and the Gotte Avoidance Action is resolved will ASR know the true amount of the claims of Federal. In addition to resolution of the Gotte Avoidance Action, the amount owed to Federal will depend on the collection of accounts receivables, change orders, and equitable claims, which could have a drastic effect on the amount they are owed.

Meridian is continuing to move forward to conduct orderly sales of its real property assets. Meridian obtained Court orders authorizing and has closed on the sale of the Wilson Property for a purchase price of $3,150,000 (net proceeds of approximately $1,899,356.64) and the Phelan Property for a purchase price of $59,000 (net proceeds of approximately $51,158.88. The other Meridian Properties[10] are being listed for sale and Meridian is evaluating its options as to the disposition of each to garner the most value for the Estates and Creditors.

Inland is continuing to move forward to conduct orderly sales of its machinery and equipment. Pursuant to Court orders entered on March 19, 2014 (docket 251), September 29, 2014 (docket 34) and December 9, 2014 (docket 397) ("Third Auction Order"), Inland was authorized to conduct three auction sales of rental machinery and equipment that was no longer needed in the operation of its business. The funds from Inland's auction sales[11] are being held in a segregated account subject to the liens of Federal and the Cash Collateral Stipulation and the

[10] The Perris Property and the San Bernardino Property.

[11] The first Inland auction sale generated net proceeds of approximately $320,000 , the second sale generated gross sale proceeds of approximately $360,000 and the third auction sale generated gross proceeds of approximately $118,129.40. Prior to the Petition Date, Inland conduct another auction sale of machinery and equipment and generated net sale proceeds of approximately $326,000.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Surcharge Stipulation. The items sold did not include all of Inland's machinery and equipment as some of it is still being utilized by ASR in the completion of pending projects. Once pending ASR projects are completed, pursuant to the Third Auction Order, Inland has been authorized and intends to sell its remaining machinery and equipment.

**F. <u>Historical and Current Financial Condition of the Debtor</u>**

The Debtors filed Schedules which disclose the Debtors' assets and liabilities as of the Petition Dates. Copies of the Schedules and any amendments thereto are on file and may be reviewed at the Bankruptcy Court's Clerk's Office during normal business hours.

During the Cases, the Debtors' current income and expenses have been detailed in the UST Monthly Operating Reports that are filed with the Court on a monthly basis. Copies of the UST Monthly Operating Reports may be reviewed during normal business hours at the Bankruptcy Court's Clerk's Office.

**The Debtors do not believe it is necessary to estimate the recovery to be achieved by the Disbursing Agent in view of the liquidating nature of the Plan. The principal issues in the Cases are related to disputes over competing liens impacting the Debtors' assets, some of which are the subject of the Gotte Avoidance Action. The other Disputed liens are held by Berkley, Gotte and ICW. The Distribution to General Unsecured Claims depends largely on the outcome of Secured Claims either by lien avoidance, settlement or payment in full of Allowed Secured Claims, which may not be known until (1) ASR's bonded projects are completed and sureties/insurers such as Federal and Berkley exhaust collection of all receivables on pending ASR projects, (2) all of the Meridian Properties have been sold, (3) all of Inland's machinery and equipment has been sold, and (4) the Gotte Avoidance Action and other Disputed liens held by Berkely, Gotte and ICW are resolved. Nevertheless, the Debtors' estimates of the values for their respective assets are set forth in Section III. A, above (Section III., A., 3 for ASR, Section III., A., 6., for Meridian and Section III., A., 9., for Inland). The Debtors anticipate that Distributions under the Plan to Creditors will be derived from the Net Liquidation Proceeds as set forth in the Liquidation Analysis in Section V.B., below. However, there is no guarantee that (i)**

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**Secured Claims will resolve favorably such that funds become available for General Unsecured Claims, (ii) collection of accounts receivable will be successful, and (iii) that the future sale of the Meridian Properties and/or the future sale of Inland's remaining machinery and equipment will occur at any price. In other words, the projected recovery on the Debtors' assets may be speculative. As such, in determining whether to vote to accept or reject the Plan, potential resolution of Secured Claims, the collection of receivables and/or the sale of any Meridian Properties or sale of Inland's remaining machinery and equipment should not be relied upon and Creditors should assume that the recovery may be less than the estimated values.**

**THE FINANCIAL INFORMATION, INCLUDING FINANCIAL PROJECTIONS, CONTAINED IN THIS DISCLOSURE STATEMENT ARE UNCERTIFIED AND UNAUDITED. IN ADDITION, THE DEBTORS AND THEIR COUNSEL ARE UNABLE TO WARRANT OR REPRESENT THAT THE FINANCIAL INFORMATION IS WITHOUT ANY INACCURACIES, ALTHOUGH THE DEBTORS BELIEVE THAT THEY HAVE MADE REASONABLE EFFORTS, UNDER THE CIRCUMSTANCES, TO PRESENT FAIRLY AND ACCURATELY SUCH FINANCIAL INFORMATION.**

## IV. SUMMARY OF THE PLAN

The following is a summary of the Plan and is qualified in its entirety by the full text of the Plan. The terms of the Plan will be controlling on the Creditors and all other parties in interest in the event that the Plan is confirmed. Therefore, all Creditors are strongly urged to read the Plan carefully, in its entirety, rather than relying on this summary.

### A. Overview

As required by the Bankruptcy Code, the Plan classifies Claims in various classes according to their right to priority. The Plan states whether each class of Claims is impaired or unimpaired. The Plan provides the treatment each class will receive. With respect to each class, the Debtors have not reviewed the Proofs of Claim, if any, filed by Creditors. The Debtors and

60

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

Main Document Page 61 of 212

the Disbursing Agent reserve the right to object to any of the filed Claims on any reasonable grounds.

**B. Unclassified Claims**

Certain types of Claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Debtors have not placed the following Claims in a class and the treatment of such claims is set forth below.

**1. Administrative Expenses**

Administrative expenses are Claims for costs or expenses of administering Debtors' Chapter 11 Cases which are allowed under Code Section 507(a)(2). The Code requires that all Administrative Claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

Except to the extent that the holder of a particular Allowed Administrative Claim agrees to a different treatment thereof, each Allowed Administrative Claim will be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. Any holder of an Administrative Claim is required to file a request for payment of its Administrative Claim, except that any governmental unit holding an Administrative Claim for post-petition taxes and/or interest and penalties related to such taxes that are of the kind described in Bankruptcy Code Sections 503(b)(1)(B) and 503(b)(1)(C), shall not be required to file an Administrative Claim as a condition of its being an Allowed Administrative Claim. Requests for payment of Administrative Claims must be filed not later than thirty days after the Effective Date, and will be paid on or before the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. Any failure by the holder of an Administrative Claim to file a request for payment of its Administrative Claim within thirty days after the Effective Date will forever bar such holder of an Administrative Claim from asserting its Administrative Claim against the Estate. The following chart lists all of the estimated Section 507(a)(2) Administrative Claims and their treatment under the Plan:

61

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

| Name | Code § | Total Estimated | Approximate Paid | Estimated to Be Paid on the Effective Date | Treatment |
|---|---|---|---|---|---|
| Shulman Hodges & Bastian LLP, attorneys for the Debtors | 507(a)(2) | $400,000 | $292,987.52 | $107,012.48 | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |
| Rogers Anderson Malody & Scott LLP CPA, accountants for the Debtors | 507(a)(2) | $110,000 | $77,373.68 | $32,626.32 | To be paid in full in Cash on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |
| Lester & Cantrell LLP, special litigation counsel for ASR | 507(a)(2) | $4,054.96 | $4,054.96 | $.00 | To be paid in full in Cash on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |
| John D. Mannerino, as general corporate counsel for ASR[12] | 507(a)(2) | $4,617 | $4,617 | $.00 | No amount shall be paid to Mr. Mannerino. |
| Clerk, Bankruptcy Court Fees | 507(a)(2) | $500 | $.00 | $500 | Paid in full on the Effective Date. |

[12] Under the Court order authorizing Mr. Mannerino's employment (docket 162), Mr. Mannerino was authorized to be paid a one-time flat fee of $4,617, which has been paid, as compensation for all post-petition services rendered to the ASR as corporate counsel. Other than such sum, Mr. Mannerino is deemed to have waived all pre-petition and post-petition Claims against ASR.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Name | Code § | Total Estimated | Approximate Paid | Estimated to Be Paid on the Effective Date | Treatment |
|---|---|---|---|---|---|
| Unpaid UST Quarterly Fees | 507(a)(2) | $5,000 | $.00 | $5,000 | The UST Quarterly Fees as of the Effective Date are estimated and will be paid in full to the extent they are due and owing on the Effective Date.<br><br>In addition, post-confirmation quarterly fees of the UST will be paid to the extent they are due and owing until the Case is dismissed or a final decree has been entered, whichever occurs first. |
| Internal Revenue Service Request for Payment of Administrative Expense Claim for tax period of 3/31/2014 (Claim 59 on ASR Claims Register) | 507(a)(2) | $35,000 | $.00 | $35,000 | |
| Total (approximate) | | $559,171.96 | $379,033.16 | $180,138.80 | |

The Court must rule on all Professional Fees listed in the chart above before they will be owed. For all fees except the Clerk's Office fees and the United States Trustee's fees, the Professionals in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of Professional Fees allowed by the Court will be owed and required to be paid under the Plan.

As indicated above, it is anticipated that the Estate will need to pay approximately $180,0000 in Administrative Claims on the Effective Date of the Plan. As indicated elsewhere in the Disclosure Statement, the Estates will have sufficient Cash on the Effective Date to make such payment provided that either (i) the Gotte Avoidance Action results in the avoidance of liens asserted by Federal, (ii) Secured Creditors consent to the use of cash collateral for payment of the Administrative Claims, or (iii) the Court orders a surcharge against the liens of Secured Creditors. To the extent any Secured Creditors object to payment of Professional Fees, the

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Debtors and/or the Professionals will seek an order surcharging any collateral pursuant to Bankruptcy Code Section 506(c).

**2. Priority Tax Claims**

Priority Tax Claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). Except to the extent that the holder of a particular Allowed Priority Tax Claim agrees to a different treatment thereof, the Code requires that each holder of an Allowed Priority Tax Claim receive on account of such Claim regular installment payments -

a. of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such Claim;

b. over a period ending not later than five years after the Petition Date under Section 301, 302 or 303; and

c. in a manner not less favorable than the most favored nonpriority Unsecured Claim provided for by the Plan (other than Cash payments made to a class of creditors under Section 1122(b)).

The following chart lists the Section 507(a)(8) Priority Tax Claims and their treatment under the Plan. As stated elsewhere in the Disclosure Statement, there will not be unencumbered Cash to pay Priority Tax Claims unless prosecution of the Gotte Avoidance Action results in the avoidance of the liens asserted by Federal.

| Description | Claim Amount | Treatment |
|---|---|---|
| Internal Revenue Service<br><br>Proof of Claim #32 (as amended) on ASR's Court Claims Register in the total amount of $134,027.45for various tax periods. This Claim asserts a Priority Tax Claim amount of $29,492.55 and a General Unsecured Claim of $104,534.90 | $29,492.55 | If it is determined that this Creditor has an Allowed Priority Tax Claim, , such claim will be paid its Pro-Rata Share with all other Allowed Priority Tax Claims from Net Liquidation Proceeds after all Allowed Secured Claims are paid in full from any remaining Net Liquidation Proceeds. See below for details regarding the calculation of the payments. |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Description | Claim Amount | Treatment |
|---|---|---|
| Employment Development Department<br><br>ASR Scheduled Claim of $25,000 for the tax period of 6/2012 through 3/2013. | $25,000 | If it is determined that this Creditor has an Allowed Priority Tax Claim, such claim will be paid its Pro-Rata Share with all other Allowed Priority Tax Claims from Net Liquidation Proceeds after all Allowed Secured Claims are paid in full from any remaining Net Liquidation Proceeds. See below for details regarding the calculation of the payments. |
| Riverside County Treasurer and Tax Collector<br><br>Inland Scheduled Claim of $57,039.18 for unsecured property taxes for the fiscal year of July 1, 2013 through June 30, 2014.<br><br>Proof of Claim #1 on Inland's Court Claims Register in the amount of $63,639.66. The face of this Proof of Claim asserts that the amount owed is Secured by "real estate." However, Inland does not own real estate. In addition, Inland believes that the Riverside County Tax Collector may have recorded its alleged lien on November 11, 2016, after Inland's Petition Date and without Court approval. | $63,639.66 | If it is determined that this Creditor has an Allowed Priority Tax Claim, such claim will be paid its Pro-Rata Share with all other Allowed Priority Tax Claims from Net Liquidation Proceeds after all Allowed Secured Claims are paid in full from any remaining Net Liquidation Proceeds. See below for details regarding the calculation of the payments. |
| State Board of Equalization<br><br>Proof of Claim #26 on ASR's Court Claims Register in the amount of $827 for Hazardous Substances Tax<br><br>Proof of Claim #2 on Meridian's Claims Register in the amount of $230 for Fire Prevention Fee<br><br>Proof of Claim #6 on Inland's Claims Register in the amount of $103,656.77 | $104,713.77 | If it is determined that this Creditor has an Allowed Priority Tax Claim, such claim will be paid its Pro-Rata Share with all other Allowed Priority Tax Claims from Net Liquidation Proceeds after all Allowed Secured Claims are paid in full from any remaining Net Liquidation Proceeds. See below for details regarding the calculation of the payments. |
| Franchise Tax Board<br><br>Proof of Claim #43 on ASR's Claims Register in an amount owing of "To be Determined." | Unknown | If it is determined that this Creditor has an Allowed Priority Tax Claim, such claim will be paid its Pro-Rata Share with all other Allowed Priority Tax Claims from Net Liquidation Proceeds after all Allowed Secured Claims are paid in full from any remaining Net Liquidation Proceeds. See below for details regarding the calculation of the payments. |

////

////

65

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

Calculation of the payments for Priority Tax Claims. Allowed Section 507(a)(8) Priority Tax Claims in each Estate will be paid its Pro-Rata Share of Net Liquidation Proceeds after payment of Allowed Secured Claims against such Estate in full. The availability of Net Liquidation Proceeds to pay Allowed Priority Tax Claims will depend largely upon whether the Federal Pre-Petition Liens are upheld or avoided and then upon the total amount of Net Liquidation Proceeds available in each Estate

## C. Classified Claims

### 1. Classes of Secured Claims

Secured Claims are Claims secured by liens on property of the Estate. The following chart lists all classes containing Secured Claims and their treatment under the Plan: **The Claim amounts are the amounts that were listed on the Debtors' Schedules or if applicable, listed in the Proof of Claim filed by the Creditors. During the Cases, the amounts owed to Secured Creditors may have changed and may continue to change based on payments made and/or interest or other charges that may have accrued. Amounts are estimated and may include Disputed Claim amounts**.

////

////

////

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Class | Description | Impaired (Y/N) | Treatment |
| --- | --- | --- | --- |
| 1-A | Secured Claim of Federal<br><br>Proof of Claim #2 on ASR's Court Claims Register $171,597,580<br><br>Proof of Claim # 3 on Meridian's Court Claims Register $171,597,580<br><br>Proof of Claim # 2 on Inland's Court Claims Register $171,597,580<br><br>Each Claim amount is $171,597,580.<br>• ASR Secured Claim of $6,775,680.13, balance is General Unsecured Claim.<br>• Meridian Secured Claim is $2,088,363.00, balance is General Unsecured Claims.<br>• Inland Secured Claim is $1,469,421.07, balance is General Unsecured Claim.<br><br>Nature of Lien and Collateral: Deeds of Trust against the Meridian Properties and various UCC-1 filings recorded and filed against the assets of the Debtors. as described above in Sections III., A., 4., 7., and 10 and its assignment and equitable subrogation rights.<br><br>Priority: First (except as to the Wilson Property, which is a third priority lien)<br><br>Insider of the Debtor: No | Yes<br><br>The Creditor in this Class is entitled to vote on the Plan. | The three Proofs of Claim filed by Federal will be treated as separate Claims against each of the Debtors' Estates under the Plan. Federal shall have an Allowed Secured Claim equal to the amount determined by the Court pending final resolution of the Gotte Avoidance Action and any objection to Federal's Secured Claim.<br><br>The Federal Pre-Petition Liens and the allowance of the Secured Claim is dependent on the outcome of the Gotte Avoidance Action. This Creditor shall receive, in full and final satisfaction of the Allowed Secured Claim, if any, in the sole discretion of the Debtors or the Disbursing Agent, as the case may be: (i) Cash in an amount equal to one hundred percent (100%) of the unpaid amount of such Allowed Secured Claim, (ii) the proceeds of the sale or disposition of the collateral securing such Allowed Secured Claim, net of the costs of disposition of such collateral, (iii) the collateral securing such Allowed Secured Claim, (iv) such treatment that leaves unaltered the legal, equitable, and contractual rights to which the holder of such Allowed Secured Claim is entitled, or (v) such other distribution as necessary to satisfy the requirements of section 1129 of the Bankruptcy Code.<br><br>Federal will receive payment pursuant to the terms and conditions of the underlying financing documents between the Debtors and the Creditor entered into prior to the Petition Date and after the Petition as modified by the Plan, including the Surcharge Stipulation. The Plan does not alter or impact the rights of Federal and the Debtors under the Surcharge Stipulation or any of the provisions of the Surcharge Stipulation.<br><br>Total payout: up to 100%<br>Treatment of lien: Creditor shall retain its first priority lien on the collateral until its Secured Claim has been paid.<br><br>To the extent that Federal does not hold an Allowed Secured Claim, such Claim, if it becomes an Allowed Claim, shall be included in Class 3, General Unsecured Claims. |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 1-B | Secured Claim of Berkley<br><br>Scheduled Claim $129,000<br><br>Proof of Claim # 42 on ASR's Claims Register $15,571,500<br><br>Proof of Claim # 5 on Meridian's Claims Register $15,571,500<br><br>Proof of Claim #s 4 and 5 on Inland's Claims Register $15,571,500<br><br>Each Claim asserts only a general unsecured claim<br><br>Nature of Lien and Collateral: Deed of Trust against the Wilson Property and various UCC-1 filings filed against the assets of the Debtors as described above in Sections III., A., 4., 7., and 10 and its assignment and equitable subrogation rights.<br><br>Priority: Second (except as to the Wilson Property)<br><br>Insider of the Debtor: No | Yes<br><br>The Creditor in this Class is entitled to vote on the Plan. | The three Proofs of Claim filed by Berkley will be treated as separate Claims against each of the Debtors' Estates under the Plan.<br><br>The Berkley Pre-Petition Lien shall be deemed avoided pursuant to Bankruptcy Code Section 547. As such, the combined Proofs of Claim filed by Berkley, shall be included in Class 3, General Unsecured Claims against each of the Debtors' Estates.<br><br>Berkley shall have an Allowed Secured Claim as provided for and described in the First Berkley Stipulation as amended (docket 123) and the Cash Collateral Stipulation (docket 375) .<br><br>This Creditor shall receive, in full and final satisfaction of the Allowed Secured Claim as described in the First Berkley Stipulation as amended (docket 123) and the Cash Collateral Stipulation (docket 375): (i) Cash in an amount equal to one hundred percent (100%) of the unpaid amount of such Allowed Secured Claim, (ii) the proceeds of the sale or disposition of the collateral securing such Allowed Secured Claim, net of the costs of disposition of such collateral, (iii) the collateral securing such Allowed Secured Claim, (iv) such treatment that leaves unaltered the legal, equitable, and contractual rights to which the holder of such Allowed Secured Claim is entitled, or (v) such other distribution as necessary to satisfy the requirements of section 1129 of the Bankruptcy Code.<br><br>Berkley will receive payment on its Allowed Secured Claim pursuant to the terms and conditions of the First Berkley Stipulation as amended (docket 123) and the Cash Collateral Stipulation (docket 375) .<br><br>Total payout: up to 100%<br>Treatment of lien: Creditor shall retain its first priority lien on the collateral as described in the First Berkley Stipulation as amended (docket 123) and the Cash Collateral Stipulation (docket 375) until its Secured Claim has been paid. |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 1-C | Zions<br><br>Proof of Claim # 28 on ASR's Court Claims Register $525,801.96<br><br>Proof of Claim # 4 on Meridian's Claims Register $533,275.29.<br><br>Nature of Lien and Collateral: Deed of Trust against the Wilson Property as described above in Section III., A., 7.<br><br>Priority: First on Wilson Property<br><br>Insider of the Debtor: No | No<br><br>The Creditor in this Class is not entitled to vote on the Plan. | Zions was paid through escrow on the sale of the Wilson Property. Zions will receive no Distribution under the Plan. |
| 1-D | CDC Small Business<br><br>Scheduled Claim $451,104.23<br><br>Nature of Lien and Collateral: Deeds of Trust against the Wilson Property as described above in Section III., A., 7.<br><br>Priority: Second as to Wilson Property<br><br>Insider of the Debtor: No | No<br><br>The Creditor in this Class is not entitled to vote on the Plan. | CDC Small Business was paid through escrow on the sale of the Wilson Property. CDC Small Business will receive no Distribution under the Plan. |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 1-E | Riverside County Treasurer-Tax Collector<br><br>Scheduled Claim for Secured real property taxes related to the Meridian Properties located in Riverside County for 2013-2014 tax period:<br><br>Wilson Property: $19,739.72 (paid through escrow on the sale of the Wilson Property)<br><br>Perris Property:<br>APN #317-270-001: $2,932.04<br>APN #317-270-012: $2,809.70<br><br>Insider of the Debtor: No | Yes<br><br>The Creditor in this Class is entitled to vote on the Plan. | The amount owed to this Creditor as to the Wilson Property was paid through escrow on the sale of the Wilson Property. All other due and unpaid real property taxes as of the Effective Date will be paid in monthly installment payments such that they are paid in full within five years of the ASR Petition Date plus all applicable fees, costs, charges and interest pursuant to Bankruptcy Code Sections 506 and 511, and California Revenue and Taxation Code Section 4103. The installment payments will commence within thirty days of the Effective Date.<br><br>Any amount due and owing the taxing agency on a particular real property for real property taxes that have not yet come due will be paid as and when the installment payment is due plus any applicable fees, costs, charges and interest pursuant to Bankruptcy Code Section 506(b) and 511.<br><br>Alternatively, any amount due and owing the taxing agency related to a real property located in Riverside County that is sold will be paid through escrow on the sale of that property from the net proceeds directly at the close of escrow including all applicable fees, costs, charges and interest.<br><br>A failure by the Debtors to make a payment to the Riverside County Treasurer-Tax Collector pursuant to the terms of the Plan, including any installment payments that have not yet come due during the life of the Plan, shall be an event of default under the Plan. If the Debtors fail to cure such Plan tax payment event of default with ten days after service of written notice of Plan default, then the Riverside County Treasurer-Tax Collector may enforce the entire amount of its Claim, plus all applicable fees, costs, charges, penalties and interest accrued under state law, against the Debtors in accordance with applicable state law remedies. |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 1-F | San Bernardino County Treasurer-Tax Collector<br><br>Proof of Claim # 40 filed on ASR's Claims Register asserting a secured claim in the amount of $4,237.04 related to the Meridian Properties located in San Bernardino County.<br><br>The Debtor had scheduled this Creditor as follows:<br><br>Phelan Property: $1,048.49<br><br>San Bernardino Property:<br>APN #: 0142-042-01: $4,397.68<br>APN #: 0269-271-17-00: $3,027.98<br><br>Insider of the Debtor:<br>No | Yes<br><br>The Creditor in this Class is entitled to vote on the Plan. | The amount owed to this Creditor as to the Phelan Property was paid through escrow on the sale of the Phelan Property. All other due and unpaid real property taxes as of the Effective Date will be paid in monthly installment payments such that they are paid in full within five years of the ASR Petition Date plus all applicable fees, costs, charges and interest pursuant to Bankruptcy Code Sections 506 and 511, and California Revenue and Taxation Code Section 4103. The installment payments will commence within thirty days of the Effective Date.<br><br>Any amount due and owing the taxing agency on a particular real property for real property taxes that have not yet come due will be paid as and when the installment payment is due plus any applicable fees, costs, charges and interest pursuant to Bankruptcy Code Section 506(b) and 511.<br><br>Alternatively, any amount due and owing the taxing agency related to a real property located in San Bernardino County that is sold will be paid through escrow on the sale of that property from the net proceeds directly at the close of escrow including all applicable fees, costs, charges and interest.<br><br>A failure by the Debtors to make a payment to the San Bernardino County Treasurer-Tax Collector pursuant to the terms of the Plan, including any installment payments that have not yet come due during the life of the Plan, shall be an event of default under the Plan. If the Debtors fail to cure such Plan tax payment event of default with ten days after service of written notice of Plan default, then the San Bernardino County Treasurer-Tax Collector may enforce the entire amount of its Claim, plus all applicable fees, costs, charges, penalties and interest accrued under state law, against the Debtors in accordance with applicable state law remedies. |

71

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 1-G | Secured Claim of Employment Development Department<br><br>Notice of State Tax Lien filed 7/10/2013, Filing No. 13-7369135684<br>$6,155.71<br><br>Nature of Lien and Collateral: Notice of Tax Lien described in Section III., A.,10 above. Collateral: All property of ASR.<br><br>Insider of the Debtor:<br>No | Yes<br><br>The Creditor in this Class is entitled to vote on the Plan. | If it is determined that this Creditor has a Secured Claim, commencing on the Effective Date, such claim will be paid from Net Liquidation Proceeds after the payment in full of all Allowed Secured Claims with higher priority, if any. To the extent that there are not sufficient Net Liquidation Proceeds to pay this Secured Claim in full, such unpaid portion shall be treated as an Allowed Priority Tax Claim and paid as described above. |
| 1-H | 1st Enterprise Bank | No<br><br>The Creditor in this Class is not entitled to vote on the Plan. | Creditor's Claim paid prior to the Petition Date but has failed to release its lien. This Creditor has no Allowed Claim. This Creditor will not receive any Disbursement under the Plan. |
| 1-I | Secured Claim of<br>First Insurance Funding Corp<br><br>Proof of Claim #44 on ASR's Claims Register asserting a Secured Claim of $9,497.55 based on Cal Fin Code Section 18591. Collateral consists of the underlying polices, all return premiums, dividend payments, and loss payments which reduce unearned premiums, subject to any mortgagee or loss payee interest. | No<br><br>The Creditor in this Class is not entitled to vote on the Plan. | ASR's Motion for Order Authorizing Debtor to Enter Into Insurance Premium Finance Agreement and Granting of Security Interests (docket 47) seeking approval of premium financing arrangements with First Insurance Funding Corp to pay premiums for its (i) employment practices liability policy which includes directors and officers liability and (ii) general liability and excess liability policies was granted pursuant to Court order entered on November 27, 2013 (docket 129) ("Premium Financing Order"). This Claim will be paid in accordance with the Premium Financing Order. |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 1-J | Secured Claim of the Internal Revenue Service<br><br>Proof of Claim #50 on ASR's Claims Register asserting a Secured Claim of $1,180,744.84. | No<br><br>The Creditor in this Class is not entitled to vote on the Plan. | This Claim appears to be asserting a levy against any funds that would be paid to Gotte up to $1,180,744.84 (based on FICA and FUTA taxes owed by Gotte to the Internal Revenue Service). This is not a Claim against the Debtors but a duplicate of any Claim held by Gotte against ASR. The Claim of Gotte will be treated as a General Unsecured Claim under the Plan.<br><br>Any funds payable to Gotte under the Plan shall be held in a segregated account pending written agreement by and between Gotte, the Internal Revenue Service, and Torrey Pines Bank or further Court order. |
| 1-K | Secured Claim of Torrey Pines Bank<br><br>Proof of Claim #6 on ASR's Claims Register asserting a Secured Claim of $715,000. | No<br><br>The Creditor in this Class is not entitled to vote on the Plan. | This Claim appears to be asserting a levy against any funds that would be paid to Gotte up to $715,000 (based on a judgment lien held by Torrey Pines Bank against Gotte) This is not a Claim against the Debtors but a duplicate of any Claim held by Gotte against ASR. The Claim of Gotte will be treated as a General Unsecured Claim under the Plan.<br><br>Any funds payable to Gotte under the Plan shall be held in a segregated account pending written agreement by and between Gotte, the Internal Revenue Service, and Torrey Pines Bank or further Court order. |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Class | Description | Impaired (Y/N) | Treatment |
| --- | --- | --- | --- |
| 1-L | Secured Claims filed by:<br><br>Gotte: Claim #54 on ASR Claims Register for $6,865,179.88<br><br>ICW: Claim #10 on ASR Claims Register for $505,230.99 | Yes<br><br>The Creditor in this Class is entitled to vote on the Plan. | The Debtors understand that the Secured Claim filed by ICW is part of the Secured Claim filed by Gotte and as such, these Secured Claims are being provided the same treatment as set forth herein.<br><br>Each of these Claims are being treated as General Unsecured Claims under the Plan as the Debtors believe that there are Causes of Action under the Bankruptcy Code to have the liens recorded by Gotte and ICW set aside due to the dates the liens were recorded. Further, even assuming the liens are not avoidable, the value of the assets which are subject to these liens are less than the amounts owed to prior secured creditors, including Federal. If Federal's liens are avoided following prosecution of the Gotte Avoidance Action, and if the liens in favor Gotte and ICW are not avoided, then alternatively, if it is determined that these Creditors have an Allowed Secured Claim, they shall receive the following in satisfaction of the Allowed Secured Claim, if any, in the sole discretion of the Debtors or the Disbursing Agent, as the case may be: (i) Cash in an amount equal to one hundred percent (100%) of the unpaid amount of such Allowed Secured Claim, (ii) the proceeds of the sale or disposition of the collateral securing such Allowed Secured Claim, net of the costs of disposition of such collateral, (iii) the collateral securing such Allowed Secured Claim, (iv) such treatment that leaves unaltered the legal, equitable, and contractual rights to which the holder of such Allowed Secured Claim is entitled, or (v) such other distribution as necessary to satisfy the requirements of section 1129 of the Bankruptcy Code.<br>To the extent that Gotte and ICW do not hold an Allowed Secured Claim, such Claim, if it becomes an Allowed Claim, shall be included in Class 3, General Unsecured Claims. |

**2. Classes of Priority Non-Tax Claims**

Certain Priority Non-Tax Claims that are referred to in Code Sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), and 507(a)(7) are required to be placed in classes. These types of Claims are entitled to priority treatment as follows: the Code requires that each holder of such a Priority Non-Tax Claim receive cash on the Effective Date equal to the allowed amount of such

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Claim. However, a Class of Priority Non-Tax Claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim.

The Debtors have one 507(a)(5) Priority Non-Tax Claim as follows: Proof of Claim filed by Carpenters Southwest Administrative Corporation, #37 on ASR's Claims Register in the amount of $75,306.47.[13]

ACE American Insurance Company also asserts a Priority Non-Tax Claim under its filed Claim #46 on ASR's Claims Register in the amount of $2,400. However, ACE American Insurance Company fails to provide the applicable Code Section under which the priority classification is based. As such, the priority status of this Claim is disputed and this Claim will be treated as a General Unsecured Claim under the Plan.

**There are no Code Section 507(a)(1), 507(a)(4), 507(a)(6), or 507(a)(7) unsecured Priority Claims.**

Allowed Priority Non Tax Claims will only be paid if there is Cash remaining after all Administrative Claims, Priority Tax Claims and Secured Claims have been paid.

**3. Class of General Unsecured Claims**

General Unsecured Claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies the Plan's treatment of the classes of Claims containing all of the Estates' General Unsecured Claims (see **Exhibit 2** annexed to the Disclosure Statement for additional information about each General Unsecured Claim):

////

////

////

13 Claim #37 was filed for a total of $588,976.77, consisting of Priority Non-Tax Claim of $75,306.47 and Class 3 General Unsecured Claim of $513,670.30.

75

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

| Class No. | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 3 | General Unsecured Claims<br><br>**Total of Approximately $197,341,866.91**<br>Includes Disputed Claims.<br><br>Disputed Secured Claims include: Berkeley (Claim # 42 on ASR's Claims Register for $15,571,500, Claim #5 on Meridian's Claims Register for $15,571,500 and Claim #s 4 and 5 on Inland's Claims Register for $15,571,500) , Gotte (Claim #54 on ASR Claims Register, Claim 6 on Meridian Claims Register and Claim 7 on Inland Claims Register for $6,865,179.88) , and ICW (Claim #10 on ASR Claims Register for $505,230.99), each of which are being treated as General Unsecured Claims under the Plan. The Debtors believe that there are Causes of Action under the Bankruptcy code to have the liens recorded by Berkeley, Gotte, and ICW set aside due to the dates the liens were recorded.<br><br>The Disputed Claim amounts may decrease once a review of all filed Proofs of Claim has been conducted.<br><br>This amount does not include Intercompany Claims of approximately $1,521,246.20 which, provided that the Federal Pre-Petition Liens are upheld, will not receive a Distribution from the Creditors' Trust under the Plan make Distributions to Allowed Claims of the ASR Estate. | Yes<br><br>Impaired; claims in this class are entitled to vote on the Plan | After payment of all Administrative Claims of each of the Debtors' Estates including, but not limited to, the fees and expenses of the Disbursing Agent and Professionals employed by the Estate, income taxes and payments pursuant to the Plan to creditors holding Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Claims and/or Allowed Secured Claims, Creditors holding Allowed General Unsecured Claims will be paid a Pro Rata Share Distribution from the Creditors' Trust established for each of the Debtors' Estates.<br><br>Provided that the Disbursing Agent is holding sufficient Net Liquidation Proceeds, Allowed General Unsecured Claims shall be paid in interim installment payments commencing as soon as reasonably practicable after the Effective Date and continuing until all of the Debtors' assets have been liquidated and the Net Liquidation Proceeds have been disbursed. The Disbursing Agent shall make interim Pro Rata Share Distributions to holders of Allowed General Unsecured Claims at least once each calendar year or more as reasonably practicable, but solely in the discretion of the Disbursing Agent as sufficient funds are available.<br><br>The Creditors' Trust for each Estate shall be dissolved and its affairs wound up and the Disbursing Agent shall make any final Pro Rata Share Distributions, upon the earlier of (i) the date which is five years after the Effective Date, and (ii) that date when, (1) in the reasonable judgment of the Disbursing Agent substantially all of the assets of the Creditors' Trust have been liquidated and there are no substantial potential sources of additional Cash for Distribution, and (2) there remain no substantial Disputed Claims.<br><br>After final Pro Rata Share Distributions have been made in accordance with the terms of the Plan, if the amount of remaining Net Liquidation Proceeds is less than $5,000, the Cash shall revert to the Disbursing Agent as compensation for the Disbursing Agent.<br><br>**The principal issues in the Cases are related to disputes over competing liens impacting the Debtors' assets, some of which are the subject of the Gotte Avoidance Action. The Distribution to General Unsecured Claims depends largely on the outcome of Secured Claims either by lien avoidance, settlement or payment in full of Allowed Secured Claims, which may not be known until (1) ASR's bonded projects are completed and sureties/insurers such as Federal and Berkley exhaust collection of all receivables on pending ASR projects, (2) all of the Meridian Properties have been sold, and (3) all of Inland's machinery and equipment has been sold. As such, it is difficult to project what the Distribution will be for Allowed General Unsecured Claims, if any.** |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**4. Class of Equity Interests**

The following chart identifies the Plan's treatment of holders of Equity Interests:

| Class | Description | Impaired | Treatment |
|---|---|---|---|
| 4 | Holders of Equity Interests:<br><br>ASR Equity Interests:<br>• 50% shareholder interest held by the Regotti Family Trust Dated January 12, 2005<br>• 25% shareholder interest held by Marc Berry<br>• 25% shareholder interest held by Patti Berry<br><br>Meridian Equity Interests:<br>• 50% member interest held by Alan Regotti<br>• 50% member interest held by Marc Berry<br><br>Inland Equity Interests:<br>• 50% shareholder interest held by Alan Regotti<br>• 50% shareholder interest held by Marc Berry | Yes<br>Not entitled to vote (deemed to reject) | The Plan will materially affect Equity Interests. Upon the Effective Date, the existing Equity Interests will effectively be cancelled. Equity Interests shall receive no Distributions. |

////

////

////

77

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

**5. Class of Intercompany Claims**

The following chart identifies the Plan's treatment of the classes of Claims containing all of the Intercompany Claims:

| Class | Description | Impaired | Treatment |
|---|---|---|---|
| 5 | Intercompany Claim arising from a promissory note owed by ASR to Meridian of approximately $165,260.35.<br><br>Intercompany Claim arising from a promissory note owed by Meridian to ASR of approximately $1,020,981.96.<br><br>Intercompany Claim arising from a promissory note owed by Inland to ASR of approximately $181,530.24.<br><br>Intercompany Claim consisting of a rent receivable owed by ASR to Meridian in the amount of approximately $153,473.65.<br><br>After taking into account the foregoing, the balance owed to ASR by Meridian is $702,247.96[14], and the balance owed to ASR by Inland is $181,530.24. | Yes<br><br>Not entitled to vote (deemed to reject) | The Plan will materially affect Intercompany Claims.<br><br>Provided that the Federal Pre-Petition Liens are upheld in an amount greater than the value of assets or Net Liquidation Proceeds subject to such liens, upon the Effective Date, the Intercompany Claims will effectively be cancelled. Intercompany Claims shall receive no Distributions.<br><br>In the event that the Federal Pre-Petition Liens are avoided and set aside, the allowed amount, if any, of the Intercompany Claims owed to ASR by Meridian and Inland will be paid to ASR and the funds received will be used to make Distributions to Allowed Claims of the ASR Estate. The Intercompany Claims will be subject to the same Claims objections procedures as other Claims against the Estates as set forth in Section III.H. of the Plan. |

14

| | |
|---|---|
| Intercompany Claim arising from a promissory note owed by Meridian to ASR of approximately $1,020,981.96 | $1,020,981.96 |
| Less: Intercompany Claim arising from a promissory note owed by ASR to Meridian of approximately $165,260.35 | ($165,260.35) |
| Less: Intercompany Claim consisting of a rent receivable owed by ASR to Meridian in the amount of approximately $153,473.65 | ($153,473.65) |
| Balance Due ASR by Meridian | $702,247.96 |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**Notwithstanding any other provision of the Plan, no payments or Distributions shall be made on account of any Disputed Claim until such Claim becomes an Allowed Claim, and then only to the extent it becomes an Allowed Claim. Any Proof of Claim filed which differs from the Scheduled amount is deemed to be a Disputed Claim.**

**D. Means of Effectuating the Plan**

**1. Funding of the Plan – Establishment of the Creditors' Trust**

Upon the Effective Date, the property of the Debtors' Estates shall vest in the Debtors and, in accordance with the Plan, will concurrently be transferred to a Creditors' Trust created under the Plan for each of the Debtors' Estates. The Creditors' Trust and will be funded by the remaining assets of each of the Debtors' Estates including (i) Cash, (ii) remaining accounts receivable, (iii) remaining Meridian Properties, (iv) Inland's remaining machinery and equipment, and (v) all Causes of Action. The Creditors' Trust will be managed by the Disbursing Agent by orderly liquidating or abandoning, as necessary, all sources of assets of the Debtors for funding for the Plan.

**The Debtors do not believe it is necessary to estimate the recovery to be achieved by the Disbursing Agent in view of the liquidating nature of the Plan. The principal issues in the Cases are related to disputes over competing liens impacting the Debtors' assets, some of which are the subject of the Gotte Avoidance Action. Other Disputed liens are held by Berkely, Gotte and ICW. The Distribution to General Unsecured Claims depends largely on the outcome of Secured Claims either by lien avoidance, settlement or payment in full of Allowed Secured Claims, which may not be known until (1) ASR's bonded projects are completed and sureties/insurers such as Federal and Berkley exhaust collection of all receivables on pending ASR projects, (2) all of the Meridian Properties have been sold, and (3) all of Inland's machinery and equipment has been sold. Nevertheless, the Debtors' estimates of the values for their respective assets are set forth in Section III. A, above (Section III., A., 3 for ASR, Section III., A., 6., for Meridian and Section III., A., 9., for Inland). The Debtors anticipate that Distributions under the Plan to Creditors will be derived from the Net Liquidation Proceeds as set forth in the Liquidation Analysis in**

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**Section V.B., below. However, there is no guarantee that (i) Secured Claims will resolved favorably such that funds become available for General Unsecured Claims, (ii) collection of accounts receivable will be successful, and (iii) that the future sale of the Meridian Properties and/or the future sale of Inland's remaining machinery and equipment will occur at any price. The projected recovery on the Debtors' assets may be speculative. As such, in determining whether to vote to accept or reject the Plan, potential resolution of Secured Claims, the collection of receivables and/or the sale of any Meridian Properties or sale of Inland's remaining machinery and equipment should not be relied upon and Creditors should assume that the recovery may be less than the estimated values. Although it is uncertain what amounts will be recovered, in his duties, the Disbursing Agent will use his best business judgment to maximize the Cash value of the Creditors' Trust.**

The Disbursing Agent will oversee and administer the Creditors' Trust. The Disbursing Agent shall have sole and exclusive authority to administer the assets of the Creditors' Trust, object to any Claims improperly asserted against the Creditors' Trust, and make Distributions from the Creditors' Trust to pay Allowed Claims pursuant to the Plan, including payment of the administrative fees and expenses of the Disbursing Agent and his Professionals.

**2. Treatment of Claims Against the Debtors**

As the Federal Pre-Petition Liens are asserted against all three Debtors in an amount that is greater than the value of assets or cash generated from the sale of assets in each of the Debtors' Estates, the amount of Distribution to Creditors is dependent on the resolution of (1) any and all Avoidance Actions, (2) the sale of assets, and (3) the completion of ASR's projects. Further, many of the Claims in these Cases are made against all three Debtors equally. Any obligation of any Debtor and all guaranties thereof executed by one or more of the other Debtors shall be treated as a separate obligation of each Estate, and such guaranties shall be deemed a separate Claim against each of the Debtors for purposes of making Distributions. All joint obligations of two or more Debtors and all multiple Claims against such entities on account of such joint obligations shall be treated and allowed only as a separate Claim against each of the Debtors for the purposes of confirming and consummating the Plan, including but not limited to

80

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

voting, confirmation, Distributions, and calculating post-confirmation quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930. Based on the foregoing, the proceeds of the sale of assets of the Debtors will be held separately and Distributions to Allowed Claims will be made separately for each Estate, provided however, no Allowed Claim will receive total Distributions that exceeds the Allowed Claim amount or that would result in a duplicate recovery.

**3. Reservation of Rights Regarding Causes of Action**

The Debtors and, after the Effective Date, the Disbursing Agent, on behalf of the Creditors' Trust, reserve the rights to pursue any and all Causes of Action, and the Debtors hereby reserve the rights of the Creditors' Trust and the Disbursing Agent, on behalf of the Creditors' Trust, to pursue, administer, settle, litigate, enforce and liquidate consistent with the terms and conditions of the Plan and Creditors' Trust such Causes of Action. The Disbursing Agent shall, pursuant to section 1123 and all applicable law, have the requisite standing to prosecute, pursue, administer, settle, litigate, enforce and liquidate any and all Causes of Action. Notwithstanding the foregoing, the standing to prosecute, pursue, administer, settle, litigate, enforce and liquidate any and all Causes of Action related to the Gotte Avoidance Action shall be assigned to Gotte as follows:

a. Prosecution of the Gotte Avoidance Action. Gotte, through its counsel Assayag Mauss, will be conferred standing to prosecute the Gotte Avoidance Action on behalf of the Debtors and their respective Estates. In addition, prosecution of the claims related to the facts that are the subject matter of the Gotte Avoidance Action may include (i) the amendment of the Complaint to Set Aside Fraudulent Transfers to include claims for relief that are available under the Bankruptcy Code against Federal Insurance Company and/or others; and/or (ii) the filing of a separate complaint in the Bankruptcy Court against Federal Insurance Company and/or others to bring claims for relief available under the Bankruptcy Code for the avoidance and recovery of transfers.

81

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

    b. Recovery. The recovery obtained from the Gotte Avoidance Action, if any, will be property of the Debtors' Estates, subject first to payment to Gotte of the following (i) reimbursement to Gotte for its reasonable attorneys' fees and costs to pursue the Avoidance Action claims, and (ii) a Pro Rata Share of the net recovery (gross recovery minus Gotte's attorney fees and costs related to the Gotte Avoidance Action), which Pro Rata Share shall be commensurate with Gotte's current Pro Rata Share of the final amount of all Unsecured Claims against ASR as allowed and determined by the Court[15]. So, for example, if the final total amount of all allowed Unsecured Claims is determined to be $9,000,000, then after payment of Administrative Claims of the Estates, Gotte's Pro Rata Share of the net recovery would be 76.28% ($6,865,179.88/$9,000,000). After payment of these amounts, the balance of the recovery will be turned over to the Disbursing Agent for distribution to Creditors, other than Gotte, pursuant to the Plan. In the event of no recovery, Gotte will receive no reimbursement for its attorneys' fees and costs in pursuing the Gotte Avoidance Action. The allowance payment of Gotte's attorneys' fees and expenses will be subject to the Professional Fee Notice procedures described in in Section III.F. of the Plan.

c. Litigation Materials. The Disbursing Agent and Gotte agree to share Litigation Materials (as defined below) protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges, protections, doctrines, or any other immunity otherwise available, in order to assert the claims and defenses that are or may be asserted in the Gotte Avoidance Action. The Disbursing Agent and Gotte intend to exchange privileged and work product information, orally,

15

| | |
|---|---|
| Gotte Claim | $6,865,179.88 |
| Total Claims | $201,216,574.80 |
| Percentage | 3.411836% |

82

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

electronically, and in documents. The Disbursing Agent and Gotte intend to share draft pleadings and memoranda, and other information that may or may not include factual analyses, mental impressions, reports of witness interviews, and other similar information (collectively, "Litigation Materials"). The Disbursing Agent and Gotte would not exchange any of the other parties' Litigation Materials but for the interests of pursuit and defense of the Gotte Avoidance Action, and but for the understanding that by doing so they do not waive any attorney/client privilege, work product privilege or any other applicable privilege. The Disbursing Agent and Gotte agree that in the exchange of Litigation Materials among the parties they shall continue to protect the confidentiality of the Litigation Materials or will not waive any applicable privilege, protection or immunity.

d. Privilege. The Litigation Materials which the Disbursing Agent and Gotte intend to exchange between and among them under the Plan are privileged from disclosure to adverse or other third parties as a result of the attorney-client privilege, the joint-defense privilege, the work product doctrine, and other applicable privileges or protections. By the Plan provisions for conferring standing of the Gotte Avoidance Action to Gotte, the Disbursing Agent and Gotte state that in the pursuit of claims and defense that are the subject of the Gotte Avoidance Action they do not intend to waive any applicable privileges and they intend to preserve to the maximum extent permitted by applicable law the attorney-client privilege, the work-product doctrine and all other privileges or protections which they may have. The disclosure of Litigation Materials by a receiving party does not constitute a waiver of any attorney/client privilege, work product privilege or any other applicable privilege held by the producing party.

e. Waiver. Neither the Disbursing Agent nor Gotte shall have authority to waive any applicable privilege or doctrine for conversations, matters or materials exchanged or developed during the pendency of the Plan on behalf of the other without the

83

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

other's consent; nor shall any waiver of an applicable privilege or doctrine by the conduct of any party be construed to apply to any other party.

f. Non-Disclosure. The Disbursing Agent and Gotte shall not disclose any Litigation Materials, and any other conversations, matters of materials otherwise protected by any applicable privileges or doctrines, to any third persons (other than those working with or on behalf of the parties for purposes of the Gotte Avoidance Action) without the consent of the Disbursing Agent and Gotte.

**4. Creditors' Trust Distributions**

The funds in the Creditors' Trust for each Estate shall be used first for payment of the Administrative Claims of the Estates and the Post-Confirmation Estates, including the fees and expenses of the Disbursing Agent and his Professionals and second, for Distribution to Allowed Claims pursuant to the provisions of the Plan.

The Disbursing Agent shall make interim Distributions of Cash to holders of Allowed Claims at least once each calendar year, but solely in the discretion of the Disbursing Agent as funds are available for Distribution.

The Creditors' Trust for each Estate shall be dissolved and its affairs wound up and the Disbursing Agent shall make any final Distributions, upon the earlier of (i) the date which is five years after the Effective Date, and (ii) that date when, (1) in the reasonable judgment of the Disbursing Agent substantially all of the assets of the Creditors' Trust have been liquidated and there are no substantial potential sources of additional Cash for Distribution, and (2) there remain no substantial Disputed Claims.

After final Distributions have been made in accordance with the terms of the Plan, if the amount of remaining Net Liquidation Proceeds is less than $5,000, such remaining Cash shall revert to the Disbursing Agent as compensation for the Disbursing Agent.

**E. Post-Confirmation Management – Disbursing Agent**

Upon the Effective Date, Debtors' existing officers, directors, managers and other managing agents shall resign. The Debtors' current management, Alan Regotti shall be

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

appointed as the Disbursing Agent for the Post-Confirmation Estate and the Creditors' Trust. The Disbursing Agent shall serve without bond.

Mr. Regotti is intimately familiar with all aspects of the Debtors' business affairs including, without limitation, the history, facts, Creditors, parties in interest and matters regarding the running of the Debtors' business operations. Thus, Mr. Regotti is uniquely qualified and positioned to manage the affairs of the Debtor following confirmation of the Plan.

The Disbursing Agent shall be responsible for all actions necessary to maintain and maximize the affairs of the Debtors' Estates Post-Confirmation and the Creditors' Trust. Without further notice, hearing or Court order, the Disbursing Agent shall have sole and absolute discretion and exclusive authority to oversee the Disbursement of the funds from the Creditors' Trust pursuant to the terms of the Plan.

Except as otherwise provided for in the Plan regarding the assignment of the Gotte Avoidance Action to Gotte and Creditors' participation in objections to Disputed Claims (see Section III.H. of the Plan which sets forth the Creditors' participation in objection to Disputed Claims), without further notice, hearing or Court order the Disbursing Agent shall have discretion over whether to prosecute, settle or take action with respect to any and all claims of the Estate, including Causes of Action and objections to Disputed Claims. The Disbursing Agent may compromise or settle any claims of the Estate, including the Causes of Action and ligation related to Disputed Claims without further notice, hearing or Court order. The Disbursing Agent shall exercise reasonable business judgment in determining whether to prosecute, settle or take action regarding any and all claims of the Estate including the Causes of Action and objections to Disputed Claims.

The Disbursing Agent shall be responsible for preparing and filing the post-confirmation status reports as required by the Court and the UST and paying all post-confirmation quarterly fees payable to the UST until the Cases are dismissed or a final decree has been entered, whichever occurs first.

Since the Petition Date, Mr. Regotti has received no compensation for his services to manage the Debtors' business and financial affairs and to administer the Debtors' Cases. Subject

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

to either (1) an agreement with Federal for a surcharge against the Federal Pre-Petition Liens, or (2) the avoidance and release of the Federal Pre-petition Liens, Mr. Regotti may receive (i) compensation for his Plan Disbursing Agent services up to the amount of three percent (3%) of all monies disbursed or turned over under the Plan by the Disbursing Agent, including monies disbursed to the Debtors, if any, and holders of Secured Claims, if any, and Professionals employed by the Estate and/or the Disbursing Agent in his administration of the Creditors' Trust and (ii) reimbursement of his actual expenses associated with carrying out his duties as the Disbursing Agent.

**F. <u>Employment and Compensation of Professionals</u>**

In carrying out his duties under the Plan, the Disbursing Agent shall employ Shulman Hodges & Bastian LLP and any other Professionals he deems are necessary and appropriate using his reasonable business judgment. Except as set forth herein to the contrary, any Professional employed by the Debtors or the Disbursing Agent in this Case after the confirmation of the Plan seeking payment of its post-confirmation fees and costs will be entitled to seek payment of such fees and costs pursuant to the following procedures:

1. The Professional shall submit their billing statement ("Professional Fee Notice") to the Disbursing Agent and counsel for each of Federal, Berkley, Gotte and ICW (collectively the "Noticing Parties"). Submission of the Professional Fee Notice to the Noticing Parties may be made via email, facsimile or United States Mail, first class.

2. If no written objection to the Professional Fee Notice is **<u>received</u>** by the Professional within ten days after service on the Noticing Parties, the Disbursing Agent will pay the Professional's fees and expenses either from (i) any unencumbered funds of the Estate(s), (ii) as may be agreed to by Federal as a surcharge of its collateral, or (iii) Court order.

3. If a written objection to the Professional Fee Notice is filed by one of the Noticing Parties, the Disbursing Agent will not pay the Professional the disputed amounts until the objection has been resolved as may be agreed to by the objecting party or by Court order.

**G. <u>Risk Factors</u>**

The proposed Plan has the following risks:

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1. The estimate of the Distributions which will be made to the holders of Allowed Claims represents a projection of future events based upon certain assumptions made by the Debtors regarding the winding down of their affairs and the sale assets of the Estates. For example, if there are no sales or if sale proceeds are less than projected by the Debtors and Secured Claims are not favorably resolved such that funds become available for General Unsecured Claims, the Distribution to Creditors could be reduced - perhaps substantially or none at all. Further, given the difficult economic climate and losses suffered in real estate markets, the sale price for the Meridian Properties could be impacted. The real estate market is uncertain with respect to vacancy rates, rental rates, mortgage rate, and property values, to name a few of the variables.

2. The estimate of Distributions may be impacted by the collectability of ASR's accounts receivable. Certain receivables may be in dispute. In addition, collection efforts may be hindered if it is found that records with regards to the receivable are incomplete.

3. If the Plan is not confirmed and consummated, there can be no assurance that the holders of Secured Claims will not foreclose on the assets of the Estate, or that the Cases will continue and be delayed. If a foreclosure, or protracted reorganization were to occur, there is a substantial risk that there would be little, if any, value available for Distribution to the holders of Claims.

4. The principal issues in the Cases are related to disputes over competing liens impacting the Debtors' assets, some of which are the subject of the Gotte Avoidance Action. Other Disputed liens are held by Berkley, Gotte and ICW. The Distribution to General Unsecured Claims depends largely on the outcome of Secured Claims either by lien avoidance, settlement or payment in full of Allowed Secured Claims, which may not be known until (1) ASR's bonded projects are completed and sureties/insurers such as Federal and Berkley exhaust collection of all receivables on pending ASR projects, (2) all of the Meridian Properties have been sold, and (3) all of Inland's machinery and equipment has been sold. There is no guarantee that (i) Secured Claims will be resolved favorably such that funds become available for General Unsecured Claims, (ii) collection of accounts receivable will be successful, and (iii) that the

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

future sale of the Meridian Properties and/or the future sale of Inland's remaining machinery and equipment will occur at any price, and the projected recovery on the Debtors' assets may be speculative.

5. The amount due to some Claimants has not been liquidated and is disputed. Some of the amounts due are subject to pending litigation or are subject to payment by parties other than the Debtors. These factors could impact the Pro Rata Share Distribution to Creditors.

6. The amount or benefits that will be achieved from prosecution of Avoidance Actions is unknown and speculative. The Disbursing Agent has not commenced his investigation of such claims or any defenses to such claims. There is also risk inherent in any litigation and potential fees and costs that would be incurred to pursue such claims.

7. By reason of the uncertainties inherent in the predictions of future events, the actual Distributions which will be made to the holders of Allowed Claims may well be different from those projected, and such difference may well be material and adverse to the interest of Creditors.

The risk factors discussed herein assume confirmation and consummation of the Plan and the transactions contemplated by the Plan, and do not include matters, other than risks pertaining to the ability to fund the Plan and to pay Creditors, that could prevent confirmation or consummation. Prior to voting on the Plan, each holder of an impaired Claim should carefully consider the risk factors enumerated or referred to below as well as all of the information contained in this Disclosure Statement, and the exhibits hereto.

**H. Post-Confirmation Estate Claims**

The right to enforce, litigate, collect, and settle, on behalf of the Estate (at the expense of the Estate), any and all Claims and Causes of Action which constitute property of the Estates including, but not limited to, any Avoidance Actions, whether or not such Claims or Causes of Action are the subject of litigation pending as of the Effective Date (collectively, the "Post-Confirmation Estate Claims"), shall be vested solely in the Disbursing Agent as of the Effective Date. From and after the Effective Date, the Disbursing Agent shall have the sole right to enforce, file, prosecute, collect, or settle, any Post-Confirmation Estate Claims.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Any litigation based upon Post-Confirmation Estate Claims will be filed no later than two (2) years year after the Effective Date, or within any applicable limitations period, or within such additional period of time as the Bankruptcy Court may allow upon motion of the Disbursing Agent, after such notice as the Bankruptcy Court may deem appropriate. In the event that litigation based upon any Post-Confirmation Estate Claim is not timely commenced, such Post-Confirmation Estate Claim will be deemed forever waived by the Estates and neither the Debtors, Disbursing Agent nor any other party-in-interest will have the right to pursue the same; provided, however, that any such Post-Confirmation Estate Claim may be utilized as a defense against or offset to any Claim or cause of action which may be brought against the Estate.

Notwithstanding the rights of the Disbursing Agent with respect to Post-Confirmation Estate Claims, nothing in the Plan will require the Disbursing Agent to prosecute or litigate any such matters, all of which may be decided by the Disbursing Agent in his sole discretion.

THE DEBTORS AND THE DISBURSING AGENT HAVE NOT FULLY REVIEWED WHETHER POST-CONFIRMATION ESTATE CLAIMS EXIST, INCLUDING, WITHOUT LIMITATION, WHETHER OR NOT THERE ARE ANY AVOIDANCE ACTIONS WHICH MAY BE BROUGHT AFTER THE EFFECTIVE DATE. THIS INVESTIGATION IS ON-GOING AND WILL OCCUR IN LARGE PART AFTER THE EFFECTIVE DATE. AS A RESULT, CREDITORS AND OTHER PARTIES-IN-INTEREST SHOULD BE, AND ARE PURSUANT TO THE TERMS OF THE PLAN, SPECIFICALLY ADVISED THAT, NOTWITHSTANDING THAT THE EXISTENCE OF ANY PARTICULAR POST-CONFIRMATION ESTATE CLAIM MAY NOT BE LISTED, DISCLOSED, OR SET FORTH IN THE DISCLOSURE STATEMENT OR THE PLAN, A POST-CONFIRMATION ESTATE CLAIM MAY BE BROUGHT AGAINST ANY CLAIMANT AT ANY TIME, SUBJECT TO THE BAR DATE LIMITATIONS SET FORTH IN THE PLAN.

**I. <u>Objections to Claims</u>**

As of the Effective Date, the right to file, prosecute, litigate, resolve, and/or settle objections to Claims (at the expense of the Estate), whether or not any such objection or litigation is pending as of the Effective Date, will be vested in the Disbursing Agent. In addition,

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

at their own expense, Creditors holding Allowed Claims, may file, prosecute, litigate, resolve, and/or settle objections to Claims provided that settlement or other non-judicial resolution of any objections filed by a Creditor shall be subject to the Disbursing Agent's approval of the non-judicial resolution or settlement of the Claims objection. If the Creditor is successful in objecting to Claims, and there are unencumbered funds in the Estate(s) to pay its fees and expenses in bringing the successful objection, then such fees and expenses may be paid using the following procedures:

1. The Creditor shall submit their billing statement ("Creditor Fee Notice") to the Disbursing Agent and counsel for (i) the Disbursing Agent, (ii) Federal, (iii) Berkley, (iv) Gotte and (v) ICW (collectively the "Noticing Parties"). Submission of the Creditor Fee Notice to the Noticing Parties may be made via email, facsimile or United States Mail, first class.

2. If no written objection to the Creditor Fee Notice is **received** by the Creditor within ten days after service on the Noticing Parties, the Disbursing Agent will pay the Creditor's fees and expenses either from available unencumbered funds of the Estate(s).

3. If a written objection to the Creditor Fee Notice is filed by one of the Noticing Parties, the Disbursing Agent will not pay the Creditor the disputed amounts until the objection has been resolved as may be agreed to by the objecting party or by Court order.

Notwithstanding that the Disbursing Agent shall have the right to file, litigate, prosecute, and settle objections to Claims on behalf of the Estate, nothing contained herein will be deemed to obligate the Disbursing Agent to take any such actions.

**Any Claims listed as Disputed in the Disclosure Statement and Plan and the Exhibits attached hereto will be subject to claims objections proceedings.** HOWEVER, THE DEBTORS AND THE DISBURSING AGENT HAVE NOT FULLY REVIEWED THE CLAIMS, INCLUDING INTERCOMPANY CLAIMS, OR DETERMINED WHETHER OBJECTIONS TO CLAIMS EXIST. THIS INVESTIGATION IS ONGOING AND WILL OCCUR IN LARGE PART AFTER THE EFFECTIVE DATE. CREDITORS AND OTHER PARTIES IN INTEREST SHOULD BE, AND ARE PURSUANT TO THE TERMS OF THE PLAN SPECIFICALLY ADVISED THAT, NOTWITHSTANDING THAT THE EXISTENCE

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

OF ANY PARTICULAR OBJECTION TO CLAIM MAY NOT BE LISTED, DISCLOSED, OR SET FORTH HEREIN, AN OBJECTION TO CLAIM MAY BE BROUGHT AGAINST ANY CLAIMANT AFTER THE EFFECTIVE DATE, INCLUDING OBJECTIONS TO INTERCOMPANY CLAIMS.

**J. Pending Disputed General Unsecured Claims as of the Date of Distribution**

In the event that any objection to any General Unsecured Claim should be pending as of the date on which a Distribution is owed to the holder of such General Unsecured Claim, no Distribution will be made on account of such disputed General Unsecured Claim until such Disputed Claim has been determined and allowed by a Final Order. In the event that a Disputed Claim is allowed by a Final Order, within five Business Days after such Disputed Claim is allowed by such Final Order, such Allowed General Unsecured Claim will be paid to the extent of the Distributions previously made on account of Allowed General Unsecured Claims in the same Class. Further Distributions, if any, on account of such Allowed General Unsecured Claim will be paid directly to the holder of such Allowed General Unsecured Claim, in an aggregate amount not to exceed the amount of the General Unsecured Claim allowed by the Final Order.

**K. Unclaimed Distributions**

Distributions to holders of Allowed Claims will be made either: (a) at the addresses set forth in the Proof of Claim filed by the Creditor; or (b) at the address set forth in any written notice of address change delivered to the Disbursing Agent after the date on which any related Proof of Claim was filed; or (c) at the address reflected in the Schedules relating to the applicable Allowed Claim if no Proof of Claim has been filed by the Creditor and the Disbursing Agent has not received a written notice of a change of address.

The Disbursing Agent shall not be required to perform any investigation or inquiry as to the proper address for such Creditor if the address stated in any Proof of Claim filed by the Creditor, written notice of change of address filed by the Creditor, or in the Schedules is incorrect.

Any Unclaimed Distribution provided for under the Plan (which will include: (a) checks which have been returned as undeliverable without a proper forwarding address; (b) checks

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

which were not mailed or delivered because of the absence of a proper address to which to mail or deliver the same; or (c) checks which remain un-negotiated for a period of ninety days, will be retained and utilized by the Disbursing Agent.

Following the earlier to occur of: (a) two years after a Distribution becomes an Unclaimed Distribution, or (b) ninety days after the making of the Final Distribution under the Plan (collectively, the "Unclaimed Distribution Holding Period"), such Unclaimed Distribution will become property of the Creditors' Trust, free and clear of any restrictions thereon, and the holders of Allowed Claims otherwise entitled to such Unclaimed Distributions will cease to be entitled thereto and their Claims based thereon will be deemed discharged, waived, and forever barred.

Pursuant to Bankruptcy Code Section 347, in the event that Unclaimed Distributions remaining in the Creditors' Trust after five years from the date of entry of the Confirmation Order are less than $5,000, such Unclaimed Distributions shall revert to the Disbursing Agent as compensation for the Disbursing Agent. In the event that Unclaimed Distributions remaining in the Disbursement Fund after five years from the date of entry of the Confirmation Order are $5,001 or more, after payment of all costs of administration of the Plan including payment of Allowed Administrative Claims, Allowed Priority Claims and/or Allowed Secured Claims, such Unclaimed Distributions shall be distributed on a Pro Rata Share basis to Allowed General Unsecured Claims.

## L. Other Provisions of the Plan

### 1. Executory Contracts and Unexpired Leases

#### a. Assumptions

The following are the unexpired leases and executory contracts that are to be assumed under the Plan:

| Other Party to the Contract to Lease | Description of the Contract or Lease to be Assumed |
|---|---|
| **None** | |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of Disbursing Agent under the Plan. The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each contract listed above. If you are a party to contract to be assumed and you object to the assumption of your contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

Any monetary defaults under each executory contract to be assumed under the Plan will be satisfied, pursuant to Section 365 of the Bankruptcy Code, in either of the following ways (1) by payment of the default amount in quarterly cash installments commencing on the Effective Date and continuing for one year, or (2) by payment of the default amount on such other terms as agreed to by the Disbursing Agent and the other party to the contract.

In the event of a dispute regarding (i) the amount or timing of any cure payments, (ii) the ability of the Disbursing Agent to provide adequate assurance of future performance under the executory contract to be assumed, or (iii) any other matter pertaining to assumption (or assumption and assignment) of the executory contract to be assumed, Disbursing Agent will pay any undisputed cure amount when such payments otherwise are due under the Plan, and the disputed amounts will be paid following the entry of a Final Order resolving the dispute and approving assumption.

**2. <u>Rejections</u>**

On the Confirmation Date, except for any executory contract or unexpired lease specifically assumed or rejected pursuant to a prior order of the Bankruptcy Court or assumed pursuant to the Plan, each executory contract or unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms will be deemed rejected pursuant to Section 365 of the Bankruptcy Code.

The unexpired leases and executory contracts that are to be rejected under the Plan include the following:

////

////

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Other Party to the Contract to Lease | Description of the Contract or Lease to be Rejected |
|---|---|
| Another Meridian Company LLC | ASR's month to month tenancy of the Wilson Property |
| Hasler | Accountant No. XXX 4900 Postage |
| GE Capital | Account No. XXX 9-007 Kyocera Copier Model number KM-3650W Serial number R8600209 |

The order confirming the Plan shall constitute an Order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Section I.F.3. for the specific date for deadline for objecting to the confirmation of the Plan.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF LEASE OR CONTRACT IS THIRTY (30) DAYS FROM THE CONFIRMATION DATE. Any Claim based on the rejection of a contract or lease will be barred if the Proof of Claim is not timely filed, unless the Court later orders otherwise.

Proofs of Claim for any Claims arising by reason of any rejection of executory contracts or unexpired leases pursuant to the Plan shall be filed and served upon the Disbursing Agent and counsel for the Disbursing Agent within thirty days after the Confirmation Date. In the event that any such Proof of Claim is not filed and served as set forth herein, such Claim will be deemed conclusively to be waived and will be forever barred in the Case, without further notice. Any Claim timely asserted hereunder arising out of the rejection of an executory contract or unexpired lease will be deemed to be a General Unsecured Claim under the Plan, but will not automatically become an Allowed Claim.

**3. Changes In Rates Subject To Regulatory Commission Approval**

The Debtors are not subject to governmental regulatory commission approval of rates. The Debtors are not regulated by a governmental commission.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**4. Retention of Jurisdiction**

Until this Plan has been fully consummated, the Bankruptcy Court shall retain jurisdiction to the extent provided by law, including, but not limited to, the following purposes:

1. The classification, allowance, disallowance, or estimation of the Claim of any Claimant and the re-examination of Claims which have been allowed for the purposes of determining acceptance of the Plan at the time of the Confirmation Hearing and the determination of such objections as may be filed to Claims. The failure by the Debtors to object to or to examine any Claim for the purpose of determining acceptance of this Plan shall not be deemed to be a waiver of the right of the Disbursing Agent to object to or to re-examine the Claim, in whole or in part, at a later date.

2. Except for as otherwise provided herein, the determination of all questions and disputes regarding title to the assets of Debtors, the Estates, or the Creditors' Trust and the determination of all Causes of Action, controversies, disputes, or conflicts, whether or not subject to any action pending as of the Confirmation Date, in which the Debtors or the Post-Confirmation Estates are a party.

3. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan.

4. The resolution of any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtors or the Estate that may be pending on the Effective Date.

5. The modification of the Plan after confirmation pursuant to the Bankruptcy Code and the Bankruptcy Rules, or if in the best interests of the Estate and the Creditors, modification of this Plan even after the Plan has been substantially consummated.

6. The enforcement and interpretation of the terms and conditions of the Plan or the Confirmation Order, and the determination of such matters, and the making of such orders consistent with the Plan as may be necessary or desirable to effectuate the provisions of the Plan.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

95

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

Main Document Page 96 of 212

7. The determination, either before or after the closing of this Case, of any Claims concerning state, local, and federal taxes pursuant to Section 346, 505, 525, or 1146 of the Bankruptcy Code or other applicable law, and the Debtors', the Creditors' Trust or the Estates' entitlement, if any, to tax attributes which may have been property of the Estate, either before or after the closing of this Case.

8. The shortening or extending, for cause, of the time fixed for doing any act or thing under the Plan, on such notice, if any, as the Bankruptcy Court shall determine to be appropriate.

9. The entry of any order, including, without limitation, any injunction, to enforce the title, rights, and powers of the Disbursing Agent, or the Post-Confirmation Estate and such limitations, restrictions, terms, and conditions of such title, rights, and powers as the Bankruptcy Court may deem necessary.

10. The determination of any disputes arising under or relating to any order entered by the Bankruptcy Court in the Case.

11. The determination of the validity, extent, or priority of any liens and security interests against property of Debtors, the Estates, the Post-Confirmation Estates, or the Creditors' Trust.

12. The determination of all actions and proceedings which relate to pre-confirmation matters affecting the Debtors, the Estates or the Creditors' Trust, whether such action or proceeding is brought before or after the Effective Date.

13. The liquidation or allowance of any Claim as well as any objection or dispute concerning any Claim of the Estates or the Creditors' Trust.

14. The determination of all questions and disputes regarding collection of assets of Debtors or the Estates as of the Confirmation Date.

15. The entry of an order concluding and terminating the Cases.

16. Such other matters to the extent provided by law.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

96

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

**M. Tax Consequences of the Plan**

CREDITORS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS AND/OR ADVISORS. The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues the Plan may present to the Debtors and/or the Estates. The Debtors CANNOT and DO NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all the tax implications of any action on the Debtors' or the Estates' tax liability.

The following are the tax consequences which the Plan will have on the Debtors or the Estates' tax liability:

DUE TO THE UNSETTLED AND COMPLEX NATURE OF SOME OF THE TAX ISSUES, AS WELL AS THE POSSIBILITY THAT DEVELOPMENTS SUBSEQUENT TO THE DATE HEREOF COULD AFFECT THE TAX CONSEQUENCES OF THE PLAN, THE FOLLOWING DISCUSSION SHOULD NOT BE REGARDED AS DEFINITIVE OR AS COVERING ALL POSSIBLE TAX CONSEQUENCES. ADDITIONALLY, THIS SUMMARY DOES NOT DISCUSS ALL ASPECTS OF FEDERAL INCOME TAXATION THAT MAY BE RELEVANT TO A PARTICULAR CREDITOR OR HOLDER OF AN EQUITY INTEREST IN LIGHT OF ITS INDIVIDUAL CIRCUMSTANCES OR TO CERTAIN CREDITORS AND HOLDERS OF EQUITY INTERESTS SUBJECT TO SPECIAL TREATMENT UNDER THE FEDERAL INCOME TAX LAWS (FOR EXAMPLE, LIFE INSURANCE COMPANIES, TAX-EXEMPT ORGANIZATIONS, FOREIGN CORPORATIONS AND INDIVIDUALS WHO ARE NOT CITIZENS OR RESIDENTS OF THE UNITED STATES).

THIS SUMMARY DOES NOT DISCUSS ANY ASPECT OF STATE, LOCAL OR FOREIGN TAXATION. HOLDERS OF CLAIMS ARE STRONGLY URGED TO CONSULT WITH THEIR OWN TAX ADVISORS AS TO THE SPECIFIC TAX CONSEQUENCES (FEDERAL, STATE, LOCAL, AND FOREIGN) TO THEM OF THE PLAN.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

This summary is based upon the laws, regulations, rulings, and decisions in effect on the date hereof and upon certain proposed and temporary regulations, all of which are subject to change (possibly with retroactive effect) by legislation, administrative action or judicial decision. Moreover, due to a lack of definitive judicial or administrative authority and interpretation, substantial uncertainties exist with respect to various tax consequences of the Plan as discussed herein. No rulings have been or are expected to be requested from the IRS or any state tax agency concerning any of the tax matters described herein. There can be no assurance that the IRS or any state tax agency will not challenge the positions taken with respect to any of the issues addressed herein or that a court of competent jurisdiction would not sustain such a challenge.

The amount of tax liabilities, if any, will be affected by any deductions the Debtors or their Estates will be entitled to during the year. Thus, at this time, the Debtors cannot estimate the amount of tax liabilities that will be incurred.

## V. CONFIRMATION REQUIREMENTS AND PROCEDURES

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THE PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A CHAPTER 11 PLAN IS VERY COMPLEX. The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing Claims. The Debtors CANNOT and DO NOT represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm a Plan. Some of the requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether the Plan pays Creditors at least as much as Creditors would receive in a Chapter 7 liquidation, and whether the Plan is feasible. These requirements are not the only requirements for confirmation.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**A. Who May Vote Or Object**

**1. Who May Object To Confirmation Of The Plan**

Any party in interest may object to the confirmation of the Plan, but as explained below not everyone is entitled to vote to accept or reject the Plan.

**2. Who May Vote To Accept The Plan**

A Creditor has a right to vote for or against the Plan if that Creditor has a Claim which is both (1) allowed or allowed for voting purposes and (2) classified in an impaired class.

**3. What Is An Allowed Claim**

As noted above, a Creditor or holder of Equity Interests must first have an Allowed Claim or interest to have the right to vote. Generally, any Proof of Claim or interest will be allowed, unless a party in interest brings a motion objecting to the Claim. When an objection to a Claim or interest is filed, the Creditor or interest holder holding the Claim or interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the Claim for voting purposes.

**THE BAR DATE FOR FILING A PROOF CLAIM IN THIS CASE IS FEBRUARY 7, 2014**. A Creditor may have an Allowed Claim even if a proof of Claim was not timely filed. A Claim is deemed allowed if (i) it is scheduled on the Debtors' Schedules and such Claim is not scheduled as disputed, contingent, or unliquidated, and (ii) no party in interest has objected to the Claim.

**4. What Is An Impaired Claim**

As noted above, an Allowed Claim only has the right to vote if it is in a class that is impaired under the Plan. A class is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class. For example, a class comprised of general unsecured Creditors is impaired if the Plan fails to pay the members of that class 100% of what they are owed. In this case, Class 1-C (Zions), Class 1-D (CDC Small Business), Class 1-J (1st Enterprise Bank), Class 1-H (1st Enterprise Bank), Class 1-I (First Insurance Funding Corp), 1-J (Internal Revenue Service), and 1-K Torrey Pines Bank are not impaired. Class 1-A (Federal), Class 1-B (Berkley), Class 1-E (Riverside County Treasurer-Tax Collector), Class 1-F (San

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Main Document Page 100 of 212

Bernardino County Treasurer-Tax Collector), 1-G (Employment Development Department), 1-L (Gotte and ICW), Class 3 (General Unsecured Claims), Class 4 (Equity Interests) and Class 5 (Intercompany Claims) are impaired.

Parties who dispute the Debtors' characterization of their Claim as being impaired or unimpaired may file an objection to the Plan contending that the Debtors have incorrectly characterized their Claim.

**5. Who Is Not Entitled To Vote**

The following four types of Claims are not entitled to vote: (1) Claims that have been disallowed; (2) Claims in unimpaired classes; (3) Claims entitled to priority pursuant to Code Sections 507(a)(2), 507(a)(3), and 507(a)(8); and (4) Claims in classes that do not receive or retain any value under the Plan. Claims in unimpaired classes are not entitled to vote because such classes are deemed to have accepted the Plan. Claims entitled to priority pursuant to Code Sections 507(a)(2), 507(a)(3), and (a)(8) are not entitled to vote because such Claims are not placed in classes and they are required to receive certain treatment specified by the Code. Claims in classes that do not receive or retain any value under the Plan do not vote because such classes are deemed to have rejected the Plan. EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

**6. Who Can Vote In More Than One Class**

A Creditor whose Claim has been allowed in part as a secured Claim and in part as a General Unsecured Claim is entitled to accept or reject a Plan in both capacities by casting one ballot for the secured part of the Claim and another ballot for the unsecured Claim.

**7. Votes Necessary To Confirm The Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (i) at least one impaired class has accepted the Plan without counting the votes of any insiders within that class, and (ii) all impaired classes have voted to accept the Plan, unless that Plan is eligible to be confirmed by "cramdown" on non-accepting classes, as discussed below.

100

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

**8. Votes Necessary For A Class To Accept The Plan**

A class of Claims is considered to have accepted the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Claims which actually voted, voted in favor of the Plan.

**9. Treatment Of Non-Accepting Classes**

As noted above, even if all impaired classes do not accept the proposed Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in the manner required by the Code. The process by which non-accepting classes are forced to be bound by the terms of a Plan is commonly referred to as "cramdown." The Code allows the Plan to be "crammed down" on non-accepting classes of Claims if it meets all consensual requirements except the voting requirements of Section 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan as referred to in 11 U.S.C. Section 1129(b) and applicable case law.

If an impaired class votes against the Plan, confirmation of the Plan is still possible (cramdown) so long as the Plan is fair and equitable and the non-consenting class is afforded certain treatment defined by the Code. That certain treatment may be very broadly defined as giving a claimant the "full value" of his claim. Such value is determined by the Court and balanced against the treatment afforded the dissenting class of creditors. If the latter is equal to or greater than the former, the Plan may be confirmed despite the objection of that dissenting class, depending upon the treatment of junior claims. In particular, senior claims must be satisfied in full prior to payment of junior claims, unless the holder of senior claims agree to different treatment. This principle, commonly known as the "absolute priority rule," applies only in cases when a class of unsecured claims is impaired and does not accept the Plan. In that event, the absolute priority rule does not apply to all classes of unsecured claims, but only to the dissenting class and classes junior to the dissenting class.

**10. Request For Confirmation Despite Nonacceptance By Impaired Class(es)**

The Debtors will ask the Court to confirm the Plan by cramdown on impaired Classes if such Classes do not vote to accept the Plan.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**B. Liquidation Analysis**

Another confirmation requirement is the "Best Interest Test", which requires a liquidation analysis. Under the Best Interest Test, if a Claimant is in an impaired class and that Claimant does not vote to accept the Plan, then that Claimant must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtors' assets were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, a debtor's assets are usually sold by a Chapter 7 trustee. Secured Creditors are paid first from the sales proceeds of properties on which the secured Creditor has a lien. Administrative Claims are paid next. Next, unsecured Creditors are paid from any remaining sales proceeds, according to their rights to priority. Unsecured Creditors with the same priority share in proportion to the amount of their Allowed Claim in relationship to the amount of total allowed unsecured Claims.

For the Court to be able to confirm the Plan, the Court must find that all Creditors who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation. The Debtors maintain that this requirement is met here. If no chapter 11 plan can be confirmed, the Debtors' chapter 11 cases may be converted to a case under chapter 7 of the Bankruptcy Code to liquidate the assets of the Debtors for distribution in accordance with the priorities established by the Bankruptcy Code. The Debtors believe that liquidation under chapter 7 would result in lower distributions being made to creditors than those provided for in the Plan because, among other reasons, (1) additional administrative expenses would be incurred in a chapter 7 liquidation, specifically those of a chapter 7 trustee charging statutory fees of up to 3% of disbursements and any costs of counsel to the chapter 7 trustee to become familiar with the facts and circumstances of these cases, and (2) the additional delay in distributions that would occur if the Debtors' chapter 11 cases were converted to a case under chapter 7,

In a Chapter 7 case, a trustee is appointed and entitled to compensation from the bankruptcy estate in an amount not to exceed 25% on the first $5,000 of all moneys disbursed, 10% on any amount over $5,000 but less than $50,000, 5% on any amount over $50,000 but not

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

in excess of $1 million, and 3% on all amounts over $1 million. In this case the trustee's compensation and expenses is estimated to equal at least $150,000. However, through the Plan, no trustee's compensation and expenses will be incurred.

In addition, because the Chapter 7 Trustee will replace the Professionals currently employed by the Estate, the Chapter 7 Trustee's new professionals will burden the Estate with substantial fees to become familiar with the issues of this case. Although these fees are difficult to estimate, they could result in additional administrative expenses of approximately $100,000 more to assist the Trustee in pursuit of the litigation claims of the Estate. Based upon the foregoing, the estimate for liquidation analysis for the Chapter 7 administrative expenses has been conservatively estimated at $250,000 (Trustee's compensation and expenses plus the compensation and expenses of his professionals).

Under the Best Interests Test, all that is required is for Creditors to receive as much as they would under Chapter 7 of the Bankruptcy Code. Here, the Debtors believe the Best Interests Test has been met in that under the Plan, Creditors will receive as much or more than they would receive under a Chapter 7 liquidation.

Below is a demonstration, in balance sheet format, that all Creditors will receive at least as much under the Plan as such Creditor would receive under a Chapter 7 liquidation. The information regarding value of the assets has been provided by the Debtors based on their familiarity with their assets.

**ASSETS VALUED AT LIQUIDATION VALUES**

| ASSETS AT LIQUIDATION VALUE | LIQUIDATION VALUE |
|---|---|
| Cash on Hand | $2,943,135.52 |

| | |
|---|---|
| Listed in ASR's 3/31/2015 Monthly Operating Report | $8,718.72 |
| Listed in Meridian's 3/31/2015 Monthly Operating Report | $1,780,032.07 |
| Listed in Inland's 3/31/2015 Monthly Operating Report | $1,154,384.73 |
| Total Estimated | $2,943,135.52 |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

<table>
<tr><th>ASSETS AT LIQUIDATION VALUE</th><th>LIQUIDATION VALUE</th></tr>
<tr><td>Other Cash On Hand<br><br>

| | |
|---|---|
| ASR Escrow Accounts Listed in ASR's 3/31/2015 Monthly Operating Report | $2,674,146.38 |
| ASR Fund Control Accounts Listed in ASR's 3/31/2015 Monthly Operating Report | $359,975.08 |
| Total Estimated | $3,034,121.46 |

<br>**The liquidation value for these accounts takes into account that the funds held in the accounts include retention funds that are subject to setoff by the owners of ASR's construction projects and liens and subrogation rights related to performance bonds on the projects. Some of the funds were assigned to Federal and/or Berkeley more than ninety days prior to the Petition Date and may be used to pay down the claims of Federal and/or Berkeley.**</td><td>$.00</td></tr>
<tr><td>Security Deposits<br><br>

| | |
|---|---|
| Certificate of Deposit account for the benefit of the California Contractors State License Board | $12,600 |
| Certificate of Deposit account for the benefit of Southern California Edison | $10,600 |
| Total Estimated | $23,200 |

<br>**The liquidation value for these accounts takes into account that the funds held in the accounts are security deposits.**</td><td>$.00</td></tr>
<tr><td>Accounts Receivable<br><br>

| | |
|---|---|
| Listed in ASR's 3/31/2015 Monthly Operating Report (Pre-Petition amount of $6,023,351.97 which includes amounts over 90 days old of $3,217,403.72 and retentions of $2,805,948.21) (Post-petition amount of $693,932.33) | $6,717,284.20 |
| Listed in Meridian's 3/31/2015 Monthly Operating Report | $.00 |
| Listed in Inland's 3/31/2015 Monthly Operating Report | $.00 |
| Total Estimated | $6,717,284.20 |

<br>**The liquidation value reflects the difficulty of collection by a Chapter 7 Trustee without the assistance of Debtors' management (reduction of thirty percent). The collection of receivables should not be relied upon and Creditors should assume that the recovery may be less than the estimated recovery value.**</td><td>$4,702,098.94</td></tr>
</table>

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| ASSETS AT LIQUIDATION VALUE | LIQUIDATION VALUE |
|---|---|
| Meridian Properties[16]<br><br>Wilson Property: $.00<br>Perris Property: $470,000<br>San Bernardino Property: $240,000<br>Phelan Property: $.00<br>Total Estimated: $710,000<br><br>**Liquidation value reflects a thirty percent reduction of Meridian's estimated fair market value.** | $710,000 |
| Inland Remaining Machinery and Equipment - total estimated at $200,000.[17].<br><br>**Liquidation value reflects a thirty percent reduction of Inland's estimated fair market value.** | $140,000 |
| ASR Office Furniture and Equipment : $15,000<br>ASR Construction Supplies: $25,000<br><br>ASR Office Furniture and Equipment: $15,000<br>ASR Construction Supplies: $25,000<br>Total Estimated: $40,000<br><br>**Liquidation value reflects a thirty percent reduction of ASR's estimated fair market value.** | $28,000 |
| Causes of Action<br>Unknown and speculative. The amount recovered is anticipated to be the same under the Chapter 11 Plan or under a Chapter 7 liquidation. | $0 |
| **Total Assets At Liquidation Value** | $8,523,234.46 |
| **LESS LIABILITIES IN CHAPTER 7 CASE** | |

16 The Wilson Property has been sold and Creditors Zions and CDC Small Business have been paid. The Phelan Property has already been sold. The proceeds from the two sales are held in Meridian's Debtor in Possession Accounts and are included in the Cash on Hand values above.

17 The proceeds from the prior auction sales are held in Inland's Debtor in Possession Accounts and are included in the Cash on Hand values above.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| ASSETS AT LIQUIDATION VALUE | LIQUIDATION VALUE |
|---|---|
| Less: Secured Creditor's recovery[18] | ($187,214,451.76) |
| Less: Chapter 7 trustee's fees and expenses | ($250,000) |
| Less: Chapter 11 administrative expenses | ($180,138.80) |

| Secured Creditor | Amount |
|---|---|
| Federal | $171,597,580 |
| Berkley | $15,571,500 |
| Zions (already paid) | $.00 |
| CDC Small Business (already paid) | $.00 |
| Riverside County Treasurer-Tax Collector | $25,481.46 |
| San Bernardino County Treasurer-Tax Collector | $4,237.04 |
| Employment Development Department | $6,155.71 |
| 1st Enterprise Bank | $.00 |
| First Insurance Funding Corp | $9,497.55 |
| Internal Revenue Service (levy against Gotte) | $.00 |
| Torrey Pines Bank (levy against Gotte) | $.00 |
| Gotte ICW | $.00 |
| Total | $187,214,451.76 |

| Chapter 11 administrative expense | Amount |
|---|---|
| Shulman Hodges & Bastian LLP | $107,012.48 |
| Rogers Anderson Malody & Scott LLP CPA | $32,626.32 |
| Lester & Cantrell LLP | $.00 |
| John D. Mannerino | $.00 |
| Court fees | $500 |
| UST quarterly fees | $5,000 |
| Internal Revenue Service | $35,000 |
| Total | $180,138.80 |

18 The Wilson Property has been sold and Creditors Zions and CDC Small Business have been paid.

106

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

| ASSETS AT LIQUIDATION VALUE | LIQUIDATION VALUE |
| --- | --- |
| Less: Priority Claims | ($298,152.45) |
| (1) **Balance for General Unsecured Claims** | $.00 |
| **(2) Total amount of Unsecured Claims (Approximate)** (Includes Disputed Claims and the Alleged Disputed Secured Claims of Gotte and ICW) | $197,341,866.91 |
| **% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WOULD RECEIVE OR RETAIN IN A CHAPTER 7 LIQUIDATION:** | **0%** |

| Priority Claim | Amount |
| --- | --- |
| Priority Tax Claim of Internal Revenue Service | $29,492.55 |
| Priority Tax Claim of Employment Development Department | $25,000 |
| Priority Tax Claim of Riverside County Treasurer and Tax Collector | $63,639.66 |
| Priority Tax Claim of State Board Equalization | $104,713.77 |
| Priority Tax Claim of Franchise Tax Board | Unknown |
| Class 2 Priority Non-Tax Claims (Carpenters Southwest Administrative Corporation) | $75,306.47 |
| Total | $298,152.45 |

| | |
| --- | --- |
| **Amount of Funds Available** | **$.00** |
| **Total Unsecured Creditors** | **$197,341,866.91** |
| **Estimated Distribution Percentage** | **0%** |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| ASSETS AT LIQUIDATION VALUE | LIQUIDATION VALUE |
|---|---|
| **% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WILL RECEIVE OR RETAIN UNDER THIS PLAN:** | **Unknown. Depends on the outcome of allowance of Secured Claims either by lien avoidance, settlement or payment in full of Allowed Secured Claims, including those are the subject of the Gotte Avoidance Action and which may not be known until (1) ASR's bonded projects are completed and sureties/insurers such as Federal and Berkley exhaust collection of all receivables on pending ASR projects, (2) all of the Meridian Properties have been sold, and (3) all of Inland's machinery and equipment has been sold.** |

Below is a demonstration, in tabular format, that all Creditors will receive at least as much under the Plan as such Creditor would receive under a Chapter 7 liquidation.

| Claims and Classes | Payout Percentage Under the Plan | Payout Percentage in a Chapter 7 Liquidation |
|---|---|---|
| Administrative Claims | 100% | 0% |
| Secured Claim<br>Class 1-A (Federal) | To Be Determined.<br>Anticipated that Federal and the Debtors or the Disbursing Agent, as the case may be, will agree to a reduced Secured Claim amount. | Less than 100% |
| Secured Claim<br>Class 1-B (Berkley) | To Be Determined.<br>Anticipated that Berkley and the Debtors or the Disbursing Agent, as the case may be, will agree to a reduced Secured Claim amount. | Less than 100% |
| Secured Claim<br>Class 1-C (Zions) | Already Paid | Already Paid |
| Secured Claim<br>Class 1-D (CDC Small Business) | Already Paid | Already Paid |
| Secured Claim<br>Class 1-E<br>(Riverside County Treasurer-Tax Collector) | 100% | 100% |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

| Claims and Classes | Payout Percentage Under the Plan | Payout Percentage in a Chapter 7 Liquidation |
|---|---|---|
| Secured Claim<br>Class 1-F<br>(San Bernardino County Treasurer-Tax Collector) | 100% | 100% |
| Secured Claim<br>Class 1-G<br>(Secured Claim of Employment Development Department) | 100% | 100% |
| Secured Claim<br>Class 1-H<br>(Secured Claim of 1st Enterprise Bank) | 0% | 0% |
| Secured Claim<br>Class 1-I<br>(First Insurance Funding Corp) | 100% | 100% |
| Secured Claim<br>Class 1-J<br>(Internal Revenue Service re levy against Gotte) | 0% | 0% |
| Secured Claim<br>Class 1-K<br>(Torrey Pines Bank re levy against Gotte) | 0% | 0% |
| Secured Claim<br>Class 1-L<br>Gotte and ICW | 0%<br>Treated as General Unsecured Claim | Treated as General Unsecured Claim |
| Class 2 Priority Non-Tax Claims (Carpenters Southwest Administrative Corporation) | To Be Determined | 0% |
| Class 3 General Unsecured Claims | **To Be Determined – depends on the outcome of Secured Claims either by lien avoidance, settlement or payment in full of Allowed Secured Claims, which may not be known until (1) ASR's bonded projects are completed and sureties/insurers such as Federal and Berkley exhaust collection of all receivables on pending ASR projects, (2) all of the Meridian Properties have been sold, and (3) all of Inland's machinery and equipment has been sold.** | 0% |
| Class 4 Equity Interests | 0% | 0% |
| Class 5 Intercompany Claims | 0% | 0% |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Creditors receive more favorable treatment under the Plan. If no chapter 11 plan can be confirmed, the Debtors' chapter 11 cases may be converted to a case under chapter 7 of the Bankruptcy Code to liquidate the assets of the Debtors for distribution in accordance with the priorities established by the Bankruptcy Code. The Debtors believe that liquidation under chapter 7 would result in lower distributions being made to creditors than those provided for in the Plan because, among other reasons, (1) additional administrative expenses would be incurred in a chapter 7 liquidation, specifically those of a chapter 7 trustee charging statutory fees of up to 3% of disbursements and any costs of counsel to the chapter 7 trustee to become familiar with the facts and circumstances of these cases, and (2) the additional delay in distributions that would occur if the Debtors' chapter 11 cases were converted to a case under chapter 7.

The Debtors, with the assistance of their professionals, have considered their options and have concluded that the Plan offers the best and highest recoveries for Creditors. The Debtors have concluded that the Plan provides greater potential recoveries for Creditors than any feasible alternative.

**C. <u>Feasibility</u>**

Section 1129(a)(11) of the Bankruptcy Code requires that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successors to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan. The Plan provides for a liquidation of the Debtors' remaining assets and a distribution of the Cash proceeds to Creditors in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan. The Debtors will not be conducting any business operations after the Effective Date. The ability to make distributions described in the Plan therefore does not depend on future earnings or operations of the Debtors, but only on the orderly liquidation of the Debtors' remaining assets. Accordingly, the Debtors believe that the Plan is feasible and meets the requirements of section 1129(a)(11) of the Bankruptcy Code.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

YOU ARE ADVISED TO CONSULT WITH YOUR ACCOUNTANT OR FINANCIAL ADVISOR IF YOU HAVE ANY QUESTIONS PERTAINING TO THESE FINANCIAL STATEMENTS.

## VI. EFFECT OF CONFIRMATION OF THE PLAN

### A. Discharge

Pursuant to Code Section 1141(d)(3)(A), the confirmation of the Plan does not discharge the Debtors of liability for payment of debts incurred prior to confirmation of the Plan as the Plan provides for the liquidation all property of the Debtors' Estates. .

### B. Exculpation

The Exculpated Parties shall neither have, nor incur, any liability[19] to any entity for any act taken or omitted to be taken in connection with, relating to, or arising out of their role in the Estates, formulating, negotiating, soliciting, preparing, disseminating, implementing, confirming, or effecting the consummation of the Plan, the Disclosure Statement, the Creditors' Trust, the administration of the Plan or the property to be distributed under the Plan or related to the issuance, distribution, and/or sale of any security, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan; provided, however, that the foregoing shall not affect the liability of any Person that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted fraud, willful misconduct, gross negligence, bad faith, self-dealing or breach of duty of loyalty.

As of the Effective Date, and without the necessity of any further act, the Debtors, the Estates, and all holders of Claims against the Debtors that receive a Distribution under the Plan, on behalf of themselves and their respective successors, assigns, employees, agents, officers, directions, attorneys and representatives (collectively the "Releasors") shall be deemed to release

---

19 Including liability arising under the Bankruptcy Code and non-bankruptcy law, and any subordination, alter ego, indemnification or contribution theories of recovery, and interest or other costs, penalties, legal, accounting and other professional fees and expenses, and incidental, consequential and punitive damages payable to third parties.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

and waive any and all Claims, liabilities, and causes of action, of any kind, nature or description, whether matured or unmatured, contingent or absolute, liquidated or unliquidated, relating to the Debtors or their Estates, that any of the Releasors had or through the Effective Date has against the Debtors, the Estates, and the Debtors' officers, managers, agents and Professionals (collectively the "Releasees") including, those arising under the Bankruptcy Code and non-bankruptcy law, and any subordination, alter ego, indemnification or contribution theories of recovery, and interest or other costs, penalties, legal, accounting and other professional fees and expenses, and incidental, consequential and punitive damages payable to third parties.

Notwithstanding the foregoing, nothing herein shall (1) release the Post-Confirmation Estates from its duties under the Plan, and/or (2) impact, alter or impair any separate obligations any Exculpated Parties, Insiders, or the Debtors' officers, directors, or managers may have for indemnification of any Claims or otherwise, including claims against Exculpated Parties, Insiders or the Debtors' officers, directors, or managers, arising under indemnity obligations they may have to Federal and Berkley.

**C. Vesting of Property in the Creditors' Trust**

Except as provided elsewhere in the Plan, on the Effective Date, the property of the each of the Debtors' separate Estates shall be transferred to the Creditors' Trust for each of the Debtors' Estates to be administered by the Disbursing Agent pursuant to the Plan subject to Claims, liens, encumbrances, or interests of Creditors, holders of Equity Interests, parties-in-interest, and other entities in accordance with the Plan. After the Confirmation Date, the sale of any property owned by the Creditors' Trust shall not be subject to or require Court approval.

From and after the Effective Date, the Disbursing Agent on behalf of the Creditors' Trust may acquire, and dispose of property and settle and compromise claims without supervision by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than restrictions expressly imposed by the Plan, the Confirmation Order, and any document, agreement, or instrument delivered in connection therewith.

Except as otherwise provided in the Plan or in the Confirmation Order, the rights afforded in the Plan and the treatment of all Claims in the Plan will be in exchange for and in

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

complete satisfaction, discharge, and release of all Claims (including Administrative Claims and any interest accrued on any Claim from and after the Petition Date) against the Debtors and any of their assets and properties.

**D. Modification of the Plan**

The Debtors may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

The Debtors, and/or the Disbursing Agent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

If the Bankruptcy Court determines that a post-confirmation modification of the Plan is in the best interest of the Estate and the Creditors, even after substantial consummation of the Plan, then, notwithstanding the provisions of Section 1127(b) of the Bankruptcy Code, the Bankruptcy Court may authorize such modification of the Plan, after notice and a hearing, in such manner and under such conditions, as the Bankruptcy Court deems appropriate. Such modifications shall not include any change to the injunction pursuant to Section 105 of the Bankruptcy Code.

**E. Post-Confirmation Status Reports**

Within 120 days of the entry of the order confirming the Plan, the Disbursing Agent shall file a status report with the Bankruptcy Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee and those parties who have requested special notice in the Cases. Further status reports shall be filed every 120 days and served on the same entities.

**F. Post-Confirmation Conversion/Dismissal**

A Creditor or party in interest may bring a motion to convert or dismiss the case under Section 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Bankruptcy Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 Estates, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

authorized by the Court during this case. The order confirming the Plan may also be revoked under very limited circumstances, but such revocation shall not shall not include any revocation or change to the injunction pursuant to Section 105 of the Bankruptcy Code. The Court may revoke the order if the order of confirmation was procured by fraud and if a party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

**G. Substantial Consummation**

Upon the Effective Date, the Plan will be deemed substantially consummated under Bankruptcy Code sections 1101 and 1127(b).

Dated: May 12, 2015

**ASR CONSTRUCTORS, INC., a California corporation**

Alan Regotti, President

**ANOTHER MERIDIAN COMPANY, LLC., a California limited liability company**

Alan Regotti, Managing Member

**INLAND MACHINERY, INC., a California corporation**

Alan Regotti, Secretary

**SHULMAN HODGES & BASTIAN LLP**

/s/ James C. Bastian, Jr.

James C. Bastian, Jr.
Melissa Davis Lowe
Attorneys for the Debtors

114

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\16
DS re ASR AMC IM 2nd Amended v4 clean.docx

# DECLARATION

**DECLARATION OF ALAN REGOTTI**

I, Alan Regotti, declare:

1. I am the I am the President of ASR Constructors, Inc. a California corporation ("ASR"), the Managing Member of Another Meridian Company, LLC a California limited liability company ("Meridian"), and the Secretary of Inland Machinery, Inc. a California corporation, each a debtor and debtor in possession (collectively the "Debtors"), and am one of the persons responsible for the administration of the Debtors. I have personal knowledge of the facts set forth herein and could, if called as a witness, competently testify thereto. I am also personally familiar with, and am custodian of, the records of the Debtors as they pertain to the financial records set forth herein. The records of the Debtors are made by employees or agents of the Debtors who report to me and who have a business duty to enter the records of the Debtors accurately and at or near the time of the event which they record.

2. I make this declaration in support of approval of the Second Amended Disclosure Statement for the Second Amended Chapter 11 Liquidating Plan Jointly Proposed by the Debtors ("Disclosure Statement").

3. I have personal knowledge of the matters set forth in this Declaration and if called upon to testify, I could and would testify competently thereto.

4. I have read the Disclosure Statement, to the best of my knowledge, all of the information contained therein is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 12, 2015, at Wildomar, California.

Alan Regotti

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# EXHIBIT 1-A

## Payments Totaling Made to Creditors Ninety Days Prior to the Petition Date

AP Full Invoice Report

6/1/2013 To 9/30/2013

90 Day Payment Lookback

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 13 - Alert Insulation Inc. | | | | | | | | | | |
| 116354 | May Invoice | 5-048 | 08/13/13 | 08/13/13 | 08/13/13 | 8,100.00 | 8,100.00 | 8/13/2013 | 0.00 | |
| 116483 | | | 08/31/13 | 08/31/13 | 08/31/13 | 9,000.00 | 8,100.00 | 8/20/2013 | 900.00 | 900.00 |
| | | | | | **TOTAL | 17,100.00 | 16,200.00 | | 900.00 | 900.00 |
| 15 - Golden State Roofing Waterproo | | | | | | | | | | |
| 116361 | May Invoice-Closed | 1 | 08/13/13 | 08/13/13 | 08/13/13 | 68,449.50 | 68,449.50 | 8/13/2013 | 0.00 | |
| 116488 | | | 08/31/13 | 08/31/13 | 08/31/13 | 4,637.50 | 4,173.75 | 8/20/2013 | 463.75 | 463.75 |
| | | | | | **TOTAL | 73,087.00 | 72,623.25 | | 463.75 | 463.75 |
| 36 - Caston, Inc | | | | | | | | | | |
| 116369 | April Invoice-Closed | 11029-43013 | 08/13/13 | 08/13/13 | 08/13/13 | 9,675.00 | 9,675.00 | 8/13/2013 | 0.00 | |
| 116436 | May Invoice | 11029-43013A | 08/15/13 | 08/15/13 | 08/15/13 | 43,659.00 | 43,659.00 | 8/15/2013 | 0.00 | |
| 116458 | | | 08/20/13 | 08/20/13 | 08/20/13 | 32,733.00 | 32,733.00 | 8/20/2013 | 0.00 | |
| 116524 | | | 07/31/13 | 07/31/13 | 07/31/13 | 104,097.94 | 104,097.94 | 7/31/2013 | 0.00 | |
| 116527 | | | 07/31/13 | 07/31/13 | 07/31/13 | 8,325.68 | 8,325.68 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 198,490.62 | 198,490.62 | | 0.00 | 0.00 |
| 52 - MG Lighting & Electric, Inc. | | | | | | | | | | |
| 116523 | | | 07/31/13 | 07/31/13 | 07/31/13 | 21,000.00 | 21,000.00 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 21,000.00 | 21,000.00 | | 0.00 | 0.00 |
| 106 - Hub Construction Specialties | | | | | | | | | | |
| 115121 | | 12009185 | 02/19/13 | 02/19/13 | 02/19/13 | 0.00 | 211.09 | 6/20/2013 | -211.09 | |
| 115570 | 012293 | Y02005679 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 192.56 | 6/20/2013 | -192.56 | |
| 115571 | 012293 | Y02006421 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 148.01 | 6/20/2013 | -148.01 | |
| 115579 | 012293 | Y02007481 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 1,865.53 | 6/20/2013 | -1,865.53 | |
| 115580 | 012293 | Y02008058 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 2,458.67 | 6/20/2013 | -2,458.67 | |
| 115581 | 012293 | Y02008393 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 1,586.30 | 6/20/2013 | -1,586.30 | |
| 115586 | 012293 | Y02014825 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 8,896.45 | 6/20/2013 | -8,896.45 | |
| 115593 | 012293 | Y02011226 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 268.46 | 6/20/2013 | -268.46 | |
| 115624 | 012293 | Y03002637 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 2,356.91 | 6/20/2013 | -2,356.91 | |
| 115626 | | Y03001601 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 2,046.60 | 6/20/2013 | -2,046.60 | |
| 115738 | | Y03006940 | 05/30/13 | 05/30/13 | 05/30/13 | 0.00 | 466.63 | 6/20/2013 | -466.63 | |
| 115740 | | Y03012245 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 60.57 | 6/20/2013 | -60.57 | |
| 115789 | | Y003002627 | 05/31/13 | 05/31/13 | 05/31/13 | -9,051.16 | | | -9,051.16 | |
| 115878 | | Y04001639 | 06/30/13 | 06/30/13 | 06/30/13 | 78.31 | 78.31 | 6/20/2013 | 0.00 | |
| 115887 | | Y04001881 | 06/30/13 | 06/30/13 | 06/30/13 | 935.50 | 935.50 | 6/20/2013 | 0.00 | |

**Exhibit 1-A**

ASR Constructors Inc
A/P Full Invoice Report
6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 106 - Hub Construction Specialties | | | | | | | | | | |
| 115895 | | Y04000761 | 06/30/13 | 06/30/13 | 06/30/13 | 22.14 | 22.14 | 6/20/2013 | 0.00 | |
| 115897 | | Y04013139 | 06/30/13 | 06/30/13 | 06/30/13 | 210.60 | 210.60 | 6/20/2013 | 0.00 | |
| 115898 | | Y04013584 | 06/30/13 | 06/30/13 | 06/30/13 | 135.97 | 135.97 | 6/20/2013 | 0.00 | |
| 115899 | | Y04012437 | 06/30/13 | 06/30/13 | 06/30/13 | 364.66 | 215.35 | 6/20/2013 | 149.31 | |
| 115955 | | Y04015076 | 06/30/13 | 06/30/13 | 06/30/13 | 107.17 | 107.17 | 6/20/2013 | 0.00 | |
| 116039 | | Y04015973 | 06/30/13 | 06/30/13 | 06/30/13 | 185.11 | 100.45 | 8/20/2013 | 84.66 | |
| 116105 | | Y05004950 | 07/31/13 | 07/31/13 | 07/31/13 | 5,583.71 | | | 5,583.71 | |
| 116147 | | 012293 | 06/30/13 | 06/30/13 | 06/30/13 | 83.05 | | | 83.05 | |
| 116209 | | Y05010983 | 07/31/13 | 07/31/13 | 07/31/13 | 342.77 | | | 342.77 | |
| 116282 | | Y05019658 | 07/31/13 | 07/31/13 | 07/31/13 | 409.88 | | | 409.88 | |
| 116370 | May Invoices-Closed | | 08/08/13 | 08/08/13 | 08/08/13 | 80,813.00 | 80,813.00 | 8/8/2013 | 0.00 | |
| 116426 | | Y06007988 | 08/31/13 | 08/31/13 | 08/31/13 | 137.74 | | | 137.74 | |
| 116427 | | Y06007398 | 08/31/13 | 08/31/13 | 08/31/13 | 2,046.60 | | | 2,046.60 | |
| 116428 | | Y06007837 | 08/31/13 | 08/31/13 | 08/31/13 | 214.97 | | | 214.97 | |
| 116430 | | Y06006389 | 08/31/13 | 08/31/13 | 08/31/13 | 2,510.57 | | | 2,510.57 | |
| 116567 | | Y06012078 | 08/31/13 | 08/31/13 | 08/31/13 | 124.49 | | | 124.49 | |
| 116664 | | Y07003361 | 09/30/13 | 09/30/13 | 09/30/13 | 267.23 | | | 267.23 | |
| | | | | | **TOTAL | 85,522.31 | 103,176.27 | | -17,653.96 | 0.00 |
| 112 - Orco Block Co | | | | | | | | | | |
| 115713 | | 03948878 | 04/30/13 | 04/30/13 | 04/30/13 | -4,574.84 | | | -4,574.84 | |
| 115752 | | 03953494 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 5,554.59 | 6/20/2013 | -5,554.59 | |
| 115753 | | 03954098 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 77.76 | 6/20/2013 | -77.76 | |
| 116262 | | 03966641 | 07/31/13 | 07/31/13 | 07/31/13 | 60.68 | | | 60.68 | |
| 116285 | | 03967784 | 07/31/13 | 07/31/13 | 07/31/13 | 110.70 | | | 110.70 | |
| 116291 | | 03968422 | 07/31/13 | 07/31/13 | 07/31/13 | 177.12 | | | 177.12 | |
| 116421 | | 03970351 | 08/31/13 | 08/31/13 | 08/31/13 | 739.52 | | | 739.52 | |
| 116422 | | 03970352 | 08/31/13 | 08/31/13 | 08/31/13 | 885.60 | | | 885.60 | |
| 116429 | | 03970028 | 08/31/13 | 08/31/13 | 08/31/13 | -2,025.00 | | | -2,025.00 | |
| 116438 | | 03969427 | 08/31/13 | 08/31/13 | 08/31/13 | 369.76 | | | 369.76 | |
| 116562 | | 03971583 | 08/31/13 | 08/31/13 | 08/31/13 | 2,588.32 | | | 2,588.32 | |
| 116631 | | 03971583.1 | 08/31/13 | 08/31/13 | 08/31/13 | 2,588.32 | | | 2,588.32 | |
| | | | | | **TOTAL | 920.18 | 5,632.35 | | -4,712.17 | 0.00 |
| 128 - Peterson Hydraulics, Inc. | | | | | | | | | | |
| 107366 | CO#2 | 874-CO32 | 03/31/12 | 03/31/12 | 04/30/12 | -6,221.00 | | | -6,221.00 | -622.10 |

**Exhibit 1-A**

ASR Construction, Inc.
AP Full Invoice Report
6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 128 - Peterson Hydraulics, Inc. | | | | | | | | | | |
| 116624 | | 0000004466 | 08/01/13 | 08/01/13 | 08/01/13 | 3,451.50 | | | 3,451.50 | 345.15 |
| 116625 | | 0000004467 | 08/01/13 | 08/01/13 | 08/01/13 | 7,207.80 | | | 7,207.80 | 720.78 |
| | | | | | **TOTAL | 4,438.30 | 0.00 | | 4,438.30 | 443.83 |
| 129 - Robertsons Ready Mix | | | | | | | | | | |
| 115811 | | 8685970 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 750.06 | 6/24/2013 | -750.06 | |
| 115812 | | 8685494 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 330.48 | 6/24/2013 | -330.48 | |
| 115813 | | 8567879 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115814 | | 8567873 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115815 | | 8567883 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115816 | | 8567905 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115817 | | 8567902 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115818 | | 8567839 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115819 | | 8567842 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115820 | | 8567849 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115821 | | 8567809 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115822 | | 8567815 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115823 | | 8567823 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115824 | | 8567830 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115825 | | 8567831 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115826 | | 8567833 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115827 | | 8567832 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 702.00 | 6/24/2013 | -702.00 | |
| 115828 | | 445040 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 153.70 | 6/24/2013 | -153.70 | |
| 116152 | | 169693 | 07/31/13 | 07/31/13 | 07/31/13 | 2,911.68 | 2,911.68 | 8/29/2013 | 0.00 | |
| 116153 | | 169571 | 07/31/13 | 07/31/13 | 07/31/13 | 1,969.92 | 1,969.92 | 8/29/2013 | 0.00 | |
| 116154 | | 169079 | 07/31/13 | 07/31/13 | 07/31/13 | 3,024.00 | 3,024.00 | 8/29/2013 | 0.00 | |
| 116155 | | 168893 | 07/31/13 | 07/31/13 | 07/31/13 | 3,024.00 | 3,024.00 | 8/29/2013 | 0.00 | |
| 116156 | | 168604 | 07/31/13 | 07/31/13 | 07/31/13 | 1,814.40 | 1,814.40 | 8/29/2013 | 0.00 | |
| 116182 | 37570/928 | 0521/13 | 06/05/13 | 06/05/13 | 06/05/13 | 4,068.56 | 4,068.56 | 6/5/2013 | 0.00 | |
| 116183 | Thrust Block 8685977 | 053113 | 06/05/13 | 06/05/13 | 06/05/13 | 664.85 | 664.85 | 6/5/2013 | 0.00 | |
| 116184 | 8566500 | 061113 | 06/11/13 | 06/11/13 | 06/11/13 | 3,024.00 | 3,024.00 | 6/11/2013 | 0.00 | |
| 116186 | 8410153 | 061413 | 06/14/13 | 06/14/13 | 06/14/13 | 486.15 | 486.15 | 6/14/2013 | 0.00 | |
| 116187 | 8556701 | 061913 | 06/19/13 | 06/19/13 | 06/19/13 | 1,041.12 | 1,041.12 | 6/19/2013 | 0.00 | |
| 116188 | COD charge | 062113 | 06/21/13 | 06/21/13 | 06/21/13 | 3,628.80 | 3,628.80 | 6/21/2013 | 0.00 | |
| 116232 | | 174815 | 07/31/13 | 07/31/13 | 07/31/13 | 1,814.40 | 1,814.40 | 8/29/2013 | 0.00 | |
| 116382 | | 166061 | 08/31/13 | 08/31/13 | 09/30/13 | 1,814.40 | 1,814.40 | 8/29/2013 | 0.00 | |

**Exhibit 1-A**

ASR Constructors, Inc
A/P Full Invoice Report
6/1/2013 To 9/30/2013

*Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 129 - Robertsons Ready Mix | | | | | | | | | | |
| 116383 | | 163890 | 08/31/13 | 08/31/13 | 08/31/13 | 1,814.40 | 1,814.40 | 8/29/2013 | 0.00 | |
| 116384 | | 164817 | 08/31/13 | 08/31/13 | 08/31/13 | 1,814.40 | 1,814.40 | 8/29/2013 | 0.00 | |
| 116385 | | 165337 | 08/31/13 | 08/31/13 | 08/31/13 | 1,814.40 | 1,209.60 | 8/29/2013 | 604.80 | |
| 116386 | | 167107 | 08/31/13 | 08/31/13 | 08/31/13 | 1,814.40 | | 8/21/2013 | 1,814.40 | |
| 116389 | | 171470 | 08/31/13 | 08/31/13 | 08/31/13 | 1,209.60 | 1,209.60 | 8/29/2013 | 0.00 | |
| 116390 | | 172188 | 08/31/13 | 08/31/13 | 08/31/13 | 1,209.60 | 1,209.60 | 8/29/2013 | 0.00 | |
| 116392 | | 179028 | 08/31/13 | 08/31/13 | 08/31/13 | 253.80 | 253.80 | 8/29/2013 | 0.00 | |
| 116393 | | 179029 | 08/31/13 | 08/31/13 | 08/31/13 | 254.88 | 254.88 | 8/29/2013 | 0.00 | |
| 116394 | | 175617 | 08/31/13 | 08/31/13 | 08/31/13 | 1,645.92 | 1,645.92 | 8/29/2013 | 0.00 | |
| 116395 | | 178235 | 08/31/13 | 08/31/13 | 08/31/13 | 246.11 | 246.11 | 8/29/2013 | 0.00 | |
| 116396 | | 176414 | 08/31/13 | 08/31/13 | 08/31/13 | 604.80 | 604.80 | 8/29/2013 | 0.00 | |
| 116397 | | 176765 | 08/31/13 | 08/31/13 | 08/31/13 | 1,645.92 | 1,645.92 | 8/29/2013 | 0.00 | |
| 116398 | | 179185 | 08/31/13 | 08/31/13 | 08/31/13 | 1,645.92 | 1,645.92 | 8/29/2013 | 0.00 | |
| 116399 | | 183284 | 08/31/13 | 08/31/13 | 08/31/13 | 238.68 | 238.68 | 8/29/2013 | 0.00 | |
| 116400 | | 180086 | 08/31/13 | 08/31/13 | 08/31/13 | 3,235.68 | 3,235.68 | 8/29/2013 | 0.00 | |
| 116401 | | 180601 | 08/31/13 | 08/31/13 | 08/31/13 | 1,814.40 | 1,814.40 | 8/29/2013 | 0.00 | |
| 116402 | | 181086 | 08/31/13 | 08/31/13 | 08/31/13 | 2,026.08 | 2,026.08 | 8/29/2013 | 0.00 | |
| 116403 | | 182787 | 08/31/13 | 08/31/13 | 08/31/13 | 1,814.40 | 1,814.40 | 8/29/2013 | 0.00 | |
| 116404 | | 187297 | 08/31/13 | 08/31/13 | 08/31/13 | 3,425.76 | | | 3,425.76 | |
| 116405 | | 187895 | 08/31/13 | 08/31/13 | 08/31/13 | 3,628.80 | | | 3,628.80 | |
| 116406 | | 185380 | 08/31/13 | 08/31/13 | 08/31/13 | 2,490.48 | | | 2,490.48 | |
| 116407 | | 185772 | 08/31/13 | 08/31/13 | 08/31/13 | 838.08 | | | 838.08 | |
| 116408 | | 187298 | 08/31/13 | 08/31/13 | 08/31/13 | 210.60 | | | 210.60 | |
| 116409 | | 188336 | 08/31/13 | 08/31/13 | 08/31/13 | 275.53 | | | 275.53 | |
| 116410 | | 188891 | 08/31/13 | 08/31/13 | 08/31/13 | 477.36 | | | 477.36 | |
| 116669 | | 207299 | 09/30/13 | 09/30/13 | 09/30/13 | 1,814.40 | | | 1,814.40 | |
| 116837 | | 210933 | 09/30/13 | 09/30/13 | 09/30/13 | 1,209.60 | | | 1,209.60 | |
| | | | | | **TOTAL | 68,760.28 | 63,734.71 | | 5,025.57 | 0.00 |
| 133 - Trilogy Contractors, Inc | | | | | | | | | | |
| 115698 | | | 06/12/13 | 06/12/13 | 06/12/13 | 64.90 | | | 64.90 | |
| | | | | | **TOTAL | 64.90 | 0.00 | | 64.90 | 0.00 |
| 174 - Scoutlite Corporation | | | | | | | | | | |
| 114499 | CO#1 | 887-CO#1 | 01/24/13 | 01/24/13 | 02/23/13 | 1,404.40 | | | 1,404.40 | 140.44 |

**Exhibit 1-A**

ASR Constructors Inc

AP Full Invoice Report

6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 174 - Scoutlite Corporation | | | | | | | | | | |
| 116619 | | 12-57 | 08/01/13 | 08/01/13 | 08/01/13 | 4,950.00 | | | 4,950.00 | 495.00 |
| | | | | | **TOTAL | 6,354.40 | 0.00 | | 6,354.40 | 635.44 |
| 177 - TS Steel Inc | | | | | | | | | | |
| 95782 | Thru 8/31/11 | 904-83111 | 08/31/11 | 08/31/11 | 09/30/11 | 0.00 | 2,100.00 | 6/7/2013 | -2,100.00 | |
| 107385 | Thru 3/31/12 | 816-33112 | 03/31/12 | 03/31/12 | 04/30/12 | 0.00 | 4,671.00 | 6/7/2013 | -4,671.00 | |
| 111780 | CO#1 | 811-CO#1 | 03/07/11 | 08/29/12 | 04/06/11 | 0.00 | 756.90 | 6/7/2013 | -756.90 | |
| 114315 | Thru 11/30/12 | 924-113012 | 11/30/12 | 11/30/12 | 12/30/12 | 0.00 | 26.79 | 6/7/2013 | -26.79 | |
| 115048 | Thru 2/28/13 | 928-22813 | 02/28/13 | 02/28/13 | 03/30/13 | 0.00 | 1,648.16 | 6/7/2013 | -1,648.16 | -1,048.83 |
| 115050 | Thru 2/28/13 | 924-22813 | 02/28/13 | 02/28/13 | 03/30/13 | 0.00 | 839.50 | 6/20/2013 | -839.50 | |
| | | | | | **TOTAL | 0.00 | 10,042.35 | | -10,042.35 | -1,048.83 |
| 178 - O.H.E. Painting | | | | | | | | | | |
| 114668 | Thru 1/31/13 | 876-13113 | 01/31/13 | 01/31/13 | 03/02/13 | -12,250.00 | | | -12,250.00 | -1,225.00 |
| 114688 | CO#1 | 876-CO#1 | 01/31/13 | 01/31/13 | 03/02/13 | -1,274.86 | | | -1,274.86 | -127.49 |
| 115061 | Thru 2/28/13 | 876-22813 | 02/28/13 | 02/28/13 | 03/30/13 | -18,375.00 | | | -18,375.00 | -1,837.50 |
| | | | | | **TOTAL | -31,899.86 | 0.00 | | -31,899.86 | -3,189.99 |
| 195 - Hamilton Ceiling Systems | | | | | | | | | | |
| 114666 | Thru 1/31/13 | 876-13113 | 01/31/13 | 01/31/13 | 03/02/13 | -18,050.00 | | | -18,050.00 | -1,805.00 |
| 115060 | Thru 2/28/13 | 876-22813 | 02/28/13 | 02/28/13 | 03/30/13 | -8,750.00 | | | -8,750.00 | -875.00 |
| 116513 | | | 07/31/13 | 07/31/13 | 07/31/13 | 24,120.00 | 24,120.00 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | -2,680.00 | 24,120.00 | | -26,800.00 | -2,680.00 |
| 207 - Ironsmith Inc. | | | | | | | | | | |
| 116452 | | | 07/31/13 | 07/31/13 | 07/31/13 | 26,456.80 | 26,456.80 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 26,456.80 | 26,456.80 | | 0.00 | 0.00 |
| 219 - ThyssenKrupp Elevator | | | | | | | | | | |
| 116835 | | 1041130688 | 09/30/13 | 09/30/13 | 09/30/13 | 44,673.75 | | | 44,673.75 | 4,467.38 |
| | | | | | **TOTAL | 44,673.75 | 0.00 | | 44,673.75 | 4,467.38 |
| 223 - M2 Fencing | | | | | | | | | | |
| 91554 | Thru 6/30/11 | 735-63011 | 06/30/11 | 06/30/11 | 07/30/11 | 0.00 | 20,000.00 | 8/9/2013 | -20,000.00 | |
| 93919 | Thru 7/31/11 | 735-73111 | 07/31/11 | 07/31/11 | 08/30/11 | 0.00 | 5,000.00 | 8/2/2013 | -5,000.00 | |
| 110641 | CO#4 | 788-CO#4 | 07/18/12 | 07/18/12 | 08/17/12 | 0.00 | 5,000.00 | 9/9/2013 | -5,000.00 | |
| | | | | | **TOTAL | 0.00 | 30,000.00 | | -30,000.00 | 0.00 |

**Exhibit 1-A**

DSR Construction, Inc

AP Full Invoice Report

6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 237 - Mission Reprographics | | | | | | | | | | |
| 114818 | | 203924 | 02/04/13 | 02/04/13 | 03/06/13 | 0.00 | 73.44 | 6/20/2013 | -73.44 | |
| 115129 | | 204665 | 02/22/13 | 02/22/13 | 03/24/13 | -39.20 | | | -39.20 | |
| 115132 | | 203967 | 02/12/13 | 02/12/13 | 03/14/13 | 0.00 | 182.11 | 6/20/2013 | -182.11 | |
| 115133 | | 203068 | 02/11/13 | 02/11/13 | 03/13/13 | 0.00 | 331.67 | 6/20/2013 | -331.67 | |
| 115401 | | 203074 | 03/28/13 | 03/28/13 | 04/27/13 | 0.00 | 16.20 | 6/20/2013 | -16.20 | |
| 115402 | | 203071 | 03/21/13 | 03/21/13 | 04/20/13 | 0.00 | 250.78 | 6/20/2013 | -250.78 | |
| 115403 | | 205714 | 03/25/13 | 03/25/13 | 04/24/13 | 0.00 | 110.59 | 6/20/2013 | -110.59 | |
| 115404 | | 203069 | 03/18/13 | 03/18/13 | 04/17/13 | 0.00 | 54.00 | 6/20/2013 | -54.00 | |
| 115405 | | 205198 | 03/19/13 | 03/19/13 | 04/18/13 | 0.00 | 34.02 | 6/20/2013 | -34.02 | |
| 115406 | | 203070 | 03/18/13 | 03/18/13 | 04/17/13 | 0.00 | 178.68 | 6/20/2013 | -178.68 | |
| | | | | | **TOTAL | -39.20 | 1,231.49 | | -1,270.69 | 0.00 |
| 256 - American Fence Company, Inc. | | | | | | | | | | |
| 114774 | | 1687239 | 01/16/13 | 01/16/13 | 02/15/13 | -357.00 | | | -357.00 | |
| 115379 | | 1695927 | 03/15/13 | 03/15/13 | 04/14/13 | -357.00 | | | -357.00 | |
| | | | | | **TOTAL | -714.00 | 0.00 | | -714.00 | 0.00 |
| 263 - White Cap | | | | | | | | | | |
| 115750 | | 50000187946 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 721.98 | 8/8/2013 | -721.98 | |
| 116440 | | 10000231880 | 08/31/13 | 08/31/13 | 08/31/13 | 70.91 | | | 70.91 | |
| | | | | | **TOTAL | 70.91 | 721.98 | | -651.07 | 0.00 |
| 271 - Valencia Sheet Metal, Inc. | | | | | | | | | | |
| 115059 | Thru 2/28/13 | 876-22813 | 02/28/13 | 02/28/13 | 03/30/13 | -66,098.40 | | | -66,098.40 | -6,609.84 |
| | | | | | **TOTAL | -66,098.40 | 0.00 | | -66,098.40 | -6,609.84 |
| 288 - Verizon | | | | | | | | | | |
| 115851 | | | 06/27/13 | 06/27/13 | 06/27/13 | 522.77 | 522.77 | 6/28/2013 | 0.00 | |
| 116031 | | 062813 | 06/30/13 | 06/30/13 | 06/30/13 | 263.32 | | | 263.32 | |
| 116796 | | | 09/30/13 | 09/30/13 | 09/30/13 | 1,260.44 | | | 1,260.44 | |
| | | | | | **TOTAL | 2,046.53 | 522.77 | | 1,523.76 | 0.00 |
| 292 - Petes Road Service Inc | | | | | | | | | | |
| 116557 | | | 08/31/13 | 08/31/13 | 08/31/13 | 1,430.24 | | | 1,430.24 | |
| 116558 | | | 08/31/13 | 08/31/13 | 08/31/13 | 342.95 | | | 342.95 | |
| | | | | | **TOTAL | 1,773.19 | 0.00 | | 1,773.19 | 0.00 |

**Exhibit 1-A**

ASR Constructors Inc

AP Full Invoice Report

6/1/2013 To 9/30/2013

*Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 301 - Southern California Edison | | | | | | | | | | |
| 115681 | | | 06/06/13 | 06/06/13 | 06/06/13 | 60.31 | 60.31 | 6/6/2013 | 0.00 | |
| 115902 | | | 06/27/13 | 06/27/13 | 06/27/13 | 2,251.25 | 2,251.25 | 6/28/2013 | 0.00 | |
| 116036 | | | 07/31/13 | 07/31/13 | 07/31/13 | 1.71 | 1.71 | 7/19/2013 | 0.00 | |
| 116203 | | | 07/31/13 | 07/31/13 | 07/31/13 | 2,997.55 | 2,997.55 | 8/2/2013 | 0.00 | |
| 116378 | | | 08/21/13 | 08/21/13 | 08/21/13 | 1.90 | 1.90 | 8/21/2013 | 0.00 | |
| 116445 | | | 08/31/13 | 08/31/13 | 08/31/13 | 2,932.59 | 2,932.59 | 9/13/2013 | 0.00 | |
| 116498 | 3-035-9424-64 | | 08/31/13 | 08/31/13 | 08/31/13 | 8.36 | 8.36 | 9/13/2013 | 0.00 | |
| | | | | | **TOTAL | 8,253.67 | 8,253.67 | | 0.00 | 0.00 |
| 303 - Shell | | | | | | | | | | |
| 115854 | | | 06/27/13 | 06/27/13 | 06/27/13 | 8,451.03 | 8,451.03 | 6/28/2013 | 0.00 | |
| 116239 | | 06/28/30 | 06/30/13 | 06/30/13 | 06/30/13 | 5,127.56 | 5,127.56 | 8/2/2013 | 0.00 | |
| 116380 | | | 08/21/13 | 08/21/13 | 08/02/13 | 8,107.48 | 8,107.48 | 8/21/2013 | 0.00 | |
| 116683 | | 300656187308 | 08/31/13 | 08/31/13 | 08/31/13 | 627.80 | | | 627.80 | |
| 116684 | | | 08/31/13 | 08/31/13 | 08/31/13 | 1,507.67 | | | 1,507.67 | |
| 116685 | | | 08/31/13 | 08/31/13 | 08/31/13 | 1,034.48 | | | 1,034.48 | |
| 116686 | | | 08/31/13 | 08/31/13 | 08/31/13 | 200.00 | | | 200.00 | |
| 116687 | | | 08/31/13 | 08/31/13 | 08/31/13 | 632.30 | | | 632.30 | |
| 116688 | | | 08/31/13 | 08/31/13 | 08/31/13 | 1,041.37 | | | 1,041.37 | |
| 116689 | | | 08/31/13 | 08/31/13 | 08/31/13 | 616.77 | | | 616.77 | |
| 116690 | | | 08/31/13 | 08/31/13 | 08/31/13 | 811.56 | | | 811.56 | |
| 116692 | | | 08/31/13 | 08/31/13 | 08/31/13 | 230.00 | | | 230.00 | |
| | | | | | **TOTAL | 28,388.02 | 21,686.07 | | 6,701.95 | 0.00 |
| 308 - Construction Hardware Co | | | | | | | | | | |
| 107217 | | 208980 | 11/30/11 | 01/01/12 | 12/30/11 | -13,524.10 | | | -13,524.10 | |
| 116485 | | rev-7536 | 08/31/13 | 08/31/13 | 09/30/13 | 1,100.00 | 990.00 | 8/13/2013 | 110.00 | |
| 116707 | | | 08/01/13 | 08/01/13 | 08/01/13 | 18,821.70 | | | 18,821.70 | |
| | | | | | **TOTAL | 6,397.60 | 990.00 | | 5,407.60 | 0.00 |
| 310 - Chevron | | | | | | | | | | |
| 115673 | | | 06/04/13 | 06/04/13 | 06/04/13 | 3,254.31 | 3,254.31 | 6/4/2013 | 0.00 | |
| 115984 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 163.39 | 7/8/2013 | -163.39 | |
| 115985 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 199.09 | 7/8/2013 | -199.09 | |
| 115986 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 1,612.26 | 7/8/2013 | -1,612.26 | |
| 115987 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 566.39 | 7/8/2013 | -566.39 | |
| 115988 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 521.01 | 7/8/2013 | -521.01 | |

**Exhibit 1-A**

DSR Construction Inc
A/P Full Invoice Report
6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 310 - Chevron | | | | | | | | | | |
| 115989 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 73.87 | 7/8/2013 | -73.87 | |
| 115990 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 5.00 | 7/8/2013 | -5.00 | |
| 116693 | | | 09/13/13 | 09/13/13 | 09/13/13 | 1,712.01 | 1,712.01 | 9/13/2013 | 0.00 | |
| 116694 | | | 09/02/13 | 09/02/13 | 09/02/13 | 2,017.12 | 2,017.12 | 9/2/2013 | 0.00 | |
| | | | | | **TOTAL | 6,983.44 | 10,124.45 | | -3,141.01 | 0.00 |
| 311 - SprintNextel | | | | | | | | | | |
| 115806 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 99.88 | 6/28/2013 | -99.88 | |
| | | | | | **TOTAL | 0.00 | 99.88 | | -99.88 | 0.00 |
| 319 - American Express | | | | | | | | | | |
| 116554 | | | 08/31/13 | 08/31/13 | 08/31/13 | 395.00 | | | 395.00 | |
| | | | | | **TOTAL | 395.00 | 0.00 | | 395.00 | 0.00 |
| 325 - AT T | | | | | | | | | | |
| 115777 | | 77965879531 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 550.73 | 6/20/2013 | -550.73 | |
| 115778 | | 77911764852 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 284.89 | 6/20/2013 | -284.89 | |
| | | | | | **TOTAL | 0.00 | 835.62 | | -835.62 | 0.00 |
| 334 - Southwest Carpenters Trust | | | | | | | | | | |
| 115831 | | | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 27,487.74 | 6/25/2013 | -27,487.74 | |
| 115980 | | | 05/25/13 | 05/25/13 | 05/25/13 | 0.00 | 43,186.26 | 6/12/2013 | -43,186.26 | |
| 115981 | | | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 39,603.76 | 6/12/2013 | -39,603.76 | |
| 116189 | | | 07/25/13 | 07/25/13 | 07/25/13 | 29,247.78 | 29,247.78 | 7/25/2013 | 0.00 | |
| 116193 | Union Audit | | 06/26/13 | 06/26/13 | 06/26/13 | 1,626.56 | 1,626.56 | 6/26/2013 | 0.00 | |
| 116298 | | | 07/09/13 | 07/09/13 | 07/09/13 | 19,406.64 | 19,406.64 | 7/9/2013 | 0.00 | |
| 116580 | July-2013 | | 07/31/13 | 07/31/13 | 07/31/13 | 36,670.58 | | | 36,670.58 | |
| 116581 | Aug-2013 | | 08/31/13 | 08/31/13 | 08/31/13 | 21,390.74 | | | 21,390.74 | |
| | | | | | **TOTAL | 108,342.30 | 160,558.74 | | -52,216.44 | 0.00 |
| 342 - Pupping Antonius | | | | | | | | | | |
| 115680 | | | 06/06/13 | 06/06/13 | 06/06/13 | 236.81 | 236.81 | 6/6/2013 | 0.00 | |
| 115793 | | | 06/20/13 | 06/20/13 | 06/20/13 | 361.99 | 361.99 | 6/20/2013 | 0.00 | |
| 115911 | | | 06/28/13 | 06/28/13 | 06/28/13 | 116.80 | 116.80 | 6/28/2013 | 0.00 | |
| 116196 | | | 07/26/13 | 07/26/13 | 07/26/13 | 193.46 | 193.46 | 7/26/2013 | 0.00 | |
| 116233 | | | 07/30/13 | 07/30/13 | 07/30/13 | 194.82 | 194.82 | 7/30/2013 | 0.00 | |
| 116376 | | | 08/21/13 | 08/21/13 | 08/21/13 | 198.94 | 198.94 | 8/21/2013 | 0.00 | |

**Exhibit 1-A**

ASR Construction, Inc
AP Full Invoice Report
6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 342 - Pupping Antonius | | | | | | | | | | |
| 116480 | | | 08/30/13 | 08/30/13 | 08/30/13 | 283.91 | 283.91 | 8/30/2013 | 0.00 | |
| | | | | | **TOTAL | 1,586.73 | 1,586.73 | | 0.00 | 0.00 |
| 353 - Legend Theatrical | | | | | | | | | | |
| 115062 | Thru 2/28/13 | 876-22813 | 02/28/13 | 02/28/13 | 03/30/13 | -9,000.00 | | | -9,000.00 | -900.00 |
| 115070 | CO#4 | 876-CO # 4, | 02/28/13 | 02/28/13 | 03/30/13 | -8,476.00 | | | -8,476.00 | -847.60 |
| 115073 | CO#5 | 876-CO#5.... | 02/28/13 | 02/28/13 | 03/30/13 | -8,259.53 | | | -8,259.53 | -825.95 |
| 116528 | | | 07/31/13 | 07/31/13 | 07/31/13 | 23,161.99 | 23,161.99 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | -2,573.54 | 23,161.99 | | -25,735.53 | -2,573.55 |
| 360 - Certified Door, Inc. | | | | | | | | | | |
| 116345 | | 080211189 | 08/31/13 | 08/31/13 | 08/31/13 | 5,265.00 | | | 5,265.00 | 526.50 |
| | | | | | **TOTAL | 5,265.00 | 0.00 | | 5,265.00 | 526.50 |
| 363 - Spankys Portable Services | | | | | | | | | | |
| 115424 | | 576496 | 03/04/13 | 03/04/13 | 04/03/13 | -438.80 | | | -438.80 | |
| 115574 | | 576760 | 04/30/13 | 04/30/13 | 04/30/13 | -21.60 | | | -21.60 | |
| 115575 | | 576759 | 04/30/13 | 04/30/13 | 04/30/13 | -64.80 | | | -64.80 | |
| | | | | | **TOTAL | -525.20 | 0.00 | | -525.20 | 0.00 |
| 377 - Gamma Construction Services, I | | | | | | | | | | |
| 112509 | CO#2 @ 50% | 876-CO#2 | 08/31/12 | 08/31/12 | 09/30/12 | 611.93 | | | 611.93 | 61.19 |
| 113357 | CO#3 part SI-198 | 876-CO#3, | 10/31/12 | 10/31/12 | 11/30/12 | -1,135.32 | | | -1,135.32 | -113.53 |
| 114342 | CO#6 | 876-CO#6.. | 11/30/12 | 11/30/12 | 12/30/12 | -590.20 | | | -590.20 | -59.02 |
| 114428 | CO#1 | 876-CO#1,. | 12/31/12 | 12/31/12 | 01/30/13 | -1,256.26 | | | -1,256.26 | -125.63 |
| 115153 | cO#8 | 876-CO#8 | 03/19/13 | 03/19/13 | 04/18/13 | 24,829.00 | | | 24,829.00 | 2,482.90 |
| 115218 | CO#9 bckchrg repairs by Casto | 876-CO#9 | 03/28/13 | 03/28/13 | 04/27/13 | 12,577.08 | | | 12,577.08 | 1,257.71 |
| | | | | | **TOTAL | 35,036.23 | 0.00 | | 35,036.23 | 3,503.62 |
| 378 - Saddleback Construction Spec | | | | | | | | | | |
| 114669 | Thru 1/31//13 | 876-13113 | 01/31/13 | 01/31/13 | 03/02/13 | -13,765.50 | | | -13,765.50 | -1,376.55 |
| | | | | | **TOTAL | -13,765.50 | 0.00 | | -13,765.50 | -1,376.55 |
| 385 - Vector Resources Enterprise | | | | | | | | | | |
| 115068 | Thru 2/28/13 | 876-22813 | 02/28/13 | 02/28/13 | 03/30/13 | -13,278.91 | | | -13,278.91 | -1,327.89 |
| 116667 | | 52164 | 08/31/13 | 08/31/13 | 09/30/13 | 22,757.98 | | | 22,757.98 | 2,275.80 |
| | | | | | **TOTAL | 9,479.07 | 0.00 | | 9,479.07 | 947.91 |

**Exhibit 1-A**

**AP Full Invoice Report**

**6/1/2013 To 9/30/2013**

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 389 - Alcorn Aire, Inc. | | | | | | | | | | |
| 114679 | Thru 1/31/13 | 876-13113 | 01/31/13 | 01/31/13 | 03/02/13 | -9,794.40 | | | -9,794.40 | -979.44 |
| 115067 | Thru 2/28/13 | 876-22813 | 02/28/13 | 02/28/13 | 03/30/13 | -12,243.00 | | | -12,243.00 | -1,224.30 |
| 116356 | April Invoice | 47441 | 08/13/13 | 08/13/13 | 08/13/13 | 24,474.06 | 24,474.06 | 8/13/2013 | 0.00 | |
| 116359 | May Invoice | 47440 | 08/13/13 | 08/13/13 | 08/13/13 | 21,168.00 | 21,168.00 | 8/13/2013 | 0.00 | |
| 116511 | | | 07/31/13 | 07/31/13 | 07/31/13 | 19,833.11 | 19,833.11 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 43,437.77 | 65,475.17 | | -22,037.40 | -2,203.74 |
| 405 - Stanley Security Systems | | | | | | | | | | |
| 114421 | CO#9 | 876-CO#9 | 12/31/12 | 12/31/12 | 01/30/13 | -2,119.00 | | | -2,119.00 | -211.90 |
| 115069 | Thru 2/28/13 | 876-22813 | 02/28/13 | 02/28/13 | 03/30/13 | -13,276.06 | | | -13,276.06 | -1,327.61 |
| | | | | | **TOTAL | -15,395.06 | 0.00 | | -15,395.06 | -1,539.51 |
| 414 - Collective Contracting | | | | | | | | | | |
| 116564 | | | 07/31/13 | 07/31/13 | 07/31/13 | 3,200.00 | 3,200.00 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 3,200.00 | 3,200.00 | | 0.00 | 0.00 |
| 416 - GMP Plumbing, Inc. | | | | | | | | | | |
| 116084 | | 062113 | 06/21/13 | 06/21/13 | 06/21/13 | 7,377.75 | 7,377.75 | 6/21/2013 | 0.00 | |
| 116351 | May invoice - closed month | 15 | 08/13/13 | 08/13/13 | 08/13/13 | 2,459.25 | 2,459.25 | 8/13/2013 | 0.00 | |
| | | | | | **TOTAL | 9,837.00 | 9,837.00 | | 0.00 | 0.00 |
| 431 - California Facility Specialtie | | | | | | | | | | |
| 116456 | | | 08/20/13 | 08/20/13 | 08/20/13 | 11,600.00 | | 8/30/2013 | 11,600.00 | 1,160.00 |
| 116457 | | | 08/20/13 | 08/20/13 | 08/20/13 | 10,440.00 | 10,440.00 | 8/20/2013 | 0.00 | |
| | | | | | **TOTAL | 22,040.00 | 10,440.00 | | 11,600.00 | 1,160.00 |
| 439 - Patton Sales Corp | | | | | | | | | | |
| 115195 | Quote # Q98048 | 32513 | 03/25/13 | 03/25/13 | 04/24/13 | -2,254.40 | | | -2,254.40 | |
| 115231 | | 32813 | 03/28/13 | 03/28/13 | 04/27/13 | -98.10 | | | -98.10 | |
| | | | | | **TOTAL | -2,352.50 | 0.00 | | -2,352.50 | 0.00 |
| 447 - Hilti Inc | | | | | | | | | | |
| 116670 | | 4603027945 | 08/31/13 | 08/31/13 | 08/31/13 | 118.91 | | | 118.91 | |
| | | | | | **TOTAL | 118.91 | 0.00 | | 118.91 | 0.00 |
| 474 - Squires Lumber Co Inc | | | | | | | | | | |
| 115141 | | X79256 | 02/21/13 | 02/21/13 | 03/23/13 | -1,349.89 | | | -1,349.89 | |
| 115142 | | G79256 | 02/18/13 | 02/18/13 | 03/20/13 | -6,966.32 | | | -6,966.32 | |

**Exhibit 1-A**

A/P Full Invoice Report

6/1/2013 To 9/30/2013

*Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 474 - Squires Lumber Co Inc | | | | | | | | | | |
| 116049 | | | 06/30/13 | 06/30/13 | 06/30/13 | 3,162.75 | 3,162.75 | 6/17/2013 | 0.00 | |
| | | | | | **TOTAL | -5,153.46 | 3,162.75 | | -8,316.21 | 0.00 |
| 480 - DMV | | | | | | | | | | |
| 116161 | | 1BZ3400.2 | 07/19/13 | 07/19/13 | 07/19/13 | 90.00 | 90.00 | 7/19/2013 | 0.00 | |
| 116655 | 1LH1728 | | 08/31/13 | 08/31/13 | 08/31/13 | 168.00 | 168.00 | 9/13/2013 | 0.00 | |
| 116662 | 1BZ3400 | | 08/31/13 | 08/31/13 | 08/31/13 | 22.00 | 22.00 | 9/13/2013 | 0.00 | |
| | | | | | **TOTAL | 280.00 | 280.00 | | 0.00 | 0.00 |
| 496 - FedEx | | | | | | | | | | |
| 115617 | 246561079 | 226891615 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 162.95 | 6/20/2013 | -162.95 | |
| 115845 | | 2-305-53177 | 06/30/13 | 06/30/13 | 06/30/13 | 201.31 | 201.31 | 6/28/2013 | 0.00 | |
| 116331 | | 2-364-24843 | 08/31/13 | 08/31/13 | 08/31/13 | 101.90 | | | 101.90 | |
| 116649 | | 233494788 | 09/30/13 | 09/30/13 | 09/30/13 | 65.62 | 65.62 | 9/13/2013 | 0.00 | |
| 116794 | | | 09/30/13 | 09/30/13 | 09/30/13 | 32.66 | | | 32.66 | |
| | | | | | **TOTAL | 401.49 | 429.88 | | -28.39 | 0.00 |
| 514 - John D. Mannerino | | | | | | | | | | |
| 115802 | | | 06/01/13 | 06/01/13 | 06/01/13 | 4,659.21 | 4,659.21 | 6/20/2013 | 0.00 | |
| 116194 | | | 07/25/13 | 07/25/13 | 07/25/13 | 4,617.00 | 4,617.00 | 7/25/2013 | 0.00 | |
| 116432 | | | 08/22/13 | 08/22/13 | 08/22/13 | 4,645.63 | 4,645.63 | 8/22/2013 | 0.00 | |
| | | | | | **TOTAL | 13,921.84 | 13,921.84 | | 0.00 | 0.00 |
| 584 - Imperial Sprinkler Supply Inc | | | | | | | | | | |
| 116280 | | 1766690-00 | 07/31/13 | 07/31/13 | 07/31/13 | 1,125.36 | | | 1,125.36 | |
| | | | | | **TOTAL | 1,125.36 | 0.00 | | 1,125.36 | 0.00 |
| 600 - Wausau Tile | | | | | | | | | | |
| 115733 | | | 05/22/13 | 05/22/13 | 05/22/13 | -1,320.86 | | | -1,320.86 | |
| | | | | | **TOTAL | -1,320.86 | 0.00 | | -1,320.86 | 0.00 |
| 608 - CitiBusiness Card | | | | | | | | | | |
| 115997 | | | 06/30/13 | 06/30/13 | 06/30/13 | 4,112.06 | 4,112.06 | 7/9/2013 | 0.00 | |
| 116125 | | | 07/31/13 | 07/31/13 | 07/31/13 | 1,959.73 | 1,959.73 | 7/19/2013 | 0.00 | |
| 116373 | | | 08/21/13 | 08/21/13 | 08/21/13 | 917.09 | 917.09 | 8/21/2013 | 0.00 | |
| 116834 | | | 08/31/13 | 08/31/13 | 08/31/13 | 5,387.72 | | | 5,387.72 | |
| | | | | | **TOTAL | 12,376.60 | 6,988.88 | | 5,387.72 | 0.00 |

**Exhibit 1-A**

AGR Construction, Inc

A/P Full Invoice Report

6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 610 - Cabinet Connection | | | | | | | | | | |
| 114662 | Thru 1/31/13 | 876-13113 | 01/31/13 | 01/31/13 | 03/02/13 | -21,362.90 | | | -21,362.90 | -2,136.29 |
| 114674 | CO#1 | 876-CO#1 | 01/31/13 | 01/31/13 | 03/02/13 | -3,072.50 | | | -3,072.50 | -307.25 |
| 114678 | CO#2 | 876-CO#2 | 01/31/13 | 01/31/13 | 03/02/13 | 300.00 | | | 300.00 | 30.00 |
| 114681 | CO#5 | 876-CO#5 | 01/31/13 | 01/31/13 | 03/02/13 | -565.26 | | | -565.26 | -56.53 |
| 114685 | CO#4 | 876-CO#4 | 01/31/13 | 01/31/13 | 03/02/13 | -8,113.55 | | | -8,113.55 | -811.36 |
| 115066 | CO#3 | 876-CO#3 | 02/28/13 | 02/28/13 | 03/30/13 | 525.00 | | | 525.00 | 52.50 |
| 116514 | | | 07/31/13 | 07/31/13 | 07/31/13 | 29,060.28 | 29,060.28 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | -3,228.93 | 29,060.28 | | -32,289.21 | -3,228.93 |
| 645 - Apple Valley Communications | | | | | | | | | | |
| 114673 | Thru 1/31//13 | 876-13113 | 01/31/13 | 01/31/13 | 03/02/13 | -10,137.50 | | | -10,137.50 | -1,013.75 |
| 115064 | Thru 2/28/13 | 876-22813 | 02/28/13 | 02/28/13 | 03/30/13 | -25,343.75 | | | -25,343.75 | -2,534.38 |
| 116519 | | | 07/31/13 | 07/31/13 | 07/31/13 | 31,933.12 | 31,933.12 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | -3,548.13 | 31,933.12 | | -35,481.25 | -3,548.13 |
| 654 - NAPA | | | | | | | | | | |
| 115972 | | | 07/02/13 | 07/02/13 | 07/02/13 | 140.58 | 140.58 | 7/2/2013 | 0.00 | |
| 116000 | | | 07/09/13 | 07/09/13 | 07/09/13 | 358.49 | 358.49 | 7/9/2013 | 0.00 | |
| | | | | | **TOTAL | 499.07 | 499.07 | | 0.00 | 0.00 |
| 704 - Soil and Plant Laboratory Inc | | | | | | | | | | |
| 115754 | | 041698 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 609.85 | 8/8/2013 | -609.85 | |
| 116099 | | 042644 | 06/30/13 | 06/30/13 | 06/30/13 | 221.70 | 221.70 | 8/20/2013 | 0.00 | |
| | | | | | **TOTAL | 221.70 | 831.55 | | -609.85 | 0.00 |
| 723 - AG Sod Farms, Inc. | | | | | | | | | | |
| 111997 | | 1237896 | 08/08/12 | 08/08/12 | 09/07/12 | -666.86 | | | -666.86 | |
| | | | | | **TOTAL | -666.86 | 0.00 | | -666.86 | 0.00 |
| 739 - Arrowhead Mtn Spring Water | | | | | | | | | | |
| 115770 | #DOWNSTAIRS | E0026942722 | 05/31/13 | 05/31/13 | 06/30/13 | 0.00 | 108.39 | 6/20/2013 | -108.39 | |
| 115771 | | E0023320385 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 106.87 | 6/20/2013 | -106.87 | |
| 115964 | | ;F0026942722 | 06/30/13 | 06/30/13 | 06/30/13 | 117.18 | 117.18 | 7/17/2013 | 0.00 | |
| 115965 | | ;F0023320385 | 06/30/13 | 06/30/13 | 06/30/13 | 88.14 | 88.14 | 7/17/2013 | 0.00 | |
| 116252 | | G0023320385 | 07/31/13 | 07/31/13 | 07/31/13 | 14.63 | 14.63 | 8/21/2013 | 0.00 | |
| 116493 | | ;H0026942722 | 08/31/13 | 08/31/13 | 08/31/13 | -89.81 | | | -89.81 | |

# Exhibit 1-A

ASR Constructors, Inc
AP Full Invoice Report
6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 739 - Arrowhead Mtn Spring Water | | | | | | | | | | |
| 116494 | | ;H0023320385 | 08/31/13 | 08/31/13 | 08/31/13 | -18.85 | | | -18.85 | |
| | | | | | **TOTAL | 111.29 | 435.21 | | -323.92 | 0.00 |
| 742 - California Apprenticeship | | | | | | | | | | |
| 115720 | APRIL-2013 | | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 267.20 | 6/20/2013 | -267.20 | |
| 115721 | APRIL-2013-887 | | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 286.72 | 6/20/2013 | -286.72 | |
| 115722 | APRIL-2013-811,819 & 820 | | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 238.32 | 6/20/2013 | -238.32 | |
| 115890 | # 811,819 & 820 | MAY.2013 | 06/30/13 | 06/30/13 | 06/30/13 | 270.54 | 270.54 | 6/28/2013 | 0.00 | |
| 115891 | # 887 | MAY.2013.#2 | 06/30/13 | 06/30/13 | 06/30/13 | 71.68 | 71.68 | 6/28/2013 | 0.00 | |
| 115892 | # 924 | MAY.2013-3 | 06/30/13 | 06/30/13 | 06/30/13 | 799.56 | 799.56 | 6/28/2013 | 0.00 | |
| 115893 | # 928-929 | MAY.2013-4 | 06/30/13 | 06/30/13 | 06/30/13 | 357.52 | 357.52 | 6/28/2013 | 0.00 | |
| 116157 | #811,819 & 820 | JUNE.13 | 06/30/13 | 06/30/13 | 06/30/13 | 280.32 | 280.32 | 7/19/2013 | 0.00 | |
| 116158 | #887 | JUNE.13-1 | 06/30/13 | 06/30/13 | 06/30/13 | 47.36 | 47.36 | 7/19/2013 | 0.00 | |
| 116159 | #924 | JUNE.13-2 | 06/30/13 | 06/30/13 | 06/30/13 | 424.45 | 424.45 | 7/19/2013 | 0.00 | |
| 116160 | #928-929 | JUNE.13-3 | 06/30/13 | 06/30/13 | 06/30/13 | 132.80 | 132.80 | 7/19/2013 | 0.00 | |
| 116237 | | | 06/13/13 | 06/13/13 | 06/13/13 | 718.72 | 718.72 | 6/13/2013 | 0.00 | |
| 116323 | #924 | July-2013 | 08/31/13 | 08/31/13 | 08/31/13 | 476.00 | | | 476.00 | |
| 116324 | #928-929 | July-2013.1 | 08/31/13 | 08/31/13 | 08/31/13 | 136.00 | | | 136.00 | |
| 116325 | #811,819 & 820 | July-2013.2 | 08/31/13 | 08/31/13 | 08/31/13 | 109.44 | | | 109.44 | |
| 116535 | | | 07/31/13 | 07/31/13 | 07/31/13 | 33.60 | 33.60 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 3,857.99 | 3,928.79 | | -70.80 | 0.00 |
| 885 - Tran Minh | | | | | | | | | | |
| 114622 | | 20713 | 02/07/13 | 02/07/13 | 02/07/13 | -15.06 | -15.06 | 6/1/2013 | 0.00 | |
| | | | | | **TOTAL | -15.06 | -15.06 | | 0.00 | 0.00 |
| 946 - McGrawHill Construction | | | | | | | | | | |
| 116660 | | DG01156414 | 08/31/13 | 08/31/13 | 08/31/13 | 4,754.16 | | | 4,754.16 | |
| | | | | | **TOTAL | 4,754.16 | 0.00 | | 4,754.16 | 0.00 |
| 951 - HydroScape Products | | | | | | | | | | |
| 115760 | | 7639680-00 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 4,302.98 | 8/20/2013 | -4,302.98 | |
| 115879 | | 7639680-02 | 06/30/13 | 06/30/13 | 06/30/13 | 6,176.71 | 6,176.71 | 8/8/2013 | 0.00 | |
| 115888 | | 7639680-01 | 06/30/13 | 06/30/13 | 06/30/13 | 1,251.49 | 1,251.49 | 8/8/2013 | 0.00 | |
| 115889 | | 7646020-00 | 06/30/13 | 06/30/13 | 06/30/13 | 36.94 | | | 36.94 | |
| 116092 | | 7679781-00 | 06/30/13 | 06/30/13 | 06/30/13 | 2,147.13 | 2,147.13 | 8/20/2013 | 0.00 | |
| 116093 | | 7686754-00 | 06/30/13 | 06/30/13 | 06/30/13 | 717.93 | | | 717.93 | |

**Exhibit 1-A**

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 951 - HydroScape Products | | | | | | | | | | |
| 116198 | | 7709236-00 | 07/31/13 | 07/31/13 | 07/31/13 | 771.41 | | | 771.41 | |
| 116236 | | 63013-99 | 06/30/13 | 06/30/13 | 06/30/13 | 64.54 | 64.54 | 8/20/2013 | 0.00 | |
| 116295 | | 7715497-00 | 07/31/13 | 07/31/13 | 07/31/13 | 696.18 | | | 696.18 | |
| 116341 | | 7715497-01 | 08/31/13 | 08/31/13 | 08/31/13 | 646.73 | | | 646.73 | |
| 116342 | | 7715497-02 | 08/31/13 | 08/31/13 | 08/31/13 | 8.80 | | | 8.80 | |
| 116343 | | 7739026-00 | 08/31/13 | 08/31/13 | 08/31/13 | 684.57 | | | 684.57 | |
| 116465 | | 7767299-00 | 08/31/13 | 08/31/13 | 08/31/13 | 5,938.11 | | | 5,938.11 | |
| 116466 | | 7767299-01 | 08/31/13 | 08/31/13 | 08/31/13 | 1,212.59 | | | 1,212.59 | |
| 116467 | | 7773085-00 | 08/31/13 | 08/31/13 | 08/31/13 | 382.03 | | | 382.03 | |
| 116468 | | 7774733-00 | 08/31/13 | 08/31/13 | 08/31/13 | 188.17 | | | 188.17 | |
| 116623 | | 73113-99 | 08/01/13 | 08/01/13 | 08/01/13 | 219.49 | | | 219.49 | |
| 116836 | | 7793947-00 | 09/30/13 | 09/30/13 | 09/30/13 | 126.32 | | | 126.32 | |
| | | | | | **TOTAL | 21,269.14 | 13,942.85 | | 7,326.29 | 0.00 |
| 994 - Rubidoux Community Services | | | | | | | | | | |
| 115840 | | 15028250029 | 06/30/13 | 06/30/13 | 06/30/13 | 817.89 | 817.89 | 7/9/2013 | 0.00 | |
| 116090 | | | 07/31/13 | 07/31/13 | 07/31/13 | 57.25 | 57.25 | 7/19/2013 | 0.00 | |
| 116251 | | | 08/02/13 | 08/02/13 | 08/02/13 | 509.17 | 509.17 | 8/2/2013 | 0.00 | |
| 116332 | | | 08/31/13 | 08/31/13 | 08/31/13 | 503.48 | 503.48 | 8/21/2013 | 0.00 | |
| 116801 | | | 09/30/13 | 09/30/13 | 09/30/13 | 553.25 | | | 553.25 | |
| | | | | | **TOTAL | 2,441.04 | 1,887.79 | | 553.25 | 0.00 |
| 1065 - Anthem Blue Cross of Ca | | | | | | | | | | |
| 115994 | | | 07/09/13 | 07/09/13 | 07/09/13 | 13,511.81 | 13,511.81 | 7/9/2013 | 0.00 | |
| 116375 | | 398068D | 08/21/13 | 08/21/13 | 08/21/13 | 13,511.81 | 13,511.81 | 8/21/2013 | 0.00 | |
| 116566 | | 000401855D | 08/31/13 | 08/31/13 | 08/31/13 | 13,511.81 | | | 13,511.81 | |
| | | | | | **TOTAL | 40,535.43 | 27,023.62 | | 13,511.81 | 0.00 |
| 1071 - Protection One | | | | | | | | | | |
| 115768 | | 31178338.1 | 05/31/13 | 05/31/13 | 05/31/13 | -221.26 | | 6/28/2013 | -221.26 | |
| 116377 | | | 08/21/13 | 08/21/13 | 08/21/13 | 209.84 | 209.84 | 8/21/2013 | 0.00 | |
| 116495 | | | 08/31/13 | 08/31/13 | 08/31/13 | 265.43 | | | 265.43 | |
| | | | | | **TOTAL | 254.01 | 209.84 | | 44.17 | 0.00 |
| 1077 - Home Depot | | | | | | | | | | |
| 116247 | | | 08/02/13 | 08/02/13 | 08/02/13 | 1,009.93 | 1,009.93 | 8/2/2013 | 0.00 | |
| | | | | | **TOTAL | 1,009.93 | 1,009.93 | | 0.00 | 0.00 |

**Exhibit 1-A**

ASR Constructors Inc

AP Full Invoice Report

6/1/2013 To 9/30/2013

*Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 1089 - Atlas Tracks, Inc. | | | | | | | | | | |
| 116522 | | | 07/31/13 | 07/31/13 | 07/31/13 | 320,850.00 | 320,850.00 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 320,850.00 | 320,850.00 | | 0.00 | 0.00 |
| 1093 - Gas Company The | | | | | | | | | | |
| 115781 | | 09912275840 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 75.93 | 6/20/2013 | -75.93 | |
| 115967 | | | 06/30/13 | 06/30/13 | 06/30/13 | 24.50 | 24.50 | 7/17/2013 | 0.00 | |
| 116253 | | | 07/31/13 | 07/31/13 | 07/31/13 | 21.02 | | | 21.02 | |
| 116501 | | | 08/31/13 | 08/31/13 | 08/31/13 | 41.46 | 41.46 | 9/13/2013 | 0.00 | |
| | | | | | **TOTAL | 86.98 | 141.89 | | -54.91 | 0.00 |
| 1182 - Calwest Galvanizing | | | | | | | | | | |
| 115746 | | 3611220 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 281.74 | 8/8/2013 | -281.74 | |
| 116067 | | 3611790 | 06/30/13 | 06/30/13 | 06/30/13 | 181.96 | | | 181.96 | |
| 116618 | | 17562 | 08/01/13 | 08/01/13 | 08/01/13 | 281.74 | | | 281.74 | |
| | | | | | **TOTAL | 463.70 | 281.74 | | 181.96 | 0.00 |
| 1249 - Robertsons Industries | | | | | | | | | | |
| 116391 | | 172498 | 08/31/13 | 08/31/13 | 08/31/13 | 1,209.60 | | | 1,209.60 | 120.96 |
| | | | | | **TOTAL | 1,209.60 | 0.00 | | 1,209.60 | 120.96 |
| 1251 - Staples Business Advantage | | | | | | | | | | |
| 115139 | | 3192593018 | 02/07/13 | 02/07/13 | 03/09/13 | 0.00 | 447.56 | 6/28/2013 | -447.56 | |
| 115566 | 1523958 | 8025208101 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 351.38 | 6/20/2013 | -351.38 | |
| 115601 | 1523958 | 8025301210 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 56.19 | 6/20/2013 | -56.19 | |
| 115622 | | 8025613873 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 64.75 | 6/20/2013 | -64.75 | |
| 115724 | | 8025374027 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 888.72 | 6/20/2013 | -888.72 | |
| 115912 | | 8024917571 | 06/28/13 | 06/28/13 | 06/28/13 | 549.29 | 549.29 | 6/28/2013 | 0.00 | |
| 115913 | | 8024679655 | 06/28/13 | 06/28/13 | 06/28/13 | 236.47 | 236.47 | 6/28/2013 | 0.00 | |
| | | | | | **TOTAL | 785.76 | 2,594.36 | | -1,808.60 | 0.00 |
| 1253 - Mackey Jim | | | | | | | | | | |
| 115792 | | | 06/20/13 | 06/20/13 | 06/20/13 | 97.06 | 97.06 | 6/20/2013 | 0.00 | |
| | | | | | **TOTAL | 97.06 | 97.06 | | 0.00 | 0.00 |
| 1255 - Agua Mansa Properties Inc | | | | | | | | | | |
| 116568 | | | 08/31/13 | 08/31/13 | 08/31/13 | 180.00 | | | 180.00 | |
| | | | | | **TOTAL | 180.00 | 0.00 | | 180.00 | 0.00 |

# Exhibit 1-A

ASR Constructors Inc
A/P Full Invoice Report
6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 1303 - City of Victorville | | | | | | | | | | |
| 115726 | | | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 21.22 | 6/20/2013 | -21.22 | |
| 116023 | | 799841 | 06/30/13 | 06/30/13 | 06/30/13 | 83.59 | | | 83.59 | |
| 116201 | | 837251 | 07/31/13 | 07/31/13 | 07/31/13 | 34.04 | | | 34.04 | |
| 116417 | | 874653 | 08/31/13 | 08/31/13 | 08/31/13 | 50.27 | | | 50.27 | |
| | | | | | **TOTAL | 167.90 | 21.22 | | 146.68 | 0.00 |
| 1329 - Nelson Stud Welding Inc | | | | | | | | | | |
| 116320 | | 1286371 | 08/08/13 | 08/08/13 | 08/08/13 | 120.50 | 120.50 | 8/8/2013 | 0.00 | |
| | | | | | **TOTAL | 120.50 | 120.50 | | 0.00 | 0.00 |
| 1346 - Daart Engineering Co Inc | | | | | | | | | | |
| 114670 | Thru 1/31/13 | 876-13113 | 01/31/13 | 01/31/13 | 03/02/13 | -3,840.00 | | | -3,840.00 | -384.00 |
| 115174 | CO#2 | 876-CO#2 | 03/31/13 | 03/31/13 | 04/30/13 | -1,225.00 | | | -1,225.00 | -122.50 |
| 116276 | | | 08/02/13 | 08/02/13 | 08/02/13 | 300.00 | | 8/21/2013 | 300.00 | 30.00 |
| 116459 | | | 08/20/13 | 08/20/13 | 08/20/13 | 6,497.91 | 6,497.91 | 8/20/2013 | 0.00 | |
| 116520 | | | 07/31/13 | 07/31/13 | 07/31/13 | 3,455.99 | 3,455.99 | 7/31/2013 | 0.00 | |
| 116671 | | | 08/02/13 | 08/02/13 | 08/02/13 | 300.00 | 300.00 | 8/2/2013 | 0.00 | |
| | | | | | **TOTAL | 5,488.90 | 10,253.90 | | -4,765.00 | -476.50 |
| 1407 - Empire Steel Ornamental | | | | | | | | | | |
| 116267 | | 165526 | 07/31/13 | 07/31/13 | 07/31/13 | 42.66 | | | 42.66 | |
| 116414 | | 166468 | 08/31/13 | 08/31/13 | 08/31/13 | 364.50 | | | 364.50 | |
| | | | | | **TOTAL | 407.16 | 0.00 | | 407.16 | 0.00 |
| 1411 - Franklin Mechanical Systems | | | | | | | | | | |
| 116484 | | | 08/31/13 | 08/31/13 | 08/31/13 | 5,975.00 | 5,377.50 | 8/15/2013 | 597.50 | 597.50 |
| 116487 | | 210669 | 08/31/13 | 08/31/13 | 08/31/13 | 5,975.00 | 5,377.50 | 8/20/2013 | 597.50 | 597.50 |
| 116512 | | | 07/31/13 | 07/31/13 | 07/31/13 | 28,621.23 | 28,621.23 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 40,571.23 | 39,376.23 | | 1,195.00 | 1,195.00 |
| 1413 - Bristol Machine Company | | | | | | | | | | |
| 115584 | 1782 | 1674970002 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 266.76 | 8/8/2013 | -266.76 | |
| | | | | | **TOTAL | 0.00 | 266.76 | | -266.76 | 0.00 |
| 1434 - Central Drug System Inc. | | | | | | | | | | |
| 116146 | | 225321 | 07/31/13 | 07/31/13 | 07/31/13 | 41.00 | | | 41.00 | |
| 116339 | | 226227 | 08/31/13 | 08/31/13 | 08/31/13 | 3.50 | | | 3.50 | |
| | | | | | **TOTAL | 44.50 | 0.00 | | 44.50 | 0.00 |

**Exhibit 1-A**

ASR Constructors Inc
A/P Full Invoice Report
6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 1448 - John Deere Landscapes | | | | | | | | | | |
| 116140 | | 62129211 | 06/30/13 | 06/30/13 | 06/30/13 | 128.45 | 128.45 | 7/17/2013 | 0.00 | |
| 116141 | | 620403529 | 06/30/13 | 06/30/13 | 06/30/13 | 52.85 | 52.85 | 7/17/2013 | 0.00 | |
| | | | | | **TOTAL | 181.30 | 181.30 | | 0.00 | 0.00 |
| 1484 - Powerplus | | | | | | | | | | |
| 116110 | | 261660P0613 | 06/30/13 | 06/30/13 | 06/30/13 | 160.00 | | | 160.00 | |
| 116478 | | 261660P0813 | 08/31/13 | 08/31/13 | 08/31/13 | 160.00 | | | 160.00 | |
| | | | | | **TOTAL | 320.00 | 0.00 | | 320.00 | 0.00 |
| 1491 - GE Capital | | | | | | | | | | |
| 115874 | | 58977401 | 06/30/13 | 06/30/13 | 06/30/13 | 28.43 | 28.43 | 6/28/2013 | 0.00 | |
| 116123 | | 59106750 | 07/31/13 | 07/31/13 | 07/31/13 | 625.45 | | | 625.45 | |
| 116330 | | 59268413 | 08/31/13 | 08/31/13 | 08/31/13 | 568.59 | | | 568.59 | |
| 116507 | | 59348490 | 08/31/13 | 08/31/13 | 08/31/13 | 126.56 | | | 126.56 | |
| 116508 | | 59350108 | 08/31/13 | 08/31/13 | 08/31/13 | 88.99 | | | 88.99 | |
| 116663 | | 59349706 | 08/31/13 | 08/31/13 | 08/31/13 | 33.22 | | | 33.22 | |
| 116800 | | 59403883 | 09/30/13 | 09/30/13 | 09/30/13 | 597.02 | | | 597.02 | |
| | | | | | **TOTAL | 2,068.26 | 28.43 | | 2,039.83 | 0.00 |
| 1494 - Totten Tubes Inc | | | | | | | | | | |
| 115602 | | 512102 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 408.24 | 8/8/2013 | -408.24 | |
| | | | | | **TOTAL | 0.00 | 408.24 | | -408.24 | 0.00 |
| 1530 - UPS | | | | | | | | | | |
| 115621 | | Y8342W193 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 97.23 | 6/20/2013 | -97.23 | |
| 115635 | | Y8342W | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 71.48 | 6/20/2013 | -71.48 | |
| 115766 | | Y8342W183 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 218.63 | 6/20/2013 | -218.63 | |
| 115769 | | Y8342W213 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 94.87 | 6/20/2013 | -94.87 | |
| 115843 | | Y8342W223.1 | 06/30/13 | 06/30/13 | 07/30/13 | 70.64 | 70.64 | 6/28/2013 | 0.00 | |
| 115844 | | Y8342W233.2 | 06/30/13 | 06/30/13 | 06/30/13 | 49.59 | 49.59 | 6/28/2013 | 0.00 | |
| 115872 | | Y8342W.3 | 06/30/13 | 06/30/13 | 06/30/13 | 311.07 | 311.07 | 6/28/2013 | 0.00 | |
| 115909 | | )000Y8342W2 | 06/30/13 | 06/30/13 | 06/30/13 | 73.49 | 73.49 | 7/17/2013 | 0.00 | |
| 116055 | | Y8342W263 | 06/30/13 | 06/30/13 | 06/30/13 | 98.04 | 98.04 | 7/17/2013 | 0.00 | |
| 116174 | | Y8342W273 | 07/31/13 | 07/31/13 | 07/31/13 | 48.55 | 48.55 | 9/13/2013 | 0.00 | |
| 116211 | | )0Y8342W293 | 07/31/13 | 07/31/13 | 07/31/13 | 274.83 | 274.83 | 9/13/2013 | 0.00 | |
| 116254 | | Y8342W303 | 07/31/13 | 07/31/13 | 07/31/13 | 62.92 | 62.92 | 9/13/2013 | 0.00 | |
| 116349 | | )0Y8342W313 | 08/31/13 | 08/31/13 | 08/31/13 | 59.95 | | | 59.95 | |

**Exhibit 1-A**

ASR Constructors, Inc

A/P Full Invoice Report

6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 1530 - UPS | | | | | | | | | | |
| 116413 | | 0Y8342W323 | 08/31/13 | 08/31/13 | 08/31/13 | 58.78 | 58.78 | 9/13/2013 | 0.00 | |
| 116461 | | 0Y8342W343 | 08/31/13 | 08/31/13 | 08/31/13 | 116.46 | | | 116.46 | |
| 116551 | | | 08/31/13 | 08/31/13 | 08/31/13 | 67.01 | | | 67.01 | |
| 116570 | | Y8342W353 | 08/31/13 | 08/31/13 | 08/31/13 | 70.04 | | | 70.04 | |
| 116656 | | )0Y8342W363 | 09/30/13 | 09/30/13 | 09/30/13 | 56.33 | | | 56.33 | |
| | | | | | **TOTAL | 1,417.70 | 1,530.12 | | -112.42 | 0.00 |
| 1590 - Harwood Construction Inc | | | | | | | | | | |
| 116367 | April Invoice-Closed | 7121 | 08/13/13 | 08/13/13 | 08/13/13 | 9,000.00 | 9,000.00 | 8/13/2013 | 0.00 | |
| 116482 | | | 08/31/13 | 08/31/13 | 08/31/13 | 71,800.00 | 64,620.00 | 8/15/2013 | 7,180.00 | 7,180.00 |
| | | | | | **TOTAL | 80,800.00 | 73,620.00 | | 7,180.00 | 7,180.00 |
| 1612 - Robles Gregorio | | | | | | | | | | |
| 115907 | | | 06/28/13 | 06/28/13 | 06/28/13 | 386.67 | 386.67 | 6/28/2013 | 0.00 | |
| 116244 | | | 08/02/13 | 08/02/13 | 08/02/13 | 219.70 | 219.70 | 8/2/2013 | 0.00 | |
| | | | | | **TOTAL | 606.37 | 606.37 | | 0.00 | 0.00 |
| 1636 - ML Engineering | | | | | | | | | | |
| 97393 | | 1407 | 09/21/11 | 09/21/11 | 10/21/11 | -1,000.00 | | | -1,000.00 | |
| 114034 | | 1553 | 11/30/12 | 11/30/12 | 12/30/12 | -2,000.00 | | | -2,000.00 | |
| | | | | | **TOTAL | -3,000.00 | 0.00 | | -3,000.00 | 0.00 |
| 1684 - Nekota Power Inc | | | | | | | | | | |
| 116353 | April Billing-Closed | 23 | 08/13/13 | 08/13/13 | 08/13/13 | 16,200.00 | 16,200.00 | 8/13/2013 | 0.00 | |
| 116486 | | 507 | 08/31/13 | 08/31/13 | 08/31/13 | 10,000.00 | 9,000.00 | 8/21/2013 | 1,000.00 | 1,000.00 |
| 116489 | | 508 | 08/31/13 | 08/31/13 | 08/31/13 | 8,000.00 | 7,200.00 | 8/20/2013 | 800.00 | 800.00 |
| 116515 | | | 07/31/13 | 07/31/13 | 07/31/13 | 98,920.51 | 98,920.51 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 133,120.51 | 131,320.51 | | 1,800.00 | 1,800.00 |
| 1902 - Bormann Metal Center | | | | | | | | | | |
| 115582 | ASRC52 | 194798 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 73.44 | 6/21/2013 | -73.44 | |
| 115630 | | 195368 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 73.44 | 6/21/2013 | -73.44 | |
| 116028 | | 201673 | 06/30/13 | 06/30/13 | 06/30/13 | 539.35 | 162.00 | 6/21/2013 | 377.35 | |
| 116041 | | 203620 | 07/31/13 | 07/31/13 | 07/31/13 | 414.72 | | | 414.72 | |
| 116042 | | 203621 | 07/31/13 | 07/31/13 | 07/31/13 | 405.00 | | | 405.00 | |
| 116089 | | 204262 | 07/31/13 | 07/31/13 | 07/31/13 | 2,796.77 | 2,796.77 | 8/29/2013 | 0.00 | |
| 116096 | | 203720 | 07/31/13 | 07/31/13 | 07/31/13 | 4,187.29 | 4,187.29 | 8/29/2013 | 0.00 | |
| 116097 | | 203842 | 07/31/13 | 07/31/13 | 07/31/13 | 1,244.16 | 1,244.16 | 8/29/2013 | 0.00 | |

**Exhibit 1-A**

ASR Constructors, Inc

A/P Full Invoice Report

6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 1902 - Bormann Metal Center | | | | | | | | | | |
| 116098 | | 203881 | 07/31/13 | 07/31/13 | 07/31/13 | 946.60 | 946.60 | 8/29/2013 | 0.00 | |
| 116191 | | 1149916 | 07/25/13 | 07/25/13 | 07/25/13 | 440.59 | 440.59 | 7/25/2013 | 0.00 | |
| 116192 | | 1149917 | 07/25/13 | 07/25/13 | 07/25/13 | 103.68 | 103.68 | 7/25/2013 | 0.00 | |
| 116277 | | 206543 | 07/31/13 | 07/31/13 | 07/31/13 | 103.68 | | | 103.68 | |
| 116278 | | | 07/31/13 | 07/31/13 | 07/31/13 | 440.59 | 440.59 | 8/29/2013 | 0.00 | |
| 116419 | | 208993 | 08/31/13 | 08/31/13 | 08/31/13 | 1,907.71 | | | 1,907.71 | |
| 116462 | | 209630 | 08/31/13 | 08/31/13 | 08/31/13 | 78.84 | | | 78.84 | |
| 116463 | | 209631 | 08/31/13 | 08/31/13 | 08/31/13 | 459.00 | | | 459.00 | |
| 116496 | | 210984 | 08/31/13 | 08/31/13 | 08/31/13 | 90.72 | | | 90.72 | |
| 116646 | | 212147 | 09/30/13 | 09/30/13 | 09/30/13 | 4,806.60 | | | 4,806.60 | |
| 116647 | | 212027 | 09/30/13 | 09/30/13 | 09/30/13 | 1,425.60 | | | 1,425.60 | |
| | | | | | **TOTAL | 20,390.90 | 10,468.56 | | 9,922.34 | 0.00 |
| 1939 - Perfection Glass Inc | | | | | | | | | | |
| 116516 | | | 07/31/13 | 07/31/13 | 07/31/13 | 4,860.00 | 4,860.00 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 4,860.00 | 4,860.00 | | 0.00 | 0.00 |
| 1955 - Sims Welding Supply | | | | | | | | | | |
| 115572 | 02831 | 00564958 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 263.24 | 8/15/2013 | -263.24 | |
| 115576 | 02831 | 00564409 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 185.52 | 8/15/2013 | -185.52 | |
| 115599 | 02831 | 00567101 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 267.24 | 8/15/2013 | -267.24 | |
| 115600 | 02831 | 00565990 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 218.43 | 8/15/2013 | -218.43 | |
| 115742 | | 00570914 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 47.94 | 8/8/2013 | -47.94 | |
| 116441 | | 00562854 | 08/31/13 | 08/31/13 | 08/31/13 | 90.06 | | | 90.06 | |
| 116442 | | 00562311 | 08/31/13 | 08/31/13 | 08/31/13 | 421.02 | | | 421.02 | |
| | | | | | **TOTAL | 511.08 | 982.37 | | -471.29 | 0.00 |
| 1966 - Sully Miller | | | | | | | | | | |
| 111276 | | 327635 | 07/17/12 | 07/17/12 | 09/09/12 | 0.00 | -9,558.90 | 6/18/2013 | 9,558.90 | |
| 111278 | | 327041 | 07/06/12 | 07/06/12 | 08/05/12 | 0.00 | -25,777.25 | 6/18/2013 | 25,777.25 | |
| 111279 | | 327042 | 07/06/12 | 07/06/12 | 08/05/12 | 0.00 | -4,171.17 | 6/18/2013 | 4,171.17 | |
| 111280 | | 327634 | 07/17/12 | 07/17/12 | 08/16/12 | 0.00 | -7,100.07 | 6/18/2013 | 7,100.07 | |
| 111479 | | 327714 | 07/18/12 | 07/18/12 | 08/17/12 | 0.00 | -8,652.10 | 6/18/2013 | 8,652.10 | |
| 111480 | | 327715 | 07/18/12 | 07/18/12 | 08/17/12 | 0.00 | -11,269.43 | 6/18/2013 | 11,269.43 | |
| 111481 | | 327721 | 07/19/12 | 07/19/12 | 08/18/12 | 0.00 | -2,813.36 | 6/18/2013 | 2,813.36 | |
| 111482 | | 327722 | 07/19/12 | 07/19/12 | 08/18/12 | 0.00 | -10,444.11 | 6/18/2013 | 10,444.11 | |
| 112325 | | 329921 | 08/20/12 | 08/20/12 | 09/19/12 | 0.00 | -776.41 | 6/18/2013 | 776.41 | |

ASR Constructors, Inc
AP Full Invoice Report
6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 1966 - Sully Miller | | | | | | | | | | |
| 112369 | | 327746 | 07/20/12 | 07/20/12 | 08/19/12 | 0.00 | -173.59 | 6/18/2013 | 173.59 | |
| 115734 | | | 05/09/13 | 05/09/13 | 05/09/13 | 0.00 | -8,487.20 | 6/18/2013 | 8,487.20 | |
| | | | | | **TOTAL | 0.00 | -89,223.59 | | 89,223.59 | 0.00 |
| 1999 - The Cornerstone Group | | | | | | | | | | |
| 116190 | | 13-20854 | 07/19/13 | 07/19/13 | 07/19/13 | 1,300.00 | 1,300.00 | 7/19/2013 | 0.00 | 130.00 |
| | | | | | **TOTAL | 1,300.00 | 1,300.00 | | 0.00 | 130.00 |
| 2121 - Diamond Environmental Services | | | | | | | | | | |
| 115877 | | 36300002 | 06/30/13 | 06/30/13 | 06/30/13 | 271.36 | | | 271.36 | |
| 116048 | | 37100111 | 07/31/13 | 07/31/13 | 07/31/13 | 275.43 | | | 275.43 | |
| | | | | | **TOTAL | 546.79 | 0.00 | | 546.79 | 0.00 |
| 2182 - Multi-Scope | | | | | | | | | | |
| 116518 | | | 07/31/13 | 07/31/13 | 07/31/13 | 27.00 | 27.00 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 27.00 | 27.00 | | 0.00 | 0.00 |
| 2210 - Young, Adam | | | | | | | | | | |
| 115906 | | | 06/26/13 | 06/26/13 | 06/26/13 | 146.78 | 146.78 | 6/27/2013 | 0.00 | |
| 116234 | | | 07/30/13 | 07/30/13 | 07/30/13 | 65.32 | 65.32 | 7/30/2013 | 0.00 | |
| | | | | | **TOTAL | 212.10 | 212.10 | | 0.00 | 0.00 |
| 2230 - Davis, Caleb | | | | | | | | | | |
| 116538 | | | 07/31/13 | 07/31/13 | 07/31/13 | 93.60 | 93.60 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 93.60 | 93.60 | | 0.00 | 0.00 |
| 2260 - Vasquez, Paul R | | | | | | | | | | |
| 116691 | | | 08/02/13 | 08/02/13 | 08/02/13 | 400.00 | 400.00 | 8/2/2013 | 0.00 | |
| | | | | | **TOTAL | 400.00 | 400.00 | | 0.00 | 0.00 |
| 2275 - Cal-State Rent a Fence | | | | | | | | | | |
| 115550 | 35245 | RC37087 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 198.80 | 8/8/2013 | -198.80 | |
| 116169 | | | 07/31/13 | 07/31/13 | 07/31/13 | 1,147.41 | | | 1,147.41 | |
| 116321 | | ASRC001 | 08/01/13 | 08/01/13 | 08/01/13 | 1,138.52 | 1,138.52 | 8/8/2013 | 0.00 | |
| | | | | | **TOTAL | 2,285.93 | 1,337.32 | | 948.61 | 0.00 |
| 2295 - All American Fence Erectors | | | | | | | | | | |
| 112038 | Thru 8/31/12 | 819-83112 | 08/31/12 | 08/31/12 | 09/30/12 | -5,950.40 | | | -5,950.40 | -595.04 |
| 112939 | Thru 9/30/12 | 819-93012 | 09/30/12 | 09/30/12 | 10/30/12 | -6,840.00 | | | -6,840.00 | -684.00 |

**Exhibit 1-A**

AP Full Invoice Report

6/1/2013 To 9/30/2013

*Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 2295 - All American Fence Erectors | | | | | | | | | | |
| 114589 | contract balance | 81-013113 | 01/31/13 | 01/31/13 | 03/02/13 | -3,360.80 | | | -3,360.80 | -336.08 |
| 114590 | CO#6 | 819-CO#6 | 01/31/13 | 01/31/13 | 03/02/13 | -775.00 | | | -775.00 | -77.50 |
| 114591 | CO#8 | 819-CO#8 | 01/31/13 | 01/31/13 | 03/02/13 | -950.00 | | | -950.00 | -95.00 |
| 114592 | CO#7 | 819-CO#7 | 01/31/13 | 01/31/13 | 03/02/13 | 3,119.00 | | | 3,119.00 | 311.90 |
| 116503 | | 4211 | 08/31/13 | 08/31/13 | 08/31/13 | 4,054.50 | | | 4,054.50 | 405.45 |
| 116521 | | | 07/31/13 | 07/31/13 | 07/31/13 | 57,397.17 | 57,397.17 | 7/31/2013 | 0.00 | |
| 116665 | | 4147 | 07/31/13 | 07/31/13 | 07/31/13 | 11,741.40 | | | 11,741.40 | 1,174.14 |
| | | | | | **TOTAL | 58,435.87 | 57,397.17 | | 1,038.70 | 103.87 |
| 2355 - Sparkletts | | | | | | | | | | |
| 115875 | | 060613 | 06/30/13 | 06/30/13 | 06/30/13 | 117.47 | 117.47 | 6/28/2013 | 0.00 | |
| 116130 | | 070413 | 07/31/13 | 07/31/13 | 07/31/13 | 43.66 | 43.66 | 7/19/2013 | 0.00 | |
| 116364 | | 10312161 | 08/31/13 | 08/31/13 | 08/31/13 | 65.63 | 65.63 | 8/20/2013 | 0.00 | |
| | | | | | **TOTAL | 226.76 | 226.76 | | 0.00 | 0.00 |
| 2356 - Industrial Metal Supply Co. | | | | | | | | | | |
| 116434 | | | 08/22/13 | 08/22/13 | 08/22/13 | 152.28 | 152.28 | 8/22/2013 | 0.00 | |
| | | | | | **TOTAL | 152.28 | 152.28 | | 0.00 | 0.00 |
| 2620 - County of San Bernardino | | | | | | | | | | |
| 115996 | | | 07/09/13 | 07/09/13 | 09/13/13 | 336.69 | | | 336.69 | |
| 116240 | | 36395 | 06/30/13 | 06/30/13 | 06/30/13 | 198.19 | | | 198.19 | |
| 116471 | | | 08/31/13 | 08/31/13 | 09/30/13 | 386.37 | | | 386.37 | |
| | | | | | **TOTAL | 921.25 | 0.00 | | 921.25 | 0.00 |
| 2661 - Inland Machinery, Inc. | | | | | | | | | | |
| 116095 | | | 06/20/13 | 06/20/13 | 06/20/13 | 9,803.00 | 9,803.00 | 6/20/2013 | 0.00 | |
| 116103 | | | 06/20/13 | 06/20/13 | 06/20/13 | 9,250.00 | 9,250.00 | 6/20/2013 | 0.00 | |
| 116838 | | | 08/29/13 | 08/29/13 | 08/29/13 | 3,673.00 | 3,673.00 | 8/29/2013 | 0.00 | |
| 116839 | | | 08/15/13 | 08/15/13 | 08/15/13 | 10,903.00 | 10,903.00 | 8/15/2013 | 0.00 | |
| | | | | | **TOTAL | 33,629.00 | 33,629.00 | | 0.00 | 0.00 |
| 2802 - PLIC-SBD Grand Island | | | | | | | | | | |
| 116045 | | | 06/30/13 | 06/30/13 | 06/30/13 | 1,576.76 | 1,576.76 | 7/17/2013 | 0.00 | |
| 116412 | | | 08/21/13 | 08/21/13 | 08/21/13 | 1,576.76 | 1,576.76 | 8/21/2013 | 0.00 | |
| 116559 | | | 08/31/13 | 08/31/13 | 08/31/13 | 3,153.52 | | | 3,153.52 | |
| | | | | | **TOTAL | 6,307.04 | 3,153.52 | | 3,153.52 | 0.00 |

**Exhibit 1-A**

*Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 2803 - California Dental Network Inc | | | | | | | | | | |
| 116025 | | | 06/30/13 | 06/30/13 | 06/30/13 | 488.22 | 488.22 | 7/17/2013 | 0.00 | |
| 116379 | 1403 | | 08/21/13 | 08/21/13 | 08/21/13 | 795.16 | 795.16 | 8/21/2013 | 0.00 | |
| | | | | | **TOTAL | 1,283.38 | 1,283.38 | | 0.00 | 0.00 |
| 2874 - IB Reprogaphics | | | | | | | | | | |
| 115674 | | | 06/04/13 | 06/04/13 | 06/04/13 | 200.00 | 200.00 | 6/4/2013 | 0.00 | |
| | | | | | **TOTAL | 200.00 | 200.00 | | 0.00 | 0.00 |
| 2919 - Riverside County Tax | | | | | | | | | | |
| 116335 | | 201318573 | 08/31/13 | 08/31/13 | 09/30/13 | 340.28 | 340.28 | 8/21/2013 | 0.00 | |
| | | | | | **TOTAL | 340.28 | 340.28 | | 0.00 | 0.00 |
| 2932 - Allen Corporation Supply | | | | | | | | | | |
| 116433 | | 220663 | 08/22/13 | 08/22/13 | 08/22/13 | 81.50 | 81.50 | 8/22/2013 | 0.00 | |
| | | | | | **TOTAL | 81.50 | 81.50 | | 0.00 | 0.00 |
| 2949 - Johnny Monforte | | | | | | | | | | |
| 116536 | | | 07/31/13 | 07/31/13 | 07/31/13 | 157.80 | 157.80 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 157.80 | 157.80 | | 0.00 | 0.00 |
| 3021 - USA Shade & Fabric Structures | | | | | | | | | | |
| 116101 | | | 06/20/13 | 06/20/13 | 06/20/13 | 37,140.97 | 37,140.97 | 6/20/2013 | 0.00 | |
| | | | | | **TOTAL | 37,140.97 | 37,140.97 | | 0.00 | 0.00 |
| 3051 - Diners Club International | | | | | | | | | | |
| 116272 | | | 08/02/13 | 08/02/13 | 08/02/13 | 5,000.00 | 5,000.00 | 8/2/2013 | 0.00 | |
| | | | | | **TOTAL | 5,000.00 | 5,000.00 | | 0.00 | 0.00 |
| 3092 - Keyway Network Systems | | | | | | | | | | |
| 115900 | | 6230 | 06/30/13 | 06/30/13 | 06/30/13 | 12.99 | 12.99 | 7/9/2013 | 0.00 | |
| | | | | | **TOTAL | 12.99 | 12.99 | | 0.00 | 0.00 |
| 3129 - U-SAVE-MORE-STORES | | | | | | | | | | |
| 116185 | June Statement | 061413 | 06/14/13 | 06/14/13 | 06/14/13 | 710.86 | 710.86 | 6/14/2013 | 0.00 | |
| | | | | | **TOTAL | 710.86 | 710.86 | | 0.00 | 0.00 |
| 3161 - Martin Ramirez | | | | | | | | | | |
| 116539 | | | 07/31/13 | 07/31/13 | 07/31/13 | 93.60 | 93.60 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 93.60 | 93.60 | | 0.00 | 0.00 |

**Exhibit 1-A**

ASR Constructors, Inc

A/P Full Invoice Report

6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 3169 - ASR Powder Coating, LLC | | | | | | | | | | |
| 115747 | | 5741 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 7,800.00 | 6/17/2013 | -7,800.00 | |
| 115880 | | 6051 | 06/30/13 | 06/30/13 | 06/30/13 | 7,540.00 | 7,540.00 | 8/1/2013 | 0.00 | |
| 115881 | | 6054 | 06/30/13 | 06/30/13 | 06/30/13 | 9,100.00 | 9,100.00 | 8/1/2013 | 0.00 | |
| 116120 | | 5002 | 06/30/13 | 06/30/13 | 06/30/13 | 262.40 | | | 262.40 | |
| 116121 | | 6/30/13 | 06/30/13 | 06/30/13 | 06/30/13 | 175.00 | 175.00 | 8/1/2013 | 0.00 | |
| 116316 | | 6327 | 08/31/13 | 08/31/13 | 08/31/13 | 90.00 | | | 90.00 | |
| 116474 | | 6559 | 08/31/13 | 08/31/13 | 08/31/13 | 280.00 | | | 280.00 | |
| 116476 | | 6544 | 08/31/13 | 08/31/13 | 08/31/13 | 121.00 | | | 121.00 | |
| 116477 | | 6545 | 08/31/13 | 08/31/13 | 08/31/13 | 336.00 | | | 336.00 | |
| | | | | | **TOTAL | 17,904.40 | 24,615.00 | | -6,710.60 | 0.00 |
| 3187 - Brown-Campbell Co. | | | | | | | | | | |
| 114513 | | 615073 | 09/26/12 | 01/01/13 | 10/26/12 | -2,728.81 | | | -2,728.81 | |
| | | | | | **TOTAL | -2,728.81 | 0.00 | | -2,728.81 | 0.00 |
| 3211 - TN Sheet Metal Inc. | | | | | | | | | | |
| 116481 | | | 08/31/13 | 08/31/13 | 08/31/13 | 5,502.00 | 4,951.80 | 8/15/2013 | 550.20 | |
| 116666 | | 2 | 08/31/13 | 08/31/13 | 08/31/13 | 50,983.20 | | | 50,983.20 | |
| | | | | | **TOTAL | 56,485.20 | 4,951.80 | | 51,533.40 | 0.00 |
| 3249 - United Saw & Associates, Inc. | | | | | | | | | | |
| 116119 | | 19630 | 06/30/13 | 06/30/13 | 06/30/13 | 101.26 | 101.26 | 8/20/2013 | 0.00 | |
| | | | | | **TOTAL | 101.26 | 101.26 | | 0.00 | 0.00 |
| 3270 - Express Pipe & Supply, Inc. | | | | | | | | | | |
| 115565 | 29768 | S4751363.001 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 564.35 | 8/8/2013 | -564.35 | |
| 115628 | | S4777899.001 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 1,047.71 | 8/8/2013 | -1,047.71 | |
| 115715 | | S4759533.001 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 5,589.87 | 8/8/2013 | -5,589.87 | |
| 115716 | | S4766797.001 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 49.78 | 8/8/2013 | -49.78 | |
| 115756 | | S4800512.001 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 308.88 | 8/8/2013 | -308.88 | |
| 115757 | | S4800498.001 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 259.68 | 8/8/2013 | -259.68 | |
| 115758 | | S4796475.001 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 758.34 | 8/8/2013 | -758.34 | |
| 115759 | | S4759533.003 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 1,257.46 | 8/8/2013 | -1,257.46 | |
| 115884 | | S4817228.001 | 06/30/13 | 06/30/13 | 06/30/13 | 154.44 | 154.44 | 8/20/2013 | 0.00 | |
| 115885 | | S4817169.001 | 06/30/13 | 06/30/13 | 06/30/13 | 635.52 | 635.52 | 8/20/2013 | 0.00 | |
| 115959 | | S4821398.001 | 06/30/13 | 06/30/13 | 06/30/13 | 726.26 | 726.26 | 8/20/2013 | 0.00 | |
| 115960 | | S4826325.001 | 06/30/13 | 06/30/13 | 06/30/13 | 1,035.04 | 1,035.04 | 8/20/2013 | 0.00 | |

**Exhibit 1-A**

ASR Constructors Inc

A/P Full Invoice Report

6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 3270 - Express Pipe & Supply, Inc. | | | | | | | | | | |
| 115961 | | S4828101.001 | 06/30/13 | 06/30/13 | 06/30/13 | 632.77 | 632.77 | 8/20/2013 | 0.00 | |
| 116034 | | S4832508.001 | 06/30/13 | 06/30/13 | 06/30/13 | 317.31 | 317.31 | 8/20/2013 | 0.00 | |
| 116044 | | S4840673.001 | 07/31/13 | 07/31/13 | 07/31/13 | 3,279.57 | | | 3,279.57 | |
| 116124 | | S4836434.001 | 07/31/13 | 07/31/13 | 07/31/13 | 1,104.97 | | | 1,104.97 | |
| 116168 | | S4840673.002 | 07/31/13 | 07/31/13 | 07/31/13 | 901.38 | | | 901.38 | |
| 116202 | | S4853880.001 | 07/31/13 | 07/31/13 | 07/31/13 | 639.52 | | | 639.52 | |
| 116205 | | S4849885.001 | 07/31/13 | 07/31/13 | 07/31/13 | 1,404.72 | | | 1,404.72 | |
| 116208 | | S4856460.001 | 07/31/13 | 07/31/13 | 07/31/13 | 253.26 | | | 253.26 | |
| 116263 | | S4860892.001 | 07/31/13 | 07/31/13 | 07/31/13 | 35.05 | | | 35.05 | |
| 116270 | | S4860907.001 | 07/31/13 | 07/31/13 | 07/31/13 | -1,268.57 | | | -1,268.57 | |
| 116292 | | S4845744.001 | 07/31/13 | 07/31/13 | 07/31/13 | 888.01 | | | 888.01 | |
| 116293 | | S4855390.001 | 07/31/13 | 07/31/13 | 07/31/13 | 317.98 | | | 317.98 | |
| | | | | | **TOTAL | 11,057.23 | 13,337.41 | | -2,280.18 | 0.00 |
| 3298 - American Wire Inc. | | | | | | | | | | |
| 115763 | | | 06/04/13 | 06/04/13 | 06/04/13 | 810.00 | 810.00 | 6/4/2013 | 0.00 | |
| | | | | | **TOTAL | 810.00 | 810.00 | | 0.00 | 0.00 |
| 3353 - Rogers, Anderson, Malody | | | | | | | | | | |
| 116131 | | 39043 | 06/30/13 | 06/30/13 | 07/30/13 | 6,950.00 | | | 6,950.00 | |
| 116132 | | 37568 | 06/30/13 | 06/30/13 | 06/30/13 | 3,900.00 | | 8/1/2013 | 3,900.00 | |
| 116133 | | 38387 | 06/30/13 | 06/30/13 | 06/30/13 | 18,150.00 | | 8/1/2013 | 18,150.00 | |
| 116135 | | 38899 | 06/30/13 | 06/30/13 | 06/30/13 | 4,730.00 | | | 4,730.00 | |
| 116317 | | 39238 | 07/31/13 | 07/31/13 | 07/31/13 | 7,615.00 | | | 7,615.00 | |
| 116318 | | 39236 | 07/31/13 | 07/31/13 | 07/31/13 | 2,735.00 | | | 2,735.00 | |
| 116319 | | 39235 | 07/31/13 | 07/31/13 | 07/31/13 | 100.00 | | | 100.00 | |
| 116652 | | 39424 | 08/31/13 | 08/31/13 | 08/31/13 | 6,610.00 | | | 6,610.00 | |
| 116653 | | 39425 | 08/31/13 | 08/31/13 | 08/31/13 | 2,560.00 | | | 2,560.00 | |
| | | | | | **TOTAL | 53,350.00 | 0.00 | | 53,350.00 | 0.00 |
| 3371 - De Lage Landen Financial | | | | | | | | | | |
| 115882 | | 18308210 | 06/30/13 | 06/30/13 | 06/30/13 | 1,278.72 | 1,278.72 | 8/2/2013 | 0.00 | |
| 116470 | | 19022134 | 08/31/13 | 08/31/13 | 08/31/13 | 658.81 | | | 658.81 | |
| 116799 | | 19435186 | 09/30/13 | 09/30/13 | 09/30/13 | 639.09 | | | 639.09 | |
| | | | | | **TOTAL | 2,576.62 | 1,278.72 | | 1,297.90 | 0.00 |

**Exhibit 1-A**

ASR Constructors, Inc
A/P Full Invoice Report
6/1/2013 To 9/30/2013

*Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 3382 - Emery Materials-High Desert | | | | | | | | | | |
| 116050 | | A7840 | 06/30/13 | 06/30/13 | 06/30/13 | 114.00 | 114.00 | 8/1/2013 | 0.00 | |
| | | | | | **TOTAL | 114.00 | 114.00 | | 0.00 | 0.00 |
| 3413 - Empire Systems, Inc. | | | | | | | | | | |
| 115683 | | 2013-06-06 | 06/06/13 | 06/06/13 | 06/06/13 | 1,850.00 | 1,850.00 | 6/6/2013 | 0.00 | |
| 115969 | July-2013 | 2013-07-04 | 07/31/13 | 07/31/13 | 07/31/13 | 850.00 | 850.00 | 7/2/2013 | 0.00 | |
| 116243 | | 2013-8-04 | 08/02/13 | 08/02/13 | 08/02/13 | 850.00 | 850.00 | 8/2/2013 | 0.00 | |
| 116509 | | 2013-09-04 | 09/06/13 | 09/06/13 | 09/06/13 | 2,100.00 | 2,100.00 | 9/6/2013 | 0.00 | |
| | | | | | **TOTAL | 5,650.00 | 5,650.00 | | 0.00 | 0.00 |
| 3422 - Rick Stevens | | | | | | | | | | |
| 116537 | | | 07/31/13 | 07/31/13 | 07/31/13 | 63.12 | 63.12 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 63.12 | 63.12 | | 0.00 | 0.00 |
| 3423 - EverBank Commercial Finance | | | | | | | | | | |
| 115671 | 40352549 | 4035249 | 06/04/13 | 06/04/13 | 06/04/13 | 594.00 | 594.00 | 6/4/2013 | 0.00 | |
| | | | | | **TOTAL | 594.00 | 594.00 | | 0.00 | 0.00 |
| 3424 - Lester & Cantrell, LLP | | | | | | | | | | |
| 109674 | Gotte | 60412.1 | 06/04/12 | 06/04/12 | 07/04/12 | -34,259.73 | | | -34,259.73 | |
| 109675 | Matich Corp/ | 60412.2 | 06/04/12 | 06/04/12 | 07/04/12 | -959.95 | | | -959.95 | |
| 109678 | ASR vs Bithell | 60412.5 | 06/04/12 | 06/04/12 | 07/04/12 | -10,574.00 | | | -10,574.00 | |
| 109679 | Safeco Ins. vs ASR | 60412.6 | 06/04/12 | 06/04/12 | 07/04/12 | -123.60 | | | -123.60 | |
| 109681 | Hertz vs Yeon Hee Hwang | 60412.8 | 06/04/12 | 06/04/12 | 07/04/12 | -80.00 | | | -80.00 | |
| 109684 | ASR vs Zarb | 60412.11 | 06/04/12 | 06/04/12 | 07/04/12 | -1,407.95 | | | -1,407.95 | |
| 109685 | ASR vs Riverside USD | 60412.12 | 06/04/12 | 06/04/12 | 07/04/12 | -1,130.00 | | | -1,130.00 | |
| 109686 | ASR vs Rancho Jurupa | 60412.13 | 06/04/12 | 06/04/12 | 07/04/12 | -1,689.60 | | | -1,689.60 | |
| 109688 | ASR vs MG Lighting | 60412.15 | 06/04/12 | 06/04/12 | 07/04/12 | -127.53 | | | -127.53 | |
| 109689 | ASR vs Hesperia USD | 60412.16 | 06/04/12 | 06/04/12 | 07/04/12 | -100.45 | | | -100.45 | |
| 109690 | ASR vs Helendale USD | 60412.17 | 06/04/12 | 06/04/12 | 07/04/12 | -382.10 | | | -382.10 | |
| 109692 | ASR vs Global Presenter | 60412.18 | 06/04/12 | 06/04/12 | 07/04/12 | -661.85 | | | -661.85 | |
| 109694 | ASR vs Caldwell | 60412.20 | 06/04/12 | 06/04/12 | 07/04/12 | -340.00 | | | -340.00 | |
| 115914 | | 12336 | 05/31/13 | 05/31/13 | 05/31/13 | -180.00 | | | -180.00 | |
| 115915 | | 12342 | 05/31/13 | 05/31/13 | 05/31/13 | -206.78 | | | -206.78 | |
| 115916 | | 12337 | 05/31/13 | 05/31/13 | 05/31/13 | -2,533.61 | | | -2,533.61 | |
| 115917 | | 12340 | 05/31/13 | 05/31/13 | 05/31/13 | -680.00 | | | -680.00 | |
| 115918 | | 12356 | 05/31/13 | 05/31/13 | 05/31/13 | -529.78 | | | -529.78 | |

**Exhibit 1-A**

ASR Constructors, Inc.
A/P Full Invoice Report
6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 3424 - Lester & Cantrell, LLP | | | | | | | | | | |
| 115919 | | 12338 | 05/31/13 | 05/31/13 | 05/31/13 | -120.00 | | | -120.00 | |
| 115920 | | 12381 | 05/31/13 | 05/31/13 | 05/31/13 | -1,284.58 | | | -1,284.58 | |
| 115921 | | 12361 | 05/31/13 | 05/31/13 | 05/31/13 | -11,639.04 | | | -11,639.04 | |
| 115924 | | 12370 | 05/31/13 | 05/31/13 | 05/31/13 | -358.46 | | | -358.46 | |
| 115926 | | 12379 | 05/31/13 | 05/31/13 | 05/31/13 | -1,390.56 | | | -1,390.56 | |
| 115928 | | 12341 | 05/31/13 | 05/31/13 | 05/31/13 | -147.36 | | | -147.36 | |
| 115929 | | 12339 | 05/31/13 | 05/31/13 | 05/31/13 | -557.85 | | | -557.85 | |
| 115930 | | 12369 | 05/31/13 | 05/31/13 | 05/31/13 | -507.52 | | | -507.52 | |
| 115931 | | 12371 | 05/31/13 | 05/31/13 | 05/31/13 | -14.08 | | | -14.08 | |
| 115932 | | 12365 | 05/31/13 | 05/31/13 | 05/31/13 | -0.66 | | | -0.66 | |
| 115933 | | 12368 | 05/31/13 | 05/31/13 | 05/31/13 | -685.72 | | | -685.72 | |
| 115934 | | 12366 | 05/31/13 | 05/31/13 | 05/31/13 | -3.20 | | | -3.20 | |
| 116214 | | 12395 | 06/30/13 | 06/30/13 | 06/30/13 | 500.00 | | | 500.00 | |
| 116215 | | 12396 | 06/30/13 | 06/30/13 | 06/30/13 | 663.83 | | | 663.83 | |
| 116216 | | 12397 | 06/30/13 | 06/30/13 | 06/30/13 | 2,647.40 | | | 2,647.40 | |
| 116217 | | 12398 | 06/30/13 | 06/30/13 | 06/30/13 | 0.20 | | | 0.20 | |
| 116218 | | 12399 | 06/30/13 | 06/30/13 | 06/30/13 | 640.00 | | | 640.00 | |
| 116220 | | 12400 | 06/30/13 | 06/30/13 | 06/30/13 | 261.48 | | | 261.48 | |
| 116221 | | 12415 | 06/30/13 | 06/30/13 | 06/30/13 | 686.80 | | | 686.80 | |
| 116222 | | 12420 | 06/30/13 | 06/30/13 | 06/30/13 | 2,056.62 | | | 2,056.62 | |
| 116224 | | 12426 | 06/30/13 | 06/30/13 | 06/30/13 | 382.60 | | | 382.60 | |
| 116225 | | 12428 | 06/30/13 | 06/30/13 | 06/30/13 | 62.75 | | | 62.75 | |
| 116226 | | 12430 | 06/30/13 | 06/30/13 | 06/30/13 | 1,344.20 | | | 1,344.20 | |
| 116227 | | 12431 | 06/30/13 | 06/30/13 | 06/30/13 | 20.00 | | | 20.00 | |
| 116228 | | 12439 | 06/30/13 | 06/30/13 | 06/30/13 | 57.40 | | | 57.40 | |
| 116229 | | 12440 | 06/30/13 | 06/30/13 | 06/30/13 | 260.00 | | | 260.00 | |
| 116230 | | 12441 | 06/30/13 | 06/30/13 | 06/30/13 | 540.00 | | | 540.00 | |
| 116305 | | 12454 | 07/31/13 | 07/31/13 | 07/31/13 | 60.86 | | | 60.86 | |
| 116571 | | 12514 | 08/31/13 | 08/31/13 | 08/31/13 | 1,300.00 | | | 1,300.00 | |
| 116572 | | 12515 | 08/31/13 | 08/31/13 | 08/31/13 | 2,721.86 | | | 2,721.86 | |
| 116573 | | 12516 | 08/31/13 | 08/31/13 | 08/31/13 | 360.00 | | | 360.00 | |
| 116575 | | 12537 | 08/31/13 | 08/31/13 | 08/31/13 | 3.00 | | | 3.00 | |
| 116576 | | 12543 | 08/31/13 | 08/31/13 | 08/31/13 | 60.00 | | | 60.00 | |
| 116577 | | 12546 | 08/31/13 | 08/31/13 | 08/31/13 | 40.00 | | | 40.00 | |
| 116578 | | 12547 | 08/31/13 | 08/31/13 | 08/31/13 | 1,394.21 | | | 1,394.21 | |

**Exhibit 1-A**

ACB Construction, Inc.

A/P Full Invoice Report

6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 3424 - Lester & Cantrell, LLP | | | | | | | | | | |
| 116585 | | 12500 | 07/31/13 | 07/31/13 | 07/31/13 | 100.00 | | | 100.00 | |
| 116589 | | 12451 | 07/31/13 | 07/31/13 | 07/31/13 | 80.00 | | | 80.00 | |
| 116591 | | 12452 | 07/31/13 | 07/31/13 | 07/31/13 | 16,031.55 | | | 16,031.55 | |
| 116593 | | 12453 | 07/31/13 | 07/31/13 | 07/31/13 | 344.58 | | | 344.58 | |
| 116595 | | 12455 | 07/31/13 | 07/31/13 | 07/31/13 | 240.00 | | | 240.00 | |
| 116597 | | 12456 | 07/31/13 | 07/31/13 | 07/31/13 | 1,551.66 | | | 1,551.66 | |
| 116600 | | 12475 | 07/31/13 | 07/31/13 | 07/31/13 | 318.48 | | | 318.48 | |
| 116603 | | 12480 | 07/31/13 | 07/31/13 | 07/31/13 | 664.18 | | | 664.18 | |
| 116605 | | 12487 | 07/31/13 | 07/31/13 | 07/31/13 | 422.92 | | | 422.92 | |
| 116607 | | 12492 | 07/31/13 | 07/31/13 | 07/31/13 | 97.00 | | | 97.00 | |
| 116609 | | 12493 | 07/31/13 | 07/31/13 | 07/31/13 | 803.80 | | | 803.80 | |
| 116614 | | 12494 | 07/31/13 | 07/31/13 | 07/31/13 | 101.06 | | | 101.06 | |
| 116644 | | 12501 | 07/31/13 | 07/31/13 | 07/31/13 | 240.00 | | | 240.00 | |
| 116645 | | 12554 | 08/31/13 | 08/31/13 | 08/31/13 | 116.21 | | | 116.21 | |
| | | | | | **TOTAL | -35,501.31 | 0.00 | | -35,501.31 | 0.00 |
| 3447 - Abrasive Blasting Service | | | | | | | | | | |
| 116163 | | 16417 | 07/19/13 | 07/19/13 | 07/19/13 | 200.00 | 200.00 | 7/19/2013 | 0.00 | |
| | | | | | **TOTAL | 200.00 | 200.00 | | 0.00 | 0.00 |
| 3473 - Titus Imaging, Inc. | | | | | | | | | | |
| 115637 | | 11880 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 616.66 | 6/20/2013 | -616.66 | |
| 115841 | | 12092 | 06/30/13 | 06/30/13 | 06/30/13 | 510.55 | 510.55 | 7/9/2013 | 0.00 | |
| 116261 | | 12314 | 07/31/13 | 07/31/13 | 07/31/13 | 352.23 | | | 352.23 | |
| 116560 | | 12450 | 08/31/13 | 08/31/13 | 08/31/13 | 438.22 | | | 438.22 | |
| | | | | | **TOTAL | 1,301.00 | 1,127.21 | | 173.79 | 0.00 |
| 3487 - TelePacific Communications | | | | | | | | | | |
| 115846 | | 46991064-0 | 06/30/13 | 06/30/13 | 06/30/13 | 819.59 | 819.59 | 6/28/2013 | 0.00 | |
| 116175 | | 47807994-0 | 07/31/13 | 07/31/13 | 07/31/13 | 819.18 | 819.18 | 8/2/2013 | 0.00 | |
| 116374 | | 109881 | 08/21/13 | 08/21/13 | 08/21/13 | 824.72 | 824.72 | 8/21/2013 | 0.00 | |
| 116804 | | 49500832-0 | 09/30/13 | 09/30/13 | 09/30/13 | 833.71 | | | 833.71 | |
| | | | | | **TOTAL | 3,297.20 | 2,463.49 | | 833.71 | 0.00 |
| 3488 - Verizon Wireless | | | | | | | | | | |
| 115839 | | 9706129809 | 06/30/13 | 06/30/13 | 06/30/13 | 1,162.80 | 1,162.80 | 6/28/2013 | 0.00 | |
| 116444 | | 9709478973 | 08/31/13 | 08/31/13 | 08/31/13 | 1,082.91 | 1,082.91 | 9/13/2013 | 0.00 | |

**Exhibit 1-A**

ASR Constructors Inc

A/P Full Invoice Report

6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 3488 - Verizon Wireless | | | | | | | | | | |
| 116678 | | | 08/15/13 | 08/15/13 | 08/15/13 | 1,162.46 | 1,162.46 | 8/15/2013 | 0.00 | |
| | | | | | **TOTAL | 3,408.17 | 3,408.17 | | 0.00 | 0.00 |
| 3506 - The Hartford | | | | | | | | | | |
| 115636 | | 13135651 | 05/31/13 | 05/31/13 | 05/31/13 | -702.50 | -702.50 | 6/1/2013 | 0.00 | |
| | | | | | **TOTAL | -702.50 | -702.50 | | 0.00 | 0.00 |
| 3649 - Merit Oil | | | | | | | | | | |
| 115809 | | | 06/21/13 | 06/21/13 | 06/21/13 | 4,917.09 | 4,917.09 | 6/21/2013 | 0.00 | |
| | | | | | **TOTAL | 4,917.09 | 4,917.09 | | 0.00 | 0.00 |
| 3675 - D.Chris Christensen, CPA | | | | | | | | | | |
| 115901 | | 191 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 2,500.00 | 6/28/2013 | -2,500.00 | |
| 115908 | | 192 | 06/28/13 | 06/28/13 | 06/28/13 | 562.50 | 562.50 | 6/28/2013 | 0.00 | |
| | | | | | **TOTAL | 562.50 | 3,062.50 | | -2,500.00 | 0.00 |
| 3744 - AGC Apprenticeship | | | | | | | | | | |
| 114009 | | | 10/12/12 | 10/12/12 | 10/12/12 | 0.00 | 815.20 | 6/30/2013 | -815.20 | |
| 115251 | December 2012 | | 04/03/13 | 04/03/13 | 04/03/13 | -572.40 | | | -572.40 | |
| | | | | | **TOTAL | -572.40 | 815.20 | | -1,387.60 | 0.00 |
| 3746 - Shawna Esquivel | | | | | | | | | | |
| 116051 | | | 07/09/13 | 07/09/13 | 07/09/13 | 161.45 | 161.45 | 7/9/2013 | 0.00 | |
| | | | | | **TOTAL | 161.45 | 161.45 | | 0.00 | 0.00 |
| 3777 - Lowes | | | | | | | | | | |
| 116129 | | | 06/30/13 | 06/30/13 | 06/30/13 | 63.75 | 63.75 | 7/17/2013 | 0.00 | |
| 116347 | | | 08/31/13 | 08/31/13 | 08/31/13 | 1,108.90 | | | 1,108.90 | |
| 116695 | | 909155 | 08/31/13 | 08/31/13 | 08/31/13 | 31.74 | | | 31.74 | |
| 116696 | | 969029 | 08/31/13 | 08/31/13 | 08/31/13 | 406.23 | | | 406.23 | |
| 116697 | | 927043 | 08/31/13 | 08/31/13 | 08/31/13 | 61.50 | | | 61.50 | |
| 116698 | | 912863 | 08/31/13 | 08/31/13 | 08/31/13 | 53.53 | | | 53.53 | |
| 116699 | | 917964 | 08/31/13 | 08/31/13 | 08/31/13 | 12.66 | | | 12.66 | |
| 116700 | | 901711 | 08/31/13 | 08/31/13 | 08/31/13 | 291.76 | | | 291.76 | |
| 116701 | | 927501 | 08/31/13 | 08/31/13 | 08/31/13 | 325.62 | | | 325.62 | |
| 116702 | | 901991 | 08/31/13 | 08/31/13 | 08/31/13 | 114.93 | | | 114.93 | |
| | | | | | **TOTAL | 2,470.62 | 63.75 | | 2,406.87 | 0.00 |

# Exhibit 1-A

ASR Constructors Inc
AP Full Invoice Report
6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 3803 - Hasler | | | | | | | | | | |
| 116248 | | | 08/02/13 | 08/02/13 | 08/02/13 | 107.84 | 107.84 | 8/2/2013 | 0.00 | |
| 116500 | | | 08/31/13 | 08/31/13 | 08/31/13 | 133.34 | | | 133.34 | |
| | | | | | **TOTAL | 241.18 | 107.84 | | 133.34 | 0.00 |
| 3806 - KONECRANESINC. | | | | | | | | | | |
| 115963 | | SBD00804586 | 06/30/13 | 06/30/13 | 06/30/13 | 350.00 | | 8/1/2013 | 350.00 | |
| 116109 | | SBD00802154 | 06/30/13 | 06/30/13 | 06/30/13 | 3,943.30 | | | 3,943.30 | |
| 116122 | | BDOO746142 | 06/30/13 | 06/30/13 | 06/30/13 | 420.00 | 420.00 | 8/20/2013 | 0.00 | |
| | | | | | **TOTAL | 4,713.30 | 420.00 | | 4,293.30 | 0.00 |
| 3820 - Alliant Insurance Service Inc. | | | | | | | | | | |
| 115640 | | 81938 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 14,832.00 | 6/25/2013 | -14,832.00 | |
| 115642 | | 81959 | 05/31/13 | 05/31/13 | 05/31/13 | -6,600.00 | | | -6,600.00 | |
| 115829 | | 81960 | 06/25/13 | 06/25/13 | 06/25/13 | 6,600.00 | 6,600.00 | 6/25/2013 | 0.00 | |
| 115830 | | | 05/31/13 | 05/31/13 | 05/31/13 | -6,600.00 | | | -6,600.00 | |
| 116056 | | 80743 | 07/10/13 | 07/10/13 | 07/10/13 | 13,125.00 | 13,125.00 | 7/10/2013 | 0.00 | |
| 116296 | | 142223 | 08/06/13 | 08/06/13 | 08/06/13 | 1,700.00 | 1,700.00 | 8/6/2013 | 0.00 | |
| | | | | | **TOTAL | 8,225.00 | 36,257.00 | | -28,032.00 | 0.00 |
| 3841 - Gallagher Bassett Services Inc | | | | | | | | | | |
| 116126 | | | 07/31/13 | 07/31/13 | 07/31/13 | 10,000.00 | | | 10,000.00 | |
| | | | | | **TOTAL | 10,000.00 | 0.00 | | 10,000.00 | 0.00 |
| 3845 - Engineered Wall Systems | | | | | | | | | | |
| 116505 | | 82013383 | 08/31/13 | 08/31/13 | 08/31/13 | 39,621.15 | | | 39,621.15 | 3,962.12 |
| 116506 | | 38382013 | 08/31/13 | 08/31/13 | 08/31/13 | 84,466.80 | | | 84,466.80 | 8,446.68 |
| | | | | | **TOTAL | 124,087.95 | 0.00 | | 124,087.95 | 12,408.80 |
| 3847 - County of Riverside | | | | | | | | | | |
| 115904 | | AR0020583 | 06/27/13 | 06/27/13 | 06/27/13 | 1,300.00 | 1,300.00 | 6/28/2013 | 0.00 | |
| | | | | | **TOTAL | 1,300.00 | 1,300.00 | | 0.00 | 0.00 |
| 3865 - Diamond Power Services | | | | | | | | | | |
| 116340 | | 7ASP3113 | 08/31/13 | 08/31/13 | 08/31/13 | 105.00 | | | 105.00 | |
| 116841 | | 38Q00116 | 08/31/13 | 08/31/13 | 08/31/13 | 265.50 | | | 265.50 | |
| | | | | | **TOTAL | 370.50 | 0.00 | | 370.50 | 0.00 |

**Exhibit 1-A**

ASR Constructors, Inc.

A/P Full Invoice Report

6/1/2013 To 9/30/2013

*Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 3886 - Allied Building Products Corp. | | | | | | | | | | |
| 116085 | | | 06/17/13 | 06/17/13 | 06/17/13 | 11,965.25 | 11,965.25 | 6/21/2013 | 0.00 | |
| | | | | | **TOTAL | 11,965.25 | 11,965.25 | | 0.00 | 0.00 |
| 3892 - Extreme Electrical Services | | | | | | | | | | |
| 116550 | | | 07/31/13 | 07/31/13 | 07/31/13 | 2,636.50 | 2,636.50 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 2,636.50 | 2,636.50 | | 0.00 | 0.00 |
| 3976 - Construction Laborers Trust | | | | | | | | | | |
| 116791 | Audit | | 09/30/13 | 09/30/13 | 09/30/13 | 15.45 | | | 15.45 | |
| | | | | | **TOTAL | 15.45 | 0.00 | | 15.45 | 0.00 |
| 3992 - V & B Growers, Inc. | | | | | | | | | | |
| 115836 | | | 06/26/13 | 06/26/13 | 06/26/13 | 5,368.44 | 5,368.44 | 6/26/2013 | 0.00 | |
| 115957 | | | 07/01/13 | 07/01/13 | 07/01/13 | 1,045.35 | 1,045.35 | 7/1/2013 | 0.00 | |
| | | | | | **TOTAL | 6,413.79 | 6,413.79 | | 0.00 | 0.00 |
| 3996 - Murillo' s Cleaning | | | | | | | | | | |
| 115682 | | | 06/06/13 | 06/06/13 | 06/06/13 | 400.00 | 400.00 | 6/6/2013 | 0.00 | |
| 116046 | | 109 | 06/30/13 | 06/30/13 | 06/30/13 | 400.00 | 400.00 | 7/17/2013 | 0.00 | |
| 116348 | | 110 | 08/31/13 | 08/31/13 | 08/31/13 | 400.00 | | | 400.00 | |
| 116502 | | | 08/31/13 | 08/31/13 | 08/31/13 | 400.00 | 400.00 | 9/13/2013 | 0.00 | |
| | | | | | **TOTAL | 1,600.00 | 1,200.00 | | 400.00 | 0.00 |
| 4001 - Bay City Electric Works | | | | | | | | | | |
| 116069 | | JC104318 | 06/30/13 | 06/30/13 | 06/30/13 | 810.00 | 810.00 | 7/12/2013 | 0.00 | |
| | | | | | **TOTAL | 810.00 | 810.00 | | 0.00 | 0.00 |
| 4032 - General Glass International | | | | | | | | | | |
| 114496 | | 12413 | 01/24/13 | 01/24/13 | 02/23/13 | 0.00 | -1,404.40 | 6/30/2013 | 1,404.40 | |
| | | | | | **TOTAL | 0.00 | -1,404.40 | | 1,404.40 | 0.00 |
| 4036 - Lamvin Inc. | | | | | | | | | | |
| 114896 | | 22213 | 02/22/13 | 02/22/13 | 03/24/13 | -996.84 | -996.84 | 6/19/2013 | 0.00 | |
| | | | | | **TOTAL | -996.84 | -996.84 | | 0.00 | 0.00 |
| 4041 - Shulman Hodges & Bastian LLP | | | | | | | | | | |
| 116337 | | 69754 | 08/31/13 | 08/31/13 | 08/31/13 | 9,823.99 | | | 9,823.99 | |
| 116792 | | 70029 | 08/31/13 | 08/31/13 | 08/31/13 | 2,677.50 | | | 2,677.50 | |
| | | | | | **TOTAL | 12,501.49 | 0.00 | | 12,501.49 | 0.00 |

**Exhibit 1-A**

ASR Constructors, Inc.
AP Full Invoice Report
6/1/2013 To 9/30/2013

* Indicates Invoice on Hold

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 4044 - So Cal Industries | | | | | | | | | | |
| 115598 | | 113356 | 04/30/13 | 04/30/13 | 04/30/13 | 0.00 | 689.03 | 8/8/2013 | -689.03 | |
| 115749 | | 115580 | 05/31/13 | 05/31/13 | 05/31/13 | 0.00 | 570.00 | 8/8/2013 | -570.00 | |
| 115956 | | 117866 | 06/30/13 | 06/30/13 | 06/30/13 | 570.00 | 570.00 | 8/20/2013 | 0.00 | |
| 116210 | | 120088 | 07/31/13 | 07/31/13 | 07/31/13 | 570.00 | | | 570.00 | |
| 116469 | | 122438 | 08/31/13 | 08/31/13 | 08/31/13 | 570.00 | | | 570.00 | |
| | | | | | **TOTAL | 1,710.00 | 1,829.03 | | -119.03 | 0.00 |
| 4047 - First Insurance Funding Corp | | | | | | | | | | |
| 115998 | | 0003-1795148 | 06/30/13 | 06/30/13 | 06/30/13 | 1,899.51 | 1,899.51 | 8/21/2013 | 0.00 | |
| 116300 | | | 07/01/13 | 07/01/13 | 07/01/13 | 2,009.49 | 2,009.49 | 7/18/2013 | 0.00 | |
| 116418 | | | 08/31/13 | 08/31/13 | 08/31/13 | 1,899.51 | 1,899.51 | 9/13/2013 | 0.00 | |
| 116672 | | | 08/15/13 | 08/15/13 | 08/15/13 | 1,162.46 | | | 1,162.46 | |
| 116675 | | | 08/16/13 | 08/16/13 | 08/16/13 | 2,009.49 | 2,009.49 | 8/15/2013 | 0.00 | |
| 116795 | | | 09/30/13 | 09/30/13 | 09/30/13 | 1,899.51 | | | 1,899.51 | |
| | | | | | **TOTAL | 10,879.97 | 7,818.00 | | 3,061.97 | 0.00 |
| 4048 - Higginson & Cartozian | | | | | | | | | | |
| 115677 | | | 06/05/13 | 06/05/13 | 06/05/13 | 150.00 | 150.00 | 6/5/2013 | 0.00 | |
| | | | | | **TOTAL | 150.00 | 150.00 | | 0.00 | 0.00 |
| 4840 - Letizia Law Firm | | | | | | | | | | |
| 115675 | 556967694 | | 06/04/13 | 06/04/13 | 06/04/13 | 29,000.00 | 29,000.00 | 6/4/2013 | 0.00 | |
| 116479 | | | 08/30/13 | 08/30/13 | 08/30/13 | 80,000.00 | 80,000.00 | 8/30/2013 | 0.00 | |
| | | | | | **TOTAL | 109,000.00 | 109,000.00 | | 0.00 | 0.00 |
| 4841 - VALMONT INDUSTRIES | | | | | | | | | | |
| 116301 | | 3611790 | 07/30/13 | 07/03/13 | 07/30/13 | 181.96 | 181.96 | 8/1/2013 | 0.00 | |
| | | | | | **TOTAL | 181.96 | 181.96 | | 0.00 | 0.00 |
| 4842 - Thunder Technologies | | | | | | | | | | |
| 115764 | | | 06/04/13 | 06/04/13 | 06/04/13 | 1,813.50 | 1,813.50 | 6/4/2013 | 0.00 | |
| | | | | | **TOTAL | 1,813.50 | 1,813.50 | | 0.00 | 0.00 |
| 4843 - Corporate Collections Int. | | | | | | | | | | |
| 115850 | | | 06/27/13 | 06/27/13 | 06/27/13 | 1,071.00 | 1,071.00 | 6/27/2013 | 0.00 | |
| | | | | | **TOTAL | 1,071.00 | 1,071.00 | | 0.00 | 0.00 |

# Exhibit 1-A

ASR Constructors, Inc.

AP Full Invoice Report

6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 4844 - Metro | | | | | | | | | | |
| 116068 | | | 07/11/13 | 07/11/13 | 07/11/13 | 15.00 | 15.00 | 7/11/2013 | 0.00 | |
| | | | | | **TOTAL | 15.00 | 15.00 | | 0.00 | 0.00 |
| 4845 - Joel Meza | | | | | | | | | | |
| 116138 | | | 07/15/13 | 07/15/13 | 07/15/13 | 68.33 | 68.33 | 7/15/2013 | 0.00 | |
| | | | | | **TOTAL | 68.33 | 68.33 | | 0.00 | 0.00 |
| 4846 - Luis Estrada-Rodriguez | | | | | | | | | | |
| 116245 | | | 08/02/13 | 08/02/13 | 08/02/13 | 70.92 | 70.92 | 8/2/2013 | 0.00 | |
| | | | | | **TOTAL | 70.92 | 70.92 | | 0.00 | 0.00 |
| 4847 - Jose I Batres | | | | | | | | | | |
| 116246 | | | 08/02/13 | 08/02/13 | 08/02/13 | 21.60 | 21.60 | 8/2/2013 | 0.00 | |
| | | | | | **TOTAL | 21.60 | 21.60 | | 0.00 | 0.00 |
| 4848 - Wells Fargo Corporate Trust | | | | | | | | | | |
| 116435 | | | 08/22/13 | 08/22/13 | 08/22/13 | 5,733.40 | 5,733.40 | 8/22/2013 | 0.00 | |
| | | | | | **TOTAL | 5,733.40 | 5,733.40 | | 0.00 | 0.00 |
| 4849 - Precision Andonizing & Plating | | | | | | | | | | |
| 116455 | | | 08/02/13 | 08/02/13 | 08/02/13 | 2,490.56 | 2,490.56 | 8/2/2013 | 0.00 | |
| | | | | | **TOTAL | 2,490.56 | 2,490.56 | | 0.00 | 0.00 |
| 4850 - Star Auto Parts | | | | | | | | | | |
| 116510 | | | 09/09/13 | 09/09/13 | 09/09/13 | 123.61 | 123.61 | 9/9/2013 | 0.00 | |
| | | | | | **TOTAL | 123.61 | 123.61 | | 0.00 | 0.00 |
| 4851 - Sage Contractor Service | | | | | | | | | | |
| 116529 | | | 07/31/13 | 07/31/13 | 07/31/13 | 10,000.00 | 10,000.00 | 7/31/2013 | 0.00 | |
| 116530 | | | 07/31/13 | 07/31/13 | 07/31/13 | 50,000.00 | 50,000.00 | 7/31/2013 | 0.00 | |
| 116668 | | | 07/31/13 | 07/31/13 | 07/31/13 | 31,949.45 | 31,949.45 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 91,949.45 | 91,949.45 | | 0.00 | 0.00 |
| 4852 - Powers-Leavitt Insurance | | | | | | | | | | |
| 116532 | | | 07/31/13 | 07/31/13 | 07/31/13 | 15,968.00 | 15,968.00 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 15,968.00 | 15,968.00 | | 0.00 | 0.00 |

# Exhibit 1-A

ASR Construction, Inc.
AP Full Invoice Report
6/1/2013 To 9/30/2013

** Indicates Invoice on Hold*

| Trx No | Description | Invoice No | Invoice Date | Trx Date | Due Date | Trx Amount | Paid To Date | Last Paid | Balance Due | Retainage |
|---|---|---|---|---|---|---|---|---|---|---|
| 4853 - Jose L Campos | | | | | | | | | | |
| 116540 | | | 07/31/13 | 07/31/13 | 07/31/13 | 374.40 | 374.40 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 374.40 | 374.40 | | 0.00 | 0.00 |
| 4854 - Jorge Valencia | | | | | | | | | | |
| 116541 | | | 07/31/13 | 07/31/13 | 07/31/13 | 208.56 | 208.56 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 208.56 | 208.56 | | 0.00 | 0.00 |
| 4855 - Seleti J Vaitai | | | | | | | | | | |
| 116543 | | | 07/31/13 | 07/31/13 | 07/31/13 | 93.60 | 93.60 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 93.60 | 93.60 | | 0.00 | 0.00 |
| 4856 - Michael Hopson | | | | | | | | | | |
| 116546 | | | 07/31/13 | 07/31/13 | 07/31/13 | 280.80 | 280.80 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 280.80 | 280.80 | | 0.00 | 0.00 |
| 4857 - David Hernandez | | | | | | | | | | |
| 116548 | | | 07/31/13 | 07/31/13 | 07/31/13 | 182.40 | 182.40 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 182.40 | 182.40 | | 0.00 | 0.00 |
| 4858 - Venancio Venegas | | | | | | | | | | |
| 116565 | | | 07/31/13 | 07/31/13 | 07/31/13 | 93.20 | 93.20 | 7/31/2013 | 0.00 | |
| | | | | | **TOTAL | 93.20 | 93.20 | | 0.00 | 0.00 |
| MISC. - Misc. | | | | | | | | | | |
| 116235 | Bonsall PTA | | 06/04/13 | 06/04/13 | 06/04/13 | 100.00 | 100.00 | 6/4/2013 | 0.00 | |
| | | | | | **TOTAL | 100.00 | 100.00 | | 0.00 | 0.00 |
| | | | | | *** GRAND TOTALS *** | 2,105,893.48 | 2,042,846.48 | | 63,047.00 | 7,511.49 |

**Exhibit 1-A**

**Another Meridian Company, LLC – Excerpt from Statement of Affairs**

None ☐ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk(*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Name and Address of Creditor | Dates of Payments/Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|
| **Zions First National Bank<br>1 S Main Street<br>Suite 700<br>Salt Lake City, UT 84133<br><br>CDC Small Business Finance<br>c/o Wells Fargo Corporate Trust Services<br>1545 River Park Drive<br>Suite 530<br>Sacramento, CA 95815** | **Monthly loan payments for the Debtor's real property located at 5230 Wilson Street, Riverside, CA are made by the tenant of the property (ASR Constructors, Inc.) directly to the two lienholders on the property.** | **Zions First National Bank: approximately $5,483.77 per month plus any accrued late charges, if applicable<br><br>CDC Small Business Finance c/o Wells Fargo Corporate Trust Services: approximately $5,460.28 per month plus any accrued late charges, if applicable** | **Zions First National Bank: approximately $518,213.07<br><br>CDC Small Business Finance: approximately $451,104.23** |

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**Exhibit 1-A**

Inland Machinery, Inc

A/P Check Register

1003 Citizens-General Checking-4614

| Chk/Pymt Ref No | Check Date | Vendor Number | Vendor Name | Invoice Trx No | Joint Name Description | Payment | Discount | Invoice Number | Invoice Date |
|---|---|---|---|---|---|---|---|---|---|
| 4000 | 07/17/13 | 1009 | BETTS TRUCK PARTS & SERVI | | | | | | |
| | | | | 10996 | | 463.68 | 0.00 | | 06/30/13 |
| Standard Check | | | | | Check Amount | 463.68 | 0.00 | | |
| 4001 | 07/17/13 | 1021 | DMV - RENEWAL | | | | | | |
| | | | | 10991 #1073 | | 224.00 | 0.00 | | 07/31/13 |
| | | | | 10992 1048 | | 142.00 | 0.00 | | 08/31/13 |
| Standard Check | | | | | Check Amount | 366.00 | 0.00 | | |
| 4002 | 07/17/13 | 1181 | Diners Club | | | | | | |
| | | | | 11000 | | 1,646.62 | 0.00 | | 07/31/13 |
| Standard Check | | | | | Check Amount | 1,646.62 | 0.00 | | |
| 4002 | 07/17/13 | 1181 | Diners Club | | | | | | |
| | | | | 11000 | | -1,646.62 | 0.00 | | 07/31/13 |
| Standard Check | | | | *** VOID *** | Check Amount | -1,646.62 | 0.00 | | |
| 4003 | 07/19/13 | 1000 | AT & T | | | | | | |
| | | | | 11013 | | 169.13 | 0.00 | | 06/30/13 |
| Standard Check | | | | | Check Amount | 169.13 | 0.00 | | |
| 4003 | 08/08/13 | 1000 | AT & T | | | | | | |
| | | | | 11013 | | -169.13 | 0.00 | | 06/30/13 |
| Standard Check | | | | *** VOID *** | Check Amount | -169.13 | 0.00 | | |
| 4004 | 07/19/13 | 1021 | DMV - RENEWAL | | | | | | |
| | | | | 10985 #1086 | | 533.00 | 0.00 | | 07/31/13 |
| Standard Check | | | | | Check Amount | 533.00 | 0.00 | | |
| 4005 | 07/19/13 | 1121 | EAGLE ROAD SERVICE | | | | | | |
| | | | | 11009 | | 948.89 | 0.00 | | 06/30/13 |
| Standard Check | | | | | Check Amount | 948.89 | 0.00 | | |
| 4006 | 08/02/13 | 1148 | NAPA AUTO PARTS | | | | | | |
| | | | | 11020 | | 260.70 | 0.00 | | 08/02/13 |
| Standard Check | | | | | Check Amount | 260.70 | 0.00 | | |
| 4007 | 08/02/13 | 1181 | Diners Club | | | | | | |
| | | | | 11022 | | 2,169.77 | 0.00 | | 08/02/13 |
| Standard Check | | | | | Check Amount | 2,169.77 | 0.00 | | |
| 4008 | 08/02/13 | 1287 | Merit Oil, Inc | | | | | | |
| | | | | 11023 | | 3,990.84 | 0.00 | | 08/02/13 |
| Standard Check | | | | | Check Amount | 3,990.84 | 0.00 | | |
| 4009 | 08/05/13 | 1161 | STEWARTS RADIATOR | | | | | | |
| | | | | 11025 | | 150.00 | 0.00 | 5451 | 08/31/13 |
| Standard Check | | | | | Check Amount | 150.00 | 0.00 | | |
| 4010 | 08/06/13 | 1148 | NAPA AUTO PARTS | | | | | | |
| | | | | 11031 | | 263.04 | 0.00 | | 08/06/13 |
| Standard Check | | | | | Check Amount | 263.04 | 0.00 | | |
| 4011 | 08/13/13 | 1288 | Pete's Road Service, Inc. | | | | | | |
| | | | | 11033 | | 1,325.24 | 0.00 | 771514-00 | 08/13/13 |
| Standard Check | | | | | Check Amount | 1,325.24 | 0.00 | | |
| 4012 | 08/14/13 | 1148 | NAPA AUTO PARTS | | | | | | |
| | | | | 11034 | | 482.48 | 0.00 | | 08/14/13 |
| Standard Check | | | | | Check Amount | 482.48 | 0.00 | | |

**Exhibit 1-A**

| Chk/Pymt Ref No | Check Date | Vendor Number | Vendor Name | Invoice Trx No | Joint Name Description | Payment | Discount | Invoice Number | Invoice Date |
|---|---|---|---|---|---|---|---|---|---|
| 4013 | 08/19/13 | 1287 | Merit Oil, Inc | | | | | | |
| | | | | 11039 | | 5,886.67 | 0.00 | | 08/19/13 |
| Standard Check | | | | | Check Amount | 5,886.67 | 0.00 | | |
| 4014 | 08/19/13 | 1255 | Rene's Tire | | | | | | |
| | | | | 11040 | | 579.87 | 0.00 | | 08/19/13 |
| Standard Check | | | | | Check Amount | 579.87 | 0.00 | | |
| 4014 | 08/19/13 | 1255 | Rene's Tire | | | | | | |
| | | | | 11040 | | -579.87 | 0.00 | | 08/19/13 |
| Standard Check | | | | *** VOID *** | Check Amount | -579.87 | 0.00 | | |
| 4015 | 08/19/13 | 1289 | Concord Tires And Automotive | | | | | | |
| | | | | 11041 | | 579.87 | 0.00 | | 08/19/13 |
| Standard Check | | | | | Check Amount | 579.87 | 0.00 | | |
| 4016 | 08/22/13 | 1021 | DMV - RENEWAL | | | | | | |
| | | | | 10986 #1113 | | 548.00 | 0.00 | | 07/31/13 |
| | | | | 11002 1035 | | 329.00 | 0.00 | | 08/31/13 |
| | | | | 11003 1018 | | 10.00 | 0.00 | | 08/31/13 |
| Standard Check | | | | | Check Amount | 887.00 | 0.00 | | |
| 4017 | 08/23/13 | 1290 | Star Auto Parts | | | | | | |
| | | | | 11043 | | 423.87 | 0.00 | | 08/23/13 |
| Standard Check | | | | | Check Amount | 423.87 | 0.00 | | |
| 4018 | 08/27/13 | 1143 | KH METALS & SUPPLY | | | | | | |
| | | | | 11050 | | 225.50 | 0.00 | 0215566 | 08/31/13 |
| | | | | 11051 | | 76.41 | 0.00 | 0215771 | 08/31/13 |
| | | | | 11052 | | 62.10 | 0.00 | 0216290 | 08/31/13 |
| | | | | 11053 | | 85.58 | 0.00 | 0217227 | 08/31/13 |
| Standard Check | | | | | Check Amount | 449.59 | 0.00 | | |
| 4019 | 08/28/13 | 1021 | DMV - RENEWAL | | | | | | |
| | | | | 11054 | | 19.00 | 0.00 | | 08/28/13 |
| Standard Check | | | | | Check Amount | 19.00 | 0.00 | | |
| 4020 | 08/28/13 | 1148 | NAPA AUTO PARTS | | | | | | |
| | | | | 11055 | | 158.75 | 0.00 | | 08/28/13 |
| Standard Check | | | | | Check Amount | 158.75 | 0.00 | | |
| 4020 | 08/28/13 | 1148 | NAPA AUTO PARTS | | | | | | |
| | | | | 11055 | | -158.75 | 0.00 | | 08/28/13 |
| Standard Check | | | | *** VOID *** | Check Amount | -158.75 | 0.00 | | |
| 4021 | 08/30/13 | 1148 | NAPA AUTO PARTS | | | | | | |
| | | | | 11056 | | 117.45 | 0.00 | | 08/30/13 |
| Standard Check | | | | | Check Amount | 117.45 | 0.00 | | |
| 4021 | 08/30/13 | 1148 | NAPA AUTO PARTS | | | | | | |
| | | | | 11056 | | -117.45 | 0.00 | | 08/30/13 |
| Standard Check | | | | *** VOID *** | Check Amount | -117.45 | 0.00 | | |
| 4022 | 09/19/13 | 1021 | DMV - RENEWAL | | | | | | |
| | | | | 11097 | | 1,074.00 | 0.00 | | 09/19/13 |
| Quick Check | | | | | Check Amount | 1,074.00 | 0.00 | | |
| 4023 | 09/20/13 | 1021 | DMV - RENEWAL | | | | | | |
| | | | | 11099 | | 608.00 | 0.00 | | 09/20/13 |
| Quick Check | | | | | Check Amount | 608.00 | 0.00 | | |

**Exhibit 1-A**

1003 Citizens-General Checking-4614

| Chk/Pymt Ref No | Check Date | Vendor Number | Vendor Name | Invoice Trx No | Joint Name Description | Payment | Discount | Invoice Number | Invoice Date |
|---|---|---|---|---|---|---|---|---|---|
| 4024 | 09/30/13 | 1181 | Diners Club | | | | | | |
| | | | | 11089 | | 104.00 | 0.00 | | 08/31/13 |
| Standard Check | | | | | Check Amount | 104.00 | 0.00 | | |
| 4025 | 09/30/13 | 1287 | Merit Oil, Inc | | | | | | |
| | | | | 11107 | YARD Yard Job | 3,847.04 | 0.00 | 93013 | 09/30/13 |
| Quick Check | | | | | Check Amount | 3,847.04 | 0.00 | | |
| 4026 | 10/02/13 | 187 | Lowe's | | | | | | |
| | | | | 11109 | | 1,108.90 | 0.00 | 09-02-13 | 09/02/13 |
| Standard Check | | | | | Check Amount | 1,108.90 | 0.00 | | |
| 4027 | 10/02/13 | 188 | CitiBuisness Card | | | | | | |
| | | | | 11111 | | 2,000.00 | 0.00 | 93013 | 09/30/13 |
| Standard Check | | | | | Check Amount | 2,000.00 | 0.00 | | |
| 4028 | 10/03/13 | 1021 | DMV - RENEWAL | | | | | | |
| | | | | 11168 | | 95.00 | 0.00 | | 10/03/13 |
| Quick Check | | | | | Check Amount | 95.00 | 0.00 | | |
| 4030 | 10/04/13 | 189 | Empire System, Inc. | | | | | | |
| | | | | 11165 | | 1,700.00 | 0.00 | 2013-10-04 | 10/04/13 |
| Standard Check | | | | | Check Amount | 1,700.00 | 0.00 | | |
| 4031 | 10/14/13 | 1259 | Fritts Ford Riverside | | | | | | |
| | | | | 11169 | SHP/MNT Shop & Maintena | 134.96 | 0.00 | 191657 | 10/14/13 |
| Quick Check | | | | | Check Amount | 134.96 | 0.00 | | |
| 4032 | 10/16/13 | 1287 | Merit Oil, Inc | | | | | | |
| | | | | 11170 | | 3,845.77 | 0.00 | 101613 | 10/16/13 |
| Quick Check | | | | | Check Amount | 3,845.77 | 0.00 | | |
| | | | | | Account Totals | 33,717.31 | 0.00 | | |

**Exhibit 1-A**

# EXHIBIT 1-B

# Payments to Insiders Made One Year Prior to the Petition Date

A/P Invoice History Report

09/01/12 To 10/23/13

Sort by Vendor No

| Vendor No | Vendor Name | Type | Trx No | Trx Date | Invoice No | Inv Date | Description | Trx Amount | Job No |
|---|---|---|---|---|---|---|---|---|---|
| 3283 | Another Meridian Company | | | | | | | | |
| | | OTH | 9578 | 12/31/12 | 155 | 4/30/2012 | Other(EFT) | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 156 | 5/1/2012 | Other(EFT) | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 157 | 5/30/2012 | Other(EFT) | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 158 | 6/30/2012 | Other(EFT) | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 159 | 7/31/2012 | Other(EFT) | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 160 | 8/31/2012 | Other(EFT) | 34,000.00 | |
| | | INV | 114039 | 09/30/12 | 162 | 9/30/2012 | | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 162 | 9/30/2012 | Other(EFT) | 34,000.00 | |
| | | INV | 114040 | 10/31/12 | 163 | 10/31/2012 | | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 163 | 10/31/2012 | Other(EFT) | 34,000.00 | |
| | | INV | 114041 | 11/30/12 | 164 | 11/30/2012 | | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 164 | 11/30/2012 | Other(EFT) | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 165 | 12/31/2012 | Other(EFT) | 34,000.00 | |
| | | INV | 114042 | 12/31/12 | 165 | 12/31/2012 | | 34,000.00 | |
| | | OTH | 9578 | 12/31/12 | 123112 | 12/31/2012 | Other(EFT) | -340,000.00 | |
| | | INV | 114863 | 12/31/12 | 123112 | 12/31/2012 | credit memo to 1325 | -340,000.00 | |

**Exhibit 1-B**

ASR Constructors, Inc.

A/P Invoice History Report

09/01/12 To 10/23/13

Sort by Vendor No

| Vendor No | Vendor Name | Type | Trx No | Trx Date | Invoice No | Inv Date | Description | Trx Amount | Job No |
|---|---|---|---|---|---|---|---|---|---|
| 2661 | Inland Machinery, Inc. | | | | | | | | |
| | | CHK | 35271 | 09/25/12 | 1513 | 9/25/2012 | Chk Run | 1,000.00 | |
| | | INV | 112570 | 09/25/12 | 1513 | 9/25/2012 | | 1,000.00 | |
| | | CHK | 427117 | 09/27/12 | 928-1511 | 8/31/2012 | Chk Run | 72,155.90 | 928 |
| | | INV | 112874 | 09/01/12 | 1507 | 4/30/2012 | | 30,045.74 | 924 |
| | | CHK | 502692951 | 10/12/12 | 1507 | 4/30/2012 | Chk Run | 30,045.74 | 924 |
| | | INV | 112875 | 09/01/12 | 1509 | 5/31/2012 | | 37,895.30 | 924 |
| | | CHK | 502692951 | 10/12/12 | 1509 | 5/31/2012 | Chk Run | 37,895.30 | 924 |
| | | INV | 112942 | 09/01/12 | 924-1516 | 8/31/2012 | Inv 1516 | 30,045.74 | 924 |
| | | CHK | 431936 | 10/17/12 | 924-1516 | 8/31/2012 | Chk Run | 30,045.74 | 924 |
| | | INV | 113175 | 10/01/12 | 929-1518 | 9/30/2012 | Thru 9/30/12 | 59,636.21 | 929 |
| | | CHK | 429819 | 10/29/12 | 929-1518 | 9/30/2012 | Chk Run | 59,636.21 | 929 |
| | | INV | 114309 | 11/01/12 | 929-1540 | 10/31/2012 | 1540 | 47,787.13 | 929 |
| | | CHK | 23 | 12/12/12 | 929-1540 | 10/31/2012 | Chk Run | 47,787.13 | 929 |
| | | INV | 114310 | 11/01/12 | 924-1546 | 10/31/2012 | inv 1546 | 34,548.73 | 924 |
| | | CHK | 55 | 12/19/12 | 924-1546 | 10/31/2012 | Chk Run | 34,548.73 | 924 |
| | | INV | 114317 | 11/30/12 | 924-1547 | 11/30/2012 | 1547 | 47,903.08 | 924 |
| | | CHK | 60 | 12/26/12 | 924-1547 | 11/30/2012 | Chk Run | 47,903.08 | 924 |
| | | INV | 114383 | 11/30/12 | 929-1550 | 11/30/2012 | Thru 113012 | 5,874.28 | 929 |
| | | CHK | 26 | 01/15/13 | 929-1550 | 11/30/2012 | Chk Run | 5,874.28 | 929 |
| | | INV | 114865 | 01/01/13 | 1558 | 12/3[illegible]/2012 | 1558 | 64,300.00 | 924 |

**Exhibit 1-B**

A/P Invoice History Report
09/01/12 To 10/23/13

Sort by Vendor No

| Vendor No | Vendor Name | Type | Trx No | Trx Date | Invoice No | Inv Date | Description | Trx Amount | Job No |
|---|---|---|---|---|---|---|---|---|---|
| 2661 | Inland Machinery, Inc. | | | | | | | | |
| | | CHK | 77 | 02/18/13 | 1558 | 12/31/2012 | Chk Run | 64,300.00 | 924 |
| | | INV | 114945 | 01/31/13 | 1562 | 1/31/2013 | 1562 | 7,045.66 | 928 |
| | | CHK | 26 | 02/28/13 | 1562 | 1/31/2013 | Chk Run | 7,045.66 | 928 |
| | | ADJ | 115040 | 01/31/13 | 1567 | 1/31/2013 | Adjusting Inv: 115108 | -10,584.00 | 820 |
| | | INV | 115040 | 01/31/13 | 1567 | 1/31/2013 | 1567 | 10,584.00 | 820 |
| | | ADJ | 115041 | 02/28/13 | 1568 | 2/28/2013 | Adjusting Inv: 115109 | -10,584.00 | 820 |
| | | INV | 115041 | 02/28/13 | 1568 | 2/28/2013 | 1568 | 10,584.00 | 820 |
| | | INV | 115075 | 01/31/13 | 1572 | 1/31/2013 | 1572 | 16,929.00 | 924 |
| | | CHK | 87 | 03/14/13 | 1572 | 1/31/2013 | Chk Run | 16,929.00 | 924 |
| | | INV | 115193 | 02/28/13 | 928-1577 | 2/28/2013 | 1577 | 22,313.33 | 928 |
| | | CHK | 30 | 03/21/13 | 928-1577 | 2/28/2013 | Chk Run | 22,313.33 | 928 |
| | | CHK | 36268 | 04/03/13 | | 4/3/2013 | Chk Run | 1,000.00 | |
| | | INV | 115255 | 04/03/13 | | 4/3/2013 | | 1,000.00 | |
| | | INV | 115338 | 02/28/13 | 924-1582 | 2/28/2013 | Thru 2/28/13 | 9,985.00 | 924 |
| | | CHK | 100 | 04/11/13 | 924-1582 | 2/28/2013 | Chk Run | 9,985.00 | 924 |
| | | INV | 115437 | 12/31/12 | 123112 | 12/31/2012 | 2012 equip costs RAMS AJE 5 | 64,163.00 | 9999 |
| | | ADJ | 115437 | 01/01/13 | 123112 | 12/31/2012 | Adjusting Inv: 116180 | -64,163.00 | 9999 |
| | | CHK | 45 | 05/30/13 | | 5/30/2013 | Chk Run | 9,250.00 | |
| | | INV | 115973 | 05/30/13 | | 5/30/2013 | | 9,250.00 | |
| | | CHK | 34 | 05/30/13 | | 5/30/2013 | Chk Run | 9,803.00 | |
| | | INV | 115974 | 05/30/13 | | 5/30/2013 | | 9,803.00 | |
| | | CHK | 31 | 05/03/13 | | 5/30/2013 | Chk Run | 9,450.00 | |
| | | INV | 115975 | 05/30/13 | | 5/30/2013 | | 9,450.00 | |
| | | CHK | 37 | 05/03/13 | | 5/3/2013 | Chk Run | 66,173.16 | |
| | | INV | 115979 | 05/03/13 | | 5/3/2013 | | 66,173.16 | |
| | | CHK | 38 | 06/20/13 | | 6/20/2013 | Chk Run | 9,803.00 | 929 |
| | | INV | 116095 | 06/20/13 | | 6/20/2013 | | 9,803.00 | 929 |

**Exhibit 1-B**

A/P Invoice History Report

09/01/12 To 10/23/13

Sort by Vendor No

| Vendor No | Vendor Name | Type | Trx No | Trx Date | Invoice No | Inv Date | Description | Trx Amount | Job No |
|---|---|---|---|---|---|---|---|---|---|
| 2661 | Inland Machinery, Inc. | | | | | | | | |
| | | CHK | 51 | 06/20/13 | | 6/20/2013 | Chk Run | 9,250.00 | 928 |
| | | INV | 116103 | 06/20/13 | | 6/20/2013 | | 9,250.00 | 928 |
| | | CHK | 63 | 08/29/13 | | 8/29/2013 | Chk Run | 3,673.00 | 928 |
| | | INV | 116838 | 08/29/13 | | 8/29/2013 | | 3,673.00 | 928 |
| | | CHK | 159 | 08/15/13 | | 8/15/2013 | Chk Run | 10,903.00 | 924 |
| | | INV | 116839 | 08/15/13 | | 8/15/2013 | | 10,903.00 | 924 |
| | | CHK | 59 | 08/05/13 | | 8/5/2013 | Chk Run | 10,903.00 | 928 |
| | | INV | 116861 | 08/05/13 | | 8/5/2013 | Equiment Rental | 10,903.00 | 928 |
| | | CHK | 172 | 08/23/13 | | 8/23/2013 | Chk Run | 10,903.00 | 924 |
| | | INV | 116862 | 08/23/13 | | 8/23/2013 | Equiment Rental | 10,903.00 | 924 |
| | | CHK | 75 | 09/01/13 | 1603 | 9/1/2013 | Chk Run | 14,014.00 | 928 |
| | | INV | 116902 | 09/01/13 | 1603 | 9/1/2013 | | 14,014.00 | 928 |

**Exhibit 1-B**

A/P Invoice History Report

09/01/12 To 10/23/13

Sort by Vendor No

| Vendor No | Vendor Name | Type | Trx No | Trx Date | Invoice No | Inv Date | Description | Trx Amount | Job No |
|---|---|---|---|---|---|---|---|---|---|
| 1000 | ASR Constructors Inc. | | | | | | | | |
| | | OTH | 138 | 12/31/12 | 063012 | 6/30/2012 | Other(EFT) | 5,615.33 | |
| | | OTH | 138 | 12/31/12 | 5215 | 6/30/2012 | Other(EFT) | 3,021.69 | |
| | | OTH | 138 | 12/31/12 | 5216 | 6/30/2012 | Other(EFT) | 12,712.46 | |
| | | OTH | 138 | 12/31/12 | 073112 | 7/31/2012 | Other(EFT) | 5,615.33 | |
| | | OTH | 138 | 12/31/12 | 083112 | 8/31/2012 | Other(EFT) | 5,615.33 | |
| | | OTH | 138 | 12/31/12 | 5260 | 7/31/2012 | Other(EFT) | 3,021.69 | |
| | | OTH | 138 | 12/31/12 | 5261 | 8/31/2012 | Other(EFT) | 3,021.69 | |
| | | OTH | 138 | 12/31/12 | 5262 | 7/31/2012 | Other(EFT) | 12,712.46 | |
| | | OTH | 138 | 12/31/12 | 5263 | 8/31/2012 | Other(EFT) | 12,712.46 | |
| | | INV | 342 | 09/30/12 | 5336 | 9/30/2012 | 5% 12 mos note | 3,021.69 | |
| | | OTH | 138 | 12/31/12 | 5336 | 9/30/2012 | Other(EFT) | 3,021.69 | |
| | | INV | 343 | 10/31/12 | 5338 | 10/31/2012 | 5% 12 mos note | 3,021.69 | |
| | | OTH | 138 | 12/31/12 | 5338 | 10/31/2012 | Other(EFT) | 3,021.69 | |
| | | INV | 344 | 11/30/12 | 5339 | 11/30/2012 | 5% 12mos note | 3,021.69 | |
| | | OTH | 138 | 12/31/12 | 5339 | 11/30/2012 | Other(EFT) | 3,021.69 | |
| | | OTH | 138 | 12/31/12 | 5340 | 12/31/2012 | Other(EFT) | 3,021.69 | |
| | | INV | 345 | 12/31/12 | 5340 | 12/31/2012 | 5% 12 mos note | 3,021.69 | |
| | | INV | 346 | 09/30/12 | 5341 | 9/30/2012 | 5% 10yr Note | 12,712.46 | |
| | | OTH | 138 | 12/31/12 | 5341 | 9/30/2012 | Other(EFT) | 12,712.46 | |
| | | INV | 347 | 10/31/12 | 5342 | 10/31/2012 | 5% 10yr Note | 12,712.46 | |
| | | OTH | 138 | 12/31/12 | 5342 | 10/31/2012 | Other(EFT) | 12,712.46 | |
| | | INV | 348 | 11/30/12 | 5343 | 11/30/2012 | 5% 10yr Note | 12,712.46 | |
| | | OTH | 138 | 12/31/12 | 5343 | 11/30/2012 | Other(EFT) | 12,712.46 | |
| | | OTH | 138 | 12/31/12 | 5344 | 12/31/2012 | Other(EFT) | 12,712.46 | |
| | | INV | 349 | 12/31/12 | 5344 | 12/31/2012 | 5% 10yr Note | 12,712.46 | |

**Exhibit 1-B**

A/P Invoice History Report

09/01/12 To 10/23/13

Sort by Vendor No

| Vendor No | Vendor Name | Type | Trx No | Trx Date | Invoice No | Inv Date | Description | Trx Amount | Job No |
|---|---|---|---|---|---|---|---|---|---|
| 1000 | ASR Constructors Inc. | | | | | | | | |
| | | INV | 354 | 09/30/12 | 5350 | 9/30/2012 | Sep Colson payment by ASR | 5,615.32 | |
| | | OTH | 138 | 12/31/12 | 5350 | 9/30/2012 | Other(EFT) | 5,615.32 | |
| | | INV | 355 | 10/31/12 | 5351 | 10/31/2012 | 10/31/12 Colson payment by ASR | 5,615.32 | |
| | | OTH | 138 | 12/31/12 | 5351 | 10/31/2012 | Other(EFT) | 5,615.32 | |
| | | INV | 356 | 11/30/12 | 5352 | 11/30/2012 | 11/30/12 Colson payment by ASR | 5,615.32 | |
| | | OTH | 138 | 12/31/12 | 5352 | 11/30/2012 | Other(EFT) | 5,615.32 | |
| | | OTH | 138 | 12/31/12 | 5353 | 12/31/2012 | Other(EFT) | 5,615.32 | |
| | | INV | 357 | 12/31/12 | 5353 | 12/31/2012 | 12/31/12 Colson payment by ASR | 5,615.32 | |
| | | OTH | 138 | 12/31/12 | 123112 | 12/31/2012 | Other(EFT) | -149,446.32 | |
| | | INV | 369 | 12/31/12 | 123112 | 12/31/2012 | Rcls A/P to Due to ASR | -149,446.32 | |

**Exhibit 1-B**

A/P Invoice History Report

09/01/12 To 10/23/13

Sort by Vendor No

| Vendor No | Vendor Name | Type | Trx No | Trx Date | Invoice No | Inv Date | Description | Trx Amount | Job No |
|---|---|---|---|---|---|---|---|---|---|
| 1015 | ASR CONSTRUCTORS | | | | | | | | |
| | | OTH | 466 | 12/31/12 | 043011 | 4/30/2011 | Other(EFT) | 1,540.39 | |
| | | OTH | 466 | 12/31/12 | 5220 | 6/30/2012 | Other(EFT) | 5,000.00 | |
| | | OTH | 466 | 12/31/12 | 5268 | 7/31/2012 | Other(EFT) | 5,000.00 | |
| | | OTH | 466 | 12/31/12 | 5269 | 8/31/2012 | Other(EFT) | 5,000.00 | |
| | | INV | 10591 | 09/30/12 | 5331 | 9/30/2012 | Sep Yard Lease | 5,000.00 | |
| | | OTH | 466 | 12/31/12 | 5331 | 9/30/2012 | Other(EFT) | 5,000.00 | |
| | | INV | 10592 | 10/31/12 | 5332 | 10/31/2012 | Oct yard Lease | 5,000.00 | |
| | | OTH | 466 | 12/31/12 | 5332 | 10/31/2012 | Other(EFT) | 5,000.00 | |
| | | INV | 10593 | 11/30/12 | 5333 | 11/30/2012 | Nov Yard Lease | 5,000.00 | |
| | | OTH | 466 | 12/31/12 | 5333 | 11/30/2012 | Other(EFT) | 5,000.00 | |
| | | OTH | 466 | 12/31/12 | 5334 | 12/31/2012 | Other(EFT) | 5,000.00 | |
| | | INV | 10594 | 12/31/12 | 5334 | 12/31/2012 | Dec Yard Lease | 5,000.00 | |
| | | OTH | 466 | 12/31/12 | 123112 | 12/31/2012 | Other(EFT) | -36,540.39 | |
| | | INV | 10817 | 12/31/12 | 123112 | 12/31/2012 | credit memo to 2070 | -36,540.39 | |
| | | CHK | 4033 | 10/21/13 | | 10/21/2013 | Chk Run | 4,000.00 | |
| | | INV | 11187 | 10/21/13 | | 10/21/2013 | | 4,000.00 | |

**Exhibit 1-B**

# EXHIBIT 2

# General Unsecured Claims

Main Document Page 164 of 212

# ASR Constructors, Inc.

EXHIBIT 2, PAGE 1 (ASR Constructors, Inc.)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Regents of University of California<br>John P Bevan Senior Counsel<br>Office of the General Counsel<br>1111 Franklin Street<br>8th Floor<br>Oakland, CA 94607-5200 | | | | | 14 | 11/15/2013 | $107,500.00 | $0.00 | $0.00 | $107,500.00 |
| Federal Insurance Company<br>Wayne R Walton Esq<br>15 Mountainview Road<br>Warren, NJ 07059-6711 | $1,770,817.66 | | | | 27[1] | 12/4/2013 | $171,597,580.00 | $6,775,680.13 | $0.00 | $164,821,899.87 |
| Berkley Regional Insurance Company<br>Attn Nancy Manno<br>Berkley Surety Group Inc<br>412 Mount Kemble Ave Suite 310N<br>Morristown, NJ 07960 | $129,600.00 | | U | | 42 | 1/29/2014 | $15,571,500.00 | $.00 | $0.00 | $15,571,500.00 |
| Gotte Electric Inc<br>Attn Steven R Bangerter Esq<br>Bangerter Sheppard PC<br>1300 Clay St Suite 600<br>Oakland, CA 94612 | $6,655,486.47 | X | X | X | 54[2] | | $6,865,179.88 | $.00 | $0.00 | $6,865,179.88 |

[1] ASR secured amount is $6,775,680.13, balance is unsecured.

[2] Claim 54 on ASR Claims Register for $6,865,179.88 (secured on the amended claim filed 2/7/2014.)
The Debtors dispute the validity of the security interests asserted Gotte Electric, Inc.
The Debtors believe that there are causes of action under the Bankruptcy Code to have the lien set aside due to the date the lien was recorded.

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Torrey Pines Bank<br>Attn Hil Contreras<br>12220 El Camino Real, Suite 100<br>San Diego, CA 92130<br><br>This Claim appears to be asserting a levy against any funds that would be paid to Gotte Electric, Inc., up to $715,000 (based on a judgment lien held by Torrey Pines Bank against Gotte Electric, Inc.).<br>Not a claim against the Debtors. In other words, this is a duplicate of any claim held by Gotte Electric, Inc. | | | | | 6 | 10/10/2013 | $715,000.00 | $00 | $0.00 | $0.00 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-0424<br><br>This Claim appears to be asserting a levy against any funds that would be paid to Gotte Electric, Inc. up to $1,180,744.84 (based on FICA and FUTA taxes owed by Gotte Electric, Inc. to the Internal Revenue Service).<br>Not a claim against the Debtors. In other words, this is a duplicate of any claim held by Gotte Electric, Inc. | | | | | 50 | 2/5/2014 | $1,180,744.84 | $00 | $0.00 | $0.00 |
| Insurance Company of the West<br>Attn President or Manager Agent<br>11455 El Camino Real<br>San Diego, CA 92130 | $505,231.00 | X | X | X | 10[3] | 10/22/2013 | $505,230.99 | $0.00 | $0.00 | $505,230.99 |

[3] The Debtors dispute the validity of the security interests asserted Insurance Company of the West.

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Employment Development Department<br>Bankruptcy Group MIC 92E<br>PO BOX 826880<br>SACRAMENTO, CA 94280-0001 | $6,155.71 | | | | | | | $6,155.71 | $0.00 | $0.00 |
| 1st Enterprise Bank<br>Attn President or Manager Agent<br>818 W 7th Street Ste 220<br>Los Angeles, CA 90017-3449 | $0.00 | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| Employment Development Department<br>Bankruptcy Group MIC 92E<br>PO Box 826880<br>Sacramento, CA 94280-0001 | $25,000.00 | | X | | | | | $0.00 | $25,000.00 | $0.00 |
| Franchise Tax Board<br>Attn Bankruptcy Unit<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento, CA 95812-2952 | $0.00 | | | | 43 | 1/29/2014 | $0.00[4] | $0.00 | $0.00 | $0.00 |
| Internal Revenue Service<br>Attn Bankruptcy Unit<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | $120,000.00 | | X | | 32 | 12/18/2013<br>Amended<br>4/23/2014 | $134,027.45 | $0.00 | $29,492.55 | $104,534.90 |

The Debtors believe that there are causes of action under the Bankruptcy Code to have the lien set aside due to the date the lien was recorded.

4 The Franchise Tax Board listed an amount owing of "To be Determined."

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Eric M Heller Esq<br>IRS Office of Chief Counsel<br>24000 Avila Road, Suite 4404<br>Laguna Niguel, CA 92677<br><br>Internal Revenue Service<br>Insolvency Group 7<br>290 North D Street<br>M/S Insolvency<br>San Bernardino, CA 92401-1734 | | | | | 59[5] | 11/4/2014 | $34,791.13 | $.00 | $34,791.13 | $.00 |
| State Board of Equalization<br>Attn Special Operations Branch<br>MIC 55<br>PO Box 942879<br>Sacramento, CA 94279-0055 | $0.00 | | | | 26[6] | ASR filed 12/2/2013 | $827 | $0.00 | $827 | $0.00 |
| ACE American Insurance Company c/o Saverio M. Rocca, Esq.; ACE Group<br>436 Walnut St, WA04K<br>Philadelphia, PA 19106 | | | | | 46 | 2/4/2014 | $2,400 | $.00 | $2,400.00 | $.00 |
| ADP Lemco Inc<br>Attn President or Manager Agent<br>5970 Dannon Way<br>West Jordan, UT 84081-6203 | Unknown | X | X | X | | | | $0.00 | $0.00 | $0.00 |

[5] Request for Payment of Administrative Expense for the tax period 3/31/2014.

[6] 26 on ASR Claim Register for alleged priority claim of $827 (based on Hazardous Substances Tax)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Agua Mansa Investment Partners LLC<br>Attn President or Manager Agent<br>5230 Wilson St<br>Riverside, CA 92509 | $21,300.00 | | | | | | | $0.00 | $0.00 | $21,300.00 |
| Agua Mansa Properties Inc<br>Attn President or Manager Agent<br>PO Box 127<br>Riverside, CA 92502 | $280.00 | | | | | | | $0.00 | $0.00 | $280.00 |
| Air Exchange Clean Air Spec<br>Attn President or Manager Agent<br>1185 San Mateo Ave<br>San Bruno, CA 94066 | $3,350.00 | | | | | | | $0.00 | $0.00 | $3,350.00 |
| Airgas USA LLC<br>Attn President or Manager Agent<br>PO Box 7423<br>Pasadena, CA 91109-7423 | $298.98 | | | | | | | $0.00 | $0.00 | $298.98 |
| Alan Regotti<br>1569 Camino Corto<br>Fallbrook, CA 92028 | $1,439,255.63 | | | | 48 | 2/4/2014 | $2,679,385.00 | $0.00 | $0.00 | $2,679,385.00 |
| Alcorn Aire Inc<br>Attn President or Manager Agent<br>325 Robinson<br>Bakersfield, CA 93305 | $39,731.17 | | | | | | | $0.00 | $0.00 | $39,731.17 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Amax Glass & Glazing Inc<br>Attn President or Manager Agent<br>385 S Lemon Avenue E309<br>Walnut, CA 91789 | $2,209.87 | | | | | | | $0.00 | $0.00 | $2,209.87 |
| American Express<br>Attn Bankruptcy Unit<br>Box 0001<br>Los Angeles, CA 90096-8000 | $395.00 | | | | | | | $0.00 | $0.00 | $395.00 |
| Another Meridian Company LLC<br>Intercompany Claim<br>(promissory note) | $165,260.35 | | | | | | | $0.00 | $0.00 | $165,260.35 |
| Another Meridian Company LLC<br>Intercompany Claim<br>(rent) | $153,473.65 | | | | | | | $0.00 | $0.00 | $153,473.65 |
| Anthem Blue Cross of CA<br>Attn President or Manager Agent<br>Dept 5812<br>Los Angeles, CA 90074 | $13,511.81 | | | | | | | $0.00 | $0.00 | $13,511.81 |
| Architectural Sign Identity<br>Attn President or Manager Agent<br>1247 S Buena Vista St<br>Suite E<br>San Jacinto, CA 92583 | $5,351.37 | | | | | | | $0.00 | $0.00 | $5,351.37 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| ASR Powder Coating LLC<br>Attn President or Manager Agent<br>15435 Arrow Blvd<br>Bld B<br>Fontana, CA 92335 | $1,089.40 | | | | | | | $0.00 | $0.00 | $1,089.40 |
| Automated Gate Services Inc<br>c/o Beard Hobbs Attorney at Law<br>1014 Broadway Suite A<br>El Cajon, CA 92021 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| Bakersfield Well & Pump Co<br>Attn President or Manager Agent<br>7212 Fruitvale Avenue<br>Bakersfield, CA 93308 | $26,674.35 | | | | | | | $0.00 | $0.00 | $26,674.35 |
| Barstow Community College District<br>c/o Atkinson Andelson Loya Rudd & Romo<br>16870 West Bernardo Drive Suite 330<br>San Diego, CA 92127-1677 | Unknown | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| Blue Diamond Materials<br>c/o Lanak & Hanna<br>625 The City Drive South<br>Suite 190<br>Orange, CA 92868 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| Borbon Inc<br>Attn President or Manager Agent<br>7312 Walnut Ave<br>Buena Park, CA 90620 | $42,419.54 | | | | | | | $0.00 | $0.00 | $42,419.54 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Cabinet Connection<br>Attn President or Manager Agent<br>5783 E Shields Ave<br>Fresno, CA 93727 | $6,642.84 | | | | | | | $0.00 | $0.00 | $6,642.84 |
| Cal-State Rent a Fence<br>Attn President or Manager Agent<br>4518 Industrial St<br>Simi Valley, CA 93063 | $1,742.31 | | | | | | | $0.00 | $0.00 | $1,742.31 |
| California Apprenticeship Council<br>Attn President or Manager Agent<br>PO Box 420603<br>San Francisco, CA 94142 | $721.44 | | | | | | | $0.00 | $0.00 | $721.44 |
| California Facility Specialties<br>Attn President or Manager Agent<br>260 West Arrow Highway Suite E<br>San Dimas, CA 91773 | $11,600.00 | | | | | | | $0.00 | $0.00 | $11,600.00 |
| Calwest Galvanizing<br>Valmont Industries Inc<br>Attn President or Manager Agent<br>Dept 2391<br>Los Angeles, CA 90084-2391 | $3,070.69 | | | | | | | $0.00 | $0.00 | $3,070.69 |
| Carpenters Southwest Trust<br>Carpenters Southwest Administrative Corp<br>Attn President or Manager Agent<br>533 S Fremont Ave<br>Suite 803<br>Los Angeles, CA 90071-1706 | $58,331.31 | X | X | X | 37 | 1/17/2014 | $588,976.77 | $0.00 | $75,306.47 | $513,670.30 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Certified Door Inc<br>Attn President or Manager Agent<br>7711 Somerset Blvd<br>Paramount, CA 91770 | $5,265.00 | | | | | | | $0.00 | $0.00 | $5,265.00 |
| Central Drug System Inc<br>Attn President or Manager Agent<br>16560 Harbor Blvd<br>Suite A<br>Fountain Valley, CA 92708 | $44.50 | | | | | | | $0.00 | $0.00 | $44.50 |
| City of Palm Desert<br>c/o Best Best & Krieger<br>655 W Broadway<br>15th Floor<br>San Diego, CA 92101 | Unknown | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| City of Victorville<br>Attn Managing Agent<br>PO Box 5001<br>Victorville, CA 92393-4999 | $215.06 | | | | | | | $0.00 | $0.00 | $215.06 |
| CitiBusiness Card<br>Attn Bankruptcy Unit<br>PO Box 688901<br>Des Moines, IA 50368-8901 | $5,387.72 | | | | | | | $0.00 | $0.00 | $5,387.72 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Claridge Products & Equipment<br>Attn President or Manager Agent<br>PO Box 910<br>Harrison, AR 72602 | $3,945.64 | | | | | | | $0.00 | $0.00 | $3,945.64 |
| Collective Contracting<br>Attn President or Manager Agent<br>1611-A South Metrose Dr #383<br>Vista, CA 92081 | $16,503.40 | | | | | | | $0.00 | $0.00 | $16,503.40 |
| Commercial Furnishings Inc<br>Attn President or Manager Agent<br>9420 Activity Road #J<br>San Diego, CA 92126 | $3,076.98 | | | | | | | $0.00 | $0.00 | $3,076.98 |
| Construction Laborers Trust<br>Attn President or Manager Agent<br>PO Box 513638<br>Los Angeles, CA 90051-1638 | $15.45 | | | | | | | $0.00 | $0.00 | $15.45 |
| Contractors Complete Surety<br>Attn President or Manager Agent<br>5230 Wilson St<br>Riverside, CA 90509 | $211,449.00 | | | | | | | $0.00 | $0.00 | $211,449.00 |
| County of Riverside<br>Department of Environmental Health<br>Attn President or Manager Agent<br>PO Box 7600<br>Riverside, CA 92513 | $2,565.00 | | | | | | | $0.00 | $0.00 | $2,565.00 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| County of San Bernardino<br>Solid Waste Management<br>Attn President or Manager Agent<br>825 E 3rd St<br>San Bernardino, CA 92415-0835 | $1,065.49 | | | | | | | $0.00 | $0.00 | $1,065.49 |
| Curranseal Inc<br>Attn President or Manager Agent<br>PO Box 28508<br>Santa Ana, CA 92799 | $886.75 | | | | | | | $0.00 | $0.00 | $886.75 |
| Dantin Enterprises Inc<br>c/o Gregory J Hout<br>12396 World Trade Drive<br>Suite 206<br>San Diego, CA 92128 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| De Lage Landen Financial Services Inc<br>Attn President or Manager Agent<br>PO Box 41602<br>Philadelphia, PA 19101-1602 | $1,297.90 | | | | 45 | 2/3/2014 | $13,412.52 | $0.00 | $0.00 | $13,412.52 |
| Diamond Environmental Services<br>Attn President or Manager Agent<br>807 E Mission Road<br>San Marcos, CA 92069 | $1,591.62 | | | | | | | $0.00 | $0.00 | $1,591.62 |
| Diamond Power Services<br>Attn President or Manager Agent<br>807 E Mission Road<br>San Marcos, CA 92069 | $106.85 | | | | | | | $0.00 | $0.00 | $106.85 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Dock Pros<br>Attn President or Manager Agent<br>2870 Ragle Way<br>Corona, CA 92879 | $885.60 | | | | 30 | 12/16/2013 | $890.60 | $0.00 | $0.00 | $890.60 |
| DRGK Inc<br>Attn President or Manager Agent<br>20258 Hw 18<br>Suite 430, Number 169<br>Apple Valley, CA 92307 | $3,351.20 | | | | | | | $0.00 | $0.00 | $3,351.20 |
| Duke Plumbing, Inc.<br>Attn Wesley Duke, President<br>1630 W 9th Street<br>Upland, CA 91786 | | | | | 3, 4 and 5[7] | 10/10/2013 | $76,475.52 | $0.00 | $0.00 | $76,475.52 |
| Engineered Wall Systems Inc<br>Attn President or Manager Agent<br>5591 West Leo Park Road<br>West Jordan, UT 84081 | $124,087.95 | | | | | | | $0.00 | $0.00 | $124,087.95 |
| Eric L Oesterblad<br>c/o Stephen Danz & Associates<br>11661 San Vicente Blvd<br>Suite 500<br>Los Angeles, CA 90049-5113 | Unknown | X | X | X | | | | $0.00 | $0.00 | $0.00 |

[7] 3 for $8,099.06
4 for $47,291.53
5 for $21,084.93

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| EverBank Commercial Finance<br>Attn President or Manager Agent<br>PO Box 911608<br>Denver, CO 80291-1608 | $685.68 | | | | | | | $0.00 | $0.00 | $685.68 |
| Express Pipe & Supply Inc<br>Attn President or Manager Agent<br>1235 South Lewis St<br>Anaheim, CA 92805 | $8,824.46 | | | | 47 | 2/5/2014 | $17,031.09 | $0.00 | $0.00 | $17,031.09 |
| Fedex<br>Attn President or Manager Agent<br>PO Box 7221<br>Pasadena, CA 91109-7321 | $134.56 | | | | | | | $0.00 | $0.00 | $134.56 |
| First Insurance Funding Corp<br>Attn President or Manager Agent<br>450 Skokie Blvd Suite 1000<br>PO Box 3306<br>Northbrook, IL 60065-3306 | $3,061.97 | | | | 44 | 1/31/2014 | $9,497.55 | $9,497.55 | $0.00 | $.00 |
| Gallagher Bassett Services Inc<br>Attn President or Manager Agent<br>4th Floor<br>Two Pierce Place<br>Itasca, IL 60143-3141 | $20,000.00 | | | | | | | $0.00 | $0.00 | $20,000.00 |
| Gamma Constructions Services<br>Attn President or Manager Agent<br>985 Kendall Dr #284<br>San Bernardino, CA 92407 | $25,858.50 | | | | | | | $0.00 | $0.00 | $25,858.50 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| GMP Plumbing Inc<br>Attn President or Manager Agent<br>2863 Sidewheel Drive<br>Bullhead City, AZ 86429 | $4,185.56 | | | | | | | $0.00 | $0.00 | $4,185.56 |
| GBI Electrical<br>Attn President or Manager Agent<br>551 Heritage Place<br>Palmdale, CA 93550 | $4,572.33 | | | | | | | $0.00 | $0.00 | $4,572.33 |
| GE Capital<br>General Electric Capital Corp<br>Attn Lisa Boddicker<br>1010 Thomas Edison Blvd SW<br>Cedar Rapis, IA 52404 | $2,039.83 | | | | 41 | 1/29/2014 | $5,637.47 | $0.00 | $0.00 | $5,637.47 |
| General Glass International<br>Attn President or Manager Agent<br>101 Venture Way<br>Secaucus, NJ 07094 | $1,404.40 | | | | | | | $0.00 | $0.00 | $1,404.40 |
| Globe Tech Inc<br>Attn President or Manager Agent<br>4500 Caminto Pl<br>Tarzana, CA 91356 | $8,288.55 | | | | | | | $0.00 | $0.00 | $8,288.55 |
| Golden State Roofing Waterproof<br>Kiss Enterprises Inc dba Golden State Roofing<br>Attn Frank R Kiss Operations Manager<br>19703 Eddington Drive<br>Carson, CA 90746 | $463.75 | | | | 2 | 10/4/2013 | 40,942.22 | $0.00 | $0.00 | $40,942.22 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Granite Construction Company<br>Attn President or Manager Agent<br>585 West Beach Street<br>Watsonville, CA 95076 | $9,105.42 | | | | | | | $0.00 | $0.00 | $9,105.42 |
| Greenstone Materials<br>Attn Presiden<br>1420 Nandina Ave<br>Perris, CA 92571 | $2,566.44 | | | | | | | $0.00 | $0.00 | $2,566.44 |
| Hamilton Ceiling Systems<br>Attn President or Manager Agent<br>455 W La Cadena #1<br>Riverside, CA 92501 | $1,549.28 | | | | | | | $0.00 | $0.00 | $1,549.28 |
| Hasler<br>Attn President or Manager Agent<br>PO Box 3808<br>Milford, CT 06460-8708 | $133.34 | | | | | | | $0.00 | $0.00 | $133.34 |
| Heritage Wind Covering of AZ<br>Attn President or Manager Agent<br>17461 Apex Circle #3<br>Huntington Beach, CA 92647<br><br>Heritage Window Coverings Inc<br>Attn President or Manager Agent<br>17902 Georgetown Lane<br>Huntington Beach, CA 92647 | $707.50 | | | | 8 and 29 [8] | 10/11/2013<br>12/12/2013 | $778.25 | $0.00 | $0.00 | $778.25 |

[8] 8 and 29, each claim filed for $778.25, appear to be duplicate claims.

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Hilti Inc<br>Attn President or Manager Agent<br>PO Box 382002<br>Pittsburgh, PA 15250-8002 | $118.91 | | | | | | | $0.00 | $0.00 | $118.91 |
| Industrial Metal Supply Co<br>Attn President or Manager Agent<br>8300 San Fernando Rd<br>Sun Valley, CA 91352 | $767.93 | | | | | | | $0.00 | $0.00 | $767.93 |
| Infinity Structures Inc<br>c/o Pyka Lenhardt Schnaider Zell<br>837 N. Ross St.<br>PO Box 1558<br>Santa Ana, CA 92701-1558 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| International Door<br>Attn President or Manager Agent<br>8001 Ronda Drive<br>Canton, MI 48187 | $4,270.27 | | | | | | | $0.00 | $0.00 | $4,270.27 |
| Joe's Lawn Mower Supplies Inc<br>Attn President or Manager Agent<br>25646 E Baseline St<br>San Bernardino, CA 92410 | $75.76 | | | | | | | $0.00 | $0.00 | $75.76 |
| Kennedy Hills Enterprises LLC<br>c/o Mollis & Mollis Inc<br>Charles A Mollis Esq<br>4621 Teller<br>Suite 200<br>Newport Beach, CA 92660 | Unknown | X | X | X | 34 | 1/9/2014 | $36,637.00 | $0.00 | $0.00 | $36,637.00 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Kone Cranes Inc<br>Attn President or Manager Agent<br>PO Box 641807<br>Pittsburgh, PA 15264-1807<br><br>Konecranes Inc<br>440 Gateway Blvd<br>Sprinfield, OH 45502 | $4,713.30 | | | | 53[9] | 2/5/2014 | $4,293.30 | $0.00 | $0.00 | $4,293.30 |
| Kone Elevator<br>Attn President or Manager Agent<br>11165 Knott Avenue<br>Suite B<br>Cypress, CA 90630 | $10,708.20 | | | | | | | $0.00 | $0.00 | $10,708.20 |
| Koppl Pipeline Services<br>Attn President or Manager Agent<br>1228 Date Street<br>Montebello, CA 90640-6373 | $2,250.00 | | | | 1 | 10/4/2013 | $2,250.00 | $0.00 | $0.00 | $2,250.00 |
| Legend Theatrical<br>Attn President or Manager Agent<br>103 E Whispering Pines Drive<br>Scotts Valley, CA 95066 | $53,035.59 | | | | | | | $0.00 | $0.00 | $53,035.59 |
| Lester & Cantrell LLP<br>Attn President or Manager Agent<br>1700 Iowa Avenue<br>Suite 200<br>Riverside, CA 92507 | $37,650.16 | | | | 52 and 53[10] | 2/5/2014 | $37,174.45 | $0.00 | $0.00 | $37,174.45 |

9 53 on ASR Claims Register, however, the document scanned at the Court as Claim 53 is a copy of the Lester & Cantrell LLP Claim 52.

10 Each claim was filed for $37,174.45 and they appear to be duplicate claims.

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Litigation Support Professional<br>Attn President or Manager Agent<br>4371 Latham St Suite 204<br>Riverside, CA 92501 | $2,070.00 | | | | | | | $0.00 | $0.00 | $2,070.00 |
| Lowes<br>Attn President or Manager Agent<br>PO Box 530954<br>Atlanta, GA 30353-0954 | $4,954.50 | | | | | | | $0.00 | $0.00 | $4,954.50 |
| M2 Fencing<br>Attn President or Manager Agent<br>7316 Toll Dr<br>Rosemead, CA 91770 | $839,511.17 | | | | 15, 16, 17, 18, 19, 20 21, 22 and 23 [11] | 11/15/2013 | $512,920.50 | $0.00 | $0.00 | $512,920.50 |
| MacKenzie Electric Inc<br>Attn President or Manager Agent<br>7933 Palm Avenue<br>Highland, CA 92346 | $54,120.50 | | | | | | | $0.00 | $0.00 | $54,120.50 |

[11] 15 for $28,562, ASR Project #892
16 for $23,790.50, ASR Project #887
17 for $24,000, ASR Project #884
18 for $40,489, ASR Project #871
19 for $13,600, ASR Project #811
20 for $29,420, ASR Project #790
21 for $34,721, ASR Project #788
22 for $235,134, ASR Project #735
23 for $83,204, ASR Project #728

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Marc W Berry<br>7546 Cerrito Rojo Drive<br>Rancho Cucamonga, CA 91730 | $1,668,871.97 | | | | | | | $0.00 | $0.00 | $1,668,871.97 |
| Maria Bradley<br>c/o Peach & Weathers<br>788 N Arrowhead Avenue<br>PO Box 1467<br>San Bernardino, CA 92402 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| Matich Corporation<br>c/o Law Offices of J Patrick Ragan<br>1881 S. Business Center Drive<br>Suite 7B<br>San Bernardino, CA 92408 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| McGrawHill Construction<br>Attn President or Manager Agent<br>7625 Collection Center Dr<br>Chicago, IL 60693-0076 | $4,754.16 | | | | | | | $0.00 | $0.00 | $4,754.16 |
| McKendry Door Sales<br>Attn President or Manager Agent<br>12930 Sunnyside Place<br>Santa Fe Springs, CA 90670 | $240.61 | | | | | | | $0.00 | $0.00 | $240.61 |
| McNichols Co<br>Attn President or Manager Agent<br>PO Box 101211<br>Atlanta, GA 30792-1211 | $98.10 | | | | | | | $0.00 | $0.00 | $98.10 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Mission Reprographics<br>Attn President or Manager Agent<br>PO Box 52893<br>Riverside, CA 92517 | $1,156.96 | | | | | | | $0.00 | $0.00 | $1,156.96 |
| Mita of So Calif<br>Attn President or Manager Agent<br>PO Box 9966<br>Moreno Valley, CA 92552 | $152.40 | | | | | | | $0.00 | $0.00 | $152.40 |
| Murillos Cleaning<br>Attn President or Manager Agent<br>26450 Old Anvil Ln<br>Moreno Valley, CA 92555 | $400.00 | | | | | | | $0.00 | $0.00 | $400.00 |
| Neff Construction Inc<br>c/o Lewis Brisbois Bisgaard & Smith<br>221 N. Figueroa St<br>Suite 1200<br>Los Angeles, CA 90012 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| Newport Beach - Alliant Insurance Services Inc<br>Attn President or Manager Agent<br>701 B St 6th Floor<br>San Diego, CA 92101 | $122,614.00 | | | | | | | $0.00 | $0.00 | $122,614.00 |
| NU Acoustics<br>Attn President or Manager Agent<br>3845 Stobbs Way<br>Riverside, CA 92509 | $279.60 | | | | | | | $0.00 | $0.00 | $279.60 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| OJ Insulation<br>Attn President or Manager Agent<br>600 S Vincent Ave<br>Azusa, CA 91702 | $1,190.85 | | | | | | | $0.00 | $0.00 | $1,190.85 |
| Pacific Exteriors Inc<br>Attn President or Manager Agent<br>13911-B Enterprise Drive<br>Garden Grove, CA 92843 | $10,746.91 | | | | | | | $0.00 | $0.00 | $10,746.91 |
| Paul Design Group<br>The Paul Company LLC<br>Attn President or Manager Agent<br>915 Camino Del Mar<br>Suite 225<br>Del Mar, CA 92014 | $3,088.00 | | | | 7 | 10/11/2013 | $2,241.00 | $0.00 | $0.00 | $2,241.00 |
| Richard F Volker<br>325 W Washington St #2-337<br>San Diego, CA 92013 | | | | | | | | Duplicate | Duplicate | Duplicate |
| Paula Campbell and Luis Ruiz<br>c/o Clarice J Letizia<br>4560 Avenida Privado<br>Oceanside, CA  92057 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| Performance Systems Co<br>Attn President or Manager Agent<br>14059 Garfield Ave Suite B<br>Paramount, CA 90723 | $10,921.00 | | | | | | | $0.00 | $0.00 | $10,921.00 |

# EXHIBIT 2, PAGE 22 (ASR Constructors, Inc.)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Perris Union High School<br>Attn President or Manager Agent | $150.00 | | | | | | | $0.00 | $0.00 | $150.00 |
| Peterson Hydraulics Inc<br>Attn President or Manager Agent<br>1653 E El Segundo Bld<br>Gardena, CA 90249 | $23,632.07 | | | | 36 | 1/16/2014 | $10,659.30 | $0.00 | $0.00 | $10,659.30 |
| Petes Road Service Inc<br>Attn President or Manager Agent<br>2230 E Orangethorpe Ave<br>Fullerton, CA 92831-5329 | $1,773.19 | | | | | | | $0.00 | $0.00 | $1,773.19 |
| PLIC-SBD Grand Island<br>Attn President or Manager Agent<br>PO Box 10372<br>Des Moines, IA 50306-0372 | $3,153.52 | | | | | | | $0.00 | $0.00 | $3,153.52 |
| Powerplus<br>Attn President or Manager Agent<br>1210 N Red Gum Street<br>Anahiem, CA 92806 | $320.00 | | | | | | | $0.00 | $0.00 | $320.00 |
| Prestige Rebar<br>Attn President or Manager Agent<br>6941 Melvin Drive<br>San Bernardino, CA 92407 | $4,501.70 | | | | | | | $0.00 | $0.00 | $4,501.70 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Protection One<br>Attn President or Manager Agent<br>PO Box 219044<br>Kansas City, MO 64121-9044 | $265.43 | | | | | | | $0.00 | $0.00 | $265.43 |
| R B Sheet Metal Inc<br>Attn President or Manager Agent<br>1893 Capri Avenue #6<br>Mentone, CA 92359 | $17,770.80 | | | | | | | $0.00 | $0.00 | $17,770.80 |
| Reback McAndres Kjar Warford<br>Attn President or Manager Agent<br>1230 Rosecrans Avenue<br>Suite 450<br>Manhattan Beach, CA 90266 | $12,104.36 | | | | | | | $0.00 | $0.00 | $12,104.36 |
| Robertsons Ready Mix Ltd<br>c/o Law Offices of Mervyn Y Encarnacion<br>200 S Main St<br>Suite 200<br>Corona, CA 92882 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| Rogers Anderson Malody & Scott LLP CPA<br>Attn President or Manager Agent<br>735 E Carnegie Drive<br>Suite 100<br>San Bernardino, CA 92408 | $53,350.00 | | | | | | | $0.00 | $0.00 | $53,350.00 |
| Rubidoux Community Services<br>Attn Pre<br>PO Box 3098<br>Rubidoux, CA 92519-3098 | $553.25 | | | | | | | $0.00 | $0.00 | $553.25 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Safeco Insurance Company of America<br>c/o Booth Mitchel & Strange<br>David L Hughes Esq<br>Gregory H Smith Esq<br>701 S Parker St<br>Suite 6500<br>Orange, CA 92868-4733 | Unknown | X | X | X | 12 | 10/25/2013 | $1,010,257.86 | $0.00 | $0.00 | $1,010,257.86 |
| San Bernardino City Unified School District<br>c/o Law Offices of S Henslee Smith<br>1578 N Batavia St<br>Orange, CA 92867-3507 | $0.00 | | | | | | | $0.00 | $0.00 | $0.00 |
| Saddleback Construction Spec<br>Attn President or Manager Agent<br>1630 E Saint Gertrude Place<br>Santa Ana, CA 92705 | $208.00 | | | | | | | $0.00 | $0.00 | $208.00 |
| Scoutlite Corporation<br>Attn Jeff Shannon, President<br>1442 S Gage St<br>San Bernardino, CA 92408 | $9,850.00 | | | | 33 | 1/2/2014 | $5,750.00 | $49,800.00[12] | $0.00 | $5,750.00 |
| Serban's Sound<br>Attn President or Manager Agent<br>312 Kentucky Street<br>Bakersfield, CA 93305-4201 | $41,040.00 | | | | | | | $0.00 | $0.00 | $41,040.00 |

12 Asserts a Secured Claim of $49,800 but face of the Proof of Claim and the documents attached to the Proof of Claim indicate the amount owed is only $5,750. No documents have been attached to the Proof of Claim evidencing a secured classification.

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Shell<br>Attn President or Manager Agent<br>PO Box 689010<br>Des Moines, IA 50368-9010 | $6,701.95 | | | | | | | $0.00 | $0.00 | $6,701.95 |
| Sims Welding Supply<br>Attn President or Manager Agent<br>15444 Slover Avenue<br>Fontana, CA 92337 | $932.10 | | | | 9 | 10/17/2013 | $578.18 | $0.00 | $0.00 | $578.18 |
| Smalley & Company<br>Attn President or Manager Agent<br>PO Box 910217<br>Denver, CO 80291-0217 | $100.14 | | | | | | | $0.00 | $0.00 | $100.14 |
| Smokey Mountain Insurance Company Inc<br>Attn President or Manager Agent<br>5230 Wilson St<br>Riverside, CA 92509 | $2,868,907.52 | | | | 49 | 2/4/2014 | $2,946,907.52 | $0.00 | $0.00 | $2,946,907.52 |
| So Cal Industries<br>Attn President or Manager Agent<br>163 Sixth Ave<br>City of Industry, CA 91746 | $1,140.00 | | | | | | | $0.00 | $0.00 | $1,140.00 |
| South Coast Roof<br>Attn President or Manager Agent<br>PO Box 7305<br>Orange, CA 92863-7305 | $3,225.00 | | | | | | | $0.00 | $0.00 | $3,225.00 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Sparkletts<br>Attn President or Manager Agent<br>PO Bo x660579<br>Dallas, TX 75266-0579 | $33.54 | | | | | | | $0.00 | $0.00 | $33.54 |
| Sunland Fire Protection<br>Attn President or Manager Agent<br>10120 Mc Clemont Ave<br>Tujunga, CA 91402 | $9,870.00 | | | | | | | $0.00 | $0.00 | $9,870.00 |
| Superior Door Systems<br>Attn President or Manager Agent<br>8059 Wing Ave<br>El Cajon, CA 92020 | $8,017.42 | | | | | | | $0.00 | $0.00 | $8,017.42 |
| Stanley Security Systems<br>Attn President or Manager Agent<br>21803 Cactus Ave Ste A<br>March ARB, CA 92518-3022 | $12,381.23 | | | | | | | $0.00 | $0.00 | $12,381.23 |
| Staples Business Advantage<br>Attn President or Manager Agent<br>Dept LA 1368<br>PO Box 83689<br>Chicago, IL 60696-3689 | $1,911.80 | | | | | | | $0.00 | $0.00 | $1,911.80 |
| Stone Valley Materials<br>Attn President or Manager Agent<br>600 University St<br>Suite 2328<br>Seattle, WA 98101 | $81.98 | | | | | | | $0.00 | $0.00 | $81.98 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Streamline Painting Inc<br>Attn President or Manager Agent<br>9726 Sunnybrook Drive<br>Moreno Valley, CA 92557 | $10,541.00 | | | | | | | $0.00 | $0.00 | $10,541.00 |
| The Hartford<br>Attn President or Manager Agent<br>Bankruptcy Unit, T-1-55<br>Hartford Plaza<br>Hartford, CT 06115 | $865.60 | | | | | | | $0.00 | $0.00 | $865.60 |
| ThyssenKrupp Elevator<br>Attn President or Manager Agent<br>Attn Laurie - Accounts Receivable<br>2021 130th NE<br>Suite A<br>Bellevue, WA 98005 | $44,673.75 | | | | | | | $0.00 | $0.00 | $44,673.75 |
| TN Sheet Metal Inc<br>Attn President or Manager Agent<br>18385 Bandiler Circle<br>Fountain Valley, CA 92708 | $67,333.40 | | | | | | | $0.00 | $0.00 | $67,333.40 |
| Titus Imaging Inc<br>Attn President or Manager Agent<br>4355 E Airport Dr<br>Suite 106<br>Ontario, CA 91761 | $790.45 | | | | | | | $0.00 | $0.00 | $790.45 |
| Totten Tubes Inc<br>Attn President or Manager Agent<br>500 Danlee Street<br>Azusa, CA 91702 | $2,439.23 | | | | | | | $0.00 | $0.00 | $2,439.23 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Trilogy Contractors Inc<br>Attn President or Manager Agent<br>425 W Rider<br>Suite C-4<br>Perris, CA 92571 | $64.91 | | | | | | | $0.00 | $0.00 | $64.91 |
| True Line<br>Attn President or Manager Agent<br>1651 Market Street #B<br>Corona, CA 92880 | $3,880.00 | | | | 31 | 12/16/2013 | $3,880.00 | $0.00 | $0.00 | $3,880.00 |
| Valencia Sheet Metal<br>Attn President or Manager Agent<br>10576 Ilex Avenue<br>Pacoima, CA 91331 | $4,129.30 | | | | | | | $0.00 | $0.00 | $4,129.30 |
| UPS - United Parcel Service<br>c/o Receivable Management Services (RMS)<br>PO Box 4396<br>Timonium, MD 21094 | $369.79 | | | | 24 | 11/20/2013 | $320.91 | $0.00 | $0.00 | $320.91 |
| USA Shade & Fabric Structures<br>Attn President or Manager Agent<br>8505 Chancellor Row<br>Dallas, TX 75347 | $14,684.25 | | | | | | | $0.00 | $0.00 | $14,684.25 |
| Vector Resources Enterprise<br>Attn President or Manager Agent<br>8647 Ninth Street<br>Rancho Cucamonga, CA 91730 | $36,424.69 | | | | | | | $0.00 | $0.00 | $36,424.69 |

# EXHIBIT 2, PAGE 29 (ASR Constructors, Inc.)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Verizon<br>Attn Bankruptcy Unit<br>PO Box 920041<br>Dallas, TX 75392-0041 | $2,440.16 | | | | | | | $0.00 | $0.00 | $2,440.16 |
| Wall Panel Systems Inc<br>Attn President or Manager Agent<br>421 Business Center Court<br>Redlands, CA 92509 | $19,287.00 | | | | | | | $0.00 | $0.00 | $19,287.00 |
| Waterpark Construction Inc<br>Attn President or Manager Agent<br>3050 Holme Ave<br>Philadelphia, PA 19136 | $2,980.00 | | | | | | | $0.00 | $0.00 | $2,980.00 |
| Waterproofing Experts Inc<br>Attn President or Manager Agent<br>7736 Deering Avenue<br>Canoga Park, CA 91304 | $19,048.22 | | | | | | | $0.00 | $0.00 | $19,048.22 |
| Waterworks Industries Inc<br>Attn President or Manager Agent<br>930 Shiloh Rd, Bldg 38, Suite D<br>Windsor, CA 95492<br><br>c/o R Dale Ginter<br>Downey Brand LLP<br>621 Capitol Mall 18th Floor<br>Sacramento, CA 95814 | $39,847.83 | X | X | X | 51 | 2/5/2014 | $1,128,258.57 | $0.00 | $0.00 | $1,128,258.57 |
| Wesco Distribution Inc<br>c/o Pointdexter & Doutre<br>624 S Grand Avenue<br>Suite 2420<br>Los Angeles, CA  90017 | Unknown | X | X | X | | | | $0.00 | $0.00 | $0.00 |

# EXHIBIT 2, PAGE 30 (ASR Constructors, Inc.)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Westmark Products Inc<br>Attn President or Manager Agent<br>PO Box 44040<br>Tacoma, WA 98448 | $20,918.99 | | | | | | | $0.00 | $0.00 | $20,918.99 |
| Younger & Associates<br>Attn President or Manager Agent<br>10681 Foothill Blvd Suite 280<br>Rancho Cucamonga, CA 91730 | $20,473.42 | | | | 38 | 1/21/2014 | $50,639.58 | $0.00 | $0.00 | $50,639.58 |
| Zep Sales & Service<br>Attn President or Manager Agent<br>File 50188<br>Los Angeles, CA 90074-0188 | $184.23 | | | | | | | $0.00 | $0.00 | $184.23 |
| Zions First National Bank<br>Attn President or Manager Agent<br>1 S Main Street<br>Suite 14th Floor<br>Salt Lake City, UT 84133-1109 | $518,213.07 | X | | | 28[13] | 12/12/2013 | $525,801.96<br>**This claim was paid through the sale of the Wilson Property.** | $.00 | $0.00 | $0.00 |
| Dan Sawyer<br>73331 Pinevalley Drive<br>Thousand Palms, CA 92276<br><br>Dan Sawyer c/o<br>D Michael Caruthers Esq<br>Law Offices of D Michael Caruthers<br>431 South Palm Canyon Drive<br>Suite 204<br>Palm Springs, CA 92262 | | X | X | X | 35 | 1/10/2014 | $200,000.00 | $0.00 | $0.00 | $200,000.00 |

[13] 28 on ASR Claims Register for $525,801.96
4 on Meridian Claims Register for $533,275.29

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Heather L Hirsch Esq<br>Sandra Quezada Esq<br>Attn President or Manager Agent<br>Re Claim #152 CB ELW2255A<br>PO Box 6610<br>Diamond Bar, CA 91765 | Duplicate<br>Re Dan Sawyer | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| Travelers Insurance<br>Attn Armin Delarmente<br>PO Box 6510<br>Diamond Bar, CA 91765-8519 | Duplicate<br>Re Dan Sawyer | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| Med Legal Photocopy Covina<br>Attn President or Manager Agent<br>PO Box 1288<br>West Covina, CA 91793 | Duplicate<br>Re Dan Sawyer | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| ARS Legal<br>Attn President or Manager Agent<br>13926 Whittier Blvd<br>Whittier, CA 90605 | Duplicate<br>Re Dan Sawyer | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| Gallagher Bassett<br>Attn President or Manager Agent<br>Re Policy #003WK05021<br>PO Box 4040<br>Sacramento, CA 95812-4040 | Duplicate<br>Re Dan Sawyer | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| Sparta Insurance<br>Attn President or Manager Agent<br>185 Asylum Street<br>Hartford, CT 06103 | Duplicate<br>Re Dan Sawyer | X | X | X | | | | $0.00 | $0.00 | $0.00 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Appalachian Underwriters<br>Workers Comp Claims Division<br>800 Oak Ridge Turnpike Suite A-1000<br>Oak Ridge, TN 37830 | Duplicate<br>Re Dan Sawyer | X | X | X | | | | $0.00 | $0.00 | $0.00 |
| Old Republic Construction Program Group<br>c/o CRFsolutions<br>Attn President or Manager Agent<br>PO Box 1389<br>Simi Valley, CA 93062<br><br>Old Republic Construction Insurance Agency, Inc.<br>Old Republic Construction Program Group<br>Attn Troy Groeneweg<br>225 S Lake Ave Suite 900<br>Pasadena, CA 91101 | | | | | 11, 57[14] | 10/25/2013<br>4/21/2014 | $129,489.00 | $0.00 | $0.00 | $129,489.00 |
| Apple Valley Communications Inc<br>Attn President or Manager Agent<br>PO Box 787<br>Apple Valley, CA 92307 | Notice Purposes | X | X | X | 25 | 11/22/2013 | $36,982.23 | $0.00 | $0.00 | $36,982.33 |
| Borrmann Metal Center<br>Robert Persson, President<br>110 W Olive Ave<br>Burbank, CA 91502 | | | | | 13 | 10/28/2013<br>Amended<br>11/13/2014 | $5,580.83 | $0.00 | $0.00 | $5,580.83 |

[14] 11 filed for $10,000
57 filed for $119,489
57 appears to be a duplicate of Claim 11 as the documents attached to Claim 57 indicate "Old Republic Construction Program Group"

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Caston Inc<br>Attn President or Manager Agent<br>354 S Allen Street<br>San Bernardino, CA 92408 | | | | | 56 | 2/7/2014 | $167,929.10[15] | $0.00 | $0.00 | $167,929.10 |
| BMO Financial Group<br>Stephanie Depaola-Ng Account Manager<br>2465 Argentia Road<br>7th Floor - Diners Club AMU<br>Mississauga, ON L5N 0B4<br><br>BMO Harris Bank NA<br>c/oBecket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | | | | | 39 | 1/24/2014 | $24,452.06 | $0.00 | $0.00 | $24,452.06 |
| Real Goods Solar Inc<br>Attn President or Manager Agent<br>Dept 2247<br>Denver, CO 80291 | $139,740.10 | | | | | | | $0.00 | $0.00 | $139,740.10 |
| Waterworks Industries Inc<br>Attn President or Manager Agent<br>8733 Lakewood Drive<br>Suite 205<br>Windsor, CA 95492 | $39,847.83 | X | X | X | | | | $0.00 | $0.00 | $39,847.83 |
| Aetna<br>Attn President or Manager Agent<br>PO Box 6040<br>Artesia, CA 90702 | $29,214.34 | | | | | | | $0.00 | $0.00 | $29,214.34 |

15 Also asserts interest after 8/20/2013.

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| U.S. TelePacific Corp<br>Office of General Counsel<br>515 S Flower St<br>47th Floor<br>Los Angeles, CA 90071-2201 | $833.71 | | | | 55 | 2/6/2014 | $821.34 | $0.00 | $0.00 | $821.34 |
| Department of Industrial Relations<br>Division of Labor Standards Enforcement<br>[DLSE Case No. 44-34032/404]<br>Attn Max D Norris, Esq.<br>300 Oceangate, Suite 850<br>Long Beach, CA 90802-4339<br><br>Labor Commissioner, State of California<br>Department of Industrial Relations<br>Division of Labor Standards Enforcement<br>[DLSE Case No. 44-34032/404]<br>Tony Eguavoen Deputy Labor Commission I<br>464 W Fourth Street Room 348<br>San Bernardino, CA 92401 | Notice Purposes | | | | | | | $0.00 | $0.00 | $0.00 |
| Markel Insurance Company<br>c/o American Financial Management, Inc.<br>3715 Ventura Drive<br>Arlington Heights, IL 60004 | $29,135.19 | | | | 58 | 6/9/2014 | $29,135.19 | $.00 | $.00 | $29,135.19 |

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Imperial Sprinkler Supply<br>Attn President Or Manager Agent<br>Attn Karla Morlacchi, Accounts Receivable<br>1485 N Manassero St<br>Anaheim, CA 92807 | $1,125.36 | | | | | | | | | $1,125.36 |
| Tri-State Materials Inc<br>Attn President Or Manager Agent<br>PO Box 555<br>Nuevo, CA 92567 | $1,249.39 | | | | | | | | | $1,249.39 |
| Carlin Law Group<br>4452 Park Blvd #310<br>San Diego, CA 92116<br><br>This Claim appears to be asserting a levy against any funds that would be paid to Gotte Electric, Inc., up to $80,140.13 (based on a judgment lien held by Carlin Law Group against Gotte Electric, Inc.). Not a claim against the Debtors. In other words, this is a duplicate of any claim held by Gotte Electric, Inc. | | | | | 60 | 12/19/2014 | $80,140.13 | $.00 | $.00 | $.00 |
| **Totals** | **$18,675,794.29** | | | | | | | **$6,841,133.39** | **$167,817.15** | **$201,216,574.80** |

Main Document Page 200 of 212

# Another Meridian Company, LLC

EXHIBIT 2, PAGE 1 (Another Meridian Company LLC)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Federal Insurance Company<br>Wayne R Walton Esq<br>15 Mountainview Road<br>Warren, NJ 07059-6711 | $1,770,817.66 | | | | 3[1] | 12/4/2013 | $171,597,580.00 | $10,333,464.20 | $0.00 | $161,264,115.80 |
| Berkley Regional Insurance Company<br>Attn Nancy Manno<br>Berkley Surety Group Inc<br>412 Mount Kemble Ave Suite 310N<br>Morristown, NJ 07960 | $129,000.00 | | U | | 5[2] | 1/29/2014 | $15,571,500.00 | $.00 | $0.00 | $15,571,500.00 |
| Gotte Electric Inc<br>Attn Steven R Bangerter Esq<br>Bangerter Sheppard PC<br>1300 Clay St Suite 600<br>Oakland, CA 94612 | $Unknown | X | X | X | 6[3] | | $6,925,352.77 | $.00 | $0.00 | $6,925,352.77 |
| State Board of Equalization<br>Attn Special Operations Branch<br>MIC 55<br>PO Box 942879<br>Sacramento, CA 94279-0055 | $0.00 | | | | 2[4] | 11/22/2013 | $230.00 | $0.00 | $230.00 | $0.00 |

[1] 3 on Meridian Claims Register
Meridian secured amount is $2,088,363.00, balance is unsecured.

[2] Claim 5 on Meridian Claims Register.

[3] Claim 6 on Meridian Claims Register for $6,925,352.77 (unsecured).

[4] 2 on Meridian Claims Register for alleged priority claim of $230 (based on Fire Prevention Fee)

# EXHIBIT 2, PAGE 2 (Another Meridian Company LLC)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Riverside County Treasurer and Tax Collector<br>4080 Lemon Street<br>1st Floor<br>Riverside, CA 92502 | $25,481.46 | | | | 1 [5] | 11/15/2013 | | $25,481.46 | $0.00 | $0.00 |
| San Bernardino County Treasurer and Tax Collector<br>172 West Third Street<br>San Bernardino, CA 92415 | $8,474.15 | | | | 40[6] | 1/27/2014 | $4,237.04 | $4,237.04 | $0.00 | $0.00 |
| ASR Constructors, Inc.<br>Inter Company Claim | $1,020,981.96 | | | | | | | $0.00 | $0.00 | $1,020,981.96 |
| CDC Small Business Finance<br>Attn Marie London Liquidation Associate<br>1545 River Park Drive<br>Suite 530<br>Sacramento, CA 95815 | $451,104.23 | X | | | | | **This claim was paid through the sale of the Wilson Property.** | $.00 | $0.00 | $0.00 |
| Zions First National Bank<br>Attn President or Manager Agent<br>1 S Main Street<br>Suite 14th Floor<br>Salt Lake City, UT 84133-1109 | $518,213.07 | X | | | 4 [7] | 12/12/2013 | $533,275.29 **This claim was paid through the sale of the Wilson Property.** | $.00 | $0.00 | $0.00 |

[5] 1 on Meridian Claims Register for $25,481.46, for secured real property taxes related to Meridian real property located in Riverside County. The real property taxes related to the Wilson Property and the Phelan Property were paid through escrow on their respective sales.

[6] 40 on ASR Claims Register for secured real property taxes related to the San Bernardino Property.

[7] 4 on Meridian Claims Register for $533,275.29

# EXHIBIT 2, PAGE 3 (Another Meridian Company LLC)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| **Totals** | **$3,924,072.53** | | | | | | | **$10,363,182.70** | **$ 230.00** | **$184,781,950.53** |

# EXHIBIT 2, PAGE 4 (Another Meridian Company LLC)

# Inland Machinery, Inc.

**EXHIBIT 2, PAGE 1 (Inland Machinery, Inc.)**

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Federal Insurance Company<br>Wayne R Walton Esq<br>15 Mountainview Road<br>Warren, NJ 07059-6711 | $1,770,817.66 | | | | 2[1] | 12/4/2013 | $171,597,580.00 | $1,469,421.07 | $0.00 | $170,128,158.93 |
| Berkley Regional Insurance Company<br>Attn Nancy Manno<br>Berkley Surety Group Inc<br>412 Mount Kemble Ave<br>Suite 310N<br>Morristown, NJ 07960 | $129,000.00 | | U | | 4 and 5[2] | 1/29/2014 | $15,571,500.00 | $.00 | $0.00 | $15,571,500.00 |
| Gotte Electric Inc<br>Attn Steven R Bangerter Esq<br>Bangerter Sheppard PC<br>1300 Clay St Suite 600<br>Oakland, CA 94612 | $Unknown | X | X | X | 7[3] | | $6,925,352.77 | $.00 | $0.00 | $6,925,352.77 |
| State Board of Equalization<br>Attn Special Operations Branch<br>MIC 55<br>PO Box 942879<br>Sacramento, CA 94279-0055 | $0.00 | | | | 6[4] | 2/3/2014 | $103,656.77 | $0.00 | $103,656.77 | $0.00 |

1 2 on Inland Claims Register. Inland secured amount is $1,469,421.07, balance is unsecured.

2 Claims 4 and 5 on Inland Claims Register. Each claim amount is for $15,571,500 and they appear to be duplicate claims.

3 Claim 7on Inland Claims Register for $6,925,352.77 (unsecured).

4 6 on Inland Claims Register for alleged priority claim of $103,656.77 (based on Sales and Use Tax)

# EXHIBIT 2, PAGE 2 (Inland Machinery, Inc.)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| Riverside County Treasurer and Tax Collector<br>4080 Lemon Street<br>1st Floor<br>Riverside, CA 92502 | $57,039.18 | | | | 1 [5] | 11/15/2013 | $63,639.66 | $.00 | $63,639.66 | $0.00 |
| ASR Constructors, Inc.<br>Inter Company Claim | $181,530.24 | | | | | | | $0.00 | $0.00 | $181,530.24 |
| Marc W Berry<br>7546 Cerrito Rojo Drive<br>Rancho Cucamonga, CA 91730 | $185,942.89 | | | | | | | $0.00 | $0.00 | $185,942.89 |
| RDO Equipment Co<br>Attn D Hoven<br>PO Box 7160<br>Fargo, ND 58106 | | | | | 3[6] | 12/9/2013 | $562.61 | $0.00 | $0.00 | $562.61 |
| Genuine Parts Company<br>4625 River Green Parkway<br>Duluth, GA 30096 | | | | | 8[7] | 4/14/2014 | $1,247.57 | $0.00 | $0.00 | $1,247.57 |

[5] 1 on Inland Claims Register for $63,639.66, related to business property taxes. Asserts a secured status against Inland but Assessment Detail from Tax Collector website indicates the amount owed is for unsecured taxes. County Recorder records indicate that a lien was filed by the Tax Collector after the Petition Date.

[6] 3 on Inland Claims Register.

[7] 8 on Inland Claims Register.

# EXHIBIT 2, PAGE 3 (Inland Machinery, Inc.)

| Creditor Name | Scheduled Claim Amount | CONTINGENT | UNLIQUIDATED | DISPUTED | Filed Claim No. | Date Claim Filed | Total Filed Claim Amount | Secured Portion of Claim | Priority Portion of Claim | Unsecured Portion of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| **Totals** | **$2,324,329.97** | | | | | | | **$1,469,421.07** | **$167,296.43** | **$192,994,295.01** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document entitled (*specify*): **SECOND AMENDED DISCLOSURE STATEMENT FOR SECOND AMENDED CHAPTER 11 LIQUIDATING PLAN JOINTLY PROPOSED BY THE DEBTORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 12, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **James C Bastian jbastian@shbllp.com** ***Attorney for the Debtor***
- **J Scott Bovitz bovitz@bovitz-spitzer.com** ***Attorney for U.S. TelePacific Corp***
- **David Cantrell dcantrell@lc-law-llp.com** ***NEF for Interested Party***
- **Peter L Duncan peterd@psdslaw.com, theresam@psdslaw.com** ***Attorney for Torrey Pines Bank***
- **Jonathan J Dunn jdunn@smtdlaw.com, aharris@smtdlaw.com;sq@smtdlaw.com** ***Attorney for Federal Insurance Company***
- **Helen R Frazer hfrazer@aalrr.com** ***Attorney for Federal Insurance Company***
- **Margaret E Garms margaret@parkinsonphinney.com** ***Attorney for Zions First National Bank***
- **Everett L Green everett.l.green@usdoj.gov** ***Office of United States Trustee***
- **Eric M Heller eric.m.heller@irscounsel.treas.gov** ***Attorney for the Internal Revenue Service***
- **Marilyn Klinger Marilyn.Klinger@sedgwicklaw.com Annie.Tualla@sedgwicklaw.com;Joel.Long@sedgwicklaw.com;Kevin.Gilliland@sedgwicklaw.com** ***Attorney for Berkley Regional Insurance Company***
- **Edward D Lodgen EDLodgen@rkmc.com** ***Attorney for Insurance Company of the West***
- **Melissa Davis Lowe mdavis@shbllp.com lverstegen@shbllp.com** ***Attorney for ASR Constructors Inc***
- **Byron B Mauss efilings@amlegalgroup.com** ***Attorney for Gotte Electric, Inc.***
- **Ryan D ODea rodea@shbllp.com, sswartzell@shbllp.com** ***Attorney for the Debtor***
- **Joshua K Partington efilings@amlegalgroup.com** ***Attorney for Gotte Electric, Inc.***
- **Ronak Patel rpatel@co.riverside.ca.us, TLWainwright@co.riverside.ca.us** ***NEF for Interested Party***
- **Michael A Scherago mscherago@landslawyers.com** ***NEF for Interested Party***
- **Michael A Scherago mscherago@landslawyers.com** ***NEF for Interested Party***
- **Jason K Schrader jason.K.Schrader@usdoj.gov** ***Office of United States Trustee***
- **Jodi Siegner jsiegner@deconsel.com** ***Attorney for Carpenters Southwest Administrative Corporation; and Board of Trustees for the Carpenters Southwest Trusts***
- **Gregory H Smith gsmith@publiccounsel.org** ***Attorney for Safeco Insurance Company Of America***
- **United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov** ***Office of United States Trustee***
- **David Veis dcveis@rkmc.com** ***Attorney for Insurance Company of The West***
- **Gilbert B Weisman notices@becket-lee.com** ***Attorney for BMO Harris Bank NA***

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **May 12, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 12, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy - Via Messenger:**
**Honorable Mark D. Houle, US Bankruptcy Court, 3420 Twelfth St, Bin Outside Courtroom 303, Riverside, CA 92501**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **May 12, 2015** | **Lorre Clapp** | **/s/ Lorre Clapp** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

## U.S. MAIL SERVICE LIST

**NEF INTERESTED PARTY**
OFFICE OF UNITED STATES TRUSTEE
3801 UNIVERSITY AVENUE
SUITE 720
RIVERSIDE, CA 92501-3200

**SHAREHOLDER**
REGOTTI FAMILY TRUST DATED JANUARY 12, 2005
ALAN REGOTTI AND STACEY REGOTTI TRUSTEES
1569 CAMINO CORTO
FALLBROOK, CA 92028

**SHAREHOLDER**
MARC W BERRY
PATTI BERRY
7546 CERRITO ROJO DRIVE
RANCHO CUCAMONGA, CA 91730

**SCHEDULE D**
FEDERAL INSURANCE COMPANY
WAYNE R WALTON ESQ
15 MOUNTAINVIEW ROAD
WARREN, NJ 07059-6711

**SCHEDULE D**
BERKLEY REGIONAL INSURANCE COMPANY
ATTN NANCY MANNO
BERKLEY SURETY GROUP INC
412 MOUNT KEMBLE AVE SUITE 310N
MORRISTOWN, NJ 07960

**SCHEDULE D - ADDITIONAL NOTICE FOR BERKLEY REGIONAL INSURANCE COMPANY**
BERKLEY REGIONAL INSURANCE COMPANY
C/O RICHARD W TROPP
BENCHMARK CONSULTING SERVICES LLC
2 VENTURE SUITE 220
IRVINE, CA 92618

**SCHEDULE D**
GOTTE ELECTRIC INC
ATTN STEVEN R BANGERTER ESQ
BANGERTER SHEPPARD PC
1300 CLAY ST SUITE 600
OAKLAND, CA 94612

**SCHEDULE D**
INSURANCE COMPANY OF THE WEST
ATTN PRESIDENT OR MANAGER AGENT
11455 EL CAMINO REAL
SAN DIEGO, CA 92130

**SCHEDULE D - UCC NOTICE OF STATE TAX LIEN**
EMPLOYMENT DEVELOPMENT DEPARTMENT
BANKRUPTCY GROUP MIC 92E
PO BOX 826880
SACRAMENTO, CA 94280-0001

**SCHEDULE D**
1ST ENTERPRISE BANK
ATTN PRESIDENT OR MANAGER AGENT
818 W 7TH STREET STE 220
LOS ANGELES, CA 90017-3449

**SCHEDULE E - INLAND MACHINERY, INC. AND SCHEDULE D ANOTHER MERIDIAN COMPANY, LLC**
RIVERSIDE COUNTY TREASURER AND TAX COLLECTOR
4080 LEMON STREET
1ST FLOOR
RIVERSIDE, CA 92502

**SCHEDULE D ANOTHER MERIDIAN COMPANY, LLC**
SAN BERNARDINO COUNTY TREASURER AND
TAX COLLECTOR
172 WEST THIRD STREET
SAN BERNARDINO, CA 92415

**SCHEDULE F**
ALAN REGOTTI
1569 CAMINO CORTO
FALLBROOK, CA 92028

**SCHEDULE F**
ALCORN AIRE INC
ATTN PRESIDENT OR MANAGER AGENT
325 ROBINSON
BAKERSFIELD, CA 93305

**SCHEDULE F**
BORBON INC
ATTN PRESIDENT OR MANAGER AGENT
7312 WALNUT AVE
BUENA PARK, CA 90620

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 210 of 212

**SCHEDULE F**
CARPENTERS SOUTHWEST TRUST
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORP
ATTN PRESIDENT OR MANAGER AGENT
533 S FREMONT AVE
SUITE 803
LOS ANGELES, CA 90071-1706

**SCHEDULE F**
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORP
C/O MARGARET R GIFFORD ESQ
DECARLO AND SHANLEY APC
533 SOUTH FREMONT AVENUE, 9TH FL.
LOS ANGELES, CA 90071-1706

**SCHEDULE F**
ENGINEERED WALL SYSTEMS INC
ATTN PRESIDENT OR MANAGER AGENT
PO BOX 509
MAGNA, UT 84044-0509

**SCHEDULE F**
LEGEND THEATRICAL
ATTN PRESIDENT OR MANAGER AGENT
103 E WHISPERING PINES DRIVE
SCOTTS VALLEY, CA 95066

**SCHEDULE F**
LESTER & CANTRELL LLP
ATTN PRESIDENT OR MANAGER AGENT
1700 IOWA AVENUE
SUITE 200
RIVERSIDE, CA 92507

**SCHEDULE F**
M2 FENCING
ATTN PRESIDENT OR MANAGER AGENT
7316 TOLL DR
ROSEMEAD, CA 91770

**SCHEDULE F**
MACKENZIE ELECTRIC INC
ATTN PRESIDENT OR MANAGER AGENT
7933 PALM AVENUE
HIGHLAND, CA 92346

**SCHEDULE F**
MARC W BERRY
7546 CERRITO ROJO DRIVE
RANCHO CUCAMONGA, CA 91730

**SCHEDULE F**
PERFORMANCE SYSTEMS CO
ATTN PRESIDENT OR MANAGER AGENT
14059 GARFIELD AVE SUITE B
PARAMOUNT, CA 90723

**SCHEDULE F**
ROGERS ANDERSON MALODY & SCOTT
LLP CPA
ATTN PRESIDENT OR MANAGER AGENT
735 E CARNEGIE DRIVE
SUITE 100
SAN BERNARDINO, CA 92408

**SCHEDULE F**
SAFECO INSURANCE COMPANY OF
AMERICA
C/O BOOTH MITCHEL & STRANGE
DAVID L HUGHES ESQ
GREGORY H SMITH ESQ
701 S PARKER ST
SUITE 6500
ORANGE, CA 92868-4733

**SCHEDULE F**
SERBAN'S SOUND
ATTN PRESIDENT OR MANAGER AGENT
312 KENTUCKY STREET
BAKERSFIELD, CA 93305-4201

**SCHEDULE F**
THYSSENKRUPP ELEVATOR
ATTN PRESIDENT OR MANAGER AGENT
ATTN LAURIE - ACCOUNTS RECEIVABLE
2021 130TH NE
SUITE A
BELLEVUE, WA 98005

**SCHEDULE F**
TN SHEET METAL INC
ATTN PRESIDENT OR MANAGER AGENT
18385 BANDILER CIRCLE
FOUNTAIN VALLEY, CA 92708

**SCHEDULE F**
VECTOR RESOURCES ENTERPRISE
ATTN PRESIDENT OR MANAGER AGENT
8647 NINTH STREET
RANCHO CUCAMONGA, CA 91730

**SCHEDULE F**
WATERWORKS INDUSTRIES INC
ATTN PRESIDENT OR MANAGER AGENT
930 SHILOH RD, BLDG 38, SUITE D
WINDSOR, CA 95492

**SCHEDULE F - ATTORNEY FOR WATERWORKS INDUSTRIES, INC.**
WATERWORKS INDUSTRIES INC
C/O LAW OFFICE OF ERIC J PHILLIPS
4115 BLACKHAWK PLAZA CIRCLE
SUITE 100
DANVILLE, CA 94506

**SCHEDULE F**
ZIONS FIRST NATIONAL BANK
ATTN PRESIDENT OR MANAGER AGENT
1 S MAIN STREET
SUITE 14TH FLOOR
SALT LAKE CITY, UT 84133-1109

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*June 2012* **F 9013-3.1.PROOF.SERVICE**

**SCHEDULE F**
ZIONS FIRST NATIONAL BANK
ATTN PRESIDENT OR MANAGER AGENT
NATIONAL REAL ESTATE DEPARTMENT
PO BOX 26304
SALT LAKE CITY, UT 84126

RETURNED MAIL

**RETURNED 10/21/13; MOVED, LEFT NO ADDRESS; UNABLE TO FORWARD**
**SCHEDULE F**
REAL GOODS SOLAR INC
ATTN PRESIDENT OR MANAGER AGENT
DEPT 2247
DENVER, CO 80291

**RETURNED 10/2/2013, SEE ADDRESS FOR STEVEN R BANGERTER FROM CA SECRETARY OF STATE**
**SCHEDULE D**
GOTTE ELECTRIC INC
ATTN PRESIDENT OR MANAGER AGENT
27525 ENTERPRISE CIRCLE WEST
SUITE 101-A
TEMECULA, CA 92590

**RETURNED 10/7/2013, SEE NEW ADDRESS FROM CA SECRETARY OF STATE**
**SCHEDULE D - ADDITIONAL NOTICE FOR GOTTE ELECTRIC INC**
GOTTE ELECTRIC INC
C/O STEVEN R BANGERTER ESQ
BANGERTER SHEPPARD PC
3655 TORRANCE BLVD
THIRD FLOOR
TORRANCE, CA 90503

**RETURNED 10/18/2013, UNDELIVERABLE; SEE ADDRESS FOR COUNSEL FOR WATERWORKS INDUSTRIES INC**
**SCHEDULE F**
WATERWORKS INDUSTRIES INC
ATTN PRESIDENT OR MANAGER AGENT
8733 LAKEWOOD DRIVE
SUITE 205
WINDSOR, CA 95492

**SEE UPDATED ADDRESS PER TELEPHONE CALL 10/23/2013**
**SCHEDULE D - ADDITIONAL NOTICE FOR BERKLEY REGIONAL INSURANCE COMPANY**
BERKLEY REGIONAL INSURANCE COMPANY
C/O RICHARD W TROPP
BENCHMARK CONSULTING SERVICES LLC
2 VENTURE SUITE 200
IRVINE, CA 92618

**SEE UPDATED SUITE # PER TELEPHONE CALL 11/4/2013**
**SCHEDULE F**
ZIONS FIRST NATIONAL BANK
ATTN PRESIDENT OR MANAGER AGENT
1 S MAIN STREET
SUITE 700
SALT LAKE CITY, UT 84133-1109

**RETURNED 12/26/2013/ 12/6/2013; SEE ADDRESS FROM TELEPHONE CALL 12/26/2013**
**SCHEDULE F**
THYSSENKRUPP ELEVATOR
ATTN PRESIDENT OR MANAGER AGENT
11040 MAIN STREET
SUITE 280
BELLEVUE, WA 98006

**ATTORNEY FOR FEDERAL INSURANCE COMPANY**
JONATHAN J DUNN ESQ
ANDREW C HARRIS ESQ
SEDWICK LLP
3 PARK PLAZA
17TH FLOOR
IRVINE, CA 92614-8540

**LETTER RECEIVED 4/22/2104 REQUESTING TO BE REMOVED FROM THE MAILING LIST.**
**SCHEDULE F**
CDC SMALL BUSINESS FINANCE
ATTN MARIE LONDON LIQUIDATION ASSOCIATE
1545 RIVER PARK DRIVE
SUITE 530
SACRAMENTO, CA 95815

**LETTER RECEIVED 4/22/2104 REQUESTING TO BE REMOVED FROM THE MAILING LIST.**
**SCHEDULE F**
CDC SMALL BUSINESS FINANCE C/O WELLS FARGO CORPORATE TRUST SERVICES
ATTN PRESIDENT OR MANAGER AGENT
420 MONTGOMERY ST
SAN FRANCISCO, CA 94104

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 212 of 212

**LETTER RECEIVED 4/22/2104 REQUESTING TO BE REMOVED FROM THE MAILING LIST.**
**SCHEDULE F**
CDC SMALL BUSINESS FINANCE C/O
WELLS FARGO CORPORATE TRUST SERVICES
ATTN PRESIDENT OR MANAGER AGENT
NW 6441
PO BOX 1450
MINNEAPOLIS, MN 55485

**LETTER RECEIVED 4/22/2104 REQUESTING TO BE REMOVED FROM THE MAILING LIST.**
**ATTORNEY FOR CDC SMALL BUSINESS FINANCE**
CDC SMALL BUSINESS FINANCE CORP
TODD E KOBERNICK ESQ
LAW OFFICES OF TODD E KOBERNICK
2448 HISTORIC DECATUR ROAD
SUITE 220
SAN DIEGO, CA 92106

**NOTICE OF WITHDRAWAL OF REQUEST FOR NOTICE RECEIVED JUNE 9, 2014 (DOCKET 282)**
**CLAIM FILED - ATTORNEY FOR REGENTS OF UNIVERSITY OF CALIFORNIA**
REGENTS OF UNIVERSITY OF CALIFORNIA
JOHN P BEVAN SENIOR COUNSEL
OFFICE OF THE GENERAL COUNSEL
1111 FRANKLIN STREET
8TH FLOOR
OAKLAND, CA 94607-5200

**SEE UPDATED ADDRESS PER EMAIL 8/27/2014**
**ATTORNEY FOR FEDERAL INSURANCE COMPANY**
JONATHAN J DUNN ESQ
ANDREW C HARRIS ESQ
SEDWICK LLP
3 PARK PLAZA
17TH FLOOR
IRVINE, CA 92614-8540

**SEE NEW ADDRESS**
**ATTORNEY FOR FEDERAL INSURANCE COMPANY**
JONATHAN J DUNN ESQ
ANDREW C HARRIS ESQ
SEDWICK LLP
3 PARK PLAZA
17TH FLOOR
IRVINE, CA 92614-8540

**RETURNED 10/27/2014, SEE NEW ADDRESS**
**SCHEDULE F**
ENGINEERED WALL SYSTEMS INC
ATTN PRESIDENT OR MANAGER AGENT
5591 WEST LEO PARK ROAD
WEST JORDAN, UT 84081

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*June 2012* **F 9013-3.1.PROOF.SERVICE**