James C. Bastian, Jr. - Bar No. 175415
Melissa Davis Lowe – Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:     (949) 340-3000
Email: jbastian@shbllp.com; mlowe@shbllp.com

Attorneys for ASR Constructors, Inc., a California corporation, Another Meridian Company, LLC, a California limited liability company, and Inland Machinery, Inc., a California corporation,  the Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**ASR CONSTRUCTORS, INC., a California corporation,**<br><br>Debtor. | Case No.  6:13-bk-25794-MH<br>Chapter  11<br><br>Jointly Administered with:<br>Case No.  6:13-bk-27529-MH<br>Case No.  6:13-bk-27532-MH |
| In re<br><br>**ANOTHER MERIDIAN COMPANY, LLC, a California limited liability company,**<br><br>Debtor. | **DEBTORS' MOTION FOR ORDER:**<br><br>**(1) APPROVING COMPROMISE UNDER RULE 9019 BETWEEN GOTTE ELECTRIC, INC., THE DEBTORS AND THEIR INSIDERS AND FEDERAL INSURANCE COMPANY;**<br><br>**(2) APPROVING PROCEDURES FOR (i) EXPEDITED PROCEDURE TO RESOLVE CLAIMS OBJECTIONS, (ii) DISTRIBUTION OF FUNDS OF THE ESTATES AND (iii) DISMISSAL OF THE CHAPTER 11 CASES; AND**<br><br>**(3) GRANTING RELATED RELIEF;** |
| In re<br><br>**INLAND MACHINERY, INC., a California corporation,**<br><br>Debtor.<br><br>**Affects:**<br>☒     All Debtors.<br>☐     ASR Constructors, Inc.<br>☐     Another Meridian Company, LLC<br>☐     Inland Machinery, Inc. | **MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ALAN REGOTTI IN SUPPORT**<br><br>**Hearing Date:**<br><br>Date:  December 8, 2015<br>Time:  2:00 p.m.<br>Place:  Courtroom 303<br>         3420 Twelfth Street,<br>         Riverside, CA 92501 |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTS ....................................................................................................... 4

    A.    Commencement of the Debtors' Bankruptcy Cases ............................................. 4

    B.    Factual Background ............................................................................................. 4

    C.    The Settlement ................................................................................................... 11

    D.    NOTICE OF PROPOSED DISTRIBUTIONS AND PROCEDURE TO
           RESOLVE CLAIMS OBJECTIONS ................................................................ 14

III. ARGUMENT ................................................................................................................ 15

    A.    Upon Approval by the Court, the Debtor May Compromise a Claim of the
           Estate ................................................................................................................. 15

    B.    The Bankruptcy Court May Approve a Compromise Which is Fair and
           Equitable. .......................................................................................................... 16

        1.    Probability of Success in Litigation. ...................................................... 17

        2.    Difficulties, if any, to be Encountered in the Matter of Collections. ......... 18

        3.    The Complexity of the Litigation Involved, and the Expense,
                Inconvenience, and Delay Necessarily Attending it. ................................ 18

        4.    The Paramount Interest of the Creditors and the Proper Deference
                to the Reasonable Views. ......................................................................... 19

    C.    The Court Should Approve the Distribution of the Available Funds to
           Creditors ........................................................................................................... 19

    D.    Entry of an Order for Dismissal of the Bankruptcy Case is Proper ...................... 20

IV. CONCLUSION ............................................................................................................. 23

DECLARATION OF ALAN REGOTTI ............................................................................. 25

# <u>TABLE OF AUTHORITIES</u>

Page

## <u>CASES</u>

*Frasch v. Wilson*,
413 F.2d 69, 72 (9th Cir. 1969) ........................................................ 20

*In re Carla Leather, Inc.*, 50 B.R. 764, 775 (S.D.N.Y. 1985) ...................................... 15

*In re Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ........................... 16

*In re Geller*,
74 B.R. 685, 688-89 (Bankr. E.D. Pa. 1987 .............................................. 21

*In re Hall*,
15 B.R. 913, 915-16 (9th Cir. BAP 1981) ................................................ 21

*In re International Airport Inn Partnership*,
517 F.2d 510, 512 (9th Cir. 1975) ........................................................ 21

*In re Khalil and Shahin Chinichian*,
784 F. 2d 1440 (9th Cir. 1986) ............................................................. 20

*In re Kimble*,
96 B.R. 305, 307 (Bankr. D. Mont. 1988) ................................................ 21

*In re Lionel Corp*,
722 F.2d 1063, 1069 (2d Cir. 1983) ....................................................... 20

*In re Mechanical Maintenance, Inc.*,
128 B.R. 382, 386 (E.D. Pa. 1991) ........................................................ 21

*In re Staff Investment Co.*,
146 B.R. 256, 260 (Bankr. E.D. Cal. 1993) .............................................. 21

*In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1992) ......................... 16

*Martin v. Kale (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) .................... 16

*Pioneer  Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer
Mortgage Entities)*,
248 B.R. 368, 375 (9th Cir. BAP 2000) ................................................... 21

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*,
839 F.2d 610, 620 (9th Cir. 1988) ........................................................ 16

## <u>STATUTES</u>

28 U.S.C. §157(b)(2)(A) and (O) ............................................................ 15

Bankruptcy Code Section 102(3) ............................................................ 21

Bankruptcy Code Section 105(a) ............................................................ 20

Bankruptcy Code Section 1107 ............................................................. 4

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

i

Bankruptcy Code Section 1108 ................................................................................... 4

Bankruptcy Code Section 1112(b) ............................................................................ 20

Bankruptcy Code Section 503(b) .............................................................................. 19

Bankruptcy Code Section 507 ................................................................................... 19

## OTHER AUTHORITIES

S.Rep No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. &
    Admin. News 5787, 5903) .................................................................................... 21

## RULES

Federal Rule of Bankruptcy Procedure, Rule 9019(a) ................................................. 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\56 Global Compromise Mtn re ASR et al v3

**<u>TO THE HONORABLE MARK D. HOULE, UNITED STATE BANKRUPTCY JUDGE,
THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS AND ALL
INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:</u>**

ASR Constructors, Inc., a California corporation ("ASR"), Another Meridian Company, LLC, a California limited liability company ("Meridian"), and Inland Machinery, Inc., a California corporation ("Inland"), each a debtor and debtor in possession (collectively the "Debtors"), bring this *Debtors' Motion for Order: (1) Approving Compromise Under Rule 9019 Between Gotte Electric, Inc., The Debtors and Their Insiders and Federal Insurance Company; (2) Approving Procedures for (i) Expedited Procedure to Resolve Claims Objections, (ii) Distribution of Funds of the Estates and (iii) Dismissal of the Chapter 11 Cases; and (3) Granting Related Relief* ("Motion").  In support thereof, the Debtors respectfully represent as follows:

## I.    <u>INTRODUCTION</u>

Through the Motion, the Debtors request approval of a certain Settlement Agreement in substantially the same form as attached as **Exhibit 1** to the Declaration of Alan Regotti ("Regotti Declaration.")[1]  The Settlement Agreement provides for, among other things, (i) resolution of the Gotte Avoidance Action (defined below), (ii) a carve-out from Federal's[2] secured lien that will fund a pro-rata distribution to priority and general unsecured creditors that may not otherwise be available in the cases, (iii) a carve-out from estate assets otherwise subject to Federal's secured lien to pay professional fees in the case; and (iv) a structured dismissal of the Debtors' Chapter 11 cases.  As set forth below, the Debtors believe the interests of the creditors and the Debtors' respective bankruptcy estates ("Estate(s)") are best served if this Court approves the proposed settlement pursuant to the four factors set forth by *A and C Properties*.

---

[1]    The parties to the settlement are as follows: Gotte Electric, Inc., a California corporation ("Gotte") and Insurance Company of the West ("ICW"), on the one hand, and ASR, Inland, Meridian, Alan Regotti and Stacey Regotti ("Regottis"), The Regotti Family Trust dated January 12, 2005 ("Regotti Family Trust"), Marc W. Berry and Patricia Berry ("Berrys"), and Federal Insurance Company ("Federal"), on the other hand    (the "Parties").  The Parties are still in the process of finalizing the language of the Settlement Agreement but the version attached as Exhibit 1 sets forth the main points of the agreement.  When the Settlement Agreement is in final form and executed by all Parties, the Debtors will file a copy with the Court.

[2]    Capitalized terms not otherwise defined herein are as defined in the Settlement Agreement.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

4665-001\56 Global Compromise Mtn re ASR et al v3

1    Briefly, under the Settlement Agreement, among other things, Federal shall provide a

2    limited release of the Federal Secured Claim and provide a Carve-Out from its collateral to allow

3    for certain distributions and payments that would not otherwise be available in the cases. The

4    Carve-Out will create the Claims Distributions Fund consisting of the following: (i) $200,000

5    from funds currently on hand in the Debtors' Estates (the First Distribution) plus, (ii) 45% of the

6    Net Proceeds generated from the future sale(s) of the San Bernardino Property and the Perris

7    Property (the Second Distribution).

8    The Claims Distributions Fund shall be used to make pro-rata distributions to the

9    following: (i) allowed administrative claims of the Estates, other than administrative claims of

10    professionals employed in the Estates which will be funded by an additional carve-out granted by

11    Federal and other than up to $10,000 in fees incurred by Shulman Hodges & Bastian LLP in the

12    final administration of these cases, (ii) allowed priority tax claims, (iii) allowed priority non-tax

13    claims, and (iv) allowed general unsecured claims.  Calculation of the pro-rata distributions shall

14    be on a collective basis that assumes 1). all creditors in the categories outlined above are in the

15    same class and that all classes of claims will be paid collectively on a pro rata basis regardless of

16    whether the claim is an administrative, priority unsecured, or general unsecured claim; and 2).

17    that the Estates are consolidated such that creditors of Meridian and Inland will participate in the

18    distribution on a pro-rata basis with creditors of ASR, including Gotte and ICW, but shall

19    exclude the (i) the Federal Secured Claim and any unsecured claim of Federal, (ii) any other

20    secured claims asserted against the Estates, (iii) claims of insiders of the Debtors, (iv) claims of

21    any affiliates of the Debtors, and/or (v) claims of any equity interests.  Each claim filed in the

22    Chapter 11 case of any of the Debtors shall be deemed filed against the Debtors and a single

23    obligation of the Debtors.  Notwithstanding the procedure for calculating the pro-rata

24    distributions, the Debtors' Estates shall remain separate and shall not be consolidated.  All

25    monies comprising the Claims Distributions Fund will be held in a separate debtor in possession

26    account.

27    The Settlement Agreement provides that Gotte and ICW will receive at least a total of

28    73% of the First Distribution when made and the Second Distribution when made.  If they do

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

4665-001\56 Global Compromise Mtn re ASR et al v3

not, 73% of the First Distribution when made and the Second Distribution when made shall be paid to Gotte and ICW and the remaining 27% of the Claims Distributions Fund monies will be paid pro-rata to the other Distribution Creditors.

In addition to the Carve-Out and in addition to any prior amounts paid to Debtors' professionals prior to the date of the Settlement Agreement including payments under the prior Stipulated Surcharge, Federal shall provide amounts as necessary to compensate the Debtors' professionals  as described in the Settlement Agreement.  Federal will also release and waive the Secured Claim and any unsecured claim it may have to the extent necessary to allow the payments to be made from the Claims Distributions Fund and shall not participate in any payment to creditors in any of the Estates provided from the Carve-Out.

The Settlement Agreement is conditioned on, among other things, (i) the Federal Pre-Petition Liens being allowed as secured claims, (ii) the claims filed by Gotte and ICW in the Debtors' bankruptcy cases being allowed in their entirety, (iii) approval of an expedited procedure to resolve claims objections whereby the allowed amount of each claim for calculating the pro-rata distributions under the First Distribution and Second Distribution as set forth in this Motion and in the Settlement Agreement and creditors that disagree with the allowed amount of a claim shall file their objection to this Motion and the disputed claim matter will be resolved at the hearing on this Motion, and (iv) approval for the dismissal of the Debtors' bankruptcy cases upon the completion of the First Distribution.

Good cause exists to grant the Motion, approve the settlement and approve the structured dismissal of the cases because there is no better alternative for creditors and the Estates.  The settlement provides finality in these cases where a plan is not confirmable (the cases are administratively insolvent absent successful avoidance of the pre-petition liens asserted by Federal or Federal's agreement to the limited release of its liens and carve out).  But for Federal's willingness to provide the Carve-Out or requiring the Estates to undertake expensive and risky litigation, unsecured creditors would receive nothing in this case.  Federal has liens on all of the Debtors' assets as a result of its indemnity agreements and surety bonds and based on this, the Debtors and Federal believe they have meritorious defenses to the Gotte Avoidance

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

4665-001\56 Global Compromise Mtn re ASR et al v3

Action.  If the settlement is not approved, it is not clear who, if anyone, will continue to fund the litigation of the Gotte Avoidance Action which could very well result in a dismissal of the Gotte Avoidance Action and thus, the preservation of Federal's liens, under which scenario unsecured creditors would receive nothing.

The Debtors believe that their bankruptcy cases are administratively insolvent and believe that a structured dismissal of the bankruptcy cases pursuant to the terms of the Settlement Agreement will provide all creditors with a greater recovery, rather than a lengthy, expensive and ultimately futile Chapter 11 process.  The settlement provides certainty (payment to the Estates to fund distributions to priority and general unsecured claims that would not otherwise be available.)  The settlement also avoids delays in paying creditors and closing the cases.  In summary, based on the Debtors' good business judgment that the Settlement Agreement will benefit the Estate and creditors, approval of the Motion is proper.

## II.    RELEVANT FACTS

### A.    Commencement of the Debtors' Bankruptcy Cases

ASR filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 20, 2013, Case No. 6:13-bk-25794-MH.

Meridian and Inland each filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 23, 2013.  Meridian is Case No.  6:13-bk-27529-MH; and Inland is Case No. 6:13-bk-27532-MH.

The Debtors are each continuing in possession of their property, and operating and managing their respective business, as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

On October 28, 2013, the Debtors filed motions for orders of joint administration of their bankruptcy cases and are awaiting the Court's order on such motions.

### B.    Factual Background

The Debtors share common owners as follows:  ASR stockholders are the Regotti Family Trust and the Berrys.  Meridian's members are Alan Regotti and Marc Berry.  Inland's stockholders are Alan Regotti and Marc Berry.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

4665-001\56 Global Compromise Mtn re ASR et al v3

ASR is a general contractor serving the Inland Empire and works primarily on public works projects for cities, school districts, and governments. In connection with all or some of its projects, ASR was required to obtain performance and payment bonds, and between approximately 2003 and early 2011, Federal issued surety performance and/or payment bonds on ASR's behalf in connection with numerous construction projects throughout California. Pursuant to these bonds Federal agreed to protect the project owners from financial loss should ASR fail to fulfill its contracts with the project owners and assured that suppliers of labor and material would be paid. In connection with the bonds, Federal required that ASR and its principals (the Regottis, the Regotti Family Trust and the Berrys), and later, Meridian and Inland, to execute indemnity and collateral agreements ("**Indemnity Agreements**") in favor of Federal.

Gotte is a California licensed contractor who entered into a contract with ASR pursuant to which Gotte agreed to furnish certain material, equipment, labor, supplies and/or services to ASR in connection with three public works construction projects for which ASR was the general contractor (the Palm Desert Sheriff Station Project, the Thermal Sheriff and Aviation Complex Project, and the Rubidoux Community Library Project). Federal issued the surety bonds for these ASR projects.

Prior to the Petition Dates, on or about June 2009, Gotte filed a complaint against ASR, Federal and others in the Riverside Superior Court, Case No. RIC 529002 ("Gotte State Court Action") seeking payment of alleged improperly withheld contract balances of not less than $1,752,059.13, special damages according to proof, attorneys' fees and other relief. The jury trial in the Gotte State Court Action commenced in or about January 2013. On or about March 1, 2013, the jury returned a verdict in favor of Gotte and against ASR and awarded Gotte damages in the total amount of $5,985,000 ("Verdict"). On or about May 28, 2013, the state court entered judgment for Gotte against ASR in the amount of $6,655,486.47 ("Judgment"). On or about July 1, 2013, Gotte caused a UCC Judgment Lien to be filed against ASR with the California Secretary of State, Filing No. 13-7367902371 ("Gotte Pre-Petition Lien"). As the Gotte Pre-Petition Lien was obtained within ninety days prior to the ASR Petition Date, ASR asserts it may be avoidable pursuant to Bankruptcy Code Section 547.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

4665-001\56 Global Compromise Mtn re ASR et al v3

In or about July 2009, ASR owned several assets which were later transferred to Meridian and Inland as follows:

a. "Wilson Property" consisting of a light industrial building located at: 5230 Wilson Street, Riverside, California.  ASR transferred the Wilson Property to Meridian by a Quitclaim Deed on or about February 1, 2010 for a purchase price by unsecured promissory note of $1,720,000.

b. "Perris Property" consisting of two parcels of vacant land located in the city of Perris, County of Riverside, CA: Parcel Nos.: 317-270-001 (10.09 acres) and 317-270-012 (9.66 acres).  ASR transferred the Perris Property to Meridian by a Quitclaim Deed on about February 1, 2010 for a purchase price by unsecured promissory note of $640,000.

c. "San Bernardino Property" consisting of two parcels of vacant land located in the city of San Bernardino, County of San Bernardino, CA: Parcel Nos.:  0142-042-01 (1.889 acres) and 0269-271-17 (1.3 acres). ASR transferred the San Bernardino Property to Meridian by a Quitclaim Deed on about February 1, 2010 for a purchase price by unsecured promissory note of $740,000.

d. "Equipment and Machinery" which was located at the Wilson Property. ASR transferred the Equipment and Machinery to Inland before December 10, 2010 for a purchase price by unsecured promissory note of $3,780,458.

In addition to the Wilson Property, the Perris Property and the San Bernardino Property, as of the Petition Date, Meridian owned the  "Phelan Property" consisting of a single family residence located at 3758 Kreuer Rd, Phelan, CA 92371: Parcel No.:  3098-051-14 (5 acres).

The Wilson Property, the Perris Property, the San Bernardino Property and the Phelan Property are collectively referred to herein as the "Meridian Properties."

Prior to the Petition Dates, Federal was provided with liens on (i) ASR's accounts receivables, (ii) the Meridian Properties, and (iii) the Equipment and Machinery, as such liens are noted and recorded in public records, to secure obligations owed to Federal under the Indemnity Agreements ("**Federal Pre-Petition Liens**").  The Federal Pre-Petition Liens are subject to the disputes in the Gotte Avoidance Action (defined below).

///

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

4665-001\56 Global Compromise Mtn re ASR et al v3

Specifically, Federal has secured liens as follows:

| Debtor Entity | Claim Description |
|---|---|
| ASR | UCC-1 Filing No. 12-7339143518 filed 11/28/12; Amendment No. 13-73536425 filed 3/22/13;  Amendment No. 13-73522998 filed 3/15/13; Amendment No. 13-73517704 filed 3/11/13 and  Amendment No. 13-73513989 filed 3/6/13<br><br>First position blanket lien on accounts receivable and construction projects. |
| Meridian | Wilson Property – Third priority Deed of Trust recorded 3/18/2013, Recording #2013-0128763.<br><br>Perris Property – First priority Deed of Trust recorded 3/18/2013, Recording #s 2013-0128764 and 2013-0128765<br><br>San Bernardino Property – First priority Deed of Trust recorded 3/20/2013, Recording #s 2013-0116066 and 2013-0116067<br><br>Phelan Property – First priority Deed of Trust recorded 3/20/2013, Recording # 2013-0116068<br><br>UCC-1 Filing No. 12-7339143518 filed 11/28/12; Amendment No. 13-73536425 filed 3/22/13;  Amendment No. 13-73522998 filed 3/15/13;  Amendment No. 13-73517704 filed 3/11/13 and Amendment No. 13-73513989 filed 3/6/13.   First priority blanket lien on allassets. |
| Inland | UCC-1 Filing No. 12-7339143518 filed 11/28/12; Amendment No. 13-73536425 filed 3/22/13;  Amendment No. 13-73522998 filed 3/15/13; Amendment No. 13-73517704 filed 3/11/13 and  Amendment No. 13-73513989 filed 3/6/13.  First position blanket lien on all assets. |

On December 17, 2013, the Court entered its order (docket 39) authorizing the sale of the Wilson Property for a purchase price of $3,150,000.  Escrow on this sale has closed.  Through this sale, the secured claims of lenders Zions First National Bank and Small Business Finance Corp. and its agent Wells Fargo Corporate Trust Services were paid. The net proceeds of approximately $1,790,000 are being held in a segregated debtor in possession account.  The disputed claims of Federal, Berkley Regional Insurance Company ("Berkley"), ICW and Gotte attached to the proceeds of the sale pending further agreement with the creditors or further Court Order.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

4665-001\56 Global Compromise Mtn re ASR et al v3

On August 8, 2014, the Court entered its order (docket 304) authorizing the sale of the Phelan Property for a purchase price of $59,000. Escrow on this sale has closed. The net proceeds of approximately $50,000 are being held in a segregated debtor in possession account. The disputed claims of Federal and Berkley have attached to the proceeds of the sale pending further agreement with the creditor or further Court order.

Pursuant to Court orders entered on March 19, 2014 (docket 251), September 29, 2014 (docket 34) and December 9, 2014 (docket 397) Inland was authorized to conduct auction sales of rental Equipment and Machinery. The net proceeds of approximately $1,006,000 are being held in a segregated debtor in possession account. The funds from Inland's auction sales are being held in a segregated account subject to the Federal Pre-Petition Liens.

Pursuant to that certain *Stipulation Between the Debtors, Federal Insurance Company and Berkley Regional Insurance Resolving Debtors' Motion for Use of Cash Collateral* which was filed with the Court on October 28, 2014 (docket 375) ("**Cash Collateral Stipulation**"), which was approved by Court order entered on October 31, 2014 (docket 376) the following was agreed (capitalized terms have the meaning set forth in the Cash Collateral Stipulation):

a. ASR may use the Adelanto Surplus only to pay the overhead expenses of ASR in the specific categories and line items as set forth in the Budget in the lesser amount of (1) the budgeted amount with an allowed variance of no more than 10% per line item and (2) the percent of ASR's actual monthly expenditure by line item applicable to Federal under the Budget. ASR may only use the Sale Proceeds Cash Collateral as may be ordered by the Bankruptcy Court in connection with the Cash Collateral Motion. Berkley agrees to advance to ASR such additional funds necessary in Berkley's absolute and sole discretion to complete the Projects, including as necessary to fund overhead expenses of ASR as set forth in the Budget pertaining to the Adelanto Project and the Adelanto Surplus. Nothing in this Stipulation shall affect the terms of the Previous Stipulation which remain fully enforceable and any and all rights Berkley has as to the Adelanto Project and the Barstow Wellness Project will not be affected by the terms of the Cash Stipulation. Federal does not consent to any other use of cash collateral.

b. In addition to the rights Berkley currently enjoys as surety with respect to the Adelanto Project, and notwithstanding any dispute or claim which may exist with respect to the Berkley Pre-Petition Lien, Berkley was further granted a first priority security interest in the Adelanto Surplus to the limited extent Berkley provides financing to ASR that is actually used by ASR to pay overhead expenses of ASR (1) in the specific categories, line items and amounts as set forth in the Budget with an allowed variance of no more than 10% per line item and (2) for which overhead expenses ASR would otherwise have authority under the Cash Collateral Stipulation to use the Adelanto Surplus. Federal subordinated the Federal Pre-Petition Lien against any

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

4665-001\56 Global Compromise Mtn re ASR et al v3

1  proceeds received on account of the Adelanto Project, including the Adelanto
2  Surplus, to the Berkley Adelanto Lien.  Federal did not consent to any other
   subordination of its rights.

3  Pursuant to that certain *Stipulation Between the Debtors and Federal Insurance Company*

4  Resolving *Debtors' Motion for Order Authorizing Surcharge of Collateral Pursuant to 11 U.S.C.*

5  *506(c)* which was approved by Court order entered on November 10, 2014 (docket 382), the

6  Debtors were authorized to surcharge Federal's collateral related to the Federal Pre-Petition

7  Liens from the proceeds of the sale of the Wilson Property, the Phelan Property and the

8  Equipment and Machinery in the total amount of $250,000 ("**Stipulated Surcharge**").  The

9  Stipulated Surcharge was applied to the fees and expenses of the Debtors' professionals,

10  including the amounts allowed by that certain Court order entered on November 10, 2014

11  (docket 383) as follows:

| Professional | | Fees Allowed | Expenses Allowed | Total Allowed | Less Payments Received | Balance Due on Prior Award |
|---|---|---|---|---|---|---|
| Shulman Hodges & Bastian LLP Attorneys for the Debtors | ASR: Meridian: Inland: **Total:** | $177,619 $38,624 $39,191.50 **$255,434.50** | $19,923.36 $6,922.91 $10,706.75 **$37,553.02** | $197,542.36 $45,546.91 $49,898.25 **$292,987.52** | ($197,542.36) ($45,546.91) ($49,898.25) **($292,987.52)** | $.00 $.00 $.00 **$.00** |
| Rogers, Anderson, Malody & Scott LLP, CPAS, Accountants for the Debtors | ASR: Meridian: Inland: **Total:** | $62,462.63 $3,288.50 $11,622.55 **$77,373.68** | $.00 | $62,462.63 $3,288.50 $11,622.55 **$77,373.68** | ($62,462.63) ($3,288.50) ($11,622.55) **($77,373.68)** | $.00 $.00 $.00 **$.00** |
| Lester & Cantrell LLP Special Litigation Counsel for the ASR Constructors, Inc. | ASR: | **$3,840** | **$214.96** | **$4,054.96** | **($4,054.96)** | **$.00** |
| Total | | **$336,648.18** | **$37,767.98** | **$374,416.16** | **($374,416.16)** | **$0.00** |

*///*

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

4665-001\56 Global Compromise Mtn re ASR et al v3

The Debtors' September 2015 Monthly Operating Reports filed with the Court on October 28, 2015 (dockets 530, 531 and 532), indicate the Debtors have cash on hand, including the amounts generated from the sale of the Wilson Property, the Phelan Property and the Equipment and Machinery, in the following total amounts:

| Debtor | Funds on Hand |
|---|---|
| ASR | $8,310.03 |
| Meridian | $1,780,261.36 |
| Inland | $1,363,788.89 |
| **Total** | **$3,152,360.28** |

On August 30 2013, Gotte filed a *Verified Complaint to Set Aside Fraudulent Transfers* in the Riverside Superior Court against ASR, Federal, Meridian and Inland, Case No. RIC 1310089 ("**Gotte Avoidance Action**").   Pursuant to a *Notice of Removal of Action to United States Bankruptcy Court Pursuant to 28 U.S.C. 1452(a) and Federal Rule of Bankruptcy Procedure 9027* filed with the Bankruptcy Court on October 1, 2013 (docket 23), the Gotte Avoidance Action was removed to the Bankruptcy Court and assigned Adversary Case No. 6:13-ap-01402-MH.

Under California's Uniform Fraudulent Transfer Act and Bankruptcy Code Sections 544(b), 547, 548 and 550, Gotte asserts claims for relief against the Defendants, including the following:

> a. A claim for avoidance of fraudulent transfers against Meridian related to ASR's transfer of the Meridian Properties to Meridian.
> b. A claim for avoidance of fraudulent transfers against Inland related to ASR's transfer of the Equipment and Machinery to Inland.
> c. A claim for avoidance and recovery of fraudulent transfers against Federal related to the recording of the Federal Pre-Petition Liens.
> d. A claim for recovery of preferential and fraudulent transfers against the Regottis, the Regotti Family Trust and the Berrys, each of whom was a person or entity who alleged benefitted from the transfers, pursuant to Bankruptcy Code Section 550.

The two year statute of limitations to file actions against Meridian, Inland and/or the Debtors' insiders, including Regotti and Berry, to avoid preferential and/or fraudulent transfers

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

10

4665-001\56 Global Compromise Mtn re ASR et al v3

of assets under Bankruptcy Code sections 544, 545, 547, 548, 550 and 553 ("**ASR Avoidance Claims**") was set to expire on September 23, 2015.  However, pursuant to that certain *Stipulation to Continue Hearing on Gotte's Motion to Confer Standing to Assert the Estate's Claims and Toll the Time to Bring Claims* filed in the bankruptcy case (docket 512) and Bankruptcy Court order (docket 516), the deadline for Gotte and/or ICW to file complaints asserting ASR Avoidance Claims was extended to December 31, 2015.

On or about August 25, 2015, Gotte filed a *Motion for Order Granting Gotte Standing, Leave and Authority to Prosecute Certain Claims on Behalf of the Debtor's* [ASR] *Estate* (docket 504) and supporting papers (docket 505) ("**Standing Motion**").  The Standing Motion seeks a Bankruptcy Court order (i) granting Gotte standing, leave and authority to prosecute ASR Avoidance Claims on behalf of ASR, and (ii) to file a First Amended Complaint in the Gotte Avoidance Action.  The Bankruptcy Court hearing on the Standing Motion is currently scheduled for December 1, 2015.

The Debtors believe that the Debtors' bankruptcy cases are administratively insolvent and believe that a structured dismissal of the Debtors' bankruptcy cases will provide all creditors with a greater recovery since, rather than a lengthy, expensive and ultimately futile Chapter 11 process, the cases would be dismissed, and authority granted to the Debtors to make a distribution to creditors from the Carve-Out of Federal's collateral as provided in the Agreement below.

**C.**     **The Settlement**

The Parties desire to settle and resolve any and all disputes, claims, demands and causes of action related to the Gotte Avoidance Action without further time or expense and in order to eliminate the need for costly litigation.

Subject to Court approval, the Parties negotiated the Settlement Agreement.  A true and correct copy of the current form of the Settlement Agreement which is attached as Exhibit "1" to the Regotti Declaration.  The principal terms of the Agreement are finalized but the Parties are finalizing the language of the Settlement Agreement.  Exhibit "1" is an unsigned draft that is in substantially the form anticipated to be executed by the Parties, although there may still be some

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11

4665-001\56 Global Compromise Mtn re ASR et al v3

changes.  When the Settlement Agreement is finalized and executed by all Parties, the Debtors will file a copy with the Court.  The principal terms of the Agreement are as follows:

1.     Federal's Pre-Petition Liens will be allowed in full and Federal will have an allowed secured claim against the Debtors in an amount equal to (i) all remaining cash proceeds currently on hand in the Debtors' Debtor in Possession bank accounts that was generated from the collection of accounts receivables owed the Debtors and from the sales of the Wilson Property, the Phelan Property and Equipment and Machinery, (ii) all cash proceeds generated from the future collection of accounts receivable owed the Debtors (including, without limitation, the Adelanto Surplus (but subject to Berkley's rights as described in paragraph 1.14 of the Recitals herein)), (iii) all cash proceeds generated from the future sales of the San Bernardino Property, the Perris Property, and any remaining Equipment and Machinery ("Federal Secured Claim").  All assets of the Debtors are subject to the Federal Secured Claim (except as set forth herein) and shall be immediately distributed to Federal upon entry of a final, non-appealable Bankruptcy Court Order pursuant to the terms of this Agreement, pursuant to paragraph 2.2 below.

2.     Federal shall release  the Federal Secured Claim to the extent required to provide a carve out ("Carve-Out") from its collateral as necessary to allow for the following distributions and payments, pursuant to the following terms and conditions:
a.     Cash in the amount of Two Hundred Thousand Dollars ($200,000.00) from funds currently on hand in the Debtors' bankruptcy estates ("Estates") ("First Distribution"), plus, Forty-Five Percent (45%) of the "Net Proceeds" (as defined below) generated from the future sale(s) of the (i) San Bernardino Property and (ii) the Perris Property ("Second Distribution") (the First Distribution and Second Distribution are collectively referred to herein as the "Claims Distributions Fund").

b.     The term "Net Proceeds" as used in Section 2.2 hereof means the sale proceeds generated after payment of ordinary and reasonable costs of sale(s), including brokers' commissions, escrow closing costs, costs associated with obtaining Bankruptcy Court approval of the sale(s), if necessary, and any taxes required to be paid or withheld from such proceeds.

c.     The Claims Distributions Fund shall be used to make distributions to the following: (i) allowed administrative claims of the Estates, other than administrative claims of professionals employed in the Estates, and other than a maximum of $10,000.00 in Bankruptcy Court approved fees and costs incurred by Shulman Hodges & Bastian LLP in the final administration of this case, handling the distributions to be made herein, and claims work, in addition to the amount agreed by Federal to be paid to Shulman Hodges & Bastian LLP as a surcharge from assets of the Estates otherwise subject to the Federal Secured Claim as discussed in Section 2.2(f), (ii) allowed priority tax claims, (iii) allowed priority non-tax claims, and (iv) allowed general unsecured claims.  Calculation of the pro-rata distributions shall be on a collective basis that assumes all creditors in the categories outlined above are in the same class and that all classes of claims will be paid on a pro rata basis regardless of whether the claim is an administrative, priority unsecured, or general unsecured claim and that assumes (solely for the purposes of this Agreement) the Estates are consolidated such that creditors of Meridian and Inland will participate in the distribution on a pro-rata basis with creditors of ASR, including Gotte and ICW, but shall <u>exclude</u> the (i) the Federal Secured Claim and any unsecured claim held by Federal, (ii) any other secured claims asserted against the Estates, (iii) claims of insiders of the Debtors, (iv) claims of any affiliates of the Debtors and/or (v) claims of any equity interests.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12

4665-001\56 Global Compromise Mtn re ASR et al v3

The creditors which will be paid from the Claims Distributions Fund described above will be referred to herein as the "Distribution Creditors." Each claim filed in the Chapter 11 case of any of the Debtors shall be deemed filed against the Debtors and a single obligation of the Debtors. Notwithstanding the procedure for calculating the pro-rata distributions, the Debtors' Estates shall remain separate and shall not be consolidated.

d.      The monies from the Claims Distributions Fund will be used to pay the Distribution Creditors on a pro-rata basis as described above so long as Gotte and ICW receive at least a total of 73% of the First Distribution when made and the Second Distribution when made. If they do not, 73% of the First Distribution when made and the Second Distribution when made shall be paid to Gotte and ICW and the remaining 27% of the Claims Distributions Fund monies will be paid pro-rata to the other Distribution Creditors.

e.      All monies comprising the Claims Distributions Fund will be held in a separate debtor in possession account. The Debtors, through their counsel, will be responsible for making all pro-rata distributions discussed above within 21 days of entry of a final, non-appealable Bankruptcy Court order approving this Agreement and, in the case of future sales, after receipt of the Net Proceeds. The Debtors, through their counsel, will also be responsible for making all distributions to Federal consistent with the terms of this Agreement within 21 days of entry of final, non-appealable Bankruptcy Court order approving this Agreement and, in the case of future collections or sale(s), after receipt of the Net Proceeds thereof.

f.      In addition to the Carve-Out and in addition to any prior amounts paid to Debtors' professionals, prior to the date of this Agreement including payments under the prior Stipulated Surcharge, Federal shall consent to a surcharge against property in the Debtors' Estates in amounts as necessary to pay Debtors' professionals  the sum of: (i) up to One Hundred and Thirty Thousand Dollars ($130,000.00) for payment of fees and expenses incurred in the administration of the Estates and which are allowed by the Bankruptcy Court, and (ii) such additional amounts incurred by Shulman Hodges & Bastian LLP determined in Federal's discretion to be reasonably necessary to obtain Bankruptcy Court approval for and consummate the settlement contemplated by this Agreement, which shall not exceed $10,000.00 without Federal's express prior approval.

g.      With respect to the Carve-Out only, Federal shall release and waive the Secured Claim and any unsecured claims and shall not participate in any payment to creditors in any of the Estates provided from the Carve-Out, notwithstanding that Federal may be undersecured and have an unsecured claim in the Debtor's estates.

h.      Federal, Gotte, and ICW (collectively the "Notice Parties") shall approve any sale of the San Bernardino Property and Perris Property. The Debtors will provide the Notice Parties with regular reports on sales and marketing efforts of these assets. In connection with any future sales of the San Bernardino Property or Perris Property, the Debtors will provide written notice of the terms of such sales ("Sale Notice") (which Sale Notice may be made via email transmission) to counsel for the Notice Parties. If no written objection to the Sale Notice (which objection may be made via email transmission) is received by the Debtor's counsel, Shulman Hodges & Bastian LLP, within ten days after transmission of the Sale Notice, the Debtors may proceed with closing on the sale of the asset as proposed in the Sale Notice. If approval of the Notice Parties

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

13

4665-001\56 Global Compromise Mtn re ASR et al v3

cannot be obtained for any Sale Notice, the objection to the Sale Notice shall be resolved by the Bankruptcy Court upon motion by the Debtors.

i.    The Debtors will use reasonable best efforts to maximize the value and sales price of the San Bernardino Property and Perris Property and to close such sales within twelve months of Bankruptcy Court approval of this Agreement.

j.    The Debtors and Federal will use reasonable best efforts to reduce or minimize the total amount of administrative claims, priority claims, and allowed unsecured claims in the Estates, which shall not include the requirement of Federal to expend any further funds or incur fees or provide additional carve-out amounts to pay for legal expenses associated with the process of objecting to claims.

k.    This Agreement is conditioned on the Federal Pre-Petition Liens being allowed as secured claims in their entirety and the claims filed by Gotte and ICW in the Bankruptcy Cases being allowed in their entirety, and on there being no other creditors challenging Federal's Pre-Petition Liens or Secured Claim. The Parties agree to be bound by the releases set forth below.

l.    The Agreement is contingent upon and expressly conditioned on the issuance of a Bankruptcy Court order approving the Agreement and the Compromise Motion which includes the procedure for dismissal of the Debtors' bankruptcy cases upon completion of the First Distribution. Unless and until approved by the Bankruptcy Court by a final, non-appealable order, this Agreement and the releases set forth herein are of no force or effect whatsoever. If the Bankruptcy Court does not enter an order approving this Agreement, or if the order is appealed and stayed, then this Agreement and the releases described herein shall be deemed null and void and of no further effect, until and unless the order approving this Agreement is affirmed and becomes final.

m.    Upon entry of the Bankruptcy Court's order as described in this Agreement, all remaining funds in the Debtors' Estates, save and except for the Carve-Out, the $130,000.00 to be paid to Debtors' professionals and an additional $10,000.00 to Shulman Hodges & Bastian LLP, shall be subject to Federal's Pre-Petition Liens and will be immediately paid to Federal to reduce its Secured Claim, subject to the terms and conditions of this Agreement.

3.    General releases to be provided by and among all the Parties.

**D.    NOTICE OF PROPOSED DISTRIBUTIONS AND PROCEDURE TO RESOLVE CLAIMS OBJECTIONS**

**BY THIS MOTION, THE DEBTORS REQUEST AUTHORIZATION TO DISBURSE THE CLAIMS DISTRIBUTION FUNDS TO PAY CLAIMS ON A PRO-RATA BASIS. THE AMOUNT OF EACH CLAIM FOR CALCULATING THE PRO-RATA DISTRIBUTIONS UNDER THE FIRST DISTRIBUTION AND SECOND DISTRIBUTION ARE AS FOLLOWS:**

*///*

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

14

4665-001\56 Global Compromise Mtn re ASR et al v3

1    **SEE EXHIBIT 2 ATTACHED HERETO AND**
    **INCORPORATED HEREIN BY THIS REFERENCE**

2

3    **CREDITORS THAT DISAGREE WITH THE ALLOWED AMOUNT OF A**

4    **CLAIM SET FORTH IN EXHIBIT 2 SHALL FILE THEIR OBJECTION TO THIS**

5    **MOTION AND THE DISPUTED CLAIM MATTER WILL BE RESOLVED AT THE**

6    **HEARING ON THIS MOTION.  YOU MUST FILE A WRITTEN RESPONSE WITH**

7    **THE COURT AND SERVE A COPY OF IT UPON THE DEBTORS' ATTORNEY AT**

8    **THE ADDRESS SET FORTH ABOVE NO LESS THAN FOURTEEN (14) DAYS PRIOR**

9    **TO THE ABOVE HEARING DATE ON THIS MOTION. IF YOU FAIL TO FILE A**

10   **WRITTEN RESPONSE TO THIS MOTION AND/OR THE ALLOWED AMOUNT OF A**

11   **CLAIM FOR CALCULATION PURPOSES WITHIN SUCH TIME PERIOD, THE**

12   **COURT MAY TREAT SUCH FAILURE AS A WAIVER OF YOUR RIGHT TO**

13   **OPPOSE THE MOTION AND MAY GRANT THE REQUESTED RELIEF, INCLUDING**

14   **THE DETERMINATION OF THE CLAIM AMOUNTS AS SET FORTH IN THE**

15   **CHART ABOVE.**

16                      **III.    ARGUMENT**

17   **A.    Upon Approval by the Court, the Debtor May Compromise a Claim of the Estate.**

18          The power of the Court to review and approve settlements is expressly recognized in

19   Federal Rule of Bankruptcy Procedure, Rule 9019(a), which provides:

20                 On motion by the trustee and after notice and a hearing, the court
                   may approve a compromise or settlement.  Notice shall be given to
21                 creditors, the United States trustee, the debtor, and indenture
                   trustees as provided in Rule 2002 and to any other entity as the
22                 court may direct.

23          Thus, upon notice to the creditors, the United States Trustee, and indenture trustees, the

24   Debtor may compromise a claim of the Estate.   The approval of a compromise is a core

25   proceeding under 28 U.S.C. §157(b)(2)(A) and (O).  *In re Carla Leather, Inc.*, 50 B.R. 764, 775

26   (S.D.N.Y. 1985).

27   ///

28   ///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

15

4665-001\56 Global Compromise Mtn re ASR et al v3

**B.**    **The Bankruptcy Court May Approve a Compromise Which is Fair and Equitable.**

The purpose of a compromise agreement between a debtor and a creditor is to allow the parties to avoid the expenses and burdens associated with litigation. *Martin v. Kale (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied sub nom, Martin v. Robinson*, 479 U.S. 854 (1986).    The bankruptcy court has great latitude in approving compromise agreements as long as it finds that the compromise is fair and equitable. *Id*. at 1382; *see also, Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). Generally, the benchmark in determining the propriety of a settlement is whether the settlement is in the best interests of the estate and its creditors. *In re Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).    To be approved, the settlement need not represent the highest possible return to the estate, but merely must fall within the "range of reasonableness." *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1992).    In making this determination, the bankruptcy court need not conduct a trial or even a "mini trial" on the merits. *Id*.

In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the Court must consider the following factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1381; *Woodson*, 839 F.2d at 620.    In other words, the Court must weigh certain factors in order to determine whether the compromise is in the best interests of the bankrupt estate. *A & C Properties*, 784 F.2d at 1382.

The Debtors believe the Settlement Agreement is in the best interest of the Estate and all creditors under the four factors of *A&C Properties*, and that it should be approved as doing so is the most expedient and cost effective method for resolving the disputes and these Chapter 11 cases. The Settlement Agreement was the product of several settlement conferences conducted over the last several months by and among the Parties and their counsel. Every aspect of the claims asserted in the Gotte Avoidance Action was explored, parsed and debated by experienced and sophisticated counsel. In the end, the Parties believe that the cost and risk of litigation is too

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

16

great and that the Debtors' creditors, from administrative to general unsecured stood to receive nothing on account of their claims if the Settlement Agreement were not entered into and approved.   It is also important to note that Gotte and ICW are parties to the Settlement Agreement and represent more than 70% of the total claims against the Estates.  Berkley, while not a party to the Settlement Agreement, has been involved in the negotiations, is the largest unsecured creditor of the Estates after Gotte and ICW and is believed to support the Settlement Agreement.  As such, over 90% of the claims against the Estates are believed to be in support of the Settlement Agreement.

1.    Probability of Success in Litigation.

Federal has liens on all of the Debtors' assets as a result of its indemnity agreements and surety bonds.  ASR and Federal believe they have meritorious defenses to the Gotte Avoidance Action in that there was consideration for the transfers in question and the transfers merely memorialized the liens already granted to Federal as a result of its indemnity agreements and surety bonds.  Nevertheless, Gotte argues that the transfers of property from ASR to Federal were for less than adequate consideration and/or done intentionally to avoid payment to creditors.  ASR and Federal are very confident in their position and believe there is a greater than 50% chance they will prevail in the Gotte Avoidance Action.  As such, any further litigation will only serve to increase the amount of Federal's secured claim in the Estates and leave the priority and general unsecured creditors with nothing.

Although there are substantial arguments in support of the Debtors' defenses in the Gotte Avoidance Action, the costs of continued litigation outweigh the benefits.  Furthermore, the Debtors are aware of the risks of litigation and there is no guarantee that the Debtors will prevail. The Debtors would have to litigate the disputes, prevail at trial and perhaps respond to appeals. If Federal were not successful in the Gotte Avoidance Action such that Federal's liens were avoided, there would be a distribution to unsecured creditors but the amount of Federal's claim will have increased substantially and the administrative costs to the Estate would have increased substantially due to litigation costs as well.  The settlement allows the Debtors to cease costs associated with the expensive litigation related to the Gotte Avoidance Action. The Debtors

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

17

4665-001\56 Global Compromise Mtn re ASR et al v3

1  believe that their bankruptcy cases are administratively insolvent and believe that a structured

2  dismissal of the bankruptcy cases pursuant to the terms of the Settlement Agreement will provide

3  all creditors with a greater recovery, rather than a lengthy, expensive and ultimately futile

4  Chapter 11 process.    The settlement provides certainty (payment to the Estates to funds

5  distributions to priority and general unsecured claims that would not otherwise be available.)

6  The settlement also avoids delays to pay creditors and close the Estates.

7  Based on the above, the Debtor believes that this factor weighs in favor of approving the

8  Settlement Agreement.

9  2.      Difficulties, if any, to be Encountered in the Matter of Collections.

10  The consideration of the difficulties to be encountered in collection is not applicable to

11  the settlement herein.

12  3.      The Complexity of the Litigation Involved, and the Expense, Inconvenience, and

13  Delay Necessarily Attending it.

14  If the settlement is not approved, the Debtor would have to expend resources on costly

15  litigation to defend against the Avoidance Action.    Such litigation has already proved to be

16  complicated, time consuming and expensive.    The issues raised in the Gotte Avoidance Action

17  are legally complex, dealing not only with the standard for fraudulent transfers but also the effect

18  of security through surety indemnity agreements affects the analysis of fraudulent transfer.    This

19  is a somewhat complicated area of the law and would be expensive to litigate.

20  Furthermore, the litigation is risky and would substantially further delay the Debtors'

21  distribution to creditors.    In the event that Debtors prevail at trial, the Debtors would likely have

22  to respond to appeals, thereby increasing the litigation costs.    The Debtors estimate the complete

23  litigation of the Gotte Avoidance Action would cost $200,000 to $300,000.    Because of this cost,

24  if the settlement is not approved, it is not clear who, if anyone, will continue to fund the litigation

25  of the Gotte Avoidance Action which could very well result in a dismissal of the Gotte

26  Avoidance Action and thus, the preservation of Federal's liens, under which scenario unsecured

27  creditors would receive nothing.

28  ///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

18

4665-001\56 Global Compromise Mtn re ASR et al v3

1    The settlement, however, provides finality in these cases where a plan is not confirmable

2    (the cases are administratively insolvent).  Thus, rather than delay the matter and incur

3    substantial litigation costs that would further deplete the Estates, the parties have determined that

4    the settlement reached is fair and reasonable.

5    After consideration of the complexity of the litigation and the expenses that would be

6    incurred as well as the delay to the Debtors' cases and creditors that would result, the Debtors

7    believe the proposed settlement is the most expedient and cost effective method for resolving the

8    Gotte Avoidance Action and these Chapter 11 cases.

9        4.    The Paramount Interest of the Creditors and the Proper Deference to the

10        Reasonable Views.

11    The proposed settlement should be approved as a means of preserving assets and

12    enhancing the value of the Estates.  The settlement avoids costly and risky activities related to

13    continued litigation of the disputes with no guarantee of a beneficial outcome for the Debtors,

14    their Estates and creditors.  As discussed further below, settlement results in certainty and

15    substantial benefit to the Estate in that if the settlement is not approved, the unsecured creditors

16    in this case, both priority and general unsecured creditors, will receive nothing.  The settlement is

17    the best alternative to provide some monies to unsecured creditors.

18    In summary, the settlement is based on the Debtors' good business judgment that will

19    benefit the Estate and creditors and therefore approval of the settlement is proper.

20    **C.**    **The Court Should Approve the Distribution of the Available Funds to Creditors**

21    11 U.S.C. §503(b) provides that "[a]fter notice and a hearing, there shall be allowed

22    administrative expenses, other than claims allowed under section 502(f) of this title, including

23    (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages,

24    salaries, or commissions for services rendered after the commencement of the case . . .".  In

25    addition, government entity tax claims and similar statutorily required fees such as for the United

26    States' Trustee's office and the Trustee, have priority over general unsecured claims.  11 U.S.C.

27    §507.

28    ///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\56 Global Compromise Mtn re ASR et al v3

1  Bankruptcy Code Section 105(a) states that "[t]he [bankruptcy] court may issue any

2  order, process, or judgment that is necessary or appropriate to carry out the provisions of this

3  title." Bankruptcy Code Section 105 sets out the power of the bankruptcy court to fashion orders

4  as necessary pursuant to the purposes of the Bankruptcy Code. *In re Khalil and Shahin*

5  *Chinichian*, 784 F. 2d 1440 (9th Cir. 1986); *see, Frasch v. Wilson*, 413 F.2d 69, 72 (9th Cir.

6  1969); *see also, In re Lionel Corp*, 722 F.2d 1063, 1069 (2d Cir. 1983) (bankruptcy judge must

7  have substantial freedom to tailor his orders to meet differing circumstances). A bankruptcy

8  court is a court of equity. As a court of equity, it may look to the substance of a transaction and

9  devise new remedies where those at law are inadequate. *In re Chinichian*, 784 F. 2d at 1443.

10  In this case, the Settlement Agreement provides for the expedited procedure to resolve

11  claims objections whereby the allowed amount of each claim for calculating the pro-rata

12  distributions under the First Distribution and Second Distribution have been set forth in the

13  Motion and creditors that disagree with the allowed amount of a claim shall file their objection to

14  the Motion and the disputed claim matter will be resolved at the hearing on the Motion. The

15  Settlement Agreement provides for funds to make pro-rata distributions from the Claims

16  Distribution Fund and the Court should permit the Debtors to pay the distributions as provided

17  by the Settlement Agreement.

18  **D.    Entry of an Order for Dismissal of the Bankruptcy Case is Proper**

19  Bankruptcy Code Section 1112(b) states as follows:

20  Except as provided in paragraph (2) and subsection (c), on request
   of a party in interest, and after notice and a hearing, the court shall
   convert a case under this chapter to a case under chapter 7 or
21  dismiss case under this chapter, whichever is in the best interest of
   creditors and the estate, for cause unless the court determines that
22  appointment under section 1104(a) of a trustee or an examiner is in
   the best interests of creditors and the estate.
23

24  Section 1112(b)(4) contains sixteen examples of what constitutes "cause" for dismissal of

25  a Chapter 11 case, including but not limited to "a substantial and continuing loss to or diminution

26  of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C.

27  §1112(b)(4)(A). However, the examples of cause for dismissal are not exclusive and "a court

28  may consider other factors as they arise and may use its equitable powers to reach an appropriate

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

20

4665-001\56 Global Compromise Mtn re ASR et al v3

result . . . " *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Pa. 1991) (quoting

S.Rep No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News

5787, 5903); *see also* Bankruptcy Code Section 102(3).[3]

Once it is determined that "cause" exists, the Court must independently determine

whether to dismiss or convert a case based on what is in the best interests of all creditors and the

estate.  *See, In re Sullivan*, 522 B.R. 604 (9th Cir. BAP 2014); *In re Owens,* 552 F.3d 958, 961

(9th Cir. 2009) ("the court must consider the interests of all of the creditors").  This determination

is committed to the Court's wide discretion.  *Pioneer Liquidating Corp. v. United States Trustee*

*(In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375 (9th Cir. BAP 2000); *In re*

*Kimble*, 96 B.R. 305, 307 (Bankr. D. Mont. 1988).  While a debtor's interests are not specifically

included in the best interests equation, they must be considered to the extent the debtor's

interests coincide with interests of the estate.  *In re Staff Investment Co.*, 146 B.R. 256, 260

(Bankr. E.D. Cal. 1993), 146 B.R. at 261.  In fact, a "[d]ebtor's request [to dismiss its Chapter 11

bankruptcy case] should ordinarily be granted unless some 'plain legal prejudice' will result to

the creditors.'"  *Kimble*, 96 B.R. at 907 (quoting *In re Geller*, 74 B.R. 685, 688-89 (Bankr. E.D.

Pa. 1987, citing *In re Hall*, 15 B.R. 913, 915-16 (9th Cir. BAP 1981); *In re International Airport*

*Inn Partnership*, 517 F.2d 510, 512 (9th Cir. 1975)).

The Bankruptcy Court can further enter any order necessary and appropriate to carry out

the provisions of the Bankruptcy Code pursuant to Bankruptcy Code Section 105(a).

Here, dismissal under a structured settlement is in the best interest of all creditors and the

Estate because the Debtors are unable to confirm a plan, the cases are believed to be

administratively insolvent, and the settlement is the best alternative to provide a recovery to

unsecured creditors.

Structured settlements for dismissal of a Chapter 11 case have been approved in

circumstances such as this where there is no better alternative and the only possibility of

recovery to unsecured creditors is a structured dismissal.  *See, In re Jevic Holding Corp.*, 787

F.3d 173 (3rd Cir. 2015) ("We therefore hold that bankruptcy courts may approve settlements that

---

[3]     Bankruptcy Code Section 102(3) provides that the term "includes" and "including" are
not limiting.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4665-001\56 Global Compromise Mtn re ASR et al v3

21

1    deviate from the priority scheme of § 507 of the Bankruptcy Code only if they have 'specific and

2    credible grounds to justify [the] deviation.'") (*quoting In re Iridium Operating LLC,* 478 F.3d

3    452, 466 (2nd Cir. 2007)).

4        In *Jevic*, a settlement of a fraudulent transfer action against two of the debtor's secured

5    creditors provided for one of the secured creditor defendants to pay the sum of $2 million to be

6    used to pay certain professional fees and administrative expenses and for the other secured

7    creditor defendant to transfer its lien to pay administrative and tax claims in full and then <u>general</u>

8    unsecured creditors pro rata.   No funds would be used to pay a certain group of <u>priority</u>

9    unsecured creditors.

10        The Court, relying on *Iridium*, found that even though the settlement deviated from the

11   priority scheme for payment to creditors set forth in Section 507, it could be approved when "the

12   remaining factors weigh heavily in favor of approving a settlement." *Iridium*, 478 F.3d at 464.

13   In *Jevic*, the Court believed the remaining factors, including that a plan was not confirmable and

14   conversion to Chapter 7 would not result in any recovery to unsecured creditors, combined with

15   the Court finding there was no collusion or between the parties or bad faith, weighed in favor of

16   the settlement such that the priority scheme of Section 507 could be disrupted.   The Court found

17   there was cause to allow the structured dismissal because it was the "least bad alternative." *Id.* at

18   185-86.

19        Likewise here, there is "cause" to allow the proposed structured settlement and dismissal

20   because there is no better alternative for creditors.   But for Federal's willingness to provide the

21   Carve-Out or requiring the Estates to undertake expensive and risky litigation, administrative,

22   priority and general unsecured creditors would receive nothing in this case.   Federal has liens on

23   all of the Debtors' assets as a result of its indemnity agreements and surety bonds and based on

24   this, the Debtors and Federal believe they have meritorious defenses to the Gotte Avoidance

25   Action.   If the settlement is not approved, it is not clear who, if anyone, will continue to fund the

26   litigation of the Gotte Avoidance Action which could very well result in a dismissal of the Gotte

27   Avoidance Action and thus, the preservation of Federal's liens, under which scenario unsecured

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

22

4665-001\56 Global Compromise Mtn re ASR et al v3

1  creditors would receive nothing.  The settlement and structured dismissal is the best alternative

2  to provide some monies to creditors.

3    As such, the Debtors believe that dismissal of the Chapter 11 cases pursuant to the terms

4  of the Settlement Agreement is in the best interests of the Estates and creditors.

5          **IV.**  <u>**CONCLUSION**</u>

6    **WHEREFORE,** based upon the foregoing, the Debtors respectfully submit that good

7  cause exists for granting the Motion and requests the Court enter an order that provides for the

8  following:

9    1.  Approval of the Settlement Agreement.

10    2.  Authorizing the Debtors to execute the Settlement Agreement and all other

11  necessary documents to carry out the terms and conditions of the Settlement Agreement.

12    3.  Approval of the procedures for the expedited procedure to resolve claims

13  objections as described above and in the Settlement Agreement.

14    4.  Approval for the Debtors' distribution of the funds of the Estates as provided for

15  in the Settlement Agreement.

16    5.  Approval for the sale of the remaining Meridian Properties subject to the terms of

17  the Settlement Agreement with the net proceeds to be held by Another Meridian in a segregated

18  account and approval for the distribution by the Debtors of the net proceeds of such sales as set

19  forth in the Settlement Agreement.

20    6.  Dismissal of the Chapter 11 cases upon the filing of a declaration with the Court

21  confirming completion of the First Distribution pursuant to the terms and conditions of the

22  Settlement Agreement, and that such order of dismissal shall include the following provisions: (i)

23  a twelve month forbearance period wherein the holders of unsatisfied claims will not seek

24  collection on their respective claims against the Debtors so as to allow time for the Debtors to

25  sell the remaining Meridian Properties and use the proceeds as provided for in the Settlement

26  Agreement, (ii) that notwithstanding Bankruptcy Code Section 349, any and all prior Bankruptcy

27  Court orders entered in the Debtors' cases shall survive the dismissal of the Debtors' bankruptcy,

28  (iii) that within ten days of entry of the dismissal order, the Debtors shall pay all fees owed to the

**SHULMAN HODGES &**
**BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

23

4665-001\56 Global Compromise Mtn re ASR et al v3

Office of the United States Trustee as of the date of entry of the dismissal order, (iv) the Debtors are authorized to make the Second Distribution pursuant to the terms of the Settlement Agreement and that if any checks are not cashed within sixty (60) days, such funds will be paid to Shulman Hodges & Bastian LLP if it has any outstanding fees not paid under the terms of the Settlement Agreement and if none, to Gotte, (v) the Court shall retain jurisdiction to resolve any disputes related to and to interpret and implement the dismissal order, and (vi) that neither the Debtors nor any of their respective present or former directors, officers, employees, shareholders, partners, members, affiliated funds, attorneys, consultants, advisors and agents, shall have or incur any liability to any person for any act taken or omitted to be taken in good faith in connection with or related to the Debtors' cases or the formation, preparation, dissemination, implementation, or consummation of the Motion (other than an act in contravention of the Motion or the implementation of the dismissal order), or any contract, instrument, release, agreement or document created or entered into, or any other act taken or omitted to be taken in good faith in connection with the Debtors' cases, the Motion or the dismissal order, except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such party.

7.      And for such other and further relief as the Court as the Court deems just and proper under the circumstances of this case.

Respectfully submitted,

Dated:  November 17, 2015          **SHULMAN HODGES & BASTIAN LLP**

/s/ James C. Bastian, Jr.

James C. Bastian, Jr.
Melissa Davis Lowe
Attorneys for ASR Constructors, Inc., a
California corporation, Another Meridian Company, LLC,
a California limited liability company, and
Inland Machinery, Inc., a California corporation,
the Debtors and Debtors in Possession

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

24

4665-001\56 Global Compromise Mtn re ASR et al v3

## DECLARATION OF ALAN REGOTTI

I, Alan Regotti, declare:

1.      I am the President of ASR Constructors, Inc. a California corporation ("ASR"), the Managing Member of Another Meridian Company, LLC a California limited liability company ("Meridian"), and the Secretary of Inland Machinery, Inc. a California corporation, each a debtor and debtor in possession (collectively the "Debtors"), and am one of the persons responsible for the administration of the Debtors.  I have personal knowledge of the facts set forth herein and could, if called as a witness, competently testify thereto.  I am also personally familiar with, and am custodian of, the records of the Debtors as they pertain to the financial records set forth herein.  The records of the Debtors are made by employees or agents of the Debtors who report to me and who have a business duty to enter the records of the Debtors accurately and at or near the time of the event which they record.

2.      I make this Declaration in support of the *Debtors' Motion for Order: (1) Approving Compromise Under Rule 9019 Between Gotte Electric, Inc., The Debtors and Their Insiders and Federal Insurance Company; (2) Approving Procedures for (i) Expedited Procedure to Resolve Claims Objections, (ii) Distribution of Funds of the Estates and (iii) Dismissal of the Chapter 11 Cases; and (3) Granting Related Relief* ("Motion").  All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.  I have read and I am aware of the contents of the Motion.  The facts stated in the Motion are true to the best of my knowledge.

3.      Attached hereto as **Exhibit 1** is a copy of the draft proposed Settlement Agreement for which the Debtors' seek Court approval.  The principal terms of the Agreement are finalized but the Parties are finalizing the language of the Settlement Agreement.  Exhibit "1" is an unsigned draft that is in substantially the form anticipated to be executed by the Parties, although there may still be some changes.  When the Settlement Agreement is finalized and executed by all Parties, the Debtors will file a copy with the Court.  Attached hereto as **Exhibit 2** is a chart of the amount of each claim in the cases for calculating the pro-rata distributions under the First Distribution and the Second Distribution as provided for in the Settlement Agreement.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

25

4665-001\56 Global Compromise Mtn re ASR et al v3

4.    Good cause exists to grant the Motion, approve the settlement and approve the structured dismissal of the cases because there is no better alternative for creditors and the Estates.  The Debtors believe that their bankruptcy cases are administratively insolvent and believe that a structured dismissal of the bankruptcy cases pursuant to the terms of the Settlement Agreement will provide all creditors with a greater recovery, rather than a lengthy, expensive and ultimately futile Chapter 11 process.  The settlement provides certainty (payment to the Estates to funds distributions to priority and general unsecured claims that would not otherwise be available.)   The settlement also avoids delays to pay creditors and close the Estates.    In summary, based on the Debtors' good business judgment that the Settlement Agreement will benefit the Estate and creditors, approval of the Motion is proper.

5.    Before agreeing to enter into the Agreement that is the subject of the Motion, I consulted with counsel about the risks and benefits of continuing with efforts to litigate the disputes.  I consulted with counsel about the benefits to the Estates which would result from the Agreement.  For the reasons stated in the Motion and the accompanying Points and Authorities, and based on my business experience, as well as my consultation with the Debtors' attorneys, I believe it is in the best interest of the Debtors' Estates to enter into the Settlement Agreement and dismiss the Chapter 11 cases pursuant to the terms and conditions of the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2015, at Riverside, California.

Alan Regotti

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

30

4665-001\56
Global Compromise Mtn re ASR et al v3

# Exhibit 1
# Settlement Agreement

### SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into by and between the following:

A.  Gotte Electric, Inc., a California corporation ("**Gotte**"), and Insurance Company of the West ("**ICW**"), on the one hand, and

B.  ASR Constructors, a California corporation ("**ASR**"), Another Meridian Company, LLC, a California limited liability company, ("**Meridian**"), Inland Machinery, Inc., a California corporation, ("**Inland**") (ASR, Meridian, Inland are collectively referred to as the "**Debtors**"), Alan Regotti and Stacey Regotti ("**Regottis**"), The Regotti Family Trust dated January 12, 2005 ("**Regotti Family Trust**"), Marc W. Berry and Patricia Berry ("**Berrys**"), and Federal Insurance Company ("**Federal**"), on the other hand.

In this Agreement, (i) the Debtors, the Regottis, the Regotti Family Trust, the Berrys, and Federal are collectively referred to as the "**Defendants**"), and (ii) Gotte, ICW, and the Defendants are collectively referred to herein as the "**Parties**" or individually as a "**Party**".

## I.  RECITALS

This Agreement is made by the Parties, with reference to the following facts:

1.1.    ASR filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 20, 2013 ("ASR Petition Date"), in the United States Bankruptcy Court for the Central District of California, Riverside Division ("Bankruptcy Court"), Case No. 6:13-bk-25794-MH.  Meridian and Inland each filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 23, 2013.  Meridian is Case No. 6:13-bk-27529-MH and Inland is Case No. 6:13-bk-27532-MH.  The commencement dates of the Debtors' bankruptcy cases are collectively referred to herein as the "**Petition Dates**."

1.2.    Pursuant to Bankruptcy Court order entered on November 1, 2013 (docket 72), the Debtors' Chapter 11 cases are being jointly administered under the ASR case number.  The Debtors are each continuing in possession of their property, and operating and managing their respective business, as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

1.3.    The Debtors share common owners as follows:  ASR stockholders are the Regotti Family Trust and the Berrys.  Meridian's members are Alan Regotti and Marc Berry.  Inland's stockholders are Alan Regotti and Marc Berry.

1.4.    ASR is a general contractor serving the Inland Empire and works primarily on public works projects for cities, school districts, and governments.  In connection with all or some of its projects, ASR was required to obtain performance and payment bonds, and between approximately 2003 and early 2011, Federal issued surety performance and/or payment bonds on ASR's behalf in connection with numerous construction projects throughout California. Pursuant to these bonds Federal agreed to protect the project owners from financial loss should ASR fail to fulfill its contracts with the project owners and assured that suppliers of labor and material would be paid.  As a condition of Federal agreeing to issue the bonds, Federal required that ASR and its principals (the Regottis, the Regotti Family Trust and the Berrys), and later, Meridian and Inland, execute indemnity and collateral agreements ("**Indemnity Agreements**") in favor of Federal.

1

EXHIBIT 1

1.5.    Gotte is a California licensed contractor who entered into a contract with ASR pursuant to which Gotte agreed to furnish certain material, equipment, labor, supplies and/or services to ASR in connection with three public works construction projects for which ASR was the general contractor (the Palm Desert Sheriff Station Project, the Thermal Sheriff and Aviation Complex Project, and the Rubidoux Community Library Project). Federal issued the surety bonds for these ASR projects.

1.6.    Prior to the Petition Dates, on or about June 2009, Gotte filed a complaint against ASR, Federal and others in the Riverside Superior Court, Case No. RIC 529002 ("Gotte State Court Action") seeking payment of alleged improperly withheld contract balances of not less than $1,752,059.13, special damages according to proof, attorneys' fees and other relief.  The jury trial in the Gotte State Court Action commenced in January, 2013.  On or about March 1, 2013, the jury returned a verdict in favor of Gotte and against ASR and awarded Gotte damages in the total amount of $5,985,000 ("Verdict").  Federal obtained a judgment against Gotte in the amount of $4,763.49 on Gotte's claims against Federal, pursuant to judgment entered on or about June 17, 2013. On or about May 28, 2013, the state court entered judgment for Gotte against ASR in the amount of $6,655,486.47 ("Judgment").  On or about July 1, 2013, Gotte caused a UCC Judgment Lien to be filed against ASR with the California Secretary of State, Filing No. 13-7367902371 ("Gotte Pre-Petition Lien").  As the Gotte Pre-Petition Lien was obtained within ninety days prior to the ASR Petition Date, ASR asserts it may be avoidable pursuant to Bankruptcy Code Section 547.

1.7.    In or about July 2009, ASR owned several assets which were later transferred to Meridian and Inland as follows:

     a.    "Wilson Property" consisting of a light industrial building located at: 5230 Wilson Street, Riverside, California.  ASR transferred the Wilson Property to Meridian by a Quitclaim Deed on or about February 1, 2010 for a purchase price by unsecured promissory note of $1,720,000.

     b.    "Perris Property" consisting of two parcels of vacant land located in the city of Perris, County of Riverside, CA: Parcel Nos.: 317-270-001 (10.09 acres) and 317-270-012 (9.66 acres).  ASR transferred the Perris Property to Meridian by a Quitclaim Deed on about February 1, 2010 for a purchase price by unsecured promissory note of $640,000.

     c.    "San Bernardino Property" consisting of two parcels of vacant land located in the city of San Bernardino, County of San Bernardino, CA: Parcel Nos.:  0142-042-01 (1.889 acres) and 0269-271-17 (1.3 acres).  ASR transferred the San Bernardino Property to Meridian by a Quitclaim Deed on about February 1, 2010 for a purchase price by unsecured promissory note of $740,000.

     d.     "Equipment and Machinery" which was located at the Wilson Property.  ASR transferred the Equipment and Machinery to Inland on or about November 30, 2009 for a purchase price by unsecured promissory note of $3,780,458.

1.8.    In addition to the Wilson Property, the Perris Property and the San Bernardino Property, as of the Petition Date, Meridian owned the  "Phelan Property" consisting of a single family residence located at 3758 Kreuer Rd, Phelan, CA 92371: Parcel No.:  3098-051-14 (5 acres).

2

EXHIBIT 1

1.9.    The Wilson Property, the Perris Property, the San Bernardino Property and the Phelan Property are collectively referred to herein as the "Meridian Properties."

1.10.    Prior to the Petition Dates, Federal was provided with liens on (i) ASR's accounts receivables, (ii) the Meridian Properties, and (iii) the Equipment and Machinery, as such liens are noted and recorded in public records, to secure obligations owed to Federal under the Indemnity Agreements ("**Federal Pre-Petition Liens**").   The Federal Pre-Petition Liens are subject to the disputes in the Gotte Avoidance Action (defined below).

1.11.    On December 17, 2013, the Bankruptcy Court entered its order (docket 39) authorizing the sale of the Wilson Property for a purchase price of $3,150,000.  Escrow on this sale has closed.  Through this sale, the secured claims of lenders Zions First National Bank and Small Business Finance Corp. and its agent Wells Fargo Corporate Trust Services were paid. The net proceeds of approximately $1,790,000 are being held in a segregated debtor in possession account.  The disputed claims of Federal, Berkley Regional Insurance Company ("Berkley"), ICW and Gotte attached to the proceeds of the sale pending further agreement with the creditors or further Court Order.

1.12.    On August 8, 2014, the Bankruptcy Court entered its order (docket 304) authorizing the sale of the Phelan Property for a purchase price of $59,000.  Escrow on this sale has closed.  The net proceeds of approximately $50,000 are being held in a segregated debtor in possession account.  The disputed claims of Federal and Berkley have attached to the proceeds of the sale pending further agreement with the creditor or further Court order.

1.13.    Pursuant to Bankruptcy Court orders entered on March 19, 2014 (docket 251), September 29, 2014 (docket 34) and December 9, 2014 (docket 397) Inland was authorized to conduct auction sales of rental Equipment and Machinery.  The net proceeds of approximately $1,006,000 are being held in a segregated debtor in possession account.  The funds from Inland's auction sales are being held in a segregated account subject to the Federal Pre-Petition Liens.

1.14.    Pursuant to that certain *Stipulation Between the Debtors, Federal Insurance Company and Berkley Regional Insurance Resolving Debtors' Motion for Use of Cash Collateral* which was filed with the Bankruptcy Court on October 28, 2014 (docket 375) ("**Cash Collateral Stipulation**"), which was approved by Court order entered on October 31, 2014 (docket 376) the following was agreed (capitalized terms have the meaning set forth in the Cash Collateral Stipulation):

> a.  ASR may use the Adelanto Surplus only to pay the overhead expenses of ASR in the specific categories and line items as set forth in the Budget in the lesser amount of (1) the budgeted amount with an allowed variance of no more than 10% per line item and (2) the percent of ASR's actual monthly expenditure by line item applicable to Federal under the Budget. ASR may only use the Sale Proceeds Cash Collateral as may be ordered by the Bankruptcy Court in connection with the Cash Collateral Motion. Berkley agrees to advance to ASR such additional funds necessary in Berkley's absolute and sole discretion to complete the Projects, including as necessary to fund overhead expenses of ASR as set forth in the Budget pertaining to the Adelanto Project and the Adelanto Surplus.  Nothing in this Stipulation shall affect the terms of the Previous Stipulation which remain fully enforceable and any and all rights Berkley has as to the Adelanto Project and the Barstow Wellness Project will not be affected by the terms of the Cash Stipulation.

EXHIBIT 1

Page 29

b.  In addition to the rights Berkley currently enjoys as surety with respect to the Adelanto Project, and notwithstanding any dispute or claim which may exist with respect to the Berkley Pre-Petition Lien, Berkley was further granted a first priority security interest in the Adelanto Surplus to the limited extent Berkley provides financing to ASR that is actually used by ASR to pay overhead expenses of ASR (1) in the specific categories, line items and amounts as set forth in the Budget with an allowed variance of no more than 10% per line item and (2) for which overhead expenses ASR would otherwise have authority under the Cash Collateral Stipulation to use the Adelanto Surplus.  Federal subordinated the Federal Pre-Petition Lien against any proceeds received on account of the Adelanto Project, including the Adelanto Surplus, to the Berkley Adelanto Lien.

1.15.    Pursuant to that certain *Stipulation Between the Debtors and Federal Insurance Company Resolving Debtors' Motion for Order Authorizing Surcharge of Collateral Pursuant to 11 U.S.C. 506(c)* which was approved by Court order entered on November 10, 2014 (docket 382), the Debtors were authorized to surcharge Federal's collateral related to the Federal Pre-Petition Liens from the proceeds of the sale of the Wilson Property, the Phelan Property and the Equipment and Machinery in the total amount of $250,000 ("**Stipulated Surcharge**").  The Stipulated Surcharge was applied to the fees and expenses of the Debtors' professionals, including the amounts allowed by that certain Court order entered on November 10, 2014 (docket 383) as follows:

| Professional | | Fees Allowed | Expenses Allowed | Total Allowed | Less Payments Received | Balance Due on Prior Award |
|---|---|---|---|---|---|---|
| Shulman Hodges & Bastian LLP Attorneys for the Debtors | ASR: Meridian: Inland: **Total:** | $177,619 $38,624 $39,191.50 **$255,434.50** | $19,923.36 $6,922.91 $10,706.75 **$37,553.02** | $197,542.36 $45,546.91 $49,898.25 **$292,987.52** | ($197,542.36) ($45,546.91) ($49,898.25) **($292,987.52)** | $.00 $.00 $.00 **$.00** |
| Rogers, Anderson, Malody & Scott LLP, CPAS, Accountants for the Debtors | ASR: Meridian: Inland: **Total:** | $62,462.63 $3,288.50 $11,622.55 **$77,373.68** | $.00 | $62,462.63 $3,288.50 $11,622.55 **$77,373.68** | ($62,462.63) ($3,288.50) ($11,622.55) **($77,373.68)** | $.00 $.00 $.00 **$.00** |
| Lester & Cantrell LLP Special Litigation Counsel for the ASR Constructors, Inc. | ASR: | **$3,840** | **$214.96** | **$4,054.96** | **($4,054.96)** | **$.00** |
| Total | | **336,648.18** | **$37,767.98** | **$374,416.16** | **($374,416.16)** | **$0.00** |

4

EXHIBIT 1

1.16.   The Debtors' July 2015 Monthly Operating Reports indicate the Debtors have cash on hand, including the amounts generated from the sale of the Wilson Property, the Phelan Property and the Equipment and Machinery, in the following total amounts:

| Debtor | Funds on Hand |
|--------|--------------|
| ASR | $10,449.41 |
| Meridian | $1,780,355.77 |
| Inland | $1,189,302.13 |

1.17.   On August 30 2013, Gotte filed a *Verified Complaint to Set Aside Fraudulent Transfers* in the Riverside Superior Court against ASR, Federal, Meridian and Inland, Case No. RIC 1310089 ("**Gotte Avoidance Action**").   Pursuant to a *Notice of Removal of Action to United States Bankruptcy Court Pursuant to 28 U.S.C. 1452(a) and Federal Rule of Bankruptcy Procedure 9027* filed with the Bankruptcy Court on October 1, 2013 (docket 23), the Gotte Avoidance Action was removed to the Bankruptcy Court and assigned Adversary Case No. 6:13-ap-01402-MH.

1.18.   Under California's Uniform Fraudulent Transfer Act and Bankruptcy Code Sections 544(b), 547, 548 and 550, Gotte asserts claims for relief against the Defendants, including the following:

    a.   A claim for avoidance of fraudulent transfers against Meridian related to ASR's transfer of the Meridian Properties to Meridian.

    b.   A claim for avoidance of fraudulent transfers against Inland related to ASR's transfer of the Equipment and Machinery to Inland.

    c.   A claim for avoidance and recovery of fraudulent transfers against Federal related to the recording of the Federal Pre-Petition Liens.

    d.   A claim for recovery of preferential and fraudulent transfers against the Regottis, the Regotti Family Trust and the Berrys, each of whom was a person or entity who allegedly benefitted from the transfers, pursuant to Bankruptcy Code Section 550.

1.19.   The two year statute of limitations to file actions against Federal, Meridian, Inland and/or the Debtors' insiders, including Regotti and Berry, to avoid preferential and/or fraudulent transfers of assets under Bankruptcy Code sections 544, 545, 547, 548, 550 and 553 ("**ASR Avoidance Claims**") was set to expire on September 23, 2015.   However, pursuant to that certain *Stipulation to Continue Hearing on Gotte's Motion to Confer Standing to Assert the Estate's Claims and Toll the Time to Bring Claims* filed in the bankruptcy case (docket 512) and Bankruptcy Court order (docket 516), the deadline for Gotte and/or ICW to file complaints asserting ASR Avoidance Claims was extended to December 31, 2015.

1.20.   On or about August 25, 2015, Gotte filed a *Motion for Order Granting Gotte Standing, Leave and Authority to Prosecute Certain Claims on Behalf of the Debtor's* [ASR]

5

*Estate* (docket 504) and supporting papers (docket 505) ("**Standing Motion**"). The Standing Motion seeks a Bankruptcy Court order (i) granting Gotte standing, leave and authority to prosecute ASR Avoidance Claims on behalf of ASR, and (ii) to file a First Amended Complaint in the Gotte Avoidance Action. The Bankruptcy Court hearing on the Standing Motion is currently scheduled for December 1, 2015.

1.21.    The Parties agree that it is in their best interest to resolve the Gotte Avoidance Action by way of settlement, rather than through litigation, and therefore it is their intention and desire at this time to settle in the manner and upon the terms and conditions set forth in this Agreement, it being specifically understood and agreed that any and all acts which are to be performed pursuant to this Agreement, are not to be and will not be construed in any way as a concession and/or admission by any of the Parties of the truth of any of the allegations or alleged merits of any claims which have been made against any of the Parties.

1.22.    The Parties desire to fully and completely settle all disputes, claims, demands and causes of action heretofore arising which the Parties have, or may have, as to one another, including without limitation all matters arising out of or connected with, or incidental to any business dealings between them or related thereto, up to and including the date of this Agreement.

1.23.    The Debtors believe that the Debtors' bankruptcy cases are administratively insolvent and believe that a structured dismissal of the Debtors' bankruptcy cases will provide all creditors with a greater recovery since, rather than a lengthy, expensive and ultimately futile Chapter 11 process, the cases would be dismissed, and authority granted to the Debtors to make a distribution to creditors from the Carve-Out of Federal's collateral as provided in the Agreement below.

## II.    <u>AGREEMENT</u>

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION**, the adequacy of which is hereby acknowledged by each Party, and in consideration of the mutual promises and covenants set forth below, the Parties agree as follows:

2.1.    Federal's Pre-Petition Liens will be allowed in full and Federal will have an allowed secured claim against the Debtors in an amount equal to (i) all remaining cash proceeds currently on hand in the Debtors' Debtor in Possession bank accounts that was generated from the collection of accounts receivables owed the Debtors and from the sales of the Wilson Property, the Phelan Property and Equipment and Machinery, (ii) all cash proceeds generated from the future collection of accounts receivable owed the Debtors (including, without limitation, the Adelanto Surplus (but subject to Berkley's rights as described in paragraph 1.14 of the Recitals herein)), (iii) all cash proceeds generated from the future sales of the San Bernardino Property, the Perris Property, and any remaining Equipment and Machinery ("**Federal Secured Claim**"). All assets of the Debtors are subject to the Federal Secured Claim (except as set forth herein) and shall be immediately distributed to Federal upon entry of a final, non-appealable Bankruptcy Court Order pursuant to the terms of this Agreement, pursuant to paragraph 2.2 below.

2.2.    Federal shall release  the Federal Secured Claim to the extent required to provide a carve out ("**Carve-Out**") from its collateral as necessary to allow for the following distributions and payments, pursuant to the following terms and conditions:

a.    Cash in the amount of Two Hundred Thousand Dollars ($200,000.00) from funds currently on hand in the Debtors' bankruptcy estates ("Estates") ("**First**

6

EXHIBIT 1

Page 32

Distribution"), plus, Forty-Five Percent (45%) of the "Net Proceeds" (as defined below) generated from the future sale(s) of the (i) San Bernardino Property and (ii) the Perris Property ("**Second Distribution**") (the First Distribution and Second Distribution are collectively referred to herein as the "**Claims Distributions Fund**").

b.  The term "**Net Proceeds**" as used in Section 2.2 hereof means the sale proceeds generated after payment of ordinary and reasonable costs of sale(s), including brokers' commissions, escrow closing costs, costs associated with obtaining Bankruptcy Court approval of the sale(s), if necessary, and any taxes required to be paid or withheld from such proceeds.

c.  The Claims Distributions Fund shall be used to make distributions to the following: (i) allowed administrative claims of the Estates, other than administrative claims of professionals employed in the Estates, and other than a maximum of $10,000.00 in Bankruptcy Court approved fees and costs incurred by Shulman Hodges & Bastian LLP in the final administration of this case, handling the distributions to be made herein, and claims work, in addition to the amount agreed by Federal to be paid to Shulman Hodges & Bastian LLP as a surcharge from assets of the Estates otherwise subject to the Federal Secured Claim as discussed in Section 2.2(f), (ii) allowed priority tax claims(iii) allowed priority non-tax claims, and (iv) allowed general unsecured claims.  Calculation of the pro-rata distributions shall be on a collective basis that assumes all creditors in the categories outlined above are in the same class and that all classes of claims will be paid on a pro rata basis regardless of whether the claim is an administrative, priority unsecured, or general unsecured claim and that assumes  (solely for the purposes of this Agreement) the Estates are consolidated such that creditors of Meridian and Inland will participate in the distribution on a pro-rata basis with creditors of ASR, including Gotte and ICW, but shall exclude the (i) the Federal Secured Claim and any unsecured claim held by Federal, (ii) any other secured claims asserted against the Estates, (iii) claims of insiders of the Debtors, (iv) claims of any affiliates of the Debtors and/or (v) claims of any equity interests.  The creditors which will be paid from the Claims Distributions Fund described above will be referred to herein as the "Distribution Creditors."  Each claim filed in the Chapter 11 case of any of the Debtors shall be deemed filed against the Debtors and a single obligation of the Debtors.  Notwithstanding the procedure for calculating the pro-rata distributions, the Debtors' Estates shall remain separate and shall not be consolidated.

d.  The monies from the Claims Distributions Fund will be used to pay the Distribution Creditors on a pro-rata basis as described above so long as Gotte and ICW receive at least a total of 73% of the First Distribution when made and the Second Distribution when made.  If they do not, 73% of the First Distribution when made and the Second Distribution when made shall be paid to Gotte and ICW and the remaining 27% of the Claims Distributions Fund monies will be paid pro-rata to the other Distribution Creditors.

e.  All monies comprising the Claims Distributions Fund will be held in a separate debtor in possession account.  The Debtors, through their counsel, will be responsible for making all pro-rata distributions discussed above within 21 days of entry of a final, non-appealable Bankruptcy Court order approving this Agreement and, in the case of future sales, after receipt of the Net Proceeds.  The Debtors, through their counsel, will also be responsible for making all

7

EXHIBIT 1

distributions to Federal consistent with the terms of this Agreement within 21 days of entry of final, non-appealable Bankruptcy Court order approving this Agreement and, in the case of future collections or sale(s), after receipt of the Net Proceeds thereof.

f.   In addition to the Carve-Out and in addition to any prior amounts paid to Debtors' counsel Shulman Hodges & Bastian LLP, prior to the date of this Agreement including payments under the prior Stipulated Surcharge, Federal shall consent to a surcharge against property in the Debtors' Estates in amounts as necessary to pay Shulman Hodges & Bastian LLP the sum of: (i) up to One Hundred and Thirty Thousand Dollars ($130,000.00) for payment of fees and expenses incurred in the administration of the Estates and which are allowed by the Bankruptcy Court, and (ii) such additional amounts determined in Federal's discretion to be reasonably necessary to obtain Bankruptcy Court approval for and consummate the settlement contemplated by this Agreement, which shall not exceed $10,000.00 without Federal's express prior approval.

g.   With respect to the Carve-Out only, Federal shall release and waive  the Secured Claim and any unsecured claims and shall not participate in any payment to creditors in any of the Estates provided from the Carve-Out, notwithstanding that Federal may be undersecured and have an unsecured claim in the Debtor's estates.

h.   Federal, Gotte, and ICW (collectively the "Notice Parties") shall approve any sale of the San Bernardino Property and Perris Property.  The Debtors will provide the Notice Parties with regular reports on sales and marketing efforts of these assets. In connection with any future sales of the San Bernardino Property or Perris Property, the Debtors will provide written notice of the terms of such sales ("Sale Notice") (which Sale Notice may be made via email transmission) to counsel for the Notice Parties.  If no written objection to the Sale Notice (which objection may be made via email transmission) is received by the Debtor's counsel, Shulman Hodges & Bastian LLP, within ten days after transmission of the Sale Notice, the Debtors may proceed with closing on the sale of the asset as proposed in the Sale Notice.  If approval of the Notice Parties cannot be obtained for any Sale Notice, the objection to the Sale Notice shall be resolved by the Bankruptcy Court upon motion by the Debtors.

i.   The Debtors will use reasonable best efforts to maximize the value and sales price of the San Bernardino Property and Perris Property and to close such sales within twelve months of Bankruptcy Court approval of this Agreement.

j.   The Debtors and Federal will use reasonable best efforts to reduce or minimize the total amount of administrative claims, priority claims, and allowed unsecured claims in the Estates, which shall not include the requirement of Federal to expend any further funds or incur fees or provide additional carve-out amounts to pay for legal expenses associated with the process of objecting to claims.   All fees and expenses incurred by Shulman Hodges & Bastian LLP up to the amount of $10,000.00 related to the final administration of the Estates, resolution of claims or distribution to creditors shall be paid pro rata with the Distribution Creditors, subject to Gotte and ICW receiving 73% of the Claims Distributions Fund monies as discussed in Section 2.2(d) above.

k.   This Agreement is conditioned on the Federal Pre-Petition Liens being allowed as secured claims in their entirety and the claims filed by Gotte and ICW in the

8

EXHIBIT 1

Bankruptcy Cases being allowed in their entirety, and on there being no other creditors challenging Federal's Pre-Petition Liens or Secured Claim. The Parties agree to be bound by the releases set forth below.

l.   Upon the Debtors' receipt of a fully executed copy of this Agreement, the Debtors shall file a motion with the Bankruptcy Court ("**Compromise Motion**") to obtain (i) approval of this Agreement, (ii) approval of the First Distribution and Second Distribution, (iii) approval for an expedited procedure to resolve claims objections whereby the allowed amount of each claim for calculating the pro-rata distributions under the First Distribution and Second Distribution will be set forth in the Compromise Motion and creditors that disagree with the allowed amount of a claim shall file their objection to the Compromise Motion and the disputed claim matter will be resolved at the hearing on the Compromise Motion, (iv) approval of an immediate distribution to Federal as to all remaining estate assets in the Debtors' estates subject to Federal's Secured Claim, save and except for the Carve-Out, the $130,000.00 to be paid to Shulman Hodges & Bastian LLP and $10,000.00, and pending an accounting by Berkeley of the Adelanto Surplus, and (v) approval for the dismissal of the Debtors' bankruptcy cases upon the completion of the First Distribution, subject to the terms and conditions set forth in this Agreement. All Parties shall in good faith exercise reasonable efforts to cooperate to obtain the approval of the Compromise Motion, including, if necessary, appearing at hearings, preparing and filing papers that support notices, motions and other documents that are necessary to obtain Court approval of the Compromise Motion or resolving an appeal or motion for stay, review, reconsideration, re-argument, rehearing, or certiorari relating to the appeal. This Agreement is contingent upon and expressly conditioned on the issuance of a Bankruptcy Court order approving the Agreement and the Compromise Motion which includes the procedure for dismissal of the Debtors' bankruptcy cases upon completion of the First Distribution. Unless and until approved by the Bankruptcy Court by a final, non-appealable order, this Agreement and the releases set forth herein are of no force or effect whatsoever. If the Bankruptcy Court does not enter an order approving this Agreement, or if the order is appealed and stayed, then this Agreement and the releases described herein shall be deemed null and void and of no further effect, until and unless the order approving this Agreement is affirmed and becomes final.

m.   Pending Bankruptcy Court approval of this Agreement, the hearing on the Standing Motion will be continued; it shall be deemed withdrawn and the hearing taken off calendar when the Bankruptcy Court's approval of the Agreement and the Compromise Motion becomes final and nonappealable. Likewise, the Plan and Disclosure Statement will be deemed withdrawn and the hearing on approval of the Disclosure Statement taken off calendar when the Bankruptcy Court's approval of this Agreement and the Compromise Motion becomes final and nonappealable.

n.   Upon entry of the Bankruptcy Court's order as described in this Agreement, all remaining funds in the Debtors' Estates, save and except for the Carve-Out, the $130,000.00 to be paid to Shulman Hodges & Bastian LLP and an additional $10,000.00, shall be subject to Federal's Pre-Petition Liens and will be immediately paid to Federal to reduce its Secured Claim, subject to the terms and conditions of this Agreement. As Federal's Secured Claim will likely not be fully satisfied and Federal is agreeing to the Carve-Out to provide a distribution to creditors that would not otherwise be available, the Court order approving the

9

EXHIBIT 1

Compromise Motion and procedure for the subsequent Court order for dismissal of the Debtors' bankruptcy cases shall include (i) a provision for a twelve month forbearance period wherein the holders of unsatisfied claims will not seek collection on or enforcement of their respective claims against the Debtors or their assets so as to allow time for the Debtors to sell the San Bernardino Property and Perris Property,  and use the proceeds as provided for in the Agreement, and (ii) a provision that notwithstanding Bankruptcy Code Section 349, any and all prior Bankruptcy Court orders entered in the Debtors' cases shall survive the dismissal of the Debtors' bankruptcy cases.

# III.   <u>RELEASES</u>

3.1.    Except as otherwise provided herein and excluding the obligations made in this Agreement, each of the Parties to this Agreement, on behalf of him/her/it, and his/her/its heirs, spouses, offspring, executors, administrators, insurance companies, predecessors, successors, assigns, agents, servants, employees, members, corporations, officers, directors, partnerships, partners, associates, attorneys, representatives, principals, joint ventures, parents, trustees, subsidiaries, shareholders, past and present, or anyone else claiming by and through them, do hereby acknowledge full and complete satisfaction of and do hereby fully and forever release and discharge every other Party to this Agreement, as well as their administrators, predecessors, successors, assigns, agents, servants, employees, members, corporations, insurance companies, officers, directors, partnerships, partners, associates, attorneys, representatives, principals, joint ventures, parents, trustees, subsidiaries, shareholders, past and present, and each of them, from any and all claims, demands and causes of action of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, whether concealed or hidden, which each Party now owns, holds or may hereafter have against any other Party, by reason of any matter relating to the Gotte Avoidance Action. The foregoing does not operate to release, satisfy or discharge any claims, demands, rights or causes of action ICW has or may have against Gotte and/or any of Gotte's former or present administrators, predecessors, successors, assigns, agents, servants, employees, members, corporations, insurance companies, officers, directors, owners, partnerships, partners, associates, attorneys, representatives, principals, joint ventures, parents, trustees, subsidiaries, shareholders and/or affiliates.

3.2.    It is a condition hereof, and it is the intention of the Parties in executing this Agreement and in giving the releases set forth herein, that the same shall be effective as a bar to each and every claim, demand, and cause of action, matter or thing specified; and in furtherance of this specific intention, the Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

3.3.    The Parties represent and warrant that they have been advised to seek advice from independent legal counsel of their own choosing regarding this Agreement and its terms and language, and understand and acknowledge the significance and consequence of these releases, and the specific waiver of Section 1542, and the Parties, and each of them, expressly consent that

10

this Agreement and the releases set forth herein shall be given full force and effect according to each and all of their express terms and provisions, including those relating to unknown and unsuspected claims, demands and causes of action, if any, including, but not limited to, the Gotte Avoidance Action, as herein above specified.

## IV.    REPRESENTATION AND WARRANTIES

4.1.    The Parties, and each of them, separately represent and warrant to each other that they have not heretofore assigned or transferred, or purported to assign or transfer, to any other person or entity any claim or other matter herein released.

4.2.    It is understood by the Parties, and each of them, and specifically stated by the Parties hereto, and each of them, that with the exceptions and warranties expressly set forth in this Agreement this Agreement is made without reliance upon any statement or representation of any other party or any agent, attorney, or representative of any Party and that no Party is acting as agent, attorney or representative of any other Party and that the release herein includes claims for misrepresentation, fraud in the inducement, and concealment as it relates to facts discussed prior to execution of this Agreement.

4.3.    Each Party represents and warrants to each and every other Party that each Party has made such investigation of the facts pertaining to the settlement set forth herein, and of all matters pertaining thereto, as they deemed necessary and that their willingness to execute this Agreement is based upon their independent investigation, rather than any statement or representation made during the pendency of the Gotte Avoidance Action and the bankruptcy cases, including settlement discussions.

4.4.    In entering into this Agreement and the settlement provided for herein, each Party assumes the risk of any misrepresentation, concealment, or mistake except for the representations and statements expressly made in this Agreement.  If any Party should subsequently discover that any fact relied upon by it in entering into this Agreement is untrue, or that the law presently in effect has changed in a manner which would otherwise affect such Parties' rights hereunder, such Parties shall not be entitled to any relief in such connection or otherwise, including, without limitation on the intended generality of the foregoing, any alleged right or claim to set aside or rescind this Agreement.  This Agreement is intended to be and is final and binding between the Parties, regardless of any claims of fraud, misrepresentation, promise made without the intention of performing, concealment of fact, mistake of fact or law, or any other circumstance whatsoever.

4.5.    The Debtors, the Regottis and the Regotti Family Trust represent and warrant that they believe that the Net Proceeds from the future sale of the San Bernardino Property will be not less than $100,000 and the Net Proceeds from the future sale of the Perris Property will be not less than $500,000.  Notwithstanding such representation, whether or not the sales of the San Bernardino Property and Perris Property actually result in such Net Proceeds, this Agreement will remain in full force and effect and there will be no recourse as to the Debtors, the Regottis and/or the Regotti Family Trust if the representation and warranty is true and correct even though the sale of the San Bernardino Property or Perris Property do not result in the amount of Net Proceeds stated above.

## V.    MISCELLANEOUS

11

EXHIBIT 1

5.1.    <u>Entire Agreement</u>: This Agreement constitutes the entire understanding and agreement between the Parties concerning the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, terms, conditions and representations, written or oral, made by any of the Parties or their agents, concerning the matters covered by this Agreement.

5.2.    <u>Modification and/or Amendment</u>:   This Agreement may be amended and modified <u>only</u> by a written agreement signed by all of the Parties specifically acknowledging and approving of the modification.

5.3.    <u>Consultation with Counsel</u>.  All Parties hereto acknowledge and represent that they have carefully read this Agreement and consulted with legal counsel before entering into this settlement and executing this Agreement.  The Parties, and each of them, understand the meaning of this Agreement and expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to the release of unknown and unsuspected claims, demands, and causes of action.  All Parties acknowledge that they are executing and delivering this Agreement after having received from legal counsel of their own choosing legal advice as to their respective rights hereunder and the legal effect hereof.

5.4.    <u>Execution of Documents</u>:  Each Party agrees to execute all documents necessary to carry out the purpose of this Agreement and to cooperate with the other in the expeditious filing of any and all document and the fulfillment of the terms of this Agreement.

5.5.    <u>Successors and Assigns</u>:  This Agreement shall inure to the benefit of, and shall be binding upon the Parties, and each of them, and their respective successors,  heirs, partners, agents, officers, corporations, partnerships, partners, shareholders, representatives, and each of them.  The rights and obligations under this Agreement, however, shall not be assignable by any of the Parties hereto.

5.6.    <u>Controlling Law and Mediation</u>:  This Agreement is made pursuant to, and shall be governed by and construed in accordance with, the laws of California and the United States Bankruptcy Code.   The parties agree and consent to the jurisdiction of the United States Bankruptcy Court for the Central District of California, Riverside Division, the Mark D. Houle (or his successor) presiding, as having exclusive jurisdiction to resolve any such disputes between the Parties, or any of them, in any respect concerning this Agreement.  Further, if a dispute arises, such dispute may initially be resolved through any non-binding mediation program pending in the Bankruptcy Court.

5.7.    <u>Severability</u>:  If any immaterial provision of this Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason, each such provision shall be severed from the remaining portions of this Agreement and shall not affect the validity and enforceability of such remaining material provisions.

5.8.    <u>Effect of Headings</u>:   The titles and headings of this Agreement are for convenience and identification only, and shall not be deemed to limit, amplify, or define the contents of the respective sections or paragraphs to which they pertain.

5.9.    <u>Gender</u>:  Whenever in this document the context may so require, the masculine gender shall be deemed to include the feminine and neuter genders, and vice-versa.

5.10.   <u>Recitals</u>:  Each term of this Agreement is contractual and not merely a recital.

12

EXHIBIT 1

5.11.   Construction:   This Agreement has been negotiated at arm's length between persons (or their representatives) sophisticated and knowledgeable in the matters dealt with in this Agreement.  Accordingly, any rule of law (including California Civil Code, Section 1654) or legal decision that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it, is not applicable and is hereby waived.  The provisions of this Agreement shall be interpreted in a reasonable manner to affect the purpose of the Parties and this Agreement.

5.12.   Effective Date of Agreement.   This Agreement shall become effective and binding on the Parties hereto upon the entry of a final and non-appealable order of the Bankruptcy Court approving this Agreement that is not the subject of a stay.

5.13.   Authorization to Execute.  Each Party hereto executing this Agreement on behalf of a corporation, partnership, individual or entity hereby represents and warrants that he/she has the authority to execute this Agreement and bind such entity to the terms and conditions set forth herein.

5.14.   Time of the Essence.  To the extent that performance is to be governed by time, time shall be deemed to be of the essence hereof.

5.15.   No Reliance on Outside Representations:  The Parties acknowledge that they have relied wholly upon their own judgment, belief and knowledge of the existence, nature and extent of each claim, demand, cause of action or defense that they may have against the other Party which is to be released pursuant to this Agreement and that, except for the representations and warranties set forth in this Agreement, they have not been influenced to any extent in entering into this Agreement by any representation or statement regarding any such claim, demand, cause of action or defense made by any other Party, including but not limited to the Debtors' schedules filed in with the Bankruptcy Court or the testimony of any Party.  This Agreement has no terms other than those expressly set forth herein.  Each Party represents and warrants to the other Party that he is not signing this Agreement in reliance upon any term, representation or warranty other than those expressly set forth in this Agreement.  Specifically, the Parties warrant and represent that other than those expressly set forth in this Agreement, they are not relying upon any statement, non-statement, action, non-action or omission of any other Party, whether oral or in writing, made in the Debtors' bankruptcy cases, the Gotte Avoidance Action, the Gotte State Court Action or elsewhere in determining whether or not to enter into this Agreement.

5.16.   Counter-parts:  This Agreement may be executed in any number of original, scanned, faxed or copied counterparts, and all counterparts shall be considered together as one agreement.  A scanned, faxed or copied counterpart shall have the same force and effect as an original signed counterpart.  Each of the Parties hereby expressly forever waives any and all rights to raise the use of a scanner, fax machine or email transmission to deliver a signature, or the fact that any signature or agreement or instrument was transmitted or communicated through the use of a scanner, fax machine or email transmission as a defense to the formation of a contract.

5.17.   Attorneys' Fees:  In the event any claim, dispute and/or litigation arises out of this Agreement, the prevailing party shall be entitled to recovery of its reasonable attorneys' fees and costs incurred in prosecuting or defending said claim, dispute and/or litigation.

5.18.   No Third Party Beneficiaries.   This Agreement does not and is not intended to confer any rights or remedies upon any person other than the Parties hereto.

13

EXHIBIT 1

**BY SIGNING THIS AGREEMENT WHERE INDICATED BELOW I CERTIFY THAT I HAVE READ THE FOREGOING AGREEMENT IN ITS ENTIRETY, INCLUDING CIVIL CODE SECTION 1542 QUOTED IN THE BODY OF THIS AGREEMENT, THAT I FULLY UNDERSTAND ALL THE WORDS, LANGUAGE, TERMS AND CONDITIONS CONTAINED HEREIN AND THAT I AGREE TO BE BOUND BY ALL THE TERMS AND CONDITIONS SET FORTH HEREIN.**

Dated: November 1, 2015        **ASR CONSTRUCTORS, INC., a California corporation**

_____

Alan Regotti, President

Dated: November 1, 2015        **ANOTHER MERIDIAN COMPANY, LLC., a California limited liability company**

_____

Alan Regotti, Managing Member

Dated: November 1, 2015        **INLAND MACHINERY, INC., a California corporation**

_____

Alan Regotti, Secretary

Dated: November 1, 2015        **FEDERAL INSURANCE COMPANY**

By:_____

Its: _____

Dated: November 1, 2015        **GOTTE ELECTRIC, INC.**

By:_____

Its: _____

14

EXHIBIT 1

Dated: November 1, 2015    **INSURANCE COMPANY OF THE WEST**


By:_____
Its: _____




Dated: November 1, 2015    _____

Alan Regotti




Dated: November 1, 2015    _____

Stacey Regotti




Dated: November 1, 2015    **THE REGOTTI FAMILY TRUST
DATED JANUARY 12, 2005**


_____

By: Alan Regotti, Trustee


_____

By: Stacey Regotti, Trustee




Dated: November 1, 2015    _____

Marc Berry




Dated: November 1, 2015    _____

Patricia Berry




15

EXHIBIT 1

**APPROVED AS TO FORM:**

Dated: November 1, 2015          **SHULMAN HODGES & BASTIAN LLP**

/s/ James C. Bastian, Jr.

_____

James C. Bastian, Jr.
Melissa Davis Lowe
Attorneys for ASR Constructors, Inc., a
California corporation, Another Meridian Company, LLC, a
California limited liability company, and Inland Machinery,
Inc., a California corporation, the Debtors and Debtors in
Possession


Dated: November 1, 2015          **SALAMIRAD, MORROR, TIMPANE & DUNN LLP**


_____

Jonathan Dunn
Andrew C. Harris
Attorneys for Federal Insurance Company

Dated: November 1, 2015          **ASSAYAG MAUSS LLP**


_____

Byron Mauss
Attorneys for Gotte Electric, Inc.

Dated: November 1, 2015          **ROBINS KAPLAN LLP**


_____

David Veis
Howard Weg
Attorneys for ICW Group Insurance Companies

16

**Exhibit 2
Allowed Claim Amounts for Calculating the
Pro-Rata Distributions From the Claims
Distribution Funds**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Regotti Family Trust Dated January 12, 2005 Alan Regotti and Stacey Regotti Trustees | | 1569 Camino Corto | Fallbrook, CA  92028 | | | | Equity Interest | Equity Interest | Equity Interest | $0.00 | 0.000000% | Equity interests.  No distribution from the Claims Distributions Fund to be paid to the Regotti Family Trust Dated January 12, 2015. |
| Marc W Berry Patti Berry | | 7546 Cerrito Rojo Drive | Rancho Cucamonga, CA 91730 | | | | Equity Interest | Equity Interest | Equity Interest | $0.00 | 0.000000% | Equity interests.  No distribution from the Claims Distributions Fund to be paid to Marc W. Berry and/or Patti Berry |
| Federal Insurance Company | Wayne R Walton Esq | 15 Mountainview Road | Warren, NJ  07059-6711 | $1,770,817.66 | 12/4/2013 | $171,597,580.00 | $10,333,464.20 | $0.00 | $161,264,115.80 | $0.00 | 0.000000% | 27 on ASR  Claims Register 3 on Meridian Claims Register 2 on Inland Claims Register Each claim amount is $171,597,580. Pursuant to the Settlement Agreement, no distribution from the Claims Distributions Fund to be paid to Federal Insurance Company. |
| Berkley Regional Insurance Company | Attn Nancy Manno Berkley Surety Group Inc | 412 Mount Kemble Ave Suite 310N | Morristown, NJ 07960 | $129,600.00 | 1/29/2014 | | $0.00 | $0.00 | $15,571,500.00 | $2,000,000.00 | 17.985551% | Claim 42 on ASR Claims Register Claim 5 on Meridian Claims Register Claim 4 on Inland Claims Register Claim 5 on Inland Claims Register Each claim amount is $15,571,500 All of the claims assert a secured classification Final Claim estimated at $2,000,000 but is subject to Berkley calculating it total surety losses.  The Debtors expect to meet and confer witih Berkley on its claim amount and if they reach a resolution on the amount of Berkley's claim, will supplement the record with such agreed upon amount. |
| Gotte Electric Inc | Attn Steven R Bangerter Esq | Bangerter Sheppard PC 1300 Clay St Suite 600 | Oakland, CA 94612 | $6,655,486.47 | 2/6/2014 (Amended in ASR on 2/7/2014) | | $6,865,179.88 | $0.00 | $0.00 | $6,925,352.77 | 62.278141% | Claim 54 on ASR Claims Register for $6,865,179.88 (secured on the Amended filing) Claim 6 on Meridian Claims Register and Claim 7 on Inland Claims Register, each claim filed for $6,925,352.77, unsecured |
| Insurance Company of the West | Attn President or Manager Agent | 11455 El Camino Real | San Diego, CA 92130 | $505,231.00 | 10/22/2013 | $505,230.99 | $505,230.99 | $0.00 | $0.00 | $505,230.99 | 4.543429% | Claim 10 |
| Employment Development Department | | Bankruptcy Group MIC 92E PO Box 826880 | SACRAMENTO, CA  94280-0001 | $6,155.71 | | | $6,155.71 | $0.00 | $0.00 | $5,588.52 | 0.050256% | Notice of State Tax Lien filed 7/10/2013, Filing No. 13-7369135684. Penalty will not be subordinated and not included in the claim amount for pro-rata distribution Tax period of  10/1/2012 to 12/31/2012. Tax: $5,511.85 Penalty: $567.19 Interest: $76.67 |
| 1st Enterprise Bank | Attn President or Manager Agent | 818 W 7th Street Ste 220 | Los Angeles, CA  90017-3449 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00.  No distribution from the Claims Distributions Fund to be made on this claim. |

**EXHIBIT 2**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Employment Development Department | | Bankruptcy Group MIC 92E PO Box 826880 | SACRAMENTO, CA 94280-0001 | $25,000.00 | | | $0.00 | $25,000.00 | $0.00 | $25,000.00 | 0.224819% | Tax period of 6/2012 through 3/2013 |
| Franchise Tax Board | Attn Bankruptcy Unit | Bankruptcy Section MS A340 PO Box 2952 | SACRAMENTO, CA 95812-2952 | $0.00 | 1/29/2014 | To Be Determined | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Claim 43 filed for "to be determined." As no amount stated, no distribution from the Claims Distributions Fund to be paid to the Franchise Tax Board |
| Internal Revenue Service | Attn Bankruptcy Unit | PO Box 7346 | Philadelphia, PA 19101-7346 | $120,000.00 | 12/18/2013 Amended 4/23/2014 | $134,027.45 | $0.00 | $29,492.55 | $104,534.90 | $29,492.55 | 0.265220% | Claim 32; includes $104,534.90 which should be subordinated |
| Internal Revenue Service | Insolvency Group 7 | 290 North D Street M/S Insolvency | San Bernardino, CA 92401-1734 | | 11/4/2014 | $34,791.13 | $0.00 | $34,791.13 | $0.00 | $29,099.12 | 0.261682% | Claim 59 for the claim of 3/31/3014 in the amount of $28,646.54, plus interest of $452.58 and penalties of $5,692.01, for a total of $34,791.13. The amount includes interest and penalty computed to 12/3/2014. |
| Internal Revenue Service | Department of the Treasury | PO Box 7346 | Philadelphia, PA 19101-7346 | | 2/5/2014 | | | | | $0.00 | 0.000000% | Claim 50 is a levy against any funds that would be paid to Gotte Electric, Inc. up to the amount of $1,380,744.84 (based on FICA and FUTA taxes owed by Gotte Electric, Inc. to the Internal Revenue Service). Not a claim against the Debtors. (In other words - this is duplicate of any claim held by Gotte Electric, Inc.) No distribution from the Claims Distribution Fund to be made on this claim. |
| State Board of Equalization | Attn Special Operations Branch MIC 55 | PO Box 942879 | Sacramento, CA 94279-0055 | $0.00 | ASR filed 12/2/2013 Meridian filed 11/22/2013 Inland filed 2/3/2014 | $104,713.77 | $0.00 | $104,713.77 | $0.00 | $104,713.77 | 0.941667% | Claim 26 on ASR Register for alleged priority claim of $827 (based on Hazardous Substances Tax for the periods of 1/1/13 - 9/9/13) Claim 2 on Meridian Claims Register for alleged priority claim of $230 (based on Fire Prevention Fee for periods of 7/1/2013 to 10/22/2013 and 7/1/2012 through 6/30/2013 Claim 6 on Inland Claims Register for $103,656.77 for unsecured sales and use tax for period of 10/1/2009 through 12/31/2012  No penalties assessed. |
| Riverside County Treasurer and Tax Collector | | 4080 Lemon Street 1st Floor | Riverside, CA 92502 | $57,039.18 | 11/15/2013 | | $25,481.46 | $30,432.14 | $0.00 | $30,432.14 | 0.273669% | Claim 1 on Meridian Claims Register for $25,481.46, related to secured real property taxes which will be paid upon sale of the real property - no distribution from the Claims Distributions Fund to be made on this claim. Claim 1 as amended by Claim 9 on Inland Claims Register for $30,432.14, business property taxes.  Asserts a secured status but Assessment Detail from Tax Collector website indicates the amount owed is for unsecured business property taxes.  County Recorder records indicate that a lien was filed by the Tax Collector after the Petition Date. |
| San Bernardino County Treasurer and Tax Collector | | 172 West Third Street | San Bernardino, CA 92415 | $8,474.15 | 1/27/2014 | $4,237.04 | $4,237.04 | $0.00 | $0.00 | $0.00 | 0.000000% | Notice of State Tax Lien filed 7/10/2013, Filing No. 13-7369135684. Tax period of  10/1/2012 to 12/31/2012. Tax: $5,511.85 Penalty: $567.19 Interest: $76.67 |
| ADP Lemco Inc | Attn President or Manager Agent | 5970 Dannon Way | West Jordan, UT 84081-6203 | Unknown | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00.  No distribution from the Claims Distributions Fund to be made on this claim. |
| Agua Mansa Investment Partners LLC | Attn President or Manager Agent | 33891 Mission Trails | Wildomar, CA 92595 | $21,300.00 | | | $0.00 | $0.00 | $21,300.00 | $0.00 | 0.000000% | Scheduled claim of $21,000. The Debtors and this entity share common owners.  No distribution from the Claims Distributions Fund to be paid to Agua Mansa Investment Partners LLC. |
| Agua Mansa Properties Inc | Attn President or Manager Agent | PO Box 127 | Riverside, CA 92502 | $280.00 | | | $0.00 | $0.00 | $280.00 | $0.00 | 0.000000% | Scheduled claim of $280. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |

EXHIBIT 2

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Air Exchange Clean Air Spec | Attn President or Manager Agent | 495 Edison Ct Ste A | Fairfield, CA 94534-1683 | $3,350.00 | | | $0.00 | $0.00 | $3,350.00 | $0.00 | 0.000000% | Scheduled claim of $3,350.  This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Airgas USA LLC | Attn President or Manager Agent | PO Box 7423 | Pasadena, CA 91109-7423 | $298.98 | | | $0.00 | $0.00 | $298.98 | $0.00 | 0.000000% | Scheduled claim of $298.  This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Alan Regotti | | 1569 Camino Corto | Fallbrook, CA  92028 | $1,439,255.63 | 2/4/2014 | $2,679,385.00 | $0.00 | $0.00 | $2,679,385.00 | $0.00 | 0.000000% | Claim 48 for $2,679,385.  Claim of insider of the Debtors.  No distribution from the Claims Distributions Fund to be made on this claim. |
| Alcorn Aire Inc | Attn President or Manager Agent | 325 Robinson | Bakersfield, CA 93305 | $39,731.17 | | | $0.00 | $0.00 | $39,731.17 | $0.00 | 0.000000% | Scheduled claim of $39,731.17.  This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Amax Glass & Glazing Inc | Attn President or Manager Agent | 385 S Lemon Avenue E309 | Walnut, CA 91789 | $2,209.87 | | | $0.00 | $0.00 | $2,209.87 | $0.00 | 0.000000% | Scheduled claim of $2,209.87.  This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| American Express | Attn Bankruptcy Unit | Box 0001 | Los Angeles, CA 90096-8000 | $395.00 | | | $0.00 | $0.00 | $395.00 | $0.00 | 0.000000% | Scheduled claim of $395.  This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Another Meridian Company LLC | Attn President or Manager Agent | 33891 Mission Trail | Wildomar, CA 92595-8431 | $165,260.35 | | | $0.00 | $0.00 | $165,260.35 | $0.00 | 0.000000% | Intercompany claim of $165,260.35 arising from a promissory note owed by ASR to Meridian.  No distribution from the Claims Distributions Fund to be made on this claim. |
| ASR Constructors, Inc. | Attn President or Manager Agent | 33891 Mission Trail | Wildomar, CA 92595-8431 | $1,020,981.96 | | | $0.00 | $0.00 | $1,020,981.96 | $0.00 | 0.000000% | Intercompany claim of $1,020,981.96 arising from a promissory note owed by Meridian to ASR. No distribution from the Claims Distribution Fund to be made on this claim. |
| ASR Constructors, Inc. | Attn President or Manager Agent | 33891 Mission Trail | Wildomar, CA 92595-8431 | $181,530.24 | | | $0.00 | $0.00 | $181,530.24 | $0.00 | 0.000000% | Intercompany claim of $181,530.24 arising from a promissory note owed by Inaled to ASR. No distribution from the Claims Distribution Fund to be made on this claim. |
| Another Meridian Company LLC | Attn President or Manager Agent | 33891 Mission Trail | Wildomar, CA 92595-8431 | $153,473.65 | | | $0.00 | $0.00 | $153,473.65 | $0.00 | 0.000000% | Intercompany claim of $153,473.65 arising from a rent receivable owed by ASR to Meridian. No distribution from the Claims Distributions Fund to be made on this claim. |
| Anthem Blue Cross of CA | Attn President or Manager Agent | Dept 5812 | Los Angeles, CA 90074 | $13,511.81 | | | $0.00 | $0.00 | $13,511.81 | $0.00 | 0.000000% | Scheduled claim of $13,511.81. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Architectural Sign Identity | Attn President or Manager Agent | 1247 S Buena Vista St Suite E | San Jacinto, CA 92583 | $5,351.37 | | | $0.00 | $0.00 | $5,351.37 | $0.00 | 0.000000% | Scheduled claim of $5,351.27.  This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| ASR Powder Coating LLC | Attn President or Manager Agent | 15435 Arrow Blvd Bld B | Fontana, CA 92335 | $1,089.40 | | | $0.00 | $0.00 | $1,089.40 | $0.00 | 0.000000% | Scheduled claim of $1,089.40.  This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Automated Gate Services Inc | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim of $.00.  No distribution from the Claims Distributions Fund to be made on this claim. |
| Bakersfield Well & Pump Co | Attn President or Manager Agent | 7212 Fruitvale Avenue | Bakersfield, CA 93308 | $26,674.35 | | | $0.00 | $0.00 | $26,674.35 | $0.00 | 0.000000% | Scheduled claim of $26,674.35. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Barstow Community College District | c/o Atkinson Andelson Loya Rudd & Romo | 16870 West Bernardo Drive Suite 330 | San Diego, CA 92127-1677 | Unknown | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim of $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| Blue Diamond Materials | c/o Lanak & Hanna | 625 The City Drive South Suite 190 | Orange, CA  92868 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |

**EXHIBIT 2**

Page 45

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Borbon Inc | Attn President or Manager Agent | 7312 Walnut Ave | Buena Park, CA 90620 | $42,419.54 | | | $0.00 | $0.00 | $42,419.54 | $0.00 | 0.000000% | Scheduled claim of $42,419.54. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Cabinet Connection | Attn President or Manager Agent | 5783 E Shields Ave | Fresno, CA 93727 | $6,642.84 | | | $0.00 | $0.00 | $6,642.84 | $0.00 | 0.000000% | Scheduled claim of $6,642.84. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Cal-State Rent a Fence | Attn President or Manager Agent | 4518 Industrial St | Simi Valley, CA 93063 | $1,742.31 | | | $0.00 | $0.00 | $1,742.31 | $0.00 | 0.000000% | Scheduled claim of $1,742.31. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| California Apprenticeship Council | Attn President or Manager Agent | PO Box 420603 | San Francisco, CA 94142 | $721.44 | | | $0.00 | $0.00 | $721.44 | $0.00 | 0.000000% | Scheduled claim of $721.44. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| California Facility Specialties | Attn President or Manager Agent | 260 West Arrow Highway Suite E | San Dimas, CA 91773 | $11,600.00 | | | $0.00 | $0.00 | $11,600.00 | $0.00 | 0.000000% | Scheduled claim of $11,600. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Calwest Galvanizing Valmont Industries Inc | Attn President or Manager Agent | Dept 2391 | Los Angeles, CA 90084-2391 | $3,070.69 | | | $0.00 | $0.00 | $3,070.69 | $0.00 | 0.000000% | Scheduled claim of $3,070.69. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Carpenters Southwest Trust Carpenters Southwest Administrative Corp | Attn President or Manager Agent | 533 S Fremont Ave Suite 803 | Los Angeles, CA 90071-1706 | $58,331.31 | 1/17/2014 | $588,976.77 | $0.00 | $75,306.47 | $513,670.30 | $264,000.00 | 2.374093% | Claim 37. The debtors believe the amount claimed owed by this creditor is overstated and does not account for offsets and refunds owed to the debtors. The Debtors believe this creditor is owed no more than $264,000. |
| Certified Door Inc | Attn President or Manager Agent | 7711 Somerset Blvd | Paramount, CA 91770 | $5,265.00 | | | $0.00 | $0.00 | $5,265.00 | $0.00 | 0.000000% | Scheduled claim of $5,265. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Central Drug System Inc | Attn President or Manager Agent | 16560 Harbor Blvd Suite A | Fountain Valley, CA 92708 | $44.50 | | | $0.00 | $0.00 | $44.50 | $0.00 | 0.000000% | Scheduled claim of $44.50. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| City of Victorville | Attn Managing Agent | PO Box 5001 | Victorville, CA 92393-4999 | $215.06 | | | $0.00 | $0.00 | $215.06 | $0.00 | 0.000000% | Scheduled Claim of $215.06. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| CitiBusiness Card | Attn Bankruptcy Unit | PO Box 688901 | Des Moines, IA 50368-8901 | $5,387.72 | | | $0.00 | $0.00 | $5,387.72 | $5,387.72 | 0.048451% | Scheduled Claim |
| Claridge Products & Equipment | Attn President or Manager Agent | PO Box 910 | Harrison, AR 72602 | $3,945.64 | | | $0.00 | $0.00 | $3,945.64 | $0.00 | 0.000000% | Scheduled Claim of $3,945.64. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Collective Contracting | Attn President or Manager Agent | 1611-A South Metrose Dr #383 | Vista, CA 92081 | $16,503.40 | | | $0.00 | $0.00 | $16,503.40 | $0.00 | 0.000000% | Scheduled Claim of $16,503.40. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Commercial Furnishings Inc | Attn President or Manager Agent | 9420 Activity Road #J | San Diego, CA 92126 | $3,076.98 | | | $0.00 | $0.00 | $3,076.98 | $0.00 | 0.000000% | Scheduled Claim of $3,076.98. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Construction Laborers Trust | Attn President or Manager Agent | PO Box 513638 | Los Angeles, CA 90051-1638 | $15.45 | | | $0.00 | $0.00 | $15.45 | $15.45 | 0.000139% | Scheduled Claim. |
| Contractors Complete Surety | Attn President or Manager Agent | 33891 Mission Trail | Wildomar, CA 92595-8431 | $211,449.00 | | | $0.00 | $0.00 | $211,449.00 | $0.00 | 0.000000% | Scheduled Claim was $211,449. No distribution from the Claims Distributions Fund to be paid to Contractors Complete Surety. |
| County of Riverside Department of Environmental Health | Attn President or Manager Agent | PO Box 7600 | Riverside, CA 92513 | $2,565.00 | | | $0.00 | $0.00 | $2,565.00 | $2,565.00 | 0.023066% | Scheduled Claim |
| County of San Bernardino Solid Waste Management | Attn President or Manager Agent | 825 E 3rd St | San Bernardino, CA 92415-0835 | $1,065.49 | | | $0.00 | $0.00 | $1,065.49 | $1,065.49 | 0.009582% | Scheduled Claim |
| Curranseal Inc | Attn President or Manager Agent | PO Box 28508 | Santa Ana, CA 92799 | $886.75 | | | $0.00 | $0.00 | $886.75 | $0.00 | 0.000000% | Scheduled claim of $886.75. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Dantin Enterprises Inc | c/o Gregory J Hout | 12396 World Trade Drive Suite 206 | San Diego, CA 92128 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim of $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| De Lage Landen Financial Services Inc | Attn President or Manager Agent | 1111 Old Eagle School Rd | Wayne, PA 19087 | $1,297.90 | 2/3/2014 | $13,412.52 | $0.00 | $0.00 | $13,412.52 | $13,412.52 | 0.120616% | Claim 45 |

**EXHIBIT 2**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Diamond Environmental Services | Attn President or Manager Agent | 807 E Mission Road | San Marcos, CA 92069 | $1,591.62 | | | $0.00 | $0.00 | $1,591.62 | $0.00 | 0.000000% | Scheduled claim of $1,591.62. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Diamond Power Services | Attn President or Manager Agent | 807 E Mission Road | San Marcos, CA 92069 | $106.85 | | | $0.00 | $0.00 | $106.85 | $0.00 | 0.000000% | Scheduled claim of $106.85. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Dock Pros | Attn President or Manager Agent | 2870 Ragle Way | Corona, CA 92879 | $885.60 | 12/16/2013 | $890.60 | $0.00 | $0.00 | $890.60 | $0.00 | 0.000000% | Claim 30 for $890.60. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| DRGK Inc | Attn President or Manager Agent | 20258 Hw 18 Suite 430, Numer 169 | Apple Valley, CA 92307 | $3,351.20 | | | $0.00 | $0.00 | $3,351.20 | $0.00 | 0.000000% | Scheduled claim of $3,351.20. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Duke Plumbing, Inc. | Attn Wesley Duke, President | 1630 W 9th Street | Upland, CA 91786 | | 10/10/2013 | $76,475.52 | $0.00 | $0.00 | $76,480.52 | $0.00 | 0.000000% | Claim 3 for $8,099.06 related to Larry A Smith Correctional Facility Warehouse. Claim 4 for $47,291.53 related to Barstow College - Performing Arts Building. Claim 5 for $21,084.93 related to Glen Oaks Fire Station. Each of the two resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on these claims. |
| Engineered Wall Systems Inc | Attn President or Manager Agent | PO Box 509 | Magna, UT 84044-0509 | $124,087.95 | | | $0.00 | $0.00 | $124,087.95 | $0.00 | 0.000000% | Scheduled claim of $124,087.95. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Eric L Oesterblad | c/o Stephen Danz & Associates | 11661 San Vicente Blvd Suite 500 | Los Angeles, CA 90049-5113 | Unknown | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim of $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| EverBank Commercial Finance | Attn President or Manager Agent | PO Box 911608 | Denver, CO 80291-1608 | $685.68 | | | $0.00 | $0.00 | $685.68 | $685.68 | 0.006166% | Scheduled claim |
| Express Pipe & Supply Inc | Attn President or Manager Agent | 1235 South Lewis St | Anaheim, CA 92805 | $8,824.46 | 2/5/2014 | $17,031.09 | $0.00 | $0.00 | $17,031.09 | $17,031.09 | 0.153157% | Claim 47 |
| Fedex | Attn President or Manager Agent | PO Box 7221 | Pasadena, CA 91109-7321 | $134.56 | | | $0.00 | $0.00 | $134.56 | $134.56 | 0.001210% | Scheduled claim |
| First Insurance Funding Corp | Attn President or Manager Agent | 450 Skokie Blvd Suite 1000 | Northbrook, IL 60062 | $3,061.97 | 1/31/2014 | $9,497.55 | $9,497.55 | $0.00 | $0.00 | $0.00 | 0.000000% | Claim 44 for $9,497.55. Asserts a secured status based on Cal Fin Code Section 18591. and collateral consists of the underlying polices, all return premiums, dividend payments, and loss payments which reduce unearned premiums, subject to any mortgagee or loss payee interest. his claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Fritts Ford | Attn President or Manager Agent | 8000 Auto Drive | Riverside, CA 92504 | | | | | | | $0.00 | 0.000000% | Letter received from attorney Dan E Qualls 9/14/2015 asserting a Chapter 11 administrative claim of $7,724.71. No claim filed and not scheduled. No distribution from the Claims Distributions Fund to be made on this claim. |
| Fritts Ford c/o Dan E Qualls Esq | 6864 Indiana Ave Suite 203 | Riverside, CA 92506 | | | | | | | | $0.00 | 0.000000% | See Fritts Ford comments |
| Gallagher Bassett Services Inc | Attn President or Manager Agent | 4th Floor Two Pierce Place | Itasca, IL 60143-3141 | $20,000.00 | | | $0.00 | $0.00 | $20,000.00 | $20,000.00 | 0.179856% | Scheduled claim |
| Gamma Constructions Services | Attn President or Manager Agent | 985 Kendall Dr #284 | San Bernardino, CA 92407 | $25,858.50 | | | $0.00 | $0.00 | $25,858.50 | $0.00 | 0.000000% | Scheduled claim of $25,858.50. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| GMP Plumbing Inc | Attn President or Manager Agent | 2863 Sidewheel Drive | Bullhead City, AZ 86429 | $4,185.56 | | | $0.00 | $0.00 | $4,185.56 | $0.00 | 0.000000% | Scheduled claim of $4,185.56. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| GBI Electrical | Attn President or Manager Agent | 551 Heritage Place | Palmdale, CA 93550 | $4,572.33 | | | $0.00 | $0.00 | $4,572.33 | $4,572.33 | 0.041118% | Scheduled claim |
| GE Capital General Electric Capital Corporation | Attn Lisa Boddicker | 1010 Thomas Edison Blvd SW | Cedar Rapids, IA 52404 | $2,039.83 | 1/29/2014 | $5,637.47 | $0.00 | $0.00 | $5,637.47 | $0.00 | 0.000000% | Scheduled claim for $5,637.47. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| General Glass International | Attn President or Manager Agent | 101 Venture Way | Secaucus, NJ 07094 | $1,404.40 | | | $0.00 | $0.00 | $1,404.40 | $0.00 | 0.000000% | Scheduled claim of $1,404.40. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Globe Tech Inc | Attn President or Manager Agent | 4500 Caminito Pl | Tarzana, CA 91356 | $8,288.55 | | | $0.00 | $0.00 | $8,288.55 | $0.00 | 0.000000% | Scheduled claim of $8,288.55. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |

**EXHIBIT 2**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Golden State Roofing Waterproof Kiss Enterprises Inc dba Golden State Roofing | Attn Frank R Kiss Operations Manager | 19703 Eddington Drive | Carson, CA 90746 | $463.75 | 10/4/2013 | $40,972.33 | $0.00 | $0.00 | $40,972.33 | $0.00 | 0.000000% | Claim 2 for $40,972.33. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Granite Construction Company | Attn President or Manager Agent | 585 West Beach Street | Watsonville, CA 95076 | $9,105.42 | | | $0.00 | $0.00 | $9,105.42 | $9,105.42 | 0.081883% | Scheduled claim |
| Greenstone Materials | Attn Presiden | 1420 Nandina Ave | Perris, CA 92571 | $2,566.44 | | | $0.00 | $0.00 | $2,566.44 | $0.00 | 0.000000% | Scheduled claim of $2,566.44. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Hamilton Ceiling Systems | Attn President or Manager Agent | 455 W La Cadena #1 | Riverside, CA 92501 | $1,549.28 | | | $0.00 | $0.00 | $1,549.28 | $0.00 | 0.000000% | Scheduled claim of $1,549.28. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Hasler | Attn President or Manager Agent | PO Box 3808 | Milford, CT 06460-8708 | $133.34 | | | $0.00 | $0.00 | $133.34 | $0.00 | 0.000000% | Scheduled claim of $133.34. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Heritage Window Coverings Inc | Attn President or Manager Agent | 17902 Georgetown Lane | Huntington Beach, CA 92647 | $707.50 | 10/11/2013 12/12/2013 | $778.25 | $0.00 | $0.00 | $778.25 | $0.00 | 0.000000% | Claims 8 and 29 - appear to be duplicate claims, each filed for $778.25. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Hilti Inc | Attn President or Manager Agent | PO Box 382002 | Pittsburgh, PA 15250-8002 | $118.91 | | | $0.00 | $0.00 | $118.91 | $0.00 | 0.000000% | Scheduled claim of $118.91. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Industrial Metal Supply Co | Attn President or Manager Agent | 8300 San Fernando Rd | Sun Valley, CA 91352 | $767.93 | | | $0.00 | $0.00 | $767.93 | $767.93 | 0.006906% | Scheduled claim |
| Infinity Structures Inc | c/o Pyka Lenhardt Schnaider Zell | 837 N. Ross St. PO Box 1558 | Santa Ana, CA 92701-1558 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| International Door | Attn President or Manager Agent | 8001 Ronda Drive | Canton, MI 48187 | $4,270.27 | | | $0.00 | $0.00 | $4,270.27 | $0.00 | 0.000000% | Scheduled claim of $4,270.27. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Joe's Lawn Mower Supplies Inc | Attn President or Manager Agent | 25646 E Baseline St | San Bernardino, CA 92410 | $75.76 | | | $0.00 | $0.00 | $75.76 | $75.76 | 0.000681% | Scheduled claim |
| Kennedy Hills Enterprises LLC | c/o Mollis & Mollis Inc Charles A Mollis Esq | 4621 Teller Suite 200 | Newport Beach, CA 92660 | Unknown | 1/9/2014 | $36,637.00 | $0.00 | $0.00 | $36,637.00 | $36,637.00 | 0.329468% | Claim 34 |
| Kone Cranes Inc | Attn President or Manager Agent | 4401 Gateway Blvd | Springfield, OH 45502 | $4,713.30 | 2/5/2014 | $4,293.30 | $0.00 | $0.00 | $4,293.30 | $0.00 | 0.000000% | Claim 53 for $4,293.30. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Kone Elevator | Attn President or Manager Agent | 11165 Knott Avenue Suite B | Cypress, CA 90630 | $10,708.20 | | | $0.00 | $0.00 | $10,708.20 | $0.00 | 0.000000% | Scheduled claim of $10,708.20. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Koppl Pipeline Services | Attn President or Manager Agent | 1228 Date Street | Montebello, CA 90640-6373 | $2,250.00 | 10/4/2013 | $2,250.00 | $0.00 | $0.00 | $2,250.00 | $0.00 | 0.000000% | Claim 1 for $2,250. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Legend Theatrical | Attn President or Manager Agent | 60 Old El Pueblo Rd | Scotts Valley, CA 95066 | $53,035.59 | | | $0.00 | $0.00 | $53,035.59 | $0.00 | 0.000000% | Scheduled claim of $53,035.59. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Lester & Cantrell LLP | Attn President or Manager Agent | 1700 Iowa Avenue Suite 200 | Riverside, CA 92507 | $37,650.16 | 2/5/2014 | $37,174.45 | $0.00 | $0.00 | $37,174.45 | $0.00 | 0.000000% | Claims 52 and 53, each filed for $37,174.45. Appear to be duplicate claims. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Litigation Support Professional | Attn President or Manager Agent | 4371 Latham St Suite 204 | Riverside, CA 92501 | $2,070.00 | | | $0.00 | $0.00 | $2,070.00 | $2,070.00 | 0.018615% | Scheduled claim |
| Lowes | Attn President or Manager Agent | PO Box 530954 | Atlanta, GA 30353-0954 | $4,954.50 | | | $0.00 | $0.00 | $4,954.50 | $4,954.50 | 0.044555% | Scheduled claim |

**EXHIBIT 2**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| M2 Fencing | Attn President or Manager Agent | 7316 Toll Dr | Rosemead, CA 91770 | $839,511.17 | 11/15/2013 | $512,920.50 | $0.00 | $0.00 | $512,920.50 | $362,906.00 | 3.263532% | 15 for $28,562, ASR Project #892; 17 for $24,000, ASR Project #884; 18 for $40,489, ASR Project #871; 21 for $34,721, ASR Project #788; 22 for $235,134, ASR Project #735; The following claims were resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on these claim: 16 for $23,790.50, ASR Project #887; 19 for $13,600, ASR Project #811; 20 for $29,420, ASR Project #790; 23 for $83,204, ASR Project #728 |
| MacKenzie Electric Inc | Attn President or Manager Agent | 7933 Palm Avenue | Highland, CA 92346 | $54,120.50 | | | $0.00 | $0.00 | $54,120.50 | $0.00 | 0.000000% | Scheduled claim of $54,120.50. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Marc W Berry | | 7546 Cerrito Rojo Drive | Rancho Cucamonga, CA 91730 | $1,668,871.97 | | | $0.00 | $0.00 | $1,668,871.97 | $0.00 | 0.000000% | Scheduled claim of $1,688,871.97. Claim of insider. No distribution from the Claims Distributions Fund to be paid to Marc W. Berry. |
| Maria Bradley | c/o Peach & Weathers | 788 N Arrowhead Avenue PO Box 1467 | San Bernardino, CA 92402 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| Matich Corporation | c/o Law Offices of J Patrick Ragan | 1881 S. Business Center Drive Suite 7B | San Bernardino, CA 92408 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| McGrawHill Construction | Attn President or Manager Agent | 7625 Collection Center Dr | Chicago, IL 60693-0076 | $4,754.16 | | | $0.00 | $0.00 | $4,754.16 | $0.00 | 0.000000% | Scheduled claim of $4,754.16. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| McKendry Door Sales | Attn President or Manager Agent | 12930 Sunnyside Place | Santa Fe Springs, CA 90670 | $240.61 | | | $0.00 | $0.00 | $240.61 | $0.00 | 0.000000% | Scheduled claim of $240.61. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| McNichols Co | Attn President or Manager Agent | PO Box 101211 | Atlanta, GA 30792-1211 | $98.10 | | | $0.00 | $0.00 | $98.10 | $0.00 | 0.000000% | Scheduled claim of $98.10. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Mission Reprographics | Attn President or Manager Agent | PO Box 52893 | Riverside, CA 92517 | $1,156.96 | | | $0.00 | $0.00 | $1,156.96 | $0.00 | 0.000000% | Scheduled claim of $1,156.96. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Mita of So Calif | Attn President or Manager Agent | PO Box 9966 | Moreno Valley, CA 92552 | $152.40 | | | $0.00 | $0.00 | $152.40 | $0.00 | 0.000000% | Scheduled claim of $152.40. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Murillos Cleaning | Attn President or Manager Agent | 26450 Old Anvil Ln | Moreno Valley, CA 92555 | $400.00 | | | $0.00 | $0.00 | $400.00 | $0.00 | 0.000000% | Scheduled claim of $400. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Neff Construction Inc | c/o Lewis Brisbois Bisgaard & Smith | 221 N. Figueroa St Suite 1200 | Los Angeles, CA 90012 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| Newport Beach - Alliant Insurance Services Inc | Attn President or Manager Agent | 701 B St 6th Floor | San Diego, CA 92101 | $122,614.00 | | | $0.00 | $0.00 | $122,614.00 | $8,746.55 | 0.078656% | Scheduled claim of $122,614 however claimant has advised that the balance due on this claim is $8,746.55. |
| NU Acoustics | Attn President or Manager Agent | 3845 Stobbs Way | Riverside, CA 92509 | $279.60 | | | $0.00 | $0.00 | $279.60 | $0.00 | 0.000000% | Scheduled claim of $279.60. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| OJ Insulation | Attn President or Manager Agent | 600 S Vincent Ave | Azusa, CA 91702 | $1,190.85 | | | $0.00 | $0.00 | $1,190.85 | $0.00 | 0.000000% | Scheduled claim of $1,190.85. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Pacific Exteriors Inc | Attn President or Manager Agent | 13911-B Enterprise Drive | Garden Grove, CA 92843 | $10,746.91 | | | $0.00 | $0.00 | $10,746.91 | $0.00 | 0.000000% | Scheduled claim of $10,746.91. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |

**EXHIBIT 2**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Paul Design Group The Paul Company LLC | Attn President or Manager Agent | 915 Camino Del Mar Suite 225 | Del Mar, CA 92014 | $3,088.00 | 10/11/2013 | $2,241.00 | $0.00 | $0.00 | $2,241.00 | $0.00 | 0.000000% | Claim 7 for $2,241. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Richard F Volker | | 325 W Washington St #2-337 | San Diego, CA 92013 | | | | Duplicate | Duplicate | Duplicate | $0.00 | 0.000000% | Additional Notice for The Paul Company LLC |
| Paula Campbell and Luis Ruiz | c/o Clarice J Letizia | 4560 Avenida Privado | Oceanside, CA 92057 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| Performance Systems Co | Attn President or Manager Agent | 14059 Garfield Ave Suite B | Paramount, CA 90723 | $10,921.00 | | | $0.00 | $0.00 | $10,921.00 | $0.00 | 0.000000% | Scheduled claim of $10,921. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Perris Union High School | Attn President or Manager Agent | | | $150.00 | | | $0.00 | $0.00 | $150.00 | $0.00 | 0.000000% | Scheduled claim of $150. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Peterson Hydraulics Inc | Attn President or Manager Agent | 1653 E El Segundo Bld | Gardena, CA 90249 | $23,632.07 | 1/16/2014 | $10,659.30 | $0.00 | $0.00 | $10,659.30 | $0.00 | 0.000000% | Scheduled claim 36 for $10,659.30. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Petes Road Service Inc | Attn President or Manager Agent | 2230 E Orangethorpe Ave | Fullerton, CA 92831-5329 | $1,773.19 | | | $0.00 | $0.00 | $1,773.19 | $0.00 | 0.000000% | Scheduled claim of $1,773.19. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| PLIC-SBD Grand Island | Attn President or Manager Agent | PO Box 10372 | Des Moines, IA 50306-0372 | $3,153.52 | | | $0.00 | $0.00 | $3,153.52 | $0.00 | 0.000000% | Scheduled claim of $3,153.52. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Powerplus | Attn President or Manager Agent | 1210 N Red Gum Street | Anaheim, CA 92806 | $320.00 | | | $0.00 | $0.00 | $320.00 | $0.00 | 0.000000% | Scheduled claim of $320. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Prestige Rebar | Attn President or Manager Agent | 6941 Melvin Drive | San Bernardino, CA 92407 | $4,501.70 | | | $0.00 | $0.00 | $4,501.70 | $0.00 | 0.000000% | Scheduled claim of $4,501.70. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Protection One | Attn President or Manager Agent | PO Box 219044 | Kansas City, MO 64121-9044 | $265.43 | | | $0.00 | $0.00 | $265.43 | $0.00 | 0.000000% | Scheduled claim of $265.43. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| R B Sheet Metal Inc | Attn President or Manager Agent | 1893 Capri Avenue #6 | Mentone, CA 92359 | $17,770.80 | | | $0.00 | $0.00 | $17,770.80 | $0.00 | 0.000000% | Scheduled claim of $17,770.80. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Robertsons Ready Mix Ltd | c/o Law Offices of Mervyn Y Encarnacion | 200 S Main St Suite 200 | Corona, CA 92882 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| Rogers Anderson Malody & Scott LLP CPA | Attn President or Manager Agent | 735 E Carnegie Drive Suite 100 | San Bernardino, CA 92408 | $53,350.00 | | | $0.00 | $0.00 | $53,350.00 | $0.00 | 0.000000% | Pre-petition Scheduled claim of $53,350 was waived during the cases. Roger Anderson Malody & Scott LLP incurred post-petition fees and expenses which have not been paid consisting of the following which will be paid pro-rata with other professional fees in the case from a carve out from assets currently on hand in the Estates. ASR: $10,690.26 Meridian: $1,987.50 Inland: $3,856.50 |
| Rubidoux Community Services | Attn Pre | PO Box 3098 | Rubidoux, CA 92519-3098 | $553.25 | | | $0.00 | $0.00 | $553.25 | $0.00 | 0.000000% | Scheduled claim of $553.25. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Safeco Insurance Company of America | c/o Booth Mitchel & Strange David L Hughes Esq Gregory H Smith Esq | 701 S Parker St Suite 6500 | Orange, CA 92868-4733 | Unknown | 10/25/2013 | $1,010,257.86 | $0.00 | $0.00 | $1,010,257.86 | $450,000.00 | 4.046749% | Claim 127. The Debtor believes tha tbased on recoveries from other sources, the amount owed to this creditor is significantly less than its claim amount and in no event is more than $450,000. |

**EXHIBIT 2**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| San Bernardino City Unified School District | c/o Law Offices of S Henslee Smith | 1578 N Batavia St | Orange, CA 92867-3507 | $0.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| Saddleback Construction Spec | Attn President or Manager Agent | 1630 E Saint Gertrude Place | Santa Ana, CA 92705 | $208.00 | | | $0.00 | $0.00 | $208.00 | $0.00 | 0.000000% | Scheduled claim of $208. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Scoutlite Corporation | Attn Jeff Shannon, President | 1442 S Gage St | San Bernardino, CA 92408 | $9,850.00 | 1/2/2014 | $5,750.00 | $49,800.00 | $0.00 | $5,750.00 | $0.00 | 0.000000% | Claim 33 for $5,750. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Serban's Sound | Attn President or Manager Agent | 312 Kentucky Street | Bakersfield, CA 93305-4201 | $41,040.00 | | | $0.00 | $0.00 | $41,040.00 | $0.00 | 0.000000% | Scheduled claim of $41,040. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Shell | Attn President or Manager Agent | PO Box 689010 | Des Moines, IA 50368-9010 | $6,701.95 | | | $0.00 | $0.00 | $6,701.95 | $6,701.95 | 0.060269% | Scheduled claim |
| Sims Welding Supply | Attn President or Manager Agent | 15444 Slover Avenue | Fontana, CA 92337 | $932.10 | 10/17/2013 | $578.18 | $0.00 | $0.00 | $578.18 | $578.18 | 0.005199% | Claim 9 |
| Smalley & Company | Attn President or Manager Agent | PO Box 910217 | Denver, CO 80291-0217 | $100.14 | | | $0.00 | $0.00 | $100.14 | $100.14 | 0.000901% | Scheduled claim |
| Smokey Mountain Insurance Company Inc | Attn President or Manager Agent | 33891 Mission Trail | Wildomar, CA 92595-8431 | $2,868,907.52 | 2/4/2014 | $2,946,907.52 | $0.00 | $0.00 | $2,946,907.52 | $0.00 | 0.000000% | Claim 49 for $2,946,907.52. The Debtors and this entity share common owners. No distribution from the Claims Distributions Fund to be paid to Agua Mansa Investment Partners LLC. |
| So Cal Industries | Attn President or Manager Agent | 163 Sixth Ave | City of Industry, CA 91746 | $1,140.00 | | | $0.00 | $0.00 | $1,140.00 | $0.00 | 0.000000% | Scheduled claim of $1,140. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| South Coast Roof | Attn President or Manager Agent | 1132 W Barkley Ave | Orange, CA 92868-1213 | $3,225.00 | | | $0.00 | $0.00 | $3,225.00 | $0.00 | 0.000000% | Scheduled claim of $3,225. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Sparkletts | Attn President or Manager Agent | PO Bo x660579 | Dallas, TX 75266-0579 | $33.54 | | | $0.00 | $0.00 | $33.54 | $0.00 | 0.000000% | Scheduled claim of $33.54. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Sunland Fire Protection | Attn President or Manager Agent | 10120 Mc Clemont Ave | Tujunga, CA 91402 | $9,870.00 | | | $0.00 | $0.00 | $9,870.00 | $0.00 | 0.000000% | Scheduled claim of $9,870. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Superior Door Systems | Attn President or Manager Agent | 8059 Wing Ave | El Cajon, CA 92020 | $8,017.42 | | | $0.00 | $0.00 | $8,017.42 | $0.00 | 0.000000% | Scheduled claim of $8,017.42. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Stanley Security Systems | Attn President or Manager Agent | 21803 Cactus Ave Ste A | March ARB, CA 92518-3022 | $12,381.23 | | | $0.00 | $0.00 | $12,381.23 | $0.00 | 0.000000% | Scheduled claim of $12,381.23. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Staples Business Advantage | Attn President or Manager Agent | Dept LA 1368 PO Box 83689 | Chicago, IL 60696-3689 | $1,911.80 | | | $0.00 | $0.00 | $1,911.80 | $0.00 | 0.000000% | Scheduled claim of $1,911.80. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Stone Valley Materials | Attn President or Manager Agent | 600 University St Suite 2328 | Seattle, WA 98101 | $81.98 | | | $0.00 | $0.00 | $81.98 | $81.98 | 0.000737% | Scheduled claim |
| Streamline Painting Inc | Attn President or Manager Agent | 9726 Sunnybrook Drive | Moreno Valley, CA 92557 | $10,541.00 | | | $0.00 | $0.00 | $10,541.00 | $0.00 | 0.000000% | Scheduled claim of $10,541. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| The Hartford | Attn President or Manager Agent | Bankruptcy Unit, T-1-55 Hartford Plaza | Hartford, CT 06115 | $865.60 | | | $0.00 | $0.00 | $865.60 | $0.00 | 0.000000% | Scheduled claim of $865.60. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| ThyssenKrupp Elevator | Attn President or Manager Agent Attn Laurie - Accounts Receivable | 2021 130th NE, Suite A | Bellevue, WA 98005 | $44,673.75 | | | $0.00 | $0.00 | $44,673.75 | $0.00 | 0.000000% | Scheduled claim of $44,673.75. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| TN Sheet Metal Inc | Attn President or Manager Agent | 18385 Bandilier Circle | Fountain Valley, CA 92708 | $67,333.40 | | | $0.00 | $0.00 | $67,333.40 | $0.00 | 0.000000% | Scheduled claim of $67,333.40. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |

**EXHIBIT 2**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Titus Imaging Inc | Attn President or Manager Agent | 4355 E Airport Dr Suite 106 | Ontario, CA 91761 | $790.45 | | | $0.00 | $0.00 | $790.45 | $0.00 | 0.000000% | Scheduled claim of $790.45. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Torrey Pines Bank | Attn Hil Contreras | 12220 El Camino Real, Suite 100 | San Diego, CA  92130 | | 10/10/2013 | $715,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Claim 6 for $715,000. Asserts a secured status based on Judgment Lien against Gotte Electric. Appears to be a "levy" against any funds the Estate may pay to Gotte Electric, Inc., up to the amount of $715,000. Appears to be a duplicate of the Gotte Electric, Inc. claim. No distribution from the Claims Distributions Fund to be paid on this claim. |
| Totten Tubes Inc | Attn President or Manager Agent | 500 Danloe Street | Azusa, CA 91702 | $2,439.23 | | | $0.00 | $0.00 | $2,439.23 | $0.00 | 0.000000% | Scheduled claim of $2,439.23. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Trilogy Contractors Inc | Attn President or Manager Agent | 425 W Rider Suite C-4 | Perris, CA 92571 | $64.91 | | | $0.00 | $0.00 | $64.91 | $0.00 | 0.000000% | Scheduled claim of $65.91. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| True Line | Attn President or Manager Agent | 1651 Market Street #B | Corona, CA 92880 | $3,880.00 | 12/16/2013 | $3,880.00 | $0.00 | $0.00 | $3,880.00 | $0.00 | 0.000000% | Claim 31 for $3,880. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Valencia Sheet Metal | Attn President or Manager Agent | 10576 Ilex Avenue | Pacoima, CA 91331 | $4,129.30 | | | $0.00 | $0.00 | $4,129.30 | $0.00 | 0.000000% | Scheduled claim of $4,129.30. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| UPS - United Parcel Service c/o Receivable Management Services (RMS) | PO Box 4396 | Timonium, MD 21094 | | $369.79 | 11/20/2013 | $320.91 | $0.00 | $0.00 | $320.91 | $320.91 | 0.002886% | Claim 24 |
| USA Shade & Fabric Structures | Attn President or Manager Agent | 8505 Chancellor Row | Dallas, TX 75347 | $14,684.25 | | | $0.00 | $0.00 | $14,684.25 | $0.00 | 0.000000% | Scheduled claim of $14,684.25. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Vector Resources Enterprise | Attn President or Manager Agent | 8647 Ninth Street | Rancho Cucamonga, CA 91730 | $36,424.69 | | | $0.00 | $0.00 | $36,424.69 | $0.00 | 0.000000% | Scheduled claim of $36,424.69. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Verizon | Attn Bankruptcy Unit | PO Box 920041 | Dallas, TX 75392-0041 | $2,440.16 | | | $0.00 | $0.00 | $2,440.16 | $0.00 | 0.000000% | Scheduled claim of $2,440.16. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Wall Panel Systems Inc | Attn President or Manager Agent | 421 Business Center Court | Redlands, CA 92599 | $19,287.00 | | | $0.00 | $0.00 | $19,287.00 | $0.00 | 0.000000% | Scheduled claim of $19,287. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Waterpark Construction Inc | Attn President or Manager Agent | 3050 Holme Ave | Philadelphia, PA 19136 | $2,980.00 | | | $0.00 | $0.00 | $2,980.00 | $0.00 | 0.000000% | Scheduled claim of $2,980. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Waterproofing Experts Inc | Attn President or Manager Agent | 7736 Deering Avenue | Canoga Park, CA 91304 | $19,048.22 | | | $0.00 | $0.00 | $19,048.22 | $0.00 | 0.000000% | Scheduled claim of $19,048.22. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Waterworks Industries Inc | c/o R Dale Ginter Downey Brand LLP | 621 Capitol Mall, 18th Floor | Sacramento, CA 95814 | $39,847.83 | 2/5/2014 | $1,128,258.57 | $0.00 | $0.00 | $1,128,258.57 | $0.00 | 0.000000% | Claim 51 for $1,128,258.57. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Wesco Distribution Inc | c/o Pointdexter & Doutre | 624 S Grand Avenue Suite 2420 | Los Angeles, CA  90017 | Unknown | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim at $.00. No distribution from the Claims Distributions Fund to be made on this claim. |
| Westmark Products Inc | Attn President or Manager Agent | PO Box 44040 | Tacoma, WA 98448 | $20,918.99 | | | $0.00 | $0.00 | $20,918.99 | $20,918.99 | 0.188120% | Scheduled claim |
| Youmger & Associates | Attn President or Manager Agent | 10681 Foothill Blvd Suite 280 | Rancho Cucamonga, CA 91730 | $20,473.42 | 1/21/2014 | $50,639.58 | $0.00 | $0.00 | $50,639.58 | $47,690.69 | 0.428872% | Scheduled claim. Amount is based on most recent invoices. |

**EXHIBIT 2**

Page 52

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Zep Sales & Service | Attn President or Manager Agent | File 50188 | Los Angeles, CA 90074-0188 | $184.23 | | | $0.00 | $0.00 | $184.23 | $0.00 | 0.000000% | Scheduled claim of $184.23. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Zions First National Bank | Attn President or Manager Agent | 1 S Main Street Suite 14th Floor | Salt Lake City, UT 84133-1109 | $518,213.07 | 12/12/2013 | $533,275.29 | $533,275.29 | $0.00 | $0.00 | $0.00 | 0.000000% | Claim 28 on ASR Claims Register for $525,801.96 and Claim 4 on Meridian Claims Register for $533,275.29. This creditor was paid through escrow on the sale of the Wilson Property. |
| Dan Sawyer c/o D Michael Caruthers Esq Law Offices of D Michael Caruthers | | 431 South Palm Canyon Drive, Suite 204 | Palm Springs, CA 92262 | Duplicate | 1/10/2014 | $200,000.00 | $0.00 | $0.00 | $200,000.00 | $0.00 | 0.000000% | Claim 35 for $200,000. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Heather L Hirsch Esq Sandra Quezada Esq | Attn President or Manager Agent | Re Claim #152 CB ELW2255A PO Box 6510 | Diamond Bar, CA 91765 | Duplicate | | | Duplicate | Duplicate | Duplicate | $0.00 | 0.000000% | |
| Travelers Insurance | Attn Armin Delarmente | PO Box 6510 | Diamond Bar, CA 91765-8519 | Duplicate | | | Duplicate | Duplicate | Duplicate | $0.00 | 0.000000% | |
| Med Legal Photocopy Covina | Attn President or Manager Agent | PO Box 1288 | West Covina, CA 91793 | Duplicate | | | Duplicate | Duplicate | Duplicate | $0.00 | 0.000000% | |
| ARS Legal | Attn President or Manager Agent | 13926 Whittier Blvd | Whittier, CA 90605 | Duplicate | | | Duplicate | Duplicate | Duplicate | $0.00 | 0.000000% | |
| Gallagher Bassett | Attn President or Manager Agent | Re Policy #003WK05021 PO Box 4040 | Sacramento, CA 95812-4040 | Duplicate | | | Duplicate | Duplicate | Duplicate | $0.00 | 0.000000% | |
| Sparta Insurance | Attn President or Manager Agent | 185 Asylum Street | Hartford, CT 06103 | Duplicate | | | Duplicate | Duplicate | Duplicate | $0.00 | 0.000000% | |
| Appalachian Underwriters | Workers Comp Claims Division | 800 Oak Ridge Turnpike Suite A-1000 | Oak Ridge, TN 37830 | Duplicate | | | Duplicate | Duplicate | Duplicate | $0.00 | 0.000000% | |
| Old Republic Construction Program Group c/o CRFsolutions | Attn President or Manager Agent | PO Box 1389 | Simi Valley, CA 93062 | | 10/25/2013 | $10,000.00 | $0.00 | $0.00 | $10,000.00 | $0.00 | 0.000000% | Claim 57 for $119,489 appears to be duplicate of Claim 11 for $10,000 as the documents attached to Claim 57 indicate "Old Republic Construction Program Group". The claims were resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on these claims. |
| Old Republic Construction Insurance Agency, Inc. | Old Republic Construction Program Group Attn Troy Groeneweg | 225 S Lake Ave Suite 900 | Pasadena, CA 91101 | | 4/22/2014 | $119,489.00 | $0.00 | $0.00 | $119,489.00 | $0.00 | 0.000000% | Claim 57 for $119,489 appears to be duplicate of Claim 11 for $10,000 as the documents attached to Claim 57 indicate "Old Republic Construction Program Group". The claims were resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on these claims. |
| Apple Valley Communications Inc | Attn President or Manager Agent | PO Box 787 | Apple Valley, CA 92307 | Notice Purposes | 11/22/2013 | $36,982.23 | $0.00 | $0.00 | $36,982.33 | $0.00 | 0.000000% | Claim 25 for $36,982.33. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Borrmann Metal Center | Robert Persson, President | 110 W Olive Ave | Burbank, CA 91502 | | 10/28/2013 Amended 11/13/2014 | $5,580.83 | $0.00 | $0.00 | $5,580.83 | $0.00 | 0.000000% | Claim 13 for $5,580.83. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Caston Inc | Attn President or Manager Agent | 354 S Allen Street | San Bernardino, CA 92408 | Notice Purposes | 2/7/2014 | $167,929.10 | $0.00 | $0.00 | $167,929.10 | $0.00 | 0.000000% | Claim 56 for $167,929.10. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| BMO Harris Bank NA c/oBecket and Lee LLP | POB 3001 | | Malvern, PA 19355-0701 | | 1/24/2014 | $24,452.06 | $0.00 | $0.00 | $24,452.06 | $0.00 | 0.000000% | Claim 39 for $24,452.06. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| RDO Equipment Co | Attn D Hoven | PO Box 7160 | Fargo, ND 58106 | | 12/9/2013 | $562.61 | $0.00 | $0.00 | $562.61 | $0.00 | 0.000000% | Claim 3 on Inland's Claims Register for $562.61. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| ACE Ameriane Insurance Company | c/o Saverio M Rocca, Esq | ACE Group - 436 Walnut Street, WA04K | Philadelphia, CA 19106 | | 2/4/2014 | $2,400.00 | $0.00 | $2,400.00 | $0.00 | $0.00 | 0.000000% | Claim 46 for $2,400. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |

**EXHIBIT 2**

| Creditor | Contact | Address One | Address Two | Scheduled Claim | Date of Filed Claim | Filed Claim Amount | Secured | Priority | Unsecured | Claim Amount for Calculating Pro-Rata Distributions | Estimated Pro-Rata Distribution Percentage | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Department of Industrial Relations Division of Labor Standards Enforcement [DLSE Case No. 44-34032/404] | Attn Max D Norris Esq | 300 Oceangate Suite 850 | Long Beach, CA 90802-4339 | Notice Purposes | | | | | | $0.00 | 0.000000% | |
| Department of Industrial Relations Division of Labor Standards Enforcement [DLSE Case No. 44-34032/404] | Tony Egурosen, Deputy Labor Commissioner I | 464 W Fourth Street Room 348 | San Bernardino, CA 92401 | Duplicate - Additional Notice | | | | | | $0.00 | 0.000000% | |
| Genuine Parts Company | Rakisha Moore, Credit Analyst | 4625 River Green Parkway | Duluth, GA 30096 | | 4/14/2014 | $1,247.57 | $0.00 | $0.00 | $1,247.57 | $1,247.57 | 0.011219% | Claim 8 on Inland's Claims Register |
| Markel Insurance Company c/o American Financial Management, Inc. | Barry I Rosen, President | 8755 West Higgins Suite 610 | Chicago, IL 60631-2751 | $29,135.19 | 6/9/2014 | $29,135.19 | $0.00 | $0.00 | $29,135.19 | $29,135.19 | 0.262006% | Claim 58 |
| Imperial Sprinkler Supply | Attn President or Manager Agent Attn Karla Morlacchi, Accounts Receivable | 1485 N Manassero St | Anaheim, CA 92807 | $1,125.36 | | | | | $1,125.36 | $1,125.36 | 0.010120% | Scheduled claim |
| Tri-State Materials Inc | Attn President or Manager Agent | PO Box 555 | Nuevo, CA 92567 | $1,249.39 | | | | | $1,249.39 | $1,249.39 | 0.011235% | Scheduled claim |
| Carlin Law Group APC | Kevin R Carlin Esq Jeffry D Paupe Esq | 4052 Park Blvd #310 | San Diego, CA 92116 | | 12/19/2014 | $80,140.13 | $80,140.13 | $0.00 | $0.00 | $0.00 | 0.000000% | Claim 60 for $80,140.13. Asserts a secured status based on Judgment Lien against Gotte Electric, Inc.. Appears to be a "levy" against any funds the Estate may pay to Gotte Electric, Inc. This appears to be a duplicate of the Gotte Electric, Inc. claim. No distribution from the Claims Distribution Fund to be made on this claim. |
| Real Goods Solar Inc | Attn President or Manager Agent | Dept 2247 | Denver, CO 80291 | $139,740.10 | | | $0.00 | $0.00 | $139,740.10 | $139,740.10 | 1.256651% | Scheduled claim |
| Aetna | Attn President or Manager Agent | PO Box 6040 | Artesia, CA 90702 | $29,214.34 | | | $0.00 | $0.00 | $29,214.34 | $0.00 | 0.000000% | Scheduled claim of $29,214.34. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| U.S. TelePacific Corp c/o J Scott Bovitz Bovitz & Spitzer | | 1100 Wilshire Blvd Suite 2403 | Los Angeles, CA 90017-1961 | $833.71 | 2/6/2014 | $821.34 | $0.00 | $0.00 | $821.34 | $0.00 | 0.000000% | Claim 55 for $821.34. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Regents of University of California John P Bevan Senior Counsel Office of the General Counsel | | 1111 Franklin Street 8th Floor | Oakland, CA 94607-5200 | $107,500.00 | 11/15/2013 | $107,500.00 | $0.00 | $0.00 | $107,500.00 | $0.00 | 0.000000% | Claim 14 for $107,500. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Air Exchange Clean Air Spec | Attn President or Manager Agent | 1185 San Mateo Ave | San Bruno, CA 94066 | $3,350.00 | | | $0.00 | $0.00 | $3,350.00 | $0.00 | 0.000000% | Scheduled claim of $3,350. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| Reback McAndres Kjar Warford | Attn President or Manager Agent | 1230 Rosecrans Avenue, Suite 450 | Manhattan Beach, CA 90266 | $12,104.36 | | | $0.00 | $0.00 | $12,104.36 | $12,104.36 | 0.108852% | Scheduled claim |
| Engineered Wall Systems Inc | Attn President or Manager Agent | 5591 West Leo Park Road | West Jordan, UT 84081 | $124,087.95 | | | $0.00 | $0.00 | $124,087.95 | $0.00 | 0.000000% | Scheduled claim of $124,087.95. This claim was resolved/paid during the bankruptcy cases. No distribution from the Claims Distributions Fund to be made on this claim. |
| City of Palm Desert | c/o Best Best & Krieger | 655 W Broadway, 15th Floo | San Diego, CA 92101 | Unknown | | | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% | Scheduled claim of $.00. No distribution from the Claims Distributions Fund to be made on this claim. (No longer a party per Best Best & Krieger 10-28-14) |
| | | | | | | | | | Totals | $11,120,037.67 | 100.000000% | |

EXHIBIT 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' MOTION FOR ORDER: (1)   APPROVING COMPROMISE UNDER RULE 9019 BETWEEN GOTTE ELECTRIC, INC., THE DEBTORS AND THEIR INSIDERS AND FEDERAL INSURANCE COMPANY; (2)   APPROVING PROCEDURES FOR (i) EXPEDITED PROCEDURE TO RESOLVE CLAIMS OBJECTIONS, (ii) DISTRIBUTION OF FUNDS OF THE ESTATES AND (iii) DISMISSAL OF THE CHAPTER 11 CASES; AND (3)  GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ALAN REGOTTI IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 17, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 17, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)    **November 17, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 17, 2015 | Laurie Verstegen | /s/ Laurie Verstegen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                **F 9013-3.1.PROOF.SERVICE**

## NEF SERVICE LIST

- James C Bastian, Jr on behalf of Debtors jbastian@shbllp.com
- J Scott Bovitz on behalf of Creditor U.S. TelePacific Corp.
  bovitz@bovitz-spitzer.com
- David Cantrell on behalf of Special Counsel Lester & Cantrell
  dcantrell@lc-law-llp.com
- Peter L Duncan on behalf of Creditor Torrey Pines Bank
  peterd@psdslaw.com,  theresam@psdslaw.com
- Jonathan J Dunn on behalf of Creditor Federal Insurance Company
  jdunn@smtdlaw.com, aharris@smtdlaw.com;sbh@smtdlaw.com
- Helen R Frazer on behalf of Creditor Helendale School District
  hfrazertrustee@gmail.com
- Margaret E Garms on behalf of Creditor ZIONS FIRST NATIONAL BANK
  margaret@parkinsonphinney.com
- Everett L Green on behalf of U.S. Trustee United States Trustee (RS)
  everett.l.green@usdoj.gov
- Eric M Heller on behalf of Interested Party Courtesy NEF
  eric.m.heller@irscounsel.treas.gov
- Marilyn Klinger on behalf of Creditor Berkley Regional Insurance Company
  Marilyn.Klinger@sedgwicklaw.com, Annie.Tualla@sedgwicklaw.com, Joel.Long@sedgwicklaw.com,
  Kevin.Gilliland@sedgwicklaw.com
- Jennifer Leland on behalf of Creditor Insurance Company Of The West
  JLeland@robinskaplan.com
- Edward D Lodgen on behalf of Creditor Insurance Company of The West
  EDLodgen@rkmc.com
- Melissa Davis Lowe on behalf of Debtors
  mdavis@shbllp.com, lverstegen@shbllp.com
- Byron B Mauss on behalf of Creditor Gotte Electric, Inc.
  efilings@amlegalgroup.com
- Ryan D ODea on behalf of Debtors
  rodea@shbllp.com, sswartzell@shbllp.com
- Joshua K Partington on behalf of Plaintiff Gotte Electric, Inc.
  efilings@amlegalgroup.com
- Ronak Patel on behalf of Creditor Riverside County Treasure Tax Collector
  rpatel@co.riverside.ca.us,  MDominguez@co.riverside.ca.us
- Michael A Scherago on behalf of Creditor Express Pipe & Supply Co., LLC, a Delaware limited liability company
  mscherago@landslawyers.com
- Jason K Schrader on behalf of U.S. Trustee United States Trustee (RS)
  jason.K.Schrader@usdoj.gov
- Jodi Siegner on behalf of Creditor Carpenters Southwest Administrative Corporation; and Board of Trustees for the
  Carpenters Southwest Trusts
  jsiegner@deconsel.com
- Gregory H Smith on behalf of Creditor Safeco Insurance Company Of America
  gsmith@publiccounsel.org
- United States Trustee (RS) Interested Party
  ustpregion16.rs.ecf@usdoj.gov
- David Veis on behalf of Creditor Insurance Company of The West
  dcveis@rkmc.com
- Gilbert B Weisman, ll on behalf of Creditor BMO Harris Bank NA/Diners Club
  notices@becket-lee.com

## JUDGE'S COPY – VIA MESSENGER

U.S. Bankruptcy Court, Hon Mark D. Houle Bankruptcy Judge, 3420 Twelfth Street, Bin Outside Courtroom 303,  Riverside, CA 9250

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**